UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

**ALVA JOHNSON,**
*Individually and on behalf of all others similarly situated*,

　　　　Plaintiff,

　　　　v.

**DONALD J. TRUMP**,
*In his individual capacity*, and
**DONALD J. TRUMP FOR PRESIDENT, INC.**,

　　　　Defendants.

Case No: 8:19-cv-0475-T-02SPF

Hon. William Jung

---

## CASE MANAGEMENT REPORT

**1.　Meeting of Parties: Pursuant to Local Rule 3.05(c)(3)(A), a meeting was held** on April 30, 2019 at 3:30 P.M. Eastern Time by telephone and continued through further discussions until May 9, 2019**, and was attended by:**

- Hassan A. Zavareei, lead trial counsel for Plaintiff Alva Johnson
- Janet Varnell, counsel for Plaintiff Alva Johnson
- Katherine Aizpuru, counsel for Plaintiff Alva Johnson
- Jennifer Bennett, counsel for Plaintiff Alva Johnson

- Charles Harder, lead trial counsel for Defendants
- Tracey K. Jaensch, counsel for Defendants

**2.　Initial Disclosures:**

　　a.　Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that **"[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other**

{00100220;1}

1

evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

**The parties (check one):**

__X__   have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **May 17, 2019**.

_____   stipulate not to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____   have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

3.   **Discovery Plan – Plaintiff: Plaintiff proposes the following discovery plan:**

   a.   **Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:**

   **(1) Requests for Admission:**

   Ms. Johnson served requests for admission on both defendants seeking information related to: (1) Defendant Trump's forced kiss upon Ms. Johnson; (2) Defendant Trump's pattern and practice of engaging in sexual misconduct, including by forcibly kissing women; (3) Defendant Donald J. Trump for President, Inc.'s ("the Campaign") employment of Ms. Johnson; (4) Defendant Donald J. Trump for President, Inc.'s practices with regard to payment of Campaign workers.

   Plaintiff reserves her right to serve additional requests for admission on Defendants.

   **Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.**

   **(2) Written interrogatories:**

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

{00100220;1}

2

Ms. Johnson served written interrogatories on both defendants seeking information related to the allegations in the Complaint.

Plaintiff reserves her right to serve additional interrogatories on Defendants, but does not currently expect to request leave to exceed the 25 interrogatory limit set by Rule 33.

**Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.**

**(3) Requests for Production or Inspection:**

Ms. Johnson served requests for production of documents on both defendants seeking documents related to the allegations in the Complaint. Plaintiff reserves her right to serve additional requests for production on Defendants.

**(4) Oral depositions:**

Ms. Johnson anticipates that because of the number of issues and witnesses present in the case she is likely to need more than ten depositions. While many witnesses are not presently known to Ms. Johnson, she anticipates, at minimum, needing to take the depositions of: Defendant Trump; Karen Giorno; Pamela Jo Bondi; Sarah Sanders; Lucia Castellano; Charles ("Chad") Tucker; Mitch Tyner; Chess Bedsole; Jennifer Locetta; Sid Bowdidge; Bibi Ramos; Darren Morris; John Pugh; Dennis Beavers; Cassidy Dumbauld; volunteers, staff, and security personnel present at the incident during which Defendant Trump forcibly kissed Ms. Johnson; Adam Horowitz; Lisheyna Hurvitz; Jill Harth; Temple Taggart; Cathy Heller; Natasha Stoynoff; Rachel Crooks; Jessica Drake; Summer Zervos; Katy Tur; Jessica Leeds; Kristin Anderson; Lisa Boyne; Mariah Billado; Karena Virginia; Bridget Sullivan; Tasha Dixon; Mindy McGillivray; Ken Davidoff; Ninni Laaksonen; Cassandra Searles; Paromita Mitra; Shanon McAnally; Matt Ciepelowski; Austin Browning; David Chiokadze; Alan Levy; Anne Marie Delgado; Derek Hankerson; persons with knowledge of the Campaign's policies and practices regarding payment of staff; and a corporate witness for the Campaign pursuant to Fed. R. Civ. P. 30(b)(6).

**Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.**

**Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.**

**The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:**

None at this time.

**b.     Disclosure of Expert Testimony: The parties stipulate in accordance with Fed. R. Civ. P. 26(a)(2)(C) that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: [60 days before discovery cut-off]**

The parties have not reached agreement on this point.

