**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALVA JOHNSON,**
**Individually and On Behalf of All Others**
**Similarly Situated,**

      **Plaintiff,**                       **Case No. 8:19-cv-00475-WFJ-SPF**

**v.**

**DONALD J. TRUMP,**
**In his Individual Capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.**

      **Defendants.**
_____/

**MOTION TO COMPEL DEPOSITION OF PLAINTIFF**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, defendant Donald J. Trump

for President, Inc. (the "Campaign"), by its undersigned counsel, moves the Court for entry of an

order compelling the deposition of plaintiff Alva Johnson ("Plaintiff") to be conducted on

Monday, July 8, 2019 at Veritext Legal Solutions, 1250 I Street, NW, Suite 350, Washington,

DC 20005 commencing at 10:00 a.m., and in support thereof states as follows:

**I.**      **INTRODUCTION**

As explained in the parties' Case Management Report [*see* Dkt. No. 36 at p. 10], the

Campaign brings this motion to ensure that Plaintiff will appear for her deposition on the date

and at the location noticed because, although her attorneys have confirmed that both they and

their client are available on July 8, 2019 in Washington D.C., they also have made repeated

suggestions that she might still refuse to appear and/or seek to postpone her deposition by

objection or motion, and Plaintiff refuses to formally stipulate to her appearance on that date. To ensure that her deposition proceeds on that date, at the specified time and location, the Campaign requests an order requiring her to so appear unless by stipulation or further order of the Court.

## II.   PROCEDURAL HISTORY

### A.   Plaintiff's Purported Unavailability for Multiple Months

By this putative class action, Plaintiff is suing the sitting President of the United States and his election campaign for compensatory, punitive and special damages in excess of $75,000. Complaint [Dkt. No. 1] ¶ 10. She filed suit on February 25, 2019.

During the parties' Rule 26(f) conference last month, counsel for the Campaign attempted to pre-arrange the date and location of Plaintiff's deposition, initially asking that it be conducted on June 18, 19 or 20, 2019 in a city and state of Plaintiff's choosing. Declaration of Charles J. Harder ("Harder Decl.") ¶ 2. Plaintiff's counsel requested an alternative date and the Campaign responded that her deposition could be accommodated any day between June 14 and 28, 2019. *Id.*

Plaintiff's counsel then took the position that Plaintiff was unavailable any day in June 2019 "due to her professional commitments." *Id.* ¶ 3, Exh. A. When the Campaign's counsel asked for a list of Plaintiff's "professional commitments" in June, Plaintiff's counsel responded that one of Plaintiff's eight attorneys of record (not lead counsel) had a vacation planned for June 13–25 (obviously not a professional commitment of Plaintiff herself) and also stated that Plaintiff was an events coordinator for a Colorado wine festival taking place the last weekend of the month, June 27–30, 2019. *Id.* ¶ 4, Exh. B. (Plaintiff's online LinkedIn professional profile states that she works at a travel agency in Atlanta, Georgia. *See* http://www.linkedin.com/in/alva-johnson-278516b/)

Plaintiff's counsel then refused to produce her for a deposition unless and until a deposition of defendant President Trump was scheduled:

> While we would be happy to schedule her [Plaintiff's] deposition . . . in early July, we will not agree to any date if it is your position that you will not provide us with a date for Mr. Trump's deposition.  You have indicated that you intend to file motions to limit discovery—apparently including the scope of Mr. Trump's deposition . . . .   Thus, I ask that you either provide us with dates for Mr. Trump's deposition, or agree that neither side will take party depositions until your anticipated efforts to limit discovery (presumably including deposition topics) are ruled on.

*Id.* Exh. B.

The "anticipated efforts to limit discovery" referenced above are a response to Plaintiff's efforts to seek extensive discovery regarding matters that have nothing to do with Plaintiff or her allegations in the case, including accusations against President Trump by 19 other people. Defendants intend to file a Motion for a Protective Order to establish reasonable limitations on the scope of discovery herein.  When Defendants' counsel confirmed that no questions would be asked of Plaintiff regarding subjects that Defendants are seeking to exclude from the case, Plaintiff's counsel eventually stated that Plaintiff "could make herself available" for deposition on July 8, 2019, in Washington, D.C.

