**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALVA JOHNSON,**
**Individually and On Behalf of All Others**
**Similarly Situated,**

       **Plaintiff,**                  **Case No. 8:19-cv-00475-WFJ-SPF**

**v.**

**DONALD J. TRUMP,**
**In his Individual Capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.**

       **Defendants.**

_____/

**DECLARATION OF CHARLES J. HARDER IN SUPPORT**
**OF MOTION TO COMPEL DEPOSITION OF PLAINTIFF**

     1.    I am an attorney at law duly admitted *pro hac vice* to practice before this court and am a partner with the law firm of Harder LLP, attorneys for defendants Donald J. Trump ("Mr. Trump") and Donald J. Trump for President, Inc. (the "Campaign") (collectively, "Defendants") herein. I have personal and firsthand knowledge of the matters set forth in this declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

     2.    During the Rule 26(f) conference on April 30, 2019, I attempted to pre-arrange the date and location of Plaintiff's deposition, initially asking that it be conducted on June 18, 19 or 20, 2019 in a city and state of Plaintiff's choosing. Her counsel requested an alternative date and therefore I responded that we would be able to accommodate Plaintiff's deposition on any day between June 14 and June 28, 2019.

1

3.      In an email message dated May 6, 2019, Plaintiff's attorneys then took the position that she is unavailable anytime in June 2019 "due to her professional commitments." A true and correct copy of that email message is attached hereto as Exhibit A.

4.      I responded that same day by asking what specific professional commitments Plaintiff has in June that prevent her from appearing for a deposition in her own case. Counsel for Plaintiff replied that she is reportedly an events coordinator for a wine festival taking place June 27–30, 2019. A true and correct copy of our email exchange is attached hereto as Exhibit B.

5.      Ultimately, we were able to come to an understanding later in the week that Plaintiff would make herself available for deposition in Washington, D.C. on July 8, 2019, yet her counsel stated that she was reserving the "right" to serve objections and/or a motion for protective order to prevent her deposition from occurring on that day. Attached hereto as Exhibit C is a true and correct copy of the Second Amended Notice of Deposition of Plaintiff Alva Johnson.

6.      In light of Plaintiff's continuing equivocations, I requested that she enter into a written stipulation assuring that she will appear for deposition on the date and at the location noticed, and waive all objections to the date and location so as to avoid the necessity of this motion. Plaintiff's attorneys refused and continue to refuse to do so, as reflected in our email exchange of May 10, 2019, a true and correct copy of which is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of May, 2019, at Los Angeles, California.


                                        */s/ Charles J. Harder*
                                        CHARLES J. HARDER

# EXHIBIT A

| | |
|---|---|
| **From:** | Janet Varnell <jvarnell@varnellandwarwick.com> |
| **Sent:** | Monday, May 6, 2019 11:38 AM |
| **To:** | Charles Harder |
| **Cc:** | hzavareei@tzlegal.com; kaizpuru@tzlegal.com; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch |
| **Subject:** | RE: Johnson - Trump; Written Discovery and Depositions |

Dear Charles,

Requesting adherence to the Court's orders is not gamesmanship. You were required to file your **Certificate of Interested Persons and Corporate Disclosure Statement** before you could serve discovery.   You have also failed to "file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b)."  My previous email politely requested that you withdraw or retract your discovery requests and comply with the Court's orders before serving discovery to prevent unnecessary motion practice. This Court takes these requirements quite seriously—they are not mere formalities that may be disregarded or ignored.

Please accept this email as my second request that you follow the Court's order and local rules. Alternatively, this email will serve as our formal request pursuant to Local Rule 3.01(g) for a meaningful discussion on your position regarding Plaintiff's Motion for a Protective Order or for an Order to Show Cause. We will call your office shortly so that we can try to resolve this matter through discussion.

