UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVA JOHNSON,
**Individually and On Behalf of All Others
Similarly Situated,**

    **Plaintiff,**　　　　　　　　　　　Case No. 8:19-cv-00475-WFJ-SPF

v.

**DONALD J. TRUMP,
In his Individual Capacity and
DONALD J. TRUMP FOR
PRESIDENT, INC.**

    **Defendants.**
_____/

# DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

I. **INTRODUCTION**

Plaintiff's opposition papers prove Defendants' point. Plaintiff alleges two straight-forward claims, that: Mr. Trump allegedly committed a battery by kissing her without her consent, and the Campaign allegedly engaged in pay discrimination against her based on her race and gender. The bulk of the allegations in the Complaint are extraneous to those claims.

Fed. R. Civ. Proc. 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief". The bulk of the material in the Complaint violates Rule 8(a). A short and plain statement on the battery claim would consist of the allegations as to when the alleged battery took place, what Mr. Trump allegedly did, the claim that Plaintiff did not consent to it, and the damage that Plaintiff alleges. A short and plain statement on the equal pay claims would consist of allegations as to her compensation and how it was allegedly lower than similarly situated individuals who are of a different race and/or gender.

Plaintiff blatantly violated the "short and plain statement" rule because she desires to use this case to put on trial all of Mr. Trump's alleged actions—over several decades—and take discovery and try every alleged act of "sexism" or "misogyny," no matter how different the alleged conduct, no matter how long ago it allegedly happened, and no matter that the accusers are not parties to this action. The case that Plaintiff intends to litigate is one that would require an incomprehensible amount of discovery, motion practice and trial time, almost none of which concerns Plaintiff's allegations of what she claims happened **to her**. Additionally, the defendant is the sitting President of the United States. Governing law provides that such litigation is subject to special scrutiny and requires careful limitation, so as not to impinge on the duties of his office.

This Court should limit the scope of this litigation and not allow Plaintiff to attempt to put the President's entire life on trial.

1

## II.   THE COMPLAINT VIOLATES FRCP 8(a) AND THE EXTRANEOUS "BACKGROUND" ALLEGATIONS SHOULD BE STRICKEN

The Complaint violates FRCP 8(a).  The District Court in *Verfuerth v. Orion Energy Systems, Inc.*, 65 F.Supp.3d 640, 652 (E.D. Wis. 2014), granted a motion to strike in a similar situation:

> The Defendant has also filed a motion to strike any portions of the complaint that were not the subject of the motion to dismiss. Citing Rule 8's requirement of a "short and plain statement of the claim," it notes that 96 pages and 612 paragraphs is neither short nor plain…Some 73 of the complaint's pages fall into the category of background information.
>
> The typical complaint filed in federal court is somewhere between four and twelve pages….
>
> One helpful benchmark is the page limit on briefs filed in support of dispositive motions….It should go without saying that a complaint, which is really just a formal notification of what the claims are, should not be more than three times the length of a summary judgment brief.
>
> The Plaintiff claims the Defendant is not prejudiced by the length, but that is not true. The rules require a response to each averment—an admission, a denial, or a statement that the Defendant lacks sufficient knowledge….Requiring the Defendant to pay his attorneys to file considered responses to 73 pages of background facts definitely falls into the category of prejudice….
>
> Having reviewed the complaint, I conclude that the best course is simply to strike, as immaterial, the entire "background" section from ¶ 17 to ¶ 470….

*Id.*; accord *In re Agent Orange Product Liability Litigation*, 475 F. Supp. 928, 935 (E.D.N.Y. 1979) ("Defendants ask that the court strike from the AVC the many allegations (amounting to 425 paragraphs) regarding the corporate history of the defendants. Because these allegations are unnecessary, would be burdensome to answer, and would unduly prejudice defendants, the court in its discretion strikes all allegations relating to the corporate history of the defendants.").

This is almost exactly what has happened here.  Plaintiff's Complaint is a gross violation of the pleading rules.  None of the allegations at issue were necessary background to a simple

battery or pay discrimination claim. Defendants would be prejudiced in being forced to respond to them, particularly this early in the case before there has been any litigation as to discoverability or admissibility.[1] The motion to strike should be granted for this reason alone.

