## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TAMPA
## TAMPA DIVISION

**ALVA JOHNSON,**
**Individually and On Behalf of Herself and All**
**Others Similarly Situated,**

        **Plaintiff,**

    vs.

**DONALD J. TRUMP,**
**In His Individual Capacity and**
**DONALD J. TRUMP**
**FOR PRESIDENT, INC.,**

        **Defendant.**

_____/

**Case No. 8:19-cv-00475-WFJ-SPF**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION OF PLAINTIFF

Plaintiff Alva Johnson, by her undersigned counsel, opposes Defendant Donald J. Trump and Donald J. Trump for President, Inc.'s ("Defendants") Motion to Compel Deposition of Plaintiff (Dkt. 40).

## I.      INTRODUCTION

Ms. Johnson intends to attend her deposition noticed for Monday, July 8, 2019 at Veritext Legal Solutions, 1250 I Street, NW, Suite 250, Washington, DC 20005 commencing at 10:00 am. Because Ms. Johnson has agreed to attend her noticed deposition, and has made no indication that she will not appear, there is nothing for this Court to compel. The motion is frivolous and should be denied.

## II.      PROCEDURAL HISTORY

Defendants falsely assert that Ms. Johnson purported to be unavailable "for multiple months" (Dkt. 40 at 2) when, in reality, Defendants proposed a two-week range of dates in June during which Ms. Johnson and her counsel were unavailable. Counsel for Defendants initially

proposed that Ms. Johnson's deposition be conducted on June 18, 19, or 20, 2019, but one of

Ms. Johnson's counsel communicated that she was not available due to her preexisting vacation

plans from June 13 to June 25. Zavareei Decl. at ¶ 3. Defendants' counsel then proposed that the

deposition take place between June 14 and June 28, 2019. *Id.* Ms. Johnson's counsel told

Defendants' counsel that Ms. Johnson was not available between June 27 and June 30 because, at

the time, she was the Events Coordinator at the Telluride Wine Festival, which would be taking

place that weekend. Dkt. 41-B at 2; Zavareei Decl. at ¶ 4. As she would have been handling logistics

during the week before the Festival, she was also unavailable between June 17 and June 26. Dkt. 41-

B at 2; Zavareei Decl. at ¶ 4. Because Ms. Johnson and her counsel were unavailable during the

period between June 14 and June 28, the parties then agreed to a deposition date of July 8, 2019.

Zavareei Decl. at ¶ 4. After Defendants' counsel served the July 8, 2019 deposition notice, Ms.

Johnson resigned from her position with the Telluride Wine Festival. *Id.* at ¶ 5. As such, Ms.

Johnson's counsel offered in a May 29, 2019 email to Defendants' counsel to make Ms. Johnson

available for deposition earlier, on either June 14 or June 21. *See id.* ¶ 5, Exh. A.

In initial meet and confer discussions, Defendants insisted that discovery should be strictly

limited to the facts surrounding Ms. Johnson's battery, to the exclusion of other allegations in her

Complaint that she maintains are highly relevant to numerous aspects of her cause of action. *See*

Dkt. 36 at 8-10; Zavareei Decl. at ¶ 6. At the same time, Defendants demanded immediate dates for

the deposition of Ms. Johnson. Dkt. 41-A at 2; Zavareei Decl. at ¶ 6. Further, Defendants refused to

provide any dates for the deposition of Defendant Trump. Dkt. 36 at 7; Zavareei Decl. at ¶¶ 6-7. In

light of this one-sided approach, Ms. Johnson's counsel initially took the position that no date for

her deposition would be agreed upon until the Court resolved the issues surrounding the scope of

permissible discovery and Defendants provided a date for the deposition of Defendant Trump. Dkt.

