UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TAMPA
TAMPA DIVISION

ALVA JOHNSON,
Individually and On Behalf of Herself and All
Others Similarly Situated,

      Case No. 8:19-cv-00475-WFJ-SPF

    Plaintiff,

vs.

DONALD J. TRUMP,
In His Individual Capacity and
DONALD J. TRUMP
FOR PRESIDENT, INC.,

    Defendant.

_____/

**DECLARATION OF HASSAN A. ZAVAREEI IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION**

I, Hassan A. Zavareei, hereby declare as follows:

1. I am competent to testify to the matters stated herein. I submit this declaration in support of Plaintiff's Response in Opposition to Defendants' Motion to Compel Deposition of Plaintiff.

2. I am a partner at the firm Tycko & Zavareei LLP and am admitted *pro hac vice* to practice before this Court.

3. At the April 30, 2019 Rule 26(f) scheduling conference, Defendants' counsel offered to schedule Ms. Johnson's deposition for June 18, 19, or 20, 2019. Because my co-counsel, Janet Varnell, was planning to travel to Europe between June 13 and June 25, we requested an alternative date. Defendants' counsel then proposed that the deposition be scheduled between June 14 and June 28, 2019.

4. Ms. Johnson communicated that she was working as the Events Coordinator for the Telluride Wine Festival and that she would be unable to attend a deposition between June 17 and

June 30 because she would be preparing for and working at the Festival. Because of this conflicting obligation, I told Defendants' counsel that Ms. Johnson would be unavailable for a deposition until after the Festival. During a telephonic meet-and-confer conversation on May 9, 2019, the parties ultimately agreed that Ms. Johnson would make herself available for a deposition on July 8, 2019.

5.   Ms. Johnson has since resigned from her position as Events Coordinator for the Telluride Wine Festival. Promptly after I learned of Ms. Johnson's resignation, I told Defendants' counsel that Ms. Johnson could be made available for a deposition earlier than July 8, 2019, on either June 14 or June 21. A true and correct copy of this email is attached hereto as Exhibit A. We are currently meeting and conferring regarding whether an earlier date is feasible.

6.   During initial telephonic meet-and-confer discussions, Defendants' counsel stated that they believed discovery should be limited to only Ms. Johnson's battery claim and that discovery should not be permitted as to allegations of misconduct by other women. Defendants' counsel also insisted that they desired to schedule Ms. Johnson's deposition immediately, but declined to provide any deposition dates for Defendant Trump.

7.   Given defense counsel's position regarding limiting the scope of discovery and failure to provide deposition dates for Defendant Trump, I told Defendants' counsel that I would not agree to a deposition of Ms. Johnson until the outstanding discovery disputes were resolved. And because Defendants' counsel would not propose any dates for Defendant Trump's deposition, I unilaterally noticed Defendant Trump's deposition for July 10, 2019. A true and correct copy of the notice of deposition is attached hereto as Exhibit B.

8.   In order to avoid wasteful litigation and to move the case forward, I ultimately agreed to schedule Ms. Johnson's deposition without conditions.

9.   Following the telephone conversation, I sent an email to Defendants' counsel confirming that our dispute as to Ms. Johnson's deposition was "resolved." I confirmed that "we intend to proceed" with Ms. Johnson's deposition on July 8, 2019.

10.  Even though I communicated to Defendants' counsel that Ms. Johnson would appear at her deposition, Defendants' counsel insisted in meet-and-confer conversations that Ms.

Johnson agree to file a stipulation with the court waiving her right to object to the deposition and to file a protective order in the future. Because I did not believe Ms. Johnson should be required to waive her legal rights, I did not agree to the stipulation.

11.     In response to Defendants' counsel's demand for a stipulation, in an email dated May 10, 2019, I made clear that there was no need for a stipulation because "Ms. Johnson will appear at her deposition." But I also made clear that "we will not simply abandon our rights and waive all objections."

12.     On May 29, 2019, defense counsel for the first time demanded that Ms. Johnson complete her document production within thirty (30) days of service of Defendants' document requests. In an email response, I explained that while we would be serving substantive responses within thirty days, I did not expect we would be able to produce documents within that time frame. Counsel stated that if the document production is not complete at least a week before the deposition, counsel would "reserve the right to resume [Ms. Johnson's] deposition" regarding any later-produced documents. Prior to this email, defense counsel had never mentioned requiring production of all responsive documents prior to Ms. Johnson's deposition. Indeed, counsel requested the deposition before serving document requests. In an email response on June 2, 2019, I explained that we are moving forward with searching for responsive documents and will make rolling productions of documents once the parties have entered into an ESI protocol. A true and correct copy of this email exchange is attached hereto as Exhibit C.

