# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**(TAMPA DIVISION)**

| | |
|---|---|
| **ALVA JOHNSON**, *Individually and On Behalf of Herself and All Others Similarly Situated*, | ) ) ) ) |
| Plaintiff, | ) Case No. 8:19-cv-00475-WFJ-SPF |
| v. | ) ) **DECLARATION OF PHILLIP M. JOHNSON** |
| **DONALD J. TRUMP**, *In his Individual Capacity* and **DONALD J. TRUMP FOR PRESIDENT, INC.**, | ) **June 6, 2019** ) ) ) ) |
| Defendants. | ) ) |

I, Dr. Phillip M. Johnson, declare and state as follows:

1.  I am an economist and a Managing Director at Econ One Research, Inc. ("Econ One"), an economic research and consulting firm with offices in Berkeley, Lafayette, Los Angeles, Houston, Sacramento, Washington, D.C., and New Delhi. My background and qualifications are set forth in further detail in my declaration of May 13, 2019 (Dkt. No. 34, Exhibit #4).[1]

2.  I have been asked by the Plaintiff's counsel to review and analyze section B(2) of Defendants' Opposition to Plaintiff's Motion for Conditional Certification (Dkt. No. 42), and to provide my opinions regarding the methodology and conclusions presented in that section.[2]

3.  My analysis reveals that Defendants' calculations are fundamentally flawed and

---

[1] Declaration of Phillip M. Johnson, May 13, 2019.
[2] Defendants' Opposition to Plaintiff's Motion for Conditional Certification (Dkt. No. 42), May 28, 2019 ("Defendants' Opposition").

misleading. Defendants' Opposition portrays 18 employees on the Campaign's payroll for December 2016 as "highly-compensated" and not comparable to the remainder of the class.[3] However, this is not accurate given that:

- Higher average compensation of this group is driven in part by a few of the individuals in this group; for example, "MILLER, ELI" was paid $22,500 and "PARSCALE, BRADLEY" was paid $20,000).[4] However, the list also includes lower paid individuals, such as "HAHN, MICHAEL" who in December 2016 was paid $880 and "HARPER, DEVYN" who was paid $2,575.50.[5]

- Compensation generally increased between the primaries and the period after the election victory, meaning many made substantially less prior to December 2016. For example, "ADAMS, ASHTON", was paid $4,500 in the primary, $5,500 in the general election, which jumped to $8,000 after the campaign victory. As another example, "SANDOVAL, CAMILO" was paid $5,000 in the primary and $8,000 in the general election, which jumped to $13,000 after the post-election period.

4.      Therefore, it is inaccurate to describe all 18 employees as "highly-compensated" and not comparable for the entire class period.

5.   Defendants' Opposition states that the inclusion of these 18 "highly-compensated" individuals drives the compensation difference for the rest of the data.[6] Defendants present a revised version of Figure 2 from my May 13, 2019 declaration. However, their revised table is based on

---

[3] Defendants' Opposition, 12-13.
[4] "Disbursements," Federal Elections Commission United States of America, https://www.fec.gov/data/disbursements/.
[5] Ibid.
[6] Defendants' Opposition, 12-13.

nonsensical computations. Instead of removing these 18 individuals from the analysis, it appears that Defendants simply subtracted the total number of employees and total compensation in December 2016 from the total number of employees and total compensation in the earlier months.[7] They then apparently simply recalculated average pay by gender by dividing the resulting figures.[8] This approach and the results it provides are nonsensical for the following reasons:

- Defendants "remove" employees and their supposed compensation from months in which those employees were not actually employed. In fact, only 6 of the 18 "highly-compensated" December 2016 employees were present in the data during the entire analysis period (May through December 2016). The others appeared in later months;

- Defendants subtract incorrect employee compensation amounts even for those who were employed in those months: pay generally increased from the primary to the general election periods, and for some between general and post-election periods. Consequently, Defendants subtract too much;

- As discussed above, I reject the premise that these employees were all highly compensated and inherently different from the others;

- The gender pay averages Defendants calculate and compare do not accurately summarize either the employees they claim or their compensation. The calculated numbers are meaningless.

6. I re-ran the analysis to actually exclude the 18 employees in question, as Defendants implied they had done in their Opposition (though I do not concur that it is appropriate to do so, for the reasons stated above). The results are reported in Figure 1 below. My results are notably different than those reported in the Defendants' Opposition. For example, I found that, in May

---

[7] Defendants' Opposition, 14.
[8] Defendants' Opposition, 14-15.

2016, the average female compensation (excluding employees that appeared in December 2016) was $3,526.87 and the average male compensation was $4,413.67.  By contrast, Defendants' report shows these figures as $2,569 and $2,485, respectively.[9] The pay difference without these 18 employees remains negative in every month and is always greater than the results reported in the Defendants' Opposition.[10]

## Figure 1

## Trump Campaign
## Employee Compensation by Gender
## Excluding Defendants' Selected 18 Employees

| Year -Month | Mean Compensation | | | Percent Diff |
| | Female | Male | Female - Male | |
| | | (Dollars) | | |
| | | | (2) - (3) | (4) / (2) |
| (1) | (2) | (3) | (4) | (5) |
| | Staff Excluding Key Staff and Advisors | | | |
| 1. May 2016 | $  3,527 | $  4,414 | $       -887 | -25.1% |
| 2. June 2016 | 3,708 | 4,586 | -877 | -23.7 |
| 3. July 2016 | 3,402 | 4,805 | -1,403 | -41.2 |
| 4. August 2016 | 3,308 | 4,211 | -902 | -27.3 |
| 5. September 2016 | 4,362 | 4,570 | -208 | -4.8 |
| 6. October 2016 | 4,433 | 4,717 | -284 | -6.4 |
| 7. November 2016 | 2,358 | 2,433 | -74 | -3.2 |
| 9. **May-Nov 2016** | **$  3,601** | **$  4,127** | **$       -527** | **-14.6%** |

Respectfully submitted,

/s/Phillip M. Johnson
Phillip M. Johnson, Ph.D.
June 6, 2019

---

[9] Defendants' Opposition, 14.
[10] Defendants' Opposition, 14-15.