Plaintiff proposes that the disclosures should be made on December 15, 2019, which is 60 days before the proposed discovery cut off, as contemplated by the Court's form.

Defendants propose that Plaintiff make her disclosure on August 15, 2019.

**c.     Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:**

February 1, 2020

**d.     Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before**

February 15, 2020. **[30 days before dispositive motion deadline]**

Below, the parties propose a schedule that includes the deadline for the completion of discovery.

**4.     Discovery Plan – Defendants:  Defendants propose the following discovery plan:**

**a.     Defendants' Planned Discovery: A description of every discovery effort Defendants plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:**

(1) Requests for Admission:

On May 2, 2019, the Campaign served Plaintiff with requests for admission seeking information related to: (1) her alleged personal encounter(s) with Mr. Trump; (2) her tenure working for the Campaign; (3) her subsequent efforts to seek employment; (4) the prior Florida attorney with whom she alleges she consulted; (4) press releases and statements published by Public Justice; and (5) confirmation of various other allegations set forth in the Complaint.

Defendants reserve their right to serve additional requests for admission on Plaintiff as appropriate, and intend to do so.

{00100220;1}

**Number of Requests for Admission: Parties may seek to limit the number of Defendants' requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.**

**(2) Written interrogatories:**

On May 2, 2019, the Campaign served Plaintiff with interrogatories seeking information related to: (1) the collective action allegations and three counts against Defendants set forth in her Complaint; (2) her tenure working for the Campaign; (3) her subsequent efforts to seek employment; (4) her relevant consultations with attorneys, therapists and health care professionals, including her prescriptions and use of medications; and (5) Plaintiff's responses to the Campaign's requests for admission.

Defendants reserve their right to serve additional interrogatories on Plaintiff as appropriate, and intend to do so.

**Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendants to exceed this limit must be made in paragraph 6 below and approved by the court.**

**(3) Requests for Production or Inspection:**

On May 2, 2019, the Campaign served Plaintiff with requests for production seeking documents related to: (1) the three counts against Defendants and various other allegations set forth in her Complaint; (2) Plaintiff's responses to the Campaign's requests for admission and interrogatories; (3) her tenure working for the Campaign; (4) her alleged damages; (5) relevant photographs, audio and audiovisual recordings; (6) her communications with various potential witnesses; (7) her subsequent employment history, including efforts to seek new jobs; (8) her relevant consultations with attorneys, therapists and health care professionals, including her prescriptions and use of medications; (9) her collective action allegations; (10) Campaign employees who she claims were "similarly-situated;" (11) Public Justice; and (12) interviews and appearances, media communications, publicity, publishing, press releases and statements by Plaintiff and/or anyone acting on her behalf.

Defendants reserve their right to serve additional requests for production of documents on Plaintiff as appropriate.

**(4) Oral depositions:**

Defendants anticipate taking the depositions of: Plaintiff Alva Johnson; Plaintiff's parents; her partner; the prior attorney(s) with whom she allegedly consulted; the therapist(s) with whom she allegedly met; and such other potential witnesses as may subsequently be identified through discovery.

Defendants reserve the right to take additional depositions as appropriate.

**Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendants to exceed this limit must be made in paragraph 6 below and approved by the court.**

**Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.**

**The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:**

None at this time.

**b.   Disclosure of Expert Testimony: The parties stipulate in accordance with Fed. R. Civ. P. 26(a)(2)(C) that Defendants' Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:**

The parties have not reached agreement on this point.

Defendants propose that they will make their disclosure on December 16, 2019.

Plaintiff proposes that the disclosures should be made on January 15, 2020, which is 30 days before the proposed discovery cut off, as contemplated by the Court's form.

**c.   Supplementation of Disclosures and Responses: Parties agree that Defendants' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:**

February 1, 2020

**d.   Completion of Discovery: Defendants will commence all discovery in time for it to be completed on or before**

February 15, 2020

**5.   Joint Discovery Plan – Other Matters: Parties agree on the following other matters relating to discovery ( *e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):**

The parties anticipate entering into a joint stipulated protective order concerning the handling of confidential information. The parties also anticipate entering into a joint stipulation concerning the protocol for handling electronically stored information (ESI).