Given counsel's evasiveness, lack of consistency and unwillingness to formally commit to the deposition taking place on that day, Defendants reasonably requested that Plaintiff's counsel enter into a written stipulation stating that Plaintiff would appear for deposition on that date and at the location noticed, and waive all objections to the date, time and location, to avoid the necessity of this motion to compel.  *Id.* ¶ 6, Exh. D.  Plaintiff's attorney refused, and refuses to do so, saying: "we will not agree to any stipulation abandoning and waiving our client's rights" to object to the deposition proceeding as currently scheduled, namely, on July 8, 2019 in Washington, D.C.  *Id.* Exh. D.

## III.   <u>ARGUMENT</u>

"A party may, by oral questions, depose any person, including a party, without leave of court . . . ."  Fed. R. Civ. P. 30(a)(1); *see also* Local Rules 3.04(b) ("it is the general policy of the Court that a non-resident plaintiff may reasonably be deposed at least once"), 3.02 ("a party desiring to take the deposition of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action").

The Campaign has attempted in good faith, on at least three occasions, to definitively establish the time, date and place for the deposition of Plaintiff in her very own case.  *See* Harder Decl., Exh. C (Second Amended Notice of Deposition).  Despite such earnest efforts, and three months into this case, the Campaign still has received no assurance that Plaintiff and her representatives will actually appear as scheduled and permit the examination to proceed.

It would be unfair and improper for the Campaign's counsel to prepare for Plaintiff's deposition on July 8, 2019 only for Plaintiff to later assert objections and refuse to appear.  The Campaign reasonably requests that Plaintiff's deposition date be set by order, and that any objections she may have to her deposition be heard in advance and determined by the Court, so that there are no obstacles to the deposition proceeding.

Among other things, Plaintiff has no legal basis to refuse to appear for deposition simply because there are other ongoing discovery disputes, including regarding the proper scope of Plaintiff's efforts to obtain discovery against the Defendants.  "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."  Fed. R. Civ. P. 26(d)(3); *see*, *e.g.*, *Keller v. Edwards*, 206 F.R.D. 412, 416 (D. Md. 2002) ("While an attorney representing a party or witness

that has been served with a valid notice of deposition properly may communicate to the noting party any objections to the service, sequence or timing of the deposition, he may not unilaterally refuse to produce his client until certain conditions are fulfilled").

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Campaign respectfully requests that the deposition of plaintiff Alva Johnson be ordered on Monday, July 8, 2019 at Veritext Legal Solutions, 1250 I Street, NW, Suite 350, Washington, DC 20005 commencing at 10:00 a.m. pursuant to Federal Rule of Civil Procedure 37.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), counsel for Mr. Trump and the Campaign has conferred with counsel for Plaintiff, and counsel for Plaintiff opposes the relief requested herein.

Dated this 24th day of May, 2019   Respectfully Submitted,

        */s/ Charles J. Harder*
        Charles J. Harder
        Trial Counsel
        CHarder@HarderLLP.com
        Admitted *Pro Hac Vice*
        HARDER LLP
        132 S. Rodeo Drive, Fourth Floor
        Beverly Hills, California 90212
        Telephone:  (424) 203-1600
        Facsimile:   (424) 203-1601

        Dawn Siler-Nixon
        Florida Bar No. 993360
        DSiler-Nixon@FordHarrison.com
        Tracey K. Jaensch
        Florida Bar No. 907057
        TJaensch@FordHarrison.com
        FORD**HARRISON** LLP
        101 E. Kennedy Blvd., Suite 900

Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile:  (813) 261-7899

Attorneys for Defendants
Donald J. Trump and
Donald J. Trump for President, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically send a notice of electronic filing upon the following:

Brian W. Warwick
bwarwick@varnellandwarwick.com
Janet Varnell
jvarnell@varnellandwarwick.com
Varnell & Warwick, PA
P.O. Box 1870
Lady Lakes, FL  32158-1870

Hassan A. Zavareei
hzavareei@tzlegal.com
Katherine M. Aizpuru
kaizpuru@tzlegal.com
Tycko & Zavareei LLP
1828 L Street NW, Suite 1000
Washington, D.C.  20036

Tanya S. Koshy
tkoshy@tzlegal.com
Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA  94612

F. Paul Bland
pbland@publicjustice.net
Karla Gilbride
kgilbride@publicjustice.net
Public Justice, P.C.
1620 L Street NW, Suite 630
Washington, DC  20036

Jennifer Bennett
jbennett@publicjustice.net
Public Justice, P.C.
475 14th Street, Suite 610
Oakland, CA  94612

*/s/ Charles J. Harder*
Attorney