With respect to the depositions, your notice not only violates the Court's Order because you are not permitted to issue discovery yet, it also violates the letter and spirit of the Middle District Discovery Handbook. In addition, your representation about what happened during our telephone conference is false. No agreements were made to wait until you file a vaguely described "motion to strike." While it was discussed that such a motion might have some impact on the scope of discovery in the case, neither Mr. Zavareei nor anyone else agreed that we would wait until that motion was resolved to take Mr. Trump's deposition. Nor could we make such an agreement without even seeing your motion. Your unilateral imposition of dates based on a phantom agreement is unprofessional, discourteous, and improper. In any event, a deposition before July is not possible for Ms. Johnson due to her professional commitments. We also will not unilaterally agree to a deposition of Ms. Johnson without an agreement for a date for the deposition of Mr. Trump. Please provide several dates in July or August that work for your team for ***both depositions***. We are happy to conduct both depositions at Tycko & Zavareei LLP's offices in Washington, D.C.

If you do not intend to provide us with such dates, please advise immediately so that we may take appropriate measures.

Finally, you said you would provide suggested revisions to the draft CMO last week. Please send those to us as soon as possible so that we can reasonably comply with the Court mandated deadline.

Warm regards,

JANET R. VARNELL



**Varnell & Warwick**
Consumer Class Actions

PO BOX 1870
LADY LAKE, FL 32158
(352)753-8600
WWW.VARNELLANDWARWICK.COM
FOLLOW ME ON TWITTER @4THELITTLEGUY

---

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Friday, May 03, 2019 9:09 PM
**To:** Janet Varnell <jvarnell@varnellandwarwick.com>
**Cc:** hzavareei@tzlegal.com; kaizpuru@tzlegal.com; Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>
**Subject:** Johnson - Trump; Written Discovery and Depositions

Dear Ms. Varnell,

This responds to your email below, sent earlier today. Your statements regarding the need to re-serve discovery are wrong and appear to be an obvious effort at gamesmanship. We hope this will not become the hallmark of Plaintiff's case for the remainder of the litigation.

The order entered on February 26, 2019 [Dkt. No. 3] upon which you rely, and which initially designated this action as a Track Two case, was subsequently replaced by the Court's Amended Related Case Order and Track Three Notice dated February 27, 2019 [Dkt. No. 5]. That superseding order eliminated any required filing of a Certificate of Interested Persons and Corporate Disclosure Statement as a condition precedent to engaging in discovery. Instead, it provides that "a party may not seek discovery from any source before the meeting" of counsel pursuant to Federal Rule of Civil Procedure 26(f). As you know, the parties completed that conference on April 30, 2019 — two days before my client served its first round of written discovery. Accordingly, if plaintiff refuses to timely respond to such discovery, we will move to compel and seek sanctions.

The Notice of Deposition of Plaintiff Alva Johnson is intended to serve as a placeholder while we finalize the date and place. As you know, during the Rule 26(f) conference, I made it very clear that we were seeking your client's deposition soon. You did not object. I initially proposed three dates: June 18, 19 or 20. You asked for an alternative, and the deposition notice identifies June 14 as an alternative. Please let me know if that date will work. Alternatively still, we are available any day between June 14 and June 28. Please let us know your preference. We do not agree to put off Ms. Johnson's deposition until July, first because it is unnecessary, and second because of vacation schedules in July.

We also discussed location of Ms. Johnson's deposition. I agreed to be flexible with location: offering Alabama and Washington DC as alternative locations to Tampa. Please let us know your preferred location.

We also discussed at the Rule 26(f) conference that Defendants object to the scope of discovery, particularly regarding other accusers of Mr. Trump, and said that we would bring a motion for

protective order if we could not agree on that issue.  Your colleague, Mr. Zavareei, proposed that we postpone that discussion until after the Court rules on our anticipated Motion to Strike portions of the Complaint.  We agreed to do this.  Thus, the deposition of Mr. Trump, if it proceeds at all, will be postponed until after the anticipated Motion to Strike and possible Motion for Protective Order have been determined—as we agreed at the Rule 26(f) conference on 4/30.

Please confirm that you withdraw your position demanding that we re-serve written discovery, and also let us know your preferred date (between June 14 and 28, inclusive), and preferred location, for Ms. Johnson's deposition.

Sincerely,

Charles Harder



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

**From:** Janet Varnell [mailto:jvarnell@varnellandwarwick.com]
**Sent:** Friday, May 03, 2019 2:09 PM
**To:** Charles Harder; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch
**Cc:** hzavareei@tzlegal.com; kaizpuru@tzlegal.com; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride
**Subject:** Johnson v. Trump

Counsel:

I write to you as a professional courtesy regarding your errant attempt to serve discovery yesterday in an effort to avoid the unnecessary motion practice.