### III. INDEPENDENTLY, THE MOTION SHOULD BE GRANTED AS PART OF THE COURT'S DUTY TO TIGHTLY CONTROL LITIGATION AGAINST A SITTING PRESIDENT OF THE UNITED STATES.

The landmark Supreme Court case of *Clinton v. Jones*, 520 U.S. 681 (1997), held that while a President of the United States could be sued for private conduct alleged to have taken place before he took the office, the District Court, in managing such litigation, was required to take into account the importance of the President's duties in the conduct of the case. "The high respect that is owed to the office of the Chief Executive, though not justifying a rule of categorical immunity, is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery." *Id.* at 707.

Plaintiff's opposition reveals her intent is exactly what the *Clinton* decision said should not happen: engaging in a broad-based discovery dragnet of anything and everything the sitting President of the United States has ever done over many decades, no matter how unrelated to the facts in the case at bar. *See Opposition* at 13 (arguing that any facts that purport to show that Mr. Trump is allegedly a misogynist are relevant to this case); *id.* at 15-16 (arguing that allegations dating back even 15 to 30 years are relevant). To allow the Trump Allegations, including nineteen (19) unrelated accusations, into this lawsuit would turn one case into twenty, and

---

[1] Plaintiff argues that the allegations are not prejudicial because they have previously been made in public, and because it is too early to know whether Defendants will be required to respond to discovery on the allegations. However, Plaintiff ignores the prejudice recognized in *Verfuerth*: that Defendants will be required to go through Plaintiff's complaint and individually admit or deny each of these allegations, before there has been any ruling that Plaintiff is even allowed to introduce such matters into the case or to ask about them in discovery. This renders Plaintiff's Complaint highly prejudicial.

3

require extensive Fed. R. Civ. Proc. 26 disclosures, extensive depositions, extensive written discovery, a deposition of the President on a multitude of irrelevant allegations, extensive motion practice, and eventually, if Plaintiff wins her arguments on the admissibility of this evidence, a trial potentially spanning weeks or months, the vast majority of which has nothing to do with what Plaintiff claims happened **to her**.

Plaintiff has alleged straightforward claims. She claims that she was battered in public in front of eyewitnesses. The quantum of evidence needed to litigate this claim should be not much different than the litigation associated with who is at fault for an automobile accident. Similarly, the pay equity claims pose a simple question: did Plaintiff receive the same compensation as others who were similarly situated, or did she not? Neither of these claims requires a comprehensive inquisition into Mr. Trump's character over the past thirty to forty years. Even if any of these attempts to smear Mr. Trump's character might be admissible were he an ordinary defendant, he is not. He is the sitting President of the United States, and any interests Plaintiff might have to go beyond the narrow issues raised by her claims to broadly discover and try Mr. Trump's character must be balanced against, and limited by, the interests of the Nation in not forcing its Chief Executive to personally participate in months or years of discovery and trial time over what should be a relatively simple battery and pay equity case.[2]

---

[2] Plaintiff relies on *E.E.O.C. v. Suntrust Bank*, 2014 WL 1796681, at *5 (M.D. Fla. May 6, 2014), to support her argument that proceedings on collateral issues can be controlled by the Court. *Suntrust Bank* was an unpublished order by a single trial judge, who did not even ultimately rule that the "me too" evidence offered there would be admissible, but who assured the parties that she would maintain control of the proceedings and prevent "mini-trials". By contrast, here, Plaintiff has put the Court on notice that she intends to discover, litigate and try as many collateral issues as she possibly can. Especially given the *Clinton v. Jones* concerns, the *Suntrust Bank* order does not in any way mitigate this problem.

## IV. PLAINTIFF'S ARGUMENTS AGAINST STRIKING THE ALLEGATIONS SHOULD BE REJECTED.

Plaintiff's various and sundry arguments against striking the allegations are meritless.

**A.    Motions to Strike Scandalous Material Are Not Disfavored.**  Motions to strike are not "disfavored" when they seek to strike scandalous matter from a pleading. *Asher & Simmons, P.A. v. j2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 704 (D.Md. 2013) ("[T]he disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations i.e., those that improperly cast a derogatory light on someone.") (internal quotations omitted).

**B.    Defendants need not prove the ultimate inadmissibility of Plaintiff's allegations in order to strike them**.  Defendants need merely prove that they are either scandalous or set out in "needless detail". *Tucker v. American Int'l Group, Inc.*, 936 F. Supp. 2d 1, 16 (D. Conn. 2016) ("Even where matter is relevant to the controversy, it nonetheless may be stricken if it is scandalous or set out in needless detail.") (internal quotation omitted).