41-B at 3; Zavareei Decl. at ¶ 7. In order to try to resolve the dispute and avoid unnecessary

litigation around secondary issues, Ms. Johnson's counsel acquiesced to Defendants on this issue

and agreed to make Ms. Johnson available for deposition even though these other disputes had not

been resolved. Dkt. 41-D at 3; Zavareei Decl. at ¶ 8. Following a telephonic conference in which

Ms. Johnson's counsel explained that he would make Ms. Johnson available for deposition without conditions, Ms. Johnson's counsel sent an email stating that the parties had "resolved" the dispute as to Ms. Johnson's deposition, "which we intend to proceed with on July 8, 2019." Dkt. 41-D at 3; Zavareei Decl. at ¶ 9.

Despite Ms. Johnson agreeing to attend her deposition on July 8 without preconditions, counsel for Defendants insisted that she "stipulate, in a filing with the court, that Ms. Johnson will appear for deposition on July 8 in Washington DC, and waive all objections to the date, time and location and will not file a motion for protective order to prevent the deposition from going forward on that date, time, and location" Dkt. 41-D at 2. Ms. Johnson's counsel did not believe—and still does not believe—that such a stipulation was proper or necessary. Zavareei Decl. at ¶ 10. As such, counsel reiterated that "[a]bsent some unexpected change in the status quo, Ms. Johnson will appear at her deposition" and "[w]e do not intend to argue that her deposition should not go forward because of your expected efforts to limit the proper scope of the discovery." Dkt. 41-D at 1; Zavareei Decl. ¶ 11. As of the parties' latest meet-and-confer discussions, Ms. Johnson's counsel has communicated clearly that Ms. Johnson will attend the scheduled deposition on July 8, 2019—or earlier now that her employment obligations have changed.

On May 29, 2019, counsel for Defendants for the first time demanded that Ms. Johnson complete her document production prior to her deposition, and in a subsequent email on May 31, 2019, asserted his intent to hold her deposition open indefinitely should her document production not be completed before that date. Zavareei Decl. at ¶ 12, Exh. C. Ms. Johnson has already begun the process of imaging and searching sources of documents responsive to the eighty-three (83) requests for production set forth in Defendant Donald J. Trump for President, Inc.'s First Requests for Production of Documents to Plaintiff, and intends to continue moving this process forward with alacrity. Once the parties have agreed upon a protocol for discovery of electronically stored information ("ESI"), Ms. Johnson will begin making rolling productions of documents. [1] Counsel for

---

[1] Defense counsel also falsely asserted that the parties had never discussed entering into an ESI protocol and stated his belief that no ESI protocol was warranted in this case. In fact, in their joint

Ms. Johnson is not, at this stage, in a position to offer a date certain by which the production will be complete, but will produce responsive documents as promptly as reasonably possible. In any event, Defendants noticed Ms. Johnson's deposition without any mention of requiring production of all responsive documents; indeed, they requested an early date for Ms. Johnson's deposition prior even to serving written discovery. It is Defendants' prerogative to move forward with Ms. Johnson's deposition prior to receiving responsive documents, but Ms. Johnson will not agree to this eleventh-hour request to hold open her deposition if her production is not complete at that time. Indeed, this kind of gamesmanship is precisely the reason why Ms. Johnson would not, and could not, agree to a stipulation waiving her rights with respect to her deposition.

## III.   ARGUMENT

The Campaign brings this Motion to compel a deposition that is already noticed, scheduled, and agreed upon by Ms. Johnson. After the parties agreed to a date and time on which Ms. Johnson was available, the Campaign served a notice of deposition on Ms. Johnson. Absent a motion for a protective order, this is sufficient to compel Ms. Johnson's attendance. *See DeepGulf, Inc. v. Moszkowski*, No. 3:18-cv-1466-MCR/MJF, 2019 WL 1751876, at *2 (N.D. Fla. Jan. 30, 2019) ("If a person is a party, a simple notice of deposition is sufficient to compel attendance….") (quoting *Jules Jordan Video, Inc.*, 617 F.ed at 1158)). In *DeepGulf*, the court found that a motion to compel the opposing party to appear for deposition was premature because the motion did not allege that (1) the opposing party had been provided written notice of deposition and (2) that the opposing party had failed to attend the deposition. 2019 WL 1751876, at *3. In its discussion, the court explained that "each party to a civil law suit has the right to take depositions of the other party, absent a protective order entered by the trial judge." (quoting *Colonial Times, Inc. v. Gasch*, 509 F.2d 517, 521 (D.C. Cir. 1975). And because each party has the right to take depositions of the other party, all that is required to compel the opposing party to attend the deposition is a proper notice of deposition.