13.     My firm is working with an electronic discovery vendor and has begun the process of imaging and searching sources of electronic information for documents responsive to Defendants' requests.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of June, 2019 in Washington, D.C.

                                                                                            /s/ *Hassan A. Zavareei*

                                                                                                Hassan A. Zavareei

# EXHIBIT A

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **To:** | Charles Harder |
| **Cc:** | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74) |
| **Date:** | Wednesday, May 29, 2019 3:42:30 PM |

Charles,

I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.

Regards,

Hassan

---

Hassan Zavareei | TYCKO & ZAVAREEI LLP | www.tzlegal.com
1828 L Street, NW | Suite 1000 | Washington, DC 20036
p 202.973.0910 (direct) | f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 20, 2019 12:15 PM
**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests: #73 and #74.

---

**CHARLES J. HARDER**



HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner. Thank you.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## (TAMPA DIVISION)

| | |
|---|---|
| **ALVA JOHNSON,** *Individually and On Behalf of All Others Similarly Situated,*<br><br>Plaintiff,<br><br>vs.<br><br>**DONALD J. TRUMP,** *In his Individual Capacity* and **DONALD J. TRUMP FOR PRESIDENT, INC.,**<br><br>Defendants. | **CASE NO. 8:19-cv-00475-WFJ-SPF** |

### PLAINTIFF'S NOTICE OF DEPOSITION OF
### DEFENDANT DONALD J. TRUMP

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Alva Johnson, by and through her undersigned attorneys, will take the deposition upon oral examination under oath of Defendant Donald J. Trump on July 10, 2019, beginning at 9:00 a.m. The deposition shall be held at the Law Offices of Tycko and Zavareei, LLP, 1828 L Street NW, Suite 1000, Washington, DC 20036, before an officer authorized by law to administer oaths for use at the trial in this case.

PLEASE TAKE FURTHER NOTICE that the deposition, if not completed on the date specified, will continue day to day, excluding Sundays and holidays, until completed, at the same location, or at such time and place as may be mutually agreed upon by the parties' counsel.

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded stenographically, will be videotaped, and may be recorded through the instant visual display of testimony using LiveNote or a similar software.

DATED: May 10, 2019.                    Respectfully submitted,

/s/ Hassan A. Zavareei
Hassan A. Zavareei (*pro hac vice* forthcoming)
Trial Counsel
Katherine M. Aizpuru (*pro hac vice* forthcoming)
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, D.C. 20036
P: (202) 417-3667
F: (202) 973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Tanya S. Koshy (*pro hac vice* forthcoming)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
P: (510) 250-3298
F: (202) 973-0950
tkoshy@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
**VARNELL & WARWICK, PA**
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (*pro hac vice* forthcoming)
Karla Gilbride (*pro hac vice* forthcoming)
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice* forthcoming)
**PUBLIC JUSTICE, P.C.**
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff Alva Johnson*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2019, the foregoing document was served, with the consent of all parties, by electronic mail and U.S. mail on counsel of record for Defendants.

/s/ Hassan A. Zavareei

# EXHIBIT C

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **To:** | Charles Harder |
| **Cc:** | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | Re: Trump - Johnson; Discovery responses, document production and Johnson depo date |
| **Date:** | Sunday, June 2, 2019 8:50:57 PM |
| **Attachments:** | 2019.05.15 Case Management Report (dkt. 36)[1].pdf<br>No. 17-CV-2113 Protective Order.pdf |

Charles,

Your position regarding an ESI protocol is without merit. In fact, you already agreed to enter into an ESI Protocol in the joint portion of the CMR the under the header "**Parties agree on the following other matters relating to discovery**." In the CMR we jointly stated that in addition to a confidentiality order, "[t]he parties also anticipate entering into a joint stipulation concerning the protocol for handling electronically stored information (ESI)." CMR at 6 (attached). With respect to your claim that you never agree to ESI protocols—especially in cases in federal court—we found a protocol you filed quite recently in federal court with a quick search. *Cohen v. Jones Lang LaSalle Americas, Inc.*, Case 1:17-cv-03471 (S.D.N.Y. Nov. 7, 2017).

In any event, we disagree that this is a simple case. We understand that your strategy is to rush to Ms. Johnson's deposition and then file an early summary judgment motion. But Ms. Johnson will not allow Defendants to unilaterally dictate the pace, scope and extent of discovery in her case. As you already agreed, an ESI protocol will be required in this case. If you are not going to adhere to our agreement, we are happy to discuss this with Judge Jung next week.

I am also surprised by your request that the parties submit documents within thirty days of receiving document requests—especially in light of your request for a seven-day extension, which you sent to me only minutes after you wrote that the parties should produce documents within 30-days of the requests. In any event, we agree to your seven-day extension. It is a courtesy we are happy to extend.