{00100220;1}

The parties propose the following case schedule:

| Event | Proposed Deadline |
|---|---|
| Deadline for Plaintiff's expert disclosures | **Plaintiff's Proposal: December 15, 2019**<br>**Defendants' Proposal: August 15, 2019** |
| Deadline for Defendants' expert disclosures | **Plaintiff's Proposal: January 15, 2020**<br>**Defendants' Proposal: December 16, 2019** |
| Deadline for supplemental disclosures and responses | **February 1, 2020** |
| Close of discovery | **February 15, 2020** |
| Deadline to file dispositive motions | **March 15, 2020** |
| Pretrial conference | **May 25, 2020** |
| Trial | **June 15, 2020** |

**6.     Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:**

**Plaintiff's position:**

**a.  Number of Depositions**

Plaintiff requests leave to exceed the ten depositions permitted under the federal rules because the allegations against Defendant Trump turn in large part on the credibility of the parties, and the testimony of (1) numerous eyewitnesses, (2) Campaign staff with knowledge of the events, (3) Campaign staff with knowledge of the allegations of unequal pay, and (3) other survivors of Defendant Trump's sexual misconduct—the very same type of misconduct alleged by Plaintiff. The testimony of these survivors is critical because it is relevant to proving, among other things, Defendant Trump's intent; his motive; the absence of mistake or accident; his plans and preparation; his knowledge; and the existence of a pattern of conduct. This evidence is also relevant to elements needed to obtain punitive damages under Florida law, including that he acted with malice, wantonness, moral turpitude, willfulness, and that he acted with reckless indifference to Ms. Johnson's rights. Finally, this evidence is relevant to demonstrating that Defendant Trump had actual knowledge of the wrongfulness of his conduct and of the high probability that injury or damage to Plaintiff would result if he forcibly kissed her (which also go to the availability of punitive damages under Florida law).

**b.  Deposition of Defendant Donald J. Trump**

Counsel for Defendants has refused to provide dates for Defendant Trump's deposition, despite requests by counsel for Plaintiff. Defendant has also suggested that Defendant Trump may not be made available to sit for a deposition at all. While Ms. Johnson understands the need to accommodate the Office of the President, and will work cooperatively with Defendants' counsel to decide upon an appropriate time and place for Defendant Trump's deposition, Mr. Trump is not entitled to simply refuse to appear for his deposition.

{00100220;1}

### c. Deposition of Alva Johnson

Notwithstanding Defendants' refusal to engage in mutual discovery, Ms. Johnson has made herself available for a deposition on July 8, 2019.

### d. Stay of Discovery

Defendant Trump has indicated that he may seek a stay of discovery based on his obligations as President of the United States. While Plaintiff respects the office of the president and the obligations it entails, that does not permit Defendant Trump to stay this case or otherwise curtail discovery or limit the scope of this case.

### e. Scope of Discovery

During early meet and confer sessions, Defendants' counsel has indicated that it believes there should be no discovery in this case relating to allegations of misconduct by other women. Plaintiff believes such evidence is critical in this case because it is relevant to numerous issues, including: (1) the credibility of Defendant Trump, who has denied every such allegation, (2) the modus operandi of Defendant Trump, especially with respect to allegations that are virtually identical to those made by Ms. Johnson, (3) the motives, intent, and knowledge of Defendant Trump.

### f. Plaintiff's Response to Defendants' Objections to Certain Depositions

Defendants object to the depositions of Charles "Chad" Tucker, Bibi Ramos, Sid Bowdidge, Matt Ciepelowski, Austin Browning and David Chiokadze, claiming that they are irrelevant to this case and not proportionate to the needs of the case. That is not so. Plaintiff worked closely with Chad Tucker during her time as Director of Outreach and Coalitions in Alabama, and with Mr. Tucker and Bibi Ramos during her time on the Campaign's Florida team. As a result, these individuals are highly likely to possess relevant knowledge regarding Plaintiff's qualifications, duties, and job performance. Sid Bowdidge, Matt Ciepelowski, Austin Browning and David Chiokadze, apart from all having worked with Plaintiff while she was employed by the Campaign, are explicitly listed in Plaintiff's Complaint as comparators for the purposes of her pay discrimination-related claims. As a result, deposing them will be necessary in order to probe highly relevant information regarding their qualifications, duties, job performance, and compensation. In addition to the foregoing, these witnesses may also have knowledge of the facts and circumstances surrounding the alleged kiss and/or facts and circumstances supporting an inference of racial discrimination on the campaign.