First, pursuant to the Court's "Related Case Order, Interested Persons Order, Order Requiring Electronic Filing and Notice of Track Designation" of February 26, 2019, all parties were ordered to file a Notice of Pendency of Other Actions and a Certificate of Interested Persons and Corporate Disclosure Statement. The forms were required to be filed no later than March 13, 2019.  Plaintiff filed hers in a timely manner and none of the Defendants complied.  Disregarding court orders regarding CIPs and disclosure statements has resulted in default judgement being entered for plaintiffs in the past.

According to that Order, "**[n]o party may seek discovery** from any source **before filing** and serving a CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT." Order p.2.  Thus, the discovery that you propounded should all be retracted until your filings are completed. Please give us immediate notice of your retraction or we will be forced to file a Motion to Strike the erroneous service.

Second, your discovery requests do not comply with the applicable rules and operative orders for several other reasons. In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook.  During our Rule 26(f) conference, you suggested that you wished to take the Plaintiff's deposition and you indicated that you would send us alternative dates. Instead, you unilaterally noticed her deposition.  The Discovery Practice Handbook specifically states that the attorney should "**pre-arrange a deposition with opposing counsel before serving the notice**." Only where it is **not possible** may counsel unilaterally notice a deposition and, in doing so, they must indicate "a willingness to be reasonable about any necessary rescheduling."

Please retract the service of this discovery until you are fully compliant with the applicable Court Orders and the mandates of the applicable rules and guidelines.  If you fail to retract the discovery, Plaintiff may have file a Motion to Strike the Discovery Requests or seek a Protective Order.

Finally, we spoke about our desire to depose Mr. Trump as soon as possible during our conference.  We propose to take his deposition any day during the week of July 15th at the location of his choosing in the United States. We could produce Ms. Johnson the following week.

JANET R. VARNELL



PO BOX 1870
LADY LAKE, FL 32158
(352)753-8600
WWW.VARNELLANDWARWICK.COM
FOLLOW ME ON TWITTER @4THELITTLEGUY

# EXHIBIT B

| | |
|---|---|
| **From:** | Hassan Zavareei <hzavareei@tzlegal.com> |
| **Sent:** | Tuesday, May 7, 2019 11:44 AM |
| **To:** | Charles Harder |
| **Cc:** | Katherine Aizpuru; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Dawn Siler-Nixon; Tracey Jaensch; Ryan Stonerock; Henry Self; Steven Frackman; Janet Varnell; Melat Kiros; Matthew Lanahan |
| **Subject:** | RE: Trump - Johnson; Meet and Confer re Mtn to Strike & Discovery Disputes |

Dear Charles:

Thank you for your email. I have inserted my responses to your points below in bold. Also, thank you for your edits to the draft Case Management Report. Once we complete our meet and confer, we will send you a revised version with additional edits as necessary so it is fully up to date. In the meantime, please let me know if you are free any time ***after 4pm Eastern tomorrow*** to have a telephone conference to see whether we can resolve our remaining differences.

Regards,

Hassan



Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 6, 2019 7:53 PM
**To:** Janet Varnell <jvarnell@varnellandwarwick.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Meet and Confer re Mtn to Strike & Discovery Disputes

Dear Mr. Zavareei and Ms. Varnell:

I was not in the office when you called earlier today. I have a busy schedule this week, but will get you some times when we can talk. In the meantime, I have several points:

1.  On 4/30, we discussed Defendants' anticipated Motion to Strike portions of the Complaint. I told you that I would get you a copy of the Complaint with the portions highlighted that we plan to move to strike. Attached is that document. Please let me know by close of business

1

tomorrow if you will stipulate to striking the highlighted portions.  If not, then we will file our motion.  If you wish to discuss further, we can do so during our next call this week.