**C.    Even assuming proof of inadmissibility were required to grant the motion to strike, the allegations are inadmissible character evidence.**  Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

> This Court uses a three-part test for determining whether other bad acts are admissible under Rule 404(b):
> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

*United States v. Horner*, 853 F.3d 1201, 1213 (11th Cir. 2017).

The allegations at issue here are not relevant to any contested issue.  Plaintiff will attempt to prove two things:  a battery (in a public place), and pay discrimination.  Each can be proven or

5

disproven with eyewitness testimony and/or documents. The allegations that Mr. Trump purportedly engaged in "misogynistic" conduct in the distant past would in no way establish Plaintiff's allegations of a nonconsensual kiss or pay discrimination. Fed. R. Evid. 401(a).

Independently, even if the allegations had any probative value (which they do not), it would be substantially outweighed by its enormous prejudicial effect, and the allegations also are inadmissibly confusing, misleading, time consuming and cumulative. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

Rule 403 imposes temporal and substantive limitations on prior bad act evidence. In *Goulah v. Ford Motor Co.*, 118 F.3d 1478, 1484 (11th Cir. 1997), the Eleventh Circuit affirmed the exclusion of evidence offered in a products liability suit that Ford, six years earlier, spoliated documents in a separate defective product investigation. *Accord Duran v. Town of Cicero*, 653 F.3d 632, 645 (7th Cir. 2011) ("old, unrelated [police] misconduct complaints" held inadmissible in an excessive force litigation). Six years was considered too remote by the Eleventh Circuit, and yet Plaintiff seeks to introduce alleged incidents from ten to forty years prior.[3]

Rule 403 imposes substantive limitations as well. For instance, where, as here, no defense of mistaken identity is interposed, there is a sharp limitation on using prior acts to show

---

[3] *Shinholster v. Langston*, 2008 WL 4762306, at *5–7 (S.D. Ga. 2008), cited by Plaintiff, is not to the contrary. It holds merely that "contemporaneously similar beatings" may come into evidence in a prison beating case. The allegations herein include many which are either not contemporaneous or not similar. *Hooks v. Langston*, 2007 WL 1831800 at *5 (S.D. Ga. 2007), decided on similar facts, was expressly limited to "similar" beatings. *Gardner v. Jones*, 315 F. Appx. 87 (10th Cir. 2009), was a federal habeas case decided under an extremely deferential standard of review for constitutional error. *Milner v. Safeway Stores, Inc.*, 2006 WL 89828, at *2 (D.D.C. 2006), a Magistrate Judge's ruling, decides an issue of discoverability, not admissibility.

pattern, practice or course of conduct. *Becker v. ARCO Chemical Co.*, 207 F.3d 176, 199 (3d Cir. 2000). To use such evidence to show *modus oparandi*, the incidents must be so similar as to show a distinctive M.O. *Id.* Plaintiff fails to do this and instead asserts that any allegation of alleged sexism on the part of Mr. Trump that she can possibly come up with from news reports is admissible because it shows an alleged course of conduct. This is insufficient under *Becker*. *Id.* at 201 (reversing trial court ruling admitting evidence of prior pretextual terminations in wrongful termination case, because the termination at issue in the lawsuit occurred under different circumstances); *accord Berry v. Oswalt*, 143 F.3d 1127, 1132-33 (8th Cir. 1998) (evidence of a prior rape was not admissible in an action alleging nonconsensual propositioning, because acts were not similar and allegation was inflammatory).

This similarity requirement also is imposed when plaintiffs seek to introduce prior acts to show intent or motive. Thus, in *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002), the court affirmed the exclusion of prior acts of harassment in a sexual harassment case, where the prior acts did not occur at the same workplace. *See also Glaze v. Childs*, 861 F.3d 724, 726 (8th Cir. 2017) (holding defendant prison guard's intentional disregard of work rules was inadmissible in prisoner's deliberate indifference lawsuit); *Hudson v. District of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009) (police officer's prior uses of force and filing of false reports inadmissible in excessive force case). Importantly, intent is not the same thing as propensity, and Plaintiff repeatedly conflates the two and argues that the allegations are admissible to show Mr. Trump had a propensity to kiss women without their consent. *See, e.g., United States v. Sanders*, 964 F.2d 295, 298-99 (4th Cir. 1992) (holding prior convictions for assault were inadmissible in an assault case, because they were an attempt to show propensity (impermissible under Rules 403 and 404) and not intent); *U.S. v. Commanche*, 577 F.3d 1261, 1269 (10th Cir.