---

Case Management Report submitted to the Court, the parties jointly stated that they "anticipate entering into a joint stipulation concerning the protocol for handling electronically stored information (ESI)." *See* Dkt. 36 at 6.

*Id.* at *2. *See also Peitzman v. City of Illmo*, 141 F.2d 956, 960 (8th Cir. 1944) ("Service of the notice upon the attorney for defendants was all that was required to make it incumbent upon the parties to appear.").

While the Campaign purports to bring its Motion pursuant to Rule 37, the Rule does not apply because Ms. Johnson has not refused to attend her deposition. Rule 37 "allows a court to grant a motion to compel only *after* a party has failed to appear for a properly noticed deposition." *Dang ex rel. Dang v. Eslinger*, No. 6:14-cv-27-Orl-31TBS, 2014 WL 3611324 (M.D. Fla. July 22, 2014) (emphasis added). *See also DeepGulf, Inc.*, 2019 WL 1751876, at *2 ("Before a party can move to compel a deposition, it first must show that it served notice of the deposition on the opposing party and that the opposing party failed to attend."). Because the Campaign "do[es] not allege that they provided written notice to [Ms. Johnson] and that [s]he failed to attend," the Motion to Compel is "premature." *DeepGulf, Inc.*, 2019 WL 1751876, at *2.

If Ms. Johnson did not intend to attend her scheduled deposition, she would be required to move for a protective order pursuant to Rule 26(c). This is because the deponent's "duty to appear at a deposition…is relieved only by obtaining either a protective order or an order staying the deposition pending resolution of the motion for protective order." *Nationstar Mortgage, LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327 (D. Nev. 2016); *see also Spano v. Satz*, 2010 WL 11515690 ("In the absence of a pending protective order, under Rule 37, Plaintiff was obligated to attend her deposition."). An opposing party cannot simply refuse to show up to a deposition as the party is under a duty to attend once it has been properly noticed. Just as Defendant Trump is required to obtain a Court order to relieve him of his obligations under his deposition notice, *see* Zavareei Decl. ¶ 7, Exh. B, Ms. Johnson remains under a duty to attend her deposition absent an order of the Court.

Ms. Johnson has neither filed a protective order nor made any preemptive indication that she will fail to appear at her required deposition. She is *not* required to waive any future objections to the date and time of the deposition should unexpected circumstances arise and is *not* required to waive her right to move for a protective order. Defendants' demand that Ms. Johnson stipulate to

waive her legal rights should is neither required nor proper. Defendants' gamesmanship, including their latest ploy of demanding at this late date that Ms. Johnson either complete her document production prior to the deposition or allow them a second bite at the apple, is exactly the reason why Ms. Johnson refused to waive all rights with respect to her deposition. But she has committed to, and intends to, appear the deposition.

In short, because Ms. Johnson has agreed to attend her deposition, which was properly noticed by Defendants, there is nothing for this Court to compel. "[M]otions to compel are motions of last resort" and discovery disputes should, whenever possible, be "resolved without the federal judiciary weighing in." *Shands Teaching Hospital & Clinics, Inc. v. Azar*, No. 1:17cv245-MW/GRJ, 2018 WL 7350672, at * 2 (N.D. Fla. Nov. 6, 2018). Defendants have ignored their obligation to "avoid unnecessary motion practice,"[2] by filing this frivolous motion to compel and are "wasting the parties' time and expenses as well as scarce judicial resources." *Sprague v. Independent Bank*, 2016 WL 6778931, at *5 (M.D. Fla. Nov. 16, 2016). As such, Defendants' Motion to Compel should be denied.