With respect to the imaging of the sources of electronic information, we have numerous items to image and search. We have begun that process. Your speculation about how long this process should take is incorrect. Perhaps that is because of your stated lack of experience in cases that require electronic discovery. Whatever the case, we are moving forward with alacrity and will continue to do so. I cannot say when we will be in a position to produce all of the documents we identify, but we will do so on a rolling basis *after* the parties enter into an ESI protocol.

With respect to the timing of Ms. Johnson's deposition, you noticed the deposition on an agreed upon date without any mention of requiring production of all responsive documents. Indeed, you requested the deposition before you even served any document requests. If you wish to take the deposition before the documents have all been produced, that is your prerogative. But we will not allow you a second bite at the apple. Indeed, this kind of gamesmanship is precisely why we did not—and could not—agree to waive all of our client's rights with respect to her deposition, as you requested. Apparently this is another item we will need to discuss with the Court.

My colleague, Jennifer Bennett, will get back to you regarding the draft protective order we provided to you.

Warm regards,

Hassan

---

**From:** Charles Harder <charder@harderllp.com>
**Date:** Friday, May 31, 2019 at 4:42 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** "razhdam@tzlegal.com" <razhdam@tzlegal.com>, "PBLAND@publicjustice.net" <PBland@publicjustice.net>, Jennifer Bennett <JBennett@publicjustice.net>, Karla Gilbride <KGilbride@publicjustice.net>, Janet Varnel <jvarnell@varnellandwarwick.com>, Melat Kiros <mkiros@tzlegal.com>, Matthew Lanahan <mlanahan@tzlegal.com>, Tracey Jaensch <TJAENSCH@fordharrison.com>, Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>, Ryan Stonerock <RStonerock@harderllp.com>, Kate <kaizpuru@tzlegal.com>, Henry Self <hself@harderllp.com>, Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Discovery responses, document production and Johnson depo date

Dear Mr. Zavareei:

You did not raise the issue of an ESI protocol during our rule 26f conference and we do not feel that one is necessary. This is a simple case: your client claims that she was forcibly kissed and that her compensation was too low due to gender and/or race discrimination. We don't see why an ESI protocol would be needed in a case like this. I don't recall ever entering into an ESI protocol in a federal lawsuit – and I've had well over 100 of them. In light of this, we propose the parties simply produce their responsive documents within 30 days of the document request, or as soon there after as possible, and do so pursue the to the FRCP and Local Rules.

We do not understand why it would take longer than 30 days for Ms. Johnson to produce her responsive documents. We assume she communicated via emails and text messages, and those documents should be readily available to her, either on her own or with the assistance of a vendor who could perform the work within a matter of a week, not several weeks.

Your email to me did not state when we could expect to receive Ms. Johnson's responsive documents. You say that you cannot produce them within 30 days of receiving our document requests, but how much later? Obviously if I am going to take her deposition on June 21 (or July 8), I would like to receive her responsive documents at least a week in advance, so that we have time to review them and incorporate them into depo prep. We do not want to receive her documents the eve of, day of, or even after, her deposition. Obviously we would reserve the right to resume her deposition regarding the subject matter contained in any documents that she produces after her deposition.

Please let me know your estimated document production date so that we can determine the best date for her deposition. I have blocked off both June 21 and July 8. I would prefer to get it done sooner rather than later, I just want to make sure that her documents will be produced in advance.

We will review your draft Stipulated Protective Order and get back to you on that. Thank you.

Sincerely,

Charles Harder

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 2:10 PM
**To:** Charles Harder
**Cc:** Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan

Hassan Zavareei | Tycko & Zavareei LLP | www.tzlegal.com
1828 L Street, NW | Suite 1000 | Washington, DC 20036
p 202.973.0910 (direct) | f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the

recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Wednesday, May 29, 2019 4:12 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Mr. Zavareei: Thank you for letting me know. June 21 still works for me, but I would like to make sure that Ms Johnson will be providing her substantive responses to our written discovery that is due on June 6 (set one) and June 17 (set two), and also will be producing her responsive documents on June 6 (set one) and June 19 (set two). Can you please confirm? I would need the responsible documents by those dates to have sufficient time to review them and incorporate them into our deposition prep. Thank you.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On May 29, 2019, at 12:42 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Charles,
>
> I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.
>
> Regards,
>
> Hassan

Hassan Zavareei | Tycko & Zavareei LLP | www.tzlegal.com
1828 L Street, NW | Suite 1000 | Washington, DC 20036
p 202.973.0910 (direct) | f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 20, 2019 12:15 PM
**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests: #73 and #74.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including

any attachments) without reading them or saving them in any manner. Thank you.