**Defendant's position:**

 a. **Brief Statement of Relevant Facts**

 In the Complaint (Dkt. #1), Plaintiff set forth a lengthy version of the alleged facts from her perspective. Defendants believe that a brief statement of relevant facts from their perspective is warranted here.

 Plaintiff claims that on August 24, 2016, during a campaign stop in Tampa, Florida, Mr. Trump forcibly kissed her in a campaign RV. In fact, there was no forcible kiss whatsoever, and the numerous witnesses present in the campaign RV that day will testify consistently to this effect, if required to testify. Moreover, the alleged facts and quotations at paragraphs 69, 70, and 72-74 of the Complaint will be refuted by the individuals mentioned therein because the alleged forcible kiss never happened and, thus, no one ever talked about it.

 Plaintiff also contends that she was paid less than similarly situated staffers while working on the Campaign, on the basis of gender and/or race. She seeks to have her Equal Pay Act claim certified as a collective action. The Campaign strenuously denies her claims and causes of action for discrimination, and will vigorously oppose the pending Motion to Conditionally Certify Collective Action (Dkt. #34). Among other things, Plaintiff was the second highest paid Campaign staff member in the State of Alabama for the Campaign, notwithstanding the fact that she had no prior campaign experience.

 b. **Number of Depositions**

 Plaintiff contends that she will require at least forty (40) depositions in this case. These would include nineteen (19) women who have nothing whatsoever to do with Plaintiff or her claims, but happen to have made unrelated accusations against Mr. Trump dating back at least ten (10) years ago, and up to forty (40) years ago. (The persons in this category, identified in Plaintiff's list of requested depositions, are: Jill Harth, Temple Taggart, Cathy Heller, Natasha Stoynoff, Rachel Crooks, Jessica Drake, Summer Zervos, Katy Tur, Jessica Leeds, Kristin Anderson, Lisa Boyne, Mariah Billado, Karena Virginia, Bridget Sullivan, Tasha Dixon, Mindy McGillivary, Ken Davidoff, Ninni Laaksonen, Cassandra Searles, Paromitra Mitra and Shannon McAnally.)

 Defendants object to depositions or discovery relating to these witnesses or their accusations and will oppose any motion by Plaintiff for such discovery. F.R.C.P. 30(a)(2)(A) and 31(a)(2)(A). The nineteen (19) other accusers have nothing to do with this case, and allowing discovery into these nineteen (19) unrelated accusations would cause discovery to become exponentially more burdensome and expensive—effectively turning this one lawsuit into twenty (20) lawsuits.

 Defendants have filed a Motion to Strike Portions of the Complaint to eliminate these unrelated allegations from this case. For the same reasons, and other reasons as well, discovery should not be permitted on these nineteen (19) unrelated accusations.

 Defendants also specifically object to the depositions of Charles "Chad" Tucker, Bibi Ramos, John Pughe, Dennis Beavers, Cassidy Dumbauld, Sid Bowridge, Matt Ciepelowski, Austin Browning and David Chiokadze, who appear to be current and/or former employees and/or

contractors of the Campaign. These depositions do not appear to be relevant to any claim or defense and are not proportional to the needs of the case.

This case is relatively simple: the questions are whether Mr. Trump forcibly kissed Plaintiff on August 24, 2016, and whether the Campaign discriminated against Plaintiff in her pay on the basis of her gender and/or race. Plaintiff is required to show good cause in a motion why she is required to depose more than ten (10) witnesses, pursuant to F.R.C.P. 30(a)(2)(A) and 31(a)(2)(A).

### b. Deposition of Plaintiff Alva Johnson

Defendants intend to file a short motion to compel the deposition of Plaintiff to ensure that she appears for her deposition, because her counsel (1) has confirmed that both Plaintiff and her counsel are available on July 8, 2019 in Washington D.C. for her deposition, but (2) Plaintiff's counsel has made statements suggesting that she might seek to postpone her deposition by objection or motion and has refused to stipulate to her appearance on that date.

### c. Scope of Proper Discovery, Anticipated Motion for Protective Order, and Plaintiff's Insistence on a Deposition of President Trump

Plaintiff's counsel insists that President Trump be deposed immediately, and have unilaterally noticed his deposition for July 10, 2019 (however, Defendants' lead counsel will be outside of the country on that date) to answer questions about the nineteen (19) other accusations that have nothing to do with this case, among other subjects that are irrelevant to the claims and defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, but rather would be calculated to harass President Trump, waste his valuable time, and obtain responses that could serve as further news fodder and political attacks against the President and his re-election Campaign.