**I don't understand the basis for a motion to strike. Can you provide your lead authority for such a motion?**

2. Regarding written discovery, your position appears to be that Dkt 3 remains in effect and requires that a Certificate of Interested Parties and Corporate Disclosure Statement must be filed by the Campaign before it can propound discovery.  Our view is that Dkt 3 was replaced by Dkt 5, and thus Dkt 3 is not in effect.  Pursuant to Dkt 5, discovery can be propounded following the parties' Rule 26f conference, which occurred on 4/30.  Our discovery was propounded two days after that conference, on 5/2.  Moreover, FRCP 7.1 provides that my clients are required to the Certificate of Interested Parties and Corporate Disclosure Statement upon my clients' "first appearance, pleading, petition, motion, response, or other request addressed to the court".  My clients' deadline to respond to the Complaint is this Friday, May 10, and we intend to file said Certificate and Statement at that time.

**You are correct that it is our view that the requirements of Docket 3 remain in effect and that your clients may not initiate discovery until you have filed Certificates of Interested Parties and Corporate Disclosure Statements.**

In an effort to cut through our disagreement on this issue, and without waiving our position, we are agreeable, as a professional courtesy, to grant Plaintiff an 8-day extension on her deadline to respond to the outstanding written discovery, which represents the time difference between the day we propounded the discovery (5/2) and the day we will file the Certificate of Interested Parties and Corporate Disclosure Statement (5/10), provided of course that Plaintiff withdraws her objection to the discovery on the basis of Dkt 3.

**Thank you for your proposed compromise. We do not wish to seek or receive an extension, as we do not believe that is necessary. Instead, we propose that the parties agree that your discovery will be deemed served on May 10, 2019, when you file your Certificates of Interested Parties and Corporate Disclosure Statements.**

3. You state that Plaintiff is not available for deposition throughout the entire months of May and June due to her "professional commitments."  Please let me know **what specific professional commitments** Plaintiff has in May and June that prevent her from appearing for a deposition to answer questions about **her allegations** against my clients.  Please send this list by close of business tomorrow (5/7).  We assume you have already obtained the list, based on the statement in your email of today that she cannot appear for deposition until July.

**We cannot do the deposition in the earlier part of June because my co-counsel, Ms. Varnell, will be in Europe from June 13-25. I believe we discussed that on our first telephone call— which was why we asked for other dates. With respect to the latter part of June, Ms. Johnson is currently the Events Coordinator at the Telluride Wine Festival, which is taking place from June 27-30. She cannot do her deposition between the 17th and the 26th because she will be handling logistics for the festival in the week before it goes live. While we would be happy to schedule her deposition soon afterwards in early July, we will not agree to any date if it is your position that you will not provide us with a date for Mr. Trump's deposition. You have indicated that you intend to file motions to limit discovery—**

**apparently including the scope of Mr. Trump's deposition—and it would be highly prejudicial to our client to allow you to undertake unbridled one-sided discovery while you refuse to reciprocate. Thus, I ask that you either provide us with dates for Mr. Trump's deposition, or agree that neither side will take party depositions until your anticipated efforts to limit discovery (presumably including deposition topics) are ruled on.**

Should we be unable to resolve the foregoing issues, please be advised that the next time we speak (this week), we will meet and confer with you, pursuant to L.R. 3.01(g), regarding the following:

    a.  A continuation of our meet and confer, which commenced during the Rule 26f conference on 4/30, regarding my clients' Motion to Strike Portions of the Complaint, should a continued discussion be necessary.

    b.  A Motion for Protective Order regarding the proper scope of discovery, which we also discussed with you during the Rule 26f conference on 4/30. Because you are now reneging on your prior suggestion to postpone this discussion until after the Court has ruled on our anticipated Motion to Strike Portions of the Complaint, we intend to file the Motion for Protective Order in the near future.

**Although you are no longer falsely claiming we had an "agreement," your new contention that I am reneging on a "suggestion" is highly misleading as well. While I said I thought a motion to strike could resolve differences regarding the scope of the discovery, this was an off the cuff remark in response to hearing for the first time that you planned to move to strike. And I never agreed, promised, or suggested that I would do anything in light of this new information. I still believe it may be one vehicle for the Court to decide the proper scope of discovery. However, we may also bring our own motion if you continue to insist on one-sided discovery. Please consider this a request to meet and confer regarding the taking of Mr. Trump's deposition and your position that you should be permitted to take Ms. Johnson's deposition without agreeing to make your client (a defendant in this case) available for deposition and while you are trying to limit the scope of discovery.**

    c.  A Motion to Compel Plaintiff to comply with her obligations to respond to the outstanding written discovery and appear for deposition. We have suggested 15 different days (June 14, 17, 18, 19, 20, 21, 24, 25, 26, 27 and 28) for Plaintiff to appear for deposition, yet she is refusing to agree to appear on any of those dates, citing her unspecified "professional commitments." Moreover, Plaintiff appears to be trying to tie her deposition date to a deposition date of the President, which is improper and unwarranted by the FRCP and Local Rules.