2009) (following *Sanders* and excluding prior battery convictions despite defendant claiming self defense and putting his intent at issue; prior bad acts purport to show propensity, not intent).[4]

Similarly, hostile motive is not an element of a battery claim. *See City of Miami v. Sanders*, 672 So.2d 46, 47 (Fla. 3d DCA 1996) (setting forth elements of battery claim). Thus, prior act evidence is inadmissible in battery cases to show motive. *Clark v. Martinez*, 295 F.3d 809, 814 (8th Cir. 2002) ("If credited by the jury, the evidence might tend to show that Martinez's actions were motivated by hostility against African–Americans, but hostile motive is not an element of either assault or battery under Nebraska Law.").[5]

Moreover, even if it is assumed that Plaintiff might succeed in admitting into evidence something out of her laundry list of allegations, Rule 403 also prohibits cumulative, time-consuming voluminous evidence of a defendant's alleged character. *United States v. Ciesiolka*, 614 F.3d 347. 358-59 (7th Cir. 2010) (reversing conviction when an entire trial day was consumed entering into evidence a list of "appalling" prior bad acts by the defendant). This, of course, is exactly what Plaintiff pleaded here.

### V.   CONCLUSION

For the foregoing reasons and those stated in the moving papers, the motion to strike portions of the complaint should be granted.

---

[4] Plaintiff relies on *Gonzalez v. Palms of S. Beach, Inc.*, 2014 WL 3908210, at *3 (S.D. Fla. 2014), an unpublished District Court decision which declined to strike two paragraphs alleging prior bad acts, but the opinion provides little information about the nature of the claims and why they were allegedly relevant and is of little precedential value. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1307-08 (11th Cir. 2001), involved **municipal** liability, and thus whether the city had a "policy or custom" was directly relevant to the claim. There is no "policy or custom" element to Plaintiff's battery claim. (Notably, Plaintiff cites to the statement of facts and does not cite to the page of the opinion where this is made clear.) In any event, discriminatory intent **is** an element of a Title VII harassment claim, which distinguishes these cases from a battery claim.
[5] Plaintiff argues her allegations are relevant to a punitive damages claim; however, Florida law does not permit a punitive damages claim until an evidentiary showing is made later in the case by noticed motion. Fla. Stat. § 400.0237.

8

Dated this May 31, 2019

Respectfully Submitted,

*/s/ Charles J. Harder*
Charles J. Harder
Trial Counsel
CHarder@HarderLLP.com
Admitted *Pro Hac Vice*
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California  90212
Telephone:  (424) 203-1600
Facsimile:  (424) 203-1601

Dawn Siler-Nixon
Florida Bar No. 993360
DSiler-Nixon@FordHarrison.com
Tracey K. Jaensch
Florida Bar No. 907057
TJaensch@FordHarrison.com
FORD**HARRISON** LLP
101 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile:  (813) 261-7899

Attorneys for Defendants
Donald J. Trump and
Donald J. Trump for President, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 31, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically send a notice of electronic filing upon the following:

Brian W. Warwick
bwarwick@varnellandwarwick.com
jvarnell@varnellandwarwick.com
Janet Varnell
Varnell & Warwick, PA
P.O. Box 1870
Lady Lakes, FL  32158-1870

Hassan A. Zavareei
hzavareei@tzlegal.com
Katherine M. Aizpuru
kaizpuru@tzlegal.com
Tycko & Zavareei LLP
1828 L Street NW, Suite 1000
Washington, D.C.  20036

Tanya S. Koshy
tkoshy@tzlegal.com
Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA  94612

F. Paul Bland
pbland@publicjustice.net
Karla Gilbride
kgilbride@publicjustice.net
Public Justice, P.C.
1620 L Street NW, Suite 630
Washington, DC  20036

Jennifer Bennett
jbennett@publicjustice.net
Public Justice, P.C.
475 14th Street, Suite 610
Oakland, CA  94612

       */s/ Charles J. Harder*
       Attorney