## CONCLUSION

Defendants' motion is a frivolous waste of judicial resources. As such, Ms. Johnson respectfully requests that this Court deny Defendants' Motion to Compel (Dkt. 40).

DATED: June 3, 2019                              Respectfully submitted,

                                                 /s/ Hassan A. Zavareei
                                                 Hassan A. Zavareei (*pro hac vice*)
                                                 Trial Counsel
                                                 Katherine M. Aizpuru (*pro hac vice*)
                                                 **TYCKO & ZAVAREEI LLP**
                                                 1828 L Street NW, Suite 1000
                                                 Washington, D.C. 20036
                                                 P: (202) 417-3667
                                                 F: (202) 973-0950
                                                 hzavareei@tzlegal.com

---

[2] *Travelers Indemnity Co. of Conn. V. Richard McKenzie & Sons, Inc.*, No. 8:17-cv-2106-T-23CPT, 2018 WL 3391270, at *1 (M.D. Fla. Apr. 4, 2018).

kaizpuru@tzlegal.com

Tanya S. Koshy (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
P: (510) 250-3298
F: (202) 973-0950
tkoshy@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
**VARNELL & WARWICK, PA**
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (*pro hac vice*)
Karla Gilbride (*pro hac vice*)
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
pbland@publicjustice.net
kgilbride@publicjustice.net

Jennifer Bennett (*pro hac vice*)
**PUBLIC JUSTICE, P.C.**
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150
jbennett@publicjustice.net

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TAMPA
## TAMPA DIVISION

**ALVA JOHNSON,**
**Individually and On Behalf of Herself and All**
**Others Similarly Situated,**

     **Plaintiff,**

  vs.

**DONALD J. TRUMP,**
**In His Individual Capacity and**
**DONALD J. TRUMP**
**FOR PRESIDENT, INC.,**

     **Defendant.**

_____/

     **Case No. 8:19-cv-00475-WFJ-SPF**

## DECLARATION OF HASSAN A. ZAVAREEI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION

  I, Hassan A. Zavareei, hereby declare as follows:

  1.  I am competent to testify to the matters stated herein. I submit this declaration in support of Plaintiff's Response in Opposition to Defendants' Motion to Compel Deposition of Plaintiff.

  2.  I am a partner at the firm Tycko & Zavareei LLP and am admitted *pro hac vice* to practice before this Court.

  3.  At the April 30, 2019 Rule 26(f) scheduling conference, Defendants' counsel offered to schedule Ms. Johnson's deposition for June 18, 19, or 20, 2019. Because my co-counsel, Janet Varnell, was planning to travel to Europe between June 13 and June 25, we requested an alternative date. Defendants' counsel then proposed that the deposition be scheduled between June 14 and June 28, 2019.

  4.  Ms. Johnson communicated that she was working as the Events Coordinator for the Telluride Wine Festival and that she would be unable to attend a deposition between June 17 and

June 30 because she would be preparing for and working at the Festival. Because of this conflicting obligation, I told Defendants' counsel that Ms. Johnson would be unavailable for a deposition until after the Festival. During a telephonic meet-and-confer conversation on May 9, 2019, the parties ultimately agreed that Ms. Johnson would make herself available for a deposition on July 8, 2019.

5.      Ms. Johnson has since resigned from her position as Events Coordinator for the Telluride Wine Festival. Promptly after I learned of Ms. Johnson's resignation, I told Defendants' counsel that Ms. Johnson could be made available for a deposition earlier than July 8, 2019, on either June 14 or June 21. A true and correct copy of this email is attached hereto as Exhibit A. We are currently meeting and conferring regarding whether an earlier date is feasible.

6.      During initial telephonic meet-and-confer discussions, Defendants' counsel stated that they believed discovery should be limited to only Ms. Johnson's battery claim and that discovery should not be permitted as to allegations of misconduct by other women. Defendants' counsel also insisted that they desired to schedule Ms. Johnson's deposition immediately, but declined to provide any deposition dates for Defendant Trump.