Defense counsel has met and conferred with Plaintiff's counsel on an anticipated Motion for Protective Order to limit the scope of discovery in this case to Ms. Johnson, her work for the Campaign, her actions after the Campaign, and her personal factual accusations against the Defendants (rather than accusations of others). Once that scope has been determined, then the parties and Court can address if a deposition of President Trump is necessary, and if so, reasonable limitations on it, including limitations on the subject matter of the questioning, limited timing, and a location that accounts for the need for and expense related to Secret Service protection, among other issues.

Defendants reserve their right to assert any and all further objections to Plaintiff's notices of deposition and/or deposition subpoenas, and to seek a protective order relating to the same, at the appropriate time.

**7.     Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:** Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be **September 14, 2019**. **[no later than 4 months from Case Management Report filing date and at least 4 months before pretrial conference]. (Note time limit in Local Rule 4.03.)**

**8.     Settlement and Alternative Dispute Resolution:** Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

The parties agree that this case is not suitable for alternative dispute resolution.

Parties agree that settlement is (check one):

\_\_\_ likely

  **X**  unlikely

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). \_\_\_ yes     **X** no     \_\_\_ likely to agree in future.

If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

**9.**     The parties agree mediation will be completed by **December 4, 2019  [5 months before pretrial conference]**

**10.     Consent to Magistrate Judge Jurisdiction.** The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636. Should parties agree to proceed before the Magistrate Judge the attached form must be completed and filed with the case management report.

\_\_\_ yes     **X** no     \_\_\_ likely to agree in future

**11.     Preliminary Pretrial Conference:**

    Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

**12.     Final Pretrial Conference and Trial:** Parties agree that they will be ready for a final pretrial conference on or after **May 25, 2020 [3 weeks before trial term begins]** and for trial on or after **June 15, 2020 [3 weeks after pretrial conference (no more than 18 months after complaint is filed)]**. This **Jury / Non-Jury** trial is expected to take approximately **10** day(s).

Defendants reserve the right to seek a continuance of the pretrial conference and/or trial based upon, among other things, Mr. Trump's obligations as President of the United States and Defendants' schedule for the 2020 U.S. presidential election.

{00100220;1}

11

**13.**     **Pretrial Disclosures and Final Pretrial Procedures:** Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

**14.**     **Other Matters:**

Defendants have filed a Motion to Strike Portions of the Complaint (Dkt. #30) and the Campaign has filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) (Dkt. #32).

Plaintiff has filed a Motion to Conditionally Certify Collective Action (Dkt. #34). The Campaign intends to oppose that Motion.

Defendants intend to file a short Motion to Compel the deposition of Alva Johnson as outlined in more detail above. Defendants intend to file a Motion for Protective Order to limit the scope of discovery, as outlined in more detail above.

Plaintiff may also be required to file discovery motions at the appropriate time.

Defendants intend to file motions for summary judgment of Plaintiff's claims at the appropriate time.

Dated: May 15, 2019

Respectfully Submitted,

*/s/ Hassan A. Zavareei*
Hassan A. Zavareei (*pro hac vice*)
Katherine M. Aizpuru (*pro hac vice*)
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: 202-973-0900
Facsimile: 202-973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Tanya S. Koshy (*pro hac vice*)
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
P: (510) 250-3298
F: (202) 973-0950
tkoshy@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
VARNELL & WARWICK, PA
P.O. Box 1870
Lady Lake, FL 32158-1870

{00100220;1}

P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (*pro hac vice*)
Karla Gilbride (*pro hac vice*)
PUBLIC JUSTICE, P.C.
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice*)
PUBLIC JUSTICE, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff Alva Johnson*


*/s/ Charles J. Harder*
Charles J. Harder
Admitted *Pro Hac Vice*
CHarder@HarderLLP.com
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:  (424) 203-1600
Facsimile:   (424) 203-1601

Dawn Siler-Nixon
Florida Bar No. 993360
DSiler-Nixon@FordHarrison.com
Tracey K. Jaensch
Florida Bar No. 907057
TJaensch@FordHarrison.com
FORD**HARRISON**<sup>LLP</sup>
101 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile:  (813) 261-7899

*Attorneys for Defendants
Donald J. Trump and
Donald J. Trump for President, Inc.*