**We have provided you the information regarding the problems with your proposed dates. But we will not allow you to take Ms. Johnson's deposition if you are seeking to limit the scope of discovery until (1) that scope is determined by agreement or by the Court, and (2) you agree to make Mr. Trump available for deposition.**

Finally, we respectfully disagree with Ms. Varnell's factual characterizations and opinion that our statements are inaccurate. In our view, it is Ms. Varnell who is not being accurate. We can discuss during our next call. There is one minor but glaring example: I stated during our Rule 26f conference

on 4/30 that I would get you our redlined CMS by Tues. 5/7 (tomorrow).  Ms. Varnell states in her email of earlier today states that I promised it by last Friday, which is not correct.

**Your mischaracterizations of the conversation are noted above. You falsely claimed we had an agreement. That mischaracterization is a big deal because you are trying to hold us to an agreement we never made. With respect to the date you would provide the CMS (an issue I don't view as material and certainly not subject to our accusation that you are making false claims), it was my recollection that you said you would provide it last week as well. I do also remember some mention of Tuesday if you couldn't make the Friday date. Either way, this difference of recollection on what you acknowledge is a "minor" issue does not justify your misstatements regarding an agreement that never happened.**

Naturally, all of my clients' rights are reserved and none are waived.

**Of course. As are my client's.**

Sincerely,

Charles Harder



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALVA JOHNSON,**
**Individually and On Behalf of All Others**
**Similarly Situated,**

      **Plaintiff,**                             **Case No. 8:19-cv-00475-WFJ-SPF**

**v.**

**DONALD J. TRUMP,**
**In his Individual Capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.**

      **Defendants.**

_____/

**SECOND AMENDED NOTICE OF DEPOSITION OF PLAINTIFF ALVA JOHNSON**

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

You are hereby notified that, pursuant to Rule 30 of Federal Rules of Civil Procedure, the deposition upon oral examination of plaintiff Alva Johnson will be taken at Veritext Legal Solutions, 1250 I Street, NW, Suite 350, Washington, DC 20005, commencing at 10:00 a.m. on July 8, 2019, rather than on July 2, 2019 as previously noticed.

The deposition shall take place before a duly certified shorthand reporter authorized to administer oaths, and will be recorded both stenographically and by audiovisual recording.  Said deposition shall continue from day to day thereafter, excluding Sundays and holidays, until completed.

Dated this 10th day of May, 2019.

**[Signature appears on next page]**

1

*/s/ Charles J. Harder*
Charles J. Harder
Trial Counsel
CHarder@HarderLLP.com
Admitted *Pro Hac Vice*
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California  90212
Telephone:  (424) 203-1600
Facsimile:  (424) 203-1601

Dawn Siler-Nixon
Florida Bar No. 993360
DSiler-Nixon@FordHarrison.com
Tracey K. Jaensch
Florida Bar No. 907057
TJaensch@FordHarrison.com
FORD**HARRISON** LLP
101 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile:  (813) 261-7899

Attorneys for Defendants
Donald J. Trump and
Donald J. Trump for President, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2019, I caused the Second Amended Notice of Deposition of Plaintiff Alva Johnson to be served on all counsel of record by email at the following addresses:

| | |
|---|---|
| Janet Varnell<br>Varnell & Warwick, PA<br>P.O. Box 1870<br>Lady Lakes, FL  32158-1870<br>jvarnell@varnellandwarwick.com<br>Attorney for Plaintiff | Hassan A. Zavareei<br>Katherine M. Aizpuru<br>Rebecca Azhdam<br>Tycko & Zavareei LLP<br>1828 L Street NW, Suite 1000<br>Washington, D.C.  20036<br>hzavareei@tzlegal.com<br>kaizpuru@tzlegal.com<br>razhdam@tzlegal.com<br>Attorney for Plaintiff |
| F. Paul Bland<br>Karla Gilbride<br>Public Justice, P.C.<br>1620 L Street NW, Suite 630<br>Washington, DC  20036<br>pbland@publicjustice.net<br>kgilbride@publicjustice.net<br>Attorney for Plaintiff | Jennifer Bennett<br>Public Justice, P.C.<br>475 14th Street, Suite 610<br>Oakland, CA  94612<br>jbennett@publicjustice.net<br>Attorney for Plaintiff |