7.      Given defense counsel's position regarding limiting the scope of discovery and failure to provide deposition dates for Defendant Trump, I told Defendants' counsel that I would not agree to a deposition of Ms. Johnson until the outstanding discovery disputes were resolved. And because Defendants' counsel would not propose any dates for Defendant Trump's deposition, I unilaterally noticed Defendant Trump's deposition for July 10, 2019. A true and correct copy of the notice of deposition is attached hereto as Exhibit B.

8.      In order to avoid wasteful litigation and to move the case forward, I ultimately agreed to schedule Ms. Johnson's deposition without conditions.

9.      Following the telephone conversation, I sent an email to Defendants' counsel confirming that our dispute as to Ms. Johnson's deposition was "resolved." I confirmed that "we intend to proceed" with Ms. Johnson's deposition on July 8, 2019.

10.     Even though I communicated to Defendants' counsel that Ms. Johnson would appear at her deposition, Defendants' counsel insisted in meet-and-confer conversations that Ms.

Johnson agree to file a stipulation with the court waiving her right to object to the deposition and to file a protective order in the future. Because I did not believe Ms. Johnson should be required to waive her legal rights, I did not agree to the stipulation.

11. In response to Defendants' counsel's demand for a stipulation, in an email dated May 10, 2019, I made clear that there was no need for a stipulation because "Ms. Johnson will appear at her deposition." But I also made clear that "we will not simply abandon our rights and waive all objections."

12. On May 29, 2019, defense counsel for the first time demanded that Ms. Johnson complete her document production within thirty (30) days of service of Defendants' document requests. In an email response, I explained that while we would be serving substantive responses within thirty days, I did not expect we would be able to produce documents within that time frame. Counsel stated that if the document production is not complete at least a week before the deposition, counsel would "reserve the right to resume [Ms. Johnson's] deposition" regarding any later-produced documents. Prior to this email, defense counsel had never mentioned requiring production of all responsive documents prior to Ms. Johnson's deposition. Indeed, counsel requested the deposition before serving document requests. In an email response on June 2, 2019, I explained that we are moving forward with searching for responsive documents and will make rolling productions of documents once the parties have entered into an ESI protocol. A true and correct copy of this email exchange is attached hereto as Exhibit C.

13. My firm is working with an electronic discovery vendor and has begun the process of imaging and searching sources of electronic information for documents responsive to Defendants' requests.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of June, 2019 in Washington, D.C.

_/s/ Hassan A. Zavareei_

Hassan A. Zavareei

# EXHIBIT A

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **To:** | Charles Harder |
| **Cc:** | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74) |
| **Date:** | Wednesday, May 29, 2019 3:42:30 PM |

Charles,

I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.

Regards,

Hassan

Hassan Zavareei ⋮ Tycko & Zavareei LLP ⋮ www.tzlegal.com
1828 L Street, NW ⋮ Suite 1000 ⋮ Washington, DC 20036
p 202.973.0910 (direct) ⋮ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 20, 2019 12:15 PM
**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests:  #73 and #74.

**CHARLES J. HARDER**



HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

**ALVA JOHNSON,**
*Individually and On Behalf of All Others*
*Similarly Situated,*

                Plaintiff,

    vs.

**DONALD J. TRUMP,**
*In his Individual Capacity* and
**DONALD J. TRUMP FOR PRESIDENT,**
**INC.,**

           Defendants.

**CASE NO. 8:19-cv-00475-WFJ-SPF**

## PLAINTIFF'S NOTICE OF DEPOSITION OF
## DEFENDANT DONALD J. TRUMP

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Plaintiff Alva Johnson, by and through her undersigned attorneys, will take the

deposition upon oral examination under oath of Defendant Donald J. Trump on July 10, 2019,

beginning at 9:00 a.m. The deposition shall be held at the Law Offices of Tycko and Zavareei,

LLP, 1828 L Street NW, Suite 1000, Washington, DC 20036, before an officer authorized by law

to administer oaths for use at the trial in this case.