By: /s/ Steven Frackman

# EXHIBIT D

| | |
|---|---|
| **From:** | Hassan Zavareei <hzavareei@tzlegal.com> |
| **Sent:** | Friday, May 10, 2019 5:54 AM |
| **To:** | Charles Harder |
| **Cc:** | Katherine Aizpuru; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Dawn Siler-Nixon; Tracey Jaensch; Ryan Stonerock; Henry Self; Steven Frackman |
| **Subject:** | Re: Trump - Johnson; Draft CMR and M&C re Johnson Depo |

Charles,

Absent some unexpected change in the status quo, Ms. Johnson will appear at her deposition. We do not intend to argue that her deposition should not go forward because of your expected efforts to limit the proper scope of the discovery. But we will not simply abandon our rights and waive all objections. I believe a motion to compel—when we are willingly making our client available for her deposition—would be a waste of judicial resources. In response to such a motion (absent some unforeseen change in the status quo), we would make it clear that we intend to appear for the deposition, and there is no dispute for the court to resolve. In any event, we will not agree to any stipulation abandoning and waiving our client's rights.

With respect to the CMR, your objection appears to be to the structure of the form, which puts your contentions to the back of the report and after ours. We do not believe our descriptions of the disputes are improper, and you are free to edit your descriptions of the discovery disputes—or any other of your designated portions of the CMR—as you see fit. This form is intentionally designed to allow each party control over their response to the Court's inquiries. If you really have such an objection to our citation to a couple of cases, you could simply so state in your sections. If that is not enough for you, we will be forced to file separate CMRs. In my experience that is frowned on by most courts, and signals that we are having difficulty cooperating. Based on the tone of your emails and all of your accusations and misrepresentations, that may not be an incorrect inference. If you want to do it that way, there is nothing I can do to stop you.

In any event, please advise how you wish to proceed. We intend to file before the close of business today. So please either provide your revised sections before 4 p.m. Eastern today or advise that you will be filing a separate CMR.

Warm regards,

Hassan

---

**From:** Charles Harder <charder@harderllp.com>
**Date:** Thursday, May 9, 2019 at 10:59 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Kate <kaizpuru@tzlegal.com>, "razhdam@tzlegal.com" <razhdam@tzlegal.com>, "PBLAND@publicjustice.net" <PBLAND@publicjustice.net>, Jennifer Bennett <JBennett@publicjustice.net>, Karla Gilbride <KGilbride@publicjustice.net>, Janet Varnel <jvarnell@varnellandwarwick.com>, Melat Kiros <mkiros@tzlegal.com>, Matthew Lanahan <mlanahan@tzlegal.com>, Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>, Tracey Jaensch <TJAENSCH@fordharrison.com>, Ryan Stonerock

<RStonerock@harderllp.com>, Henry Self <hself@harderllp.com>, Steven Frackman
<sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Draft CMR and M&C re Johnson Depo

Dear Mr. Zavareei and Counsel:

Regarding the deposition of Alva Johnson, you have told me several times in the past week that she
would not appear for deposition unless certain conditions are met with regard to other discovery
issues. When we spoke this morning, you confirmed that she and her counsel are available on July 8
in Washington DC, but that you still were still reserving the right to object to the deposition going
forward on that date, and you stated that you might bring a motion for protective order to prevent it
from proceeding on that date. I told you that we needed confirmation that her deposition would, in
fact, proceed on July 8, or we would need to file a motion to compel her deposition on that date, to
resolve your various objections over this past week.

Your email below states that you "intend" to proceed with her deposition on July 8, but remains silent
on whether or not you are continuing to reservation objections and possible motion for protective
order to prevent the deposition from going forward on that date. Please let me know if you will
stipulate, in a filing with the court, that Ms. Johnson will appear for deposition on July 8 in
Washington DC, and waive all objections to the date, time and location and will not file a motion for
protective order to prevent the deposition from going forward on that date, time and location.  In light
of your prior statements this morning and this past week, we will need a filed stipulation to avoid the
necessity of our motion to compel.  Please let me know on Friday morning.