PLEASE TAKE FURTHER NOTICE that the deposition, if not completed on the date

specified, will continue day to day, excluding Sundays and holidays, until completed, at the same

location, or at such time and place as may be mutually agreed upon by the parties' counsel.

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded stenographically, will be videotaped, and may be recorded through the instant visual display of testimony using LiveNote or a similar software.

DATED: May 10, 2019.                    Respectfully submitted,

/s/ Hassan A. Zavareei
Hassan A. Zavareei (*pro hac vice* forthcoming)
Trial Counsel
Katherine M. Aizpuru (*pro hac vice* forthcoming)
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, D.C. 20036
P: (202) 417-3667
F: (202) 973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Tanya S. Koshy (*pro hac vice* forthcoming)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
P: (510) 250-3298
F: (202) 973-0950
tkoshy@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
**VARNELL & WARWICK, PA**
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (*pro hac vice* forthcoming)
Karla Gilbride (*pro hac vice* forthcoming)
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice* forthcoming)
**PUBLIC JUSTICE, P.C.**
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff Alva Johnson*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 10, 2019, the foregoing document was served, with

the consent of all parties, by electronic mail and U.S. mail on counsel of record for Defendants.

<u>/s/ Hassan A. Zavareei</u>

4

# EXHIBIT C

| From: | Hassan Zavareei |
|---|---|
| To: | Charles Harder |
| Cc: | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| Subject: | Re: Trump - Johnson; Discovery responses, document production and Johnson depo date |
| Date: | Sunday, June 2, 2019 8:50:57 PM |
| Attachments: | 2019.05.15 Case Management Report (dkt. 36)[1].pdf |
| | No. 17-CV-2113 Protective Order.pdf |

Charles,

Your position regarding an ESI protocol is without merit. In fact, you already agreed to enter into an ESI Protocol in the joint portion of the CMR the under the header "**Parties agree on the following other matters relating to discovery.**" In the CMR we jointly stated that in addition to a confidentiality order, "[t]he parties also anticipate entering into a joint stipulation concerning the protocol for handling electronically stored information (ESI)." CMR at 6 (attached). With respect to your claim that you never agree to ESI protocols—especially in cases in federal court—we found a protocol you filed quite recently in federal court with a quick search. *Cohen v. Jones Lang LaSalle Americas, Inc.*, Case 1:17-cv-03471 (S.D.N.Y. Nov. 7, 2017).

In any event, we disagree that this is a simple case. We understand that your strategy is to rush to Ms. Johnson's deposition and then file an early summary judgment motion. But Ms. Johnson will not allow Defendants to unilaterally dictate the pace, scope and extent of discovery in her case. As you already agreed, an ESI protocol will be required in this case. If you are not going to adhere to our agreement, we are happy to discuss this with Judge Jung next week.

I am also surprised by your request that the parties submit documents within thirty days of receiving document requests—especially in light of your request for a seven-day extension, which you sent to me only minutes after you wrote that the parties should produce documents within 30-days of the requests. In any event, we agree to your seven-day extension. It is a courtesy we are happy to extend.

With respect to the imaging of the sources of electronic information, we have numerous items to image and search. We have begun that process. Your speculation about how long this process should take is incorrect. Perhaps that is because of your stated lack of experience in cases that require electronic discovery. Whatever the case, we are moving forward with alacrity and will continue to do so. I cannot say when we will be in a position to produce all of the documents we identify, but we will do so on a rolling basis *after* the parties enter into an ESI protocol.

With respect to the timing of Ms. Johnson's deposition, you noticed the deposition on an agreed upon date without any mention of requiring production of all responsive documents. Indeed, you requested the deposition before you even served any document requests. If you wish to take the deposition before the documents have all been produced, that is your prerogative. But we will not allow you a second bite at the apple. Indeed, this kind of gamesmanship is precisely why we did not—and could not—agree to waive all of our client's rights with respect to her deposition, as you requested. Apparently this is another item we will need to discuss with the Court.