With regarding to your edits to the CMR, we object to them and find them improper.  They read like a
discovery motion with extensive arguments and citations to case law.  This is not proper content for a
CMR.  Motion practice should be saved for a motion, including arguments and case law.  Even if this
were proper for a CMR (which it isn't), my side would need additional business days to add our
counter-arguments and research and cite to case law supporting same.

Instead, we propose that the arguments and law be removed and saved for motion practice, and the
CMR provide a concise summary, without argument or mischaracterizations, of the different issues in
the case and whether there is opposition, for example: "In discovery, Plaintiff intends to seek [X],
Defendants intend to oppose; Defendants intend to seek [Y], Plaintiff intends to oppose [etc] ... The
parties will meet and confer and file any necessary discovery motions at the appropriate time."

The CMR also should be written in a way that is neutral and balanced.  By contrast, the document you
sent us today is one-sided, mischaracterizes Defendants' positions, argues extensively, with case law,
why you feel we are wrong, and relegates our position to the very end of the document.  This format
and content are suited for motion practice, not a CMR.

Tomorrow morning I would like to revise the document so that it is neutral, balanced, removes
arguments and case law, and simply informs the Court the status of the various issues being
considered and discussed.  Please let me know if this is acceptable to you, because I would not want to
spend hours of my time reworking the document only to have you reject this approach.  Please let me
know on Friday morning.  Thank you.

Sincerely,

Charles Harder



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 09, 2019 3:02 PM
**To:** Charles Harder
**Cc:** Katherine Aizpuru; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Dawn Siler-Nixon; Tracey Jaensch; Ryan Stonerock; Henry Self; Steven Frackman; Janet Varnell; Melat Kiros; Matthew Lanahan
**Subject:** Re: Trump - Johnson; Meet and Confer re Mtn to Certify Collective Action

Charles,

I have attached a revised draft CMR. Because there were many revisions, I have attached a clean version and a redline. I have taken out our discussion of the disputes that we have resolved, including the deposition of Alva Johnson, which we intend to proceed with on July 8, 2019. I also moved your objections to our discovery to the appropriate portion of the CMR, which is in response to Question 6. You may want to reformulate these to match the numeric identification of the issues we set forth in our description of the outstanding discovery disputes.

I also wanted to confirm our conversation regarding the deposition dates I asked for. With respect to Defendant Trump, you have stated that you will not provide us with a date. Therefore we will notice a date unilaterally, with the understanding that the date and location are subject to modification pursuant to further meet and confer and/or motions practice. With respect to the third-party witnesses, we will wait until Monday to serve subpoenas to allow you an opportunity to offer the witnesses to accept service of the subpoenas. We believe that would be in the best interests of those witnesses—all of whom previously or currently have close contacts with the Defendants.

Best,

Hassan

**From:** Charles Harder <charder@harderllp.com>
**Date:** Wednesday, May 8, 2019 at 7:19 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Kate <kaizpuru@tzlegal.com>, "razhdam@tzlegal.com" <razhdam@tzlegal.com>, "PBLAND@publicjustice.net" <PBLAND@publicjustice.net>, Jennifer Bennett <JBennett@publicjustice.net>, Karla Gilbride <KGilbride@publicjustice.net>, Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>, Tracey Jaensch <TJAENSCH@fordharrison.com>, Ryan Stonerock <RStonerock@harderllp.com>, Henry Self

3

<hself@harderllp.com>, Steven Frackman <sfrackman@harderllp.com>, Janet Varnel
<jvarnell@varnellandwarwick.com>, Melat Kiros <mkiros@tzlegal.com>, Matthew Lanahan
<mlanahan@tzlegal.com>

**Subject:** Trump - Johnson; Meet and Confer re Mtn to Certify Collective Action

Hassan:  We can do a m&c call tomorrow at 12 noon ET.  Let us know if that will work for you and if
you want to circulate a call in number.  Thanks.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of
the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the
intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or
other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication
in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof
(including any attachments) without reading them or saving them in any manner.  Thank you.