My colleague, Jennifer Bennett, will get back to you regarding the draft protective order we provided to you.

Warm regards,

Hassan

---

**From:** Charles Harder <charder@harderllp.com>
**Date:** Friday, May 31, 2019 at 4:42 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** "razhdam@tzlegal.com" <razhdam@tzlegal.com>, "PBLAND@publicjustice.net" <PBland@publicjustice.net>, Jennifer Bennett <JBennett@publicjustice.net>, Karla Gilbride <KGilbride@publicjustice.net>, Janet Varnel <jvarnell@varnellandwarwick.com>, Melat Kiros <mkiros@tzlegal.com>, Matthew Lanahan <mlanahan@tzlegal.com>, Tracey Jaensch <TJAENSCH@fordharrison.com>, Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>, Ryan Stonerock <RStonerock@harderllp.com>, Kate <kaizpuru@tzlegal.com>, Henry Self <hself@harderllp.com>, Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Discovery responses, document production and Johnson depo date

Dear Mr. Zavareei:

You did not raise the issue of an ESI protocol during our rule 26f conference and we do not feel that one is necessary. This is a simple case: your client claims that she was forcibly kissed and that her compensation was too low due to gender and/or race discrimination. We don't see why an ESI protocol would be needed in a case like this. I don't recall ever entering into an ESI protocol in a federal lawsuit – and I've had well over 100 of them. In light of this, we propose the parties simply produce their responsive documents within 30 days of the document request, or as soon there after as possible, and do so pursue the to the FRCP and Local Rules.

We do not understand why it would take longer than 30 days for Ms. Johnson to produce her responsive documents. We assume she communicated via emails and text messages, and those documents should be readily available to her, either on her own or with the assistance of a vendor who could perform the work within a matter of a week, not several weeks.

Your email to me did not state when we could expect to receive Ms. Johnson's responsive documents. You say that you cannot produce them within 30 days of receiving our document requests, but how much later? Obviously if I am going to take her deposition on June 21 (or July 8), I would like to receive her responsive documents at least a week in advance, so that we have time to review them and incorporate them into depo prep. We do not want to receive her documents the eve of, day of, or even after, her deposition. Obviously we would reserve the right to resume her deposition regarding the subject matter contained in any documents that she produces after her deposition.

Please let me know your estimated document production date so that we can determine the best date for her deposition. I have blocked off both June 21 and July 8. I would prefer to get it done sooner rather than later, I just want to make sure that her documents will be produced in advance.

We will review your draft Stipulated Protective Order and get back to you on that. Thank you.

Sincerely,

Charles Harder

---

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 2:10 PM
**To:** Charles Harder
**Cc:** Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan

---

Hassan Zavareei ¦ Tycko & Zavareei LLP ¦ www.tzlegal.com
1828 L Street, NW ¦ Suite 1000 ¦ Washington, DC 20036
p 202.973.0910 (direct) ¦ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the

recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Wednesday, May 29, 2019 4:12 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Mr. Zavareei: Thank you for letting me know. June 21 still works for me, but I would like to make sure that Ms Johnson will be providing her substantive responses to our written discovery that is due on June 6 (set one) and June 17 (set two), and also will be producing her responsive documents on June 6 (set one) and June 19 (set two). Can you please confirm? I would need the responsible documents by those dates to have sufficient time to review them and incorporate them into our deposition prep. Thank you.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On May 29, 2019, at 12:42 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Charles,
>
> I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.
>
> Regards,
>
> Hassan

Hassan Zavareei ⸾ Tycko & Zavareei LLP ⸾ www.tzlegal.com
1828 L Street, NW ⸾ Suite 1000 ⸾ Washington, DC 20036
p 202.973.0910 (direct) ⸾ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 20, 2019 12:15 PM
**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests: #73 and #74.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including

any attachments) without reading them or saving them in any manner.  Thank you.