UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVA JOHNSON,
**Individually and On Behalf of All Others**
**Similarly Situated,**

      **Plaintiff,**                      **Case No. 8:19-cv-00475-WFJ-SPF**

**v.**

**DONALD J. TRUMP,**
**In his Individual Capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.**

      **Defendants.**
_____/

**DECLARATION OF CHARLES J. HARDER IN SUPPORT OF**
**MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS**

1.      I am an attorney at law duly admitted *pro hac vice* to practice before this court and am a partner with the law firm of Harder LLP, attorneys for defendants Donald J. Trump ("Mr. Trump") and Donald J. Trump for President, Inc. (the "Campaign") (collectively, "Defendants") herein.  I have personal and firsthand knowledge of the matters set forth in this declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

2.      On May 2, 2019, my firm caused counsel for plaintiff Alva Johnson ("Plaintiff") to be personally served with the Campaign's first set of requests for production of documents together with a first set each of requests for admission and interrogatories.

3.      Following a meet and confer discussion, the Campaign re-served the same discovery requests on May 7, 2019.  Attached hereto as Exhibit A is a true and correct copy of

Defendant Donald J. Trump for President, Inc.'s First Requests for Production of Documents to Plaintiff dated May 7, 2019.

4.      The Campaign served Plaintiff by email on May 20, 2019 with its Second Requests for Production of Documents to Plaintiff, a true and correct copy of which is attached hereto as Exhibit B.

5.      Attached hereto as Exhibit C is a true and correct copy of an email exchange between Defendants' counsel and Plaintiff's counsel from May 29, 2019 through June 5, 2019 regarding Plaintiff's production of documents.

6.      Attached hereto as Exhibit D is a true and correct copy of Plaintiff's Responses and Objections to Defendant Donald J. Trump for President, Inc.'s First Requests for Production of Documents to Plaintiff, which we received by email on June 6, 2019.

7.      Attached hereto as Exhibit E is a true and correct copy of Plaintiff's second Responses and Objections to the Campaign's First Requests for Production of Documents dated June 7, 2019, in which Plaintiff purports to object and respond to Request for Production Nos. 30 and 64.

8.      Defendants have in good faith conferred or attempted to confer with Plaintiff in an effort to obtain the discovery sought without court action.

9.      Specifically, in addition to the aforementioned email exchange attached as Exhibit C, my office transmitted to Plaintiff's counsel a meet and confer letter regarding her inadequate written discovery responses.  A true and correct copy of my letter dated June 7, 2019 is attached hereto as Exhibit F.  Plaintiff's counsel responded on June 12, 2019 with a meet and confer letter, a true and correct copy of which is attached hereto as Exhibit G.

10.     Counsel for Plaintiff and Defendants participated in a discovery meet and confer call on June 13, 2019.  We were unable to reach a sufficient agreement on the matters contained in the accompanying motion.  Attached hereto as Exhibit H is a true and correct copy of a letter that we received from Plaintiff's counsel later the same day.

11.     Counsel for the parties are currently negotiating a confidentiality stipulation governing the treatment of confidential information produced in discovery.  Until a formal confidentiality stipulated has been finalized and signed, Defendants and their counsel agree to carefully treat any items marked "Confidential" by Plaintiff as such, and will not disclose or disseminate them to third parties or file any unsealed copies in the public record.  I communicated this fact to Plaintiff's counsel during our call on June 13, 2019.

12.     Counsel for the parties also are currently negotiating a written protocol for discovery of electronically stored information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of June, 2019, at Los Angeles, California.


                                        _/s/ Charles J. Harder_____
                                        CHARLES J. HARDER

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically send a notice of electronic filing upon the following:

Brian W. Warwick
bwarwick@varnellandwarwick.com
Janet Varnell
jvarnell@varnellandwarwick.com
Varnell & Warwick, PA
P.O. Box 1870
Lady Lakes, FL  32158-1870

Hassan A. Zavareei
hzavareei@tzlegal.com
Katherine M. Aizpuru
kaizpuru@tzlegal.com
Tycko & Zavareei LLP
1828 L Street NW, Suite 1000
Washington, D.C.  20036

Tanya S. Koshy
tkoshy@tzlegal.com
Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA  94612

F. Paul Bland
pbland@publicjustice.net
Karla Gilbride
kgilbride@publicjustice.net
Public Justice, P.C.
1620 L Street NW, Suite 630
Washington, DC  20036

Jennifer Bennett
jbennett@publicjustice.net
Public Justice, P.C.
475 14th Street, Suite 610
Oakland, CA  94612

*/s/ Charles J. Harder*
Attorney

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALVA JOHNSON,**
**Individually and On Behalf of All Others**
**Similarly Situated,**

       **Plaintiff,**                  **Case No. 8:19-cv-00475-WFJ-SPF**

**v.**

**DONALD J. TRUMP,**
**In his Individual Capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.**

       **Defendants.**

_____/

**DEFENDANT DONALD J. TRUMP FOR PRESIDENT, INC.'S**
**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant Donald J. Trump for President, Inc., a Virginia corporation, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serves its First Requests for Production of Documents to Plaintiff. Plaintiff is required to produce for the purpose of inspection and copying at FordHarrison, 101 East Kennedy Boulevard, Suite 900, Tampa, Florida 33602, within thirty (30) days of service the documents identified in this first request to produce.

**DEFINITIONS AND INSTRUCTIONS**

(a)     The term "Document(s)" shall mean and refer to all written materials, graphic matter, handwriting, typewriting, audio or video tape recordings, however produced or reproduced, of every kind and description, including, but not limited to, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because

1

of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, including, but not limited to, letters, correspondence, memoranda, records, spreadsheets, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, diary entries, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, logs, calendars, appointment books, charts, graphs, data sheets, pictures, photographs, illustrations, blueprints, drawings, tape recordings, videotapes, disks, diskettes, data tapes or readable computer-produced interpretations or transcriptions thereof, Communications (as defined herein), electronically transmitted messages ("email"), "instant" messages or "IM" messages, text messages, voice mail messages, WhatsApp messages (or messages from any similar types of applications), website postings, social media postings, including but not limited to Facebook, Twitter and Instagram, electronically stored information, advertising materials and any other writings, papers and tangible things of whatever description whatsoever, including, but not limited to, any information contained in any computer, even if not yet printed out, within Respondent's actual or constructive possession, custody or control.

(b)     "Communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of any telephone, telegraph, telecopier, electronic or other media.

(c)     "Or" means both "or" and "and".

2

(d)     "All" includes the word "any" and "any" includes the word "all."

(e)     This request to You for production of documents is intended to obtain information not merely within Your possession but obtainable by You including, but not limited to, information in possession of Your attorney, agents, employees, investigators, insurance carriers, and their representatives.

(f)     Each request herein for a document or documents contemplates production thereof in full, without abbreviation or expurgation, and calls for production of all copies that have notes or other written material or markings not appearing on other copies.

(g)     If a claim of privilege is asserted to any document requested for production herein (privilege as used herein shall include attorneys' work product), such documents shall be sufficiently described so that Defendant can bring the question of privilege before the court. Documents shall be deemed adequately described for this purpose if the following data are provided:

(i)      The date of the document;

(ii)     The type of document (e.g. letter, memo, etc.);

(iii)    The author, addressee, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, and any other recipient to each other;

(iv)     The name and position of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization;

(v)      The general subject matter of the document including a brief description or summary of the contents of the document sufficient to explain the privilege invoked; and

(vi)     The identity of each person who has possession, custody, or control of a copy of the document.

(h)    "You," "Your," "Yourself," and "Plaintiff" shall mean Alva Johnson and anyone acting on her behalf.

(i)    "Trump" shall mean defendant Donald J. Trump.

(j)    The "Campaign" shall mean defendant Donald J. Trump for President, Inc., a Virginia corporation.

(k)    "Defendants" shall collectively refer to defendants Trump and the Campaign.

(l)    The term "Trump Person" shall have the same definition as the same term in the five-page written Agreement Plaintiff entered into with the Campaign: "each of Mr. Trump, each Family Member, each Trump Company (including, but not limited to, the Company) and each Family Member Company," as those terms are defined in the Agreement, including but not in any way limited to Donald J. Trump, Melania Trump, Donald J. Trump, Jr., Eric F. Trump, Ivanka M. Trump, Tiffany Trump, Barron Trump, Lara Trump and Jared Kushner.

(m)    "Care," "custody," "control," or "possession" shall mean any item held by You or any of Your representatives, however designated, including Your attorneys.

(n)    The term "person" or "persons" shall include, but not be limited to, natural persons, labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, receivers, organizations, business entities, or any other form of business, governmental, public, or charitable entity.

(o)    "Each" includes the word "every" and "every" includes the word "each."

(p)    The term "individual" shall mean any natural person.

(q)    A masculine, feminine, or gender-free pronoun shall not exclude the other or both, genders.

(r)     "Relating to," "relate to," "regarding," and "concerning" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

(s)     "Lawsuit" refers to the case of Johnson v. Trump *et al.*, Case No. 8:19-cv-00475-WFJ-SPF, pending in the United States district Court for the Middle District of Florida, Tampa Division.

(t)     "Complaint" refers to Plaintiff's complaint filed in the Lawsuit.

(u)     Unless otherwise indicated, all words and terms used in this request shall have the same meaning as in Plaintiff's Complaint.

(v)     "Allegation(s)" as used herein refers to the factual and legal allegations and claims asserted in Plaintiff's Complaint.

## DOCUMENTS TO BE PRODUCED

1.     All Documents and Communications that You intend to or may use to support Your claims in this Lawsuit.

2.     All Documents and Communications to which You refer, upon which You relied, and/or which support Your responses to any of the Campaign's Interrogatories to Plaintiff.

3.     To the extent You deny, in whole or in part, any of the Campaign's Requests for Admission to Plaintiff, all Documents and Communications upon which You relied in making those denials and/or which support Your denials or partial denials of any of those Requests for Admission.

4.     All Documents and other tangible items in Your possession, custody, control, or otherwise available to You that support, pertain to, or contain any reference to or record of any

Communication between You and any person (other than Your lawyer) concerning the Allegations asserted in Your Complaint, and/or facts supporting Your Allegations.

5.      All Documents and other tangible items in Your possession, custody, control, or otherwise available to You (including, but not limited to, ledgers, reports, correspondence, notes, contracts, calendars, schedules, and memoranda) that refer to, concern, reflect, itemize, describe or relate to Your job duties during Your employment with the Campaign.

6.      All calendars, diaries, or other Documents in Your possession, custody, control, or otherwise available to You that contain any entries or notations pertaining to the Allegations in this Lawsuit.

7.      All Documents and other tangible items in Your possession, custody, control, or otherwise available to You upon which You may rely in preparation for Your deposition or at trial, to which You may refer in preparation for Your testimony at trial, or which You may use for any other purpose associated with this Lawsuit including, but not limited to, those Documents or tangible items that You may use as trial exhibits or demonstrative aids.

8.      All Documents and other tangible items in Your possession, custody, control, or otherwise available to You supporting Your allegation that all conditions precedent to bringing this Lawsuit have occurred.

9.      All Documents and other tangible items in Your possession, custody, control, or otherwise available to You that You received from or submitted to any agency, including the Equal Employment Opportunity Commission (EEOC), the Florida Commission on Human Relations (FCHR), or any other governmental or administrative agency in relation to Your claim of unequal pay based on gender. This request includes all affidavits submitted to the EEOC or FCHR.

10.     All Documents and other tangible items in Your possession, custody, control, or otherwise available to You that You received from or submitted to any agency, including the Equal Employment Opportunity Commission (EEOC), the Florida Commission on Human Relations (FCHR), or any other governmental or administrative agency in relation to Your claim of unequal pay based on race. This request includes all affidavits submitted to the EEOC or FCHR.

11.     All Documents and other tangible items in Your possession, custody, control, or otherwise available to You that support, pertain, to, contain any reference to, record of, or support for Your claim of any injuries or damages You allegedly suffered as a result of any of Defendants' actions as alleged in Your Complaint in this Lawsuit.

12.     All data upon which the amount of any alleged claim for damages in this case is or may be based, and the working materials from which any exhibit purporting to summarize, demonstrate, or otherwise reflect any alleged damages was prepared.

13.     All Documents and other tangible items in Your possession, custody, control, or otherwise available to You used or referenced in drafting the Complaint or answers to discovery requests served in this Lawsuit.

14.     Any and all notes You prepared either during or after any of Your alleged meetings and/or conversations with any person in the Campaign that refer or relate to any and all of Your Allegations in this Lawsuit.

15.     All statements and/or written, audio and/or audiovisual recordings of any persons, including You, that refer or relate to in any way either or both Defendants.

16.     All photographic images, video recordings or audio recordings in Your possession, custody, control, or otherwise available to You created at any time from January 1,

2016 through the present that depict You, and have anything whatsoever to do with either or both Defendants.

17.     All photographic images, video recordings or audio recordings in Your possession, custody, control, or otherwise available to You created at any time during or after Your employment with the Campaign that depict You, any individuals from the Campaign and/or any Trump Person and/or any activities or locations of the Campaign, including, but not limited to, at any Campaign event, in any Campaign office, recreational vehicle or other Campaign location, or any person related to the Campaign or Trump.

18.     All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that concern, relate to, or refer to Communications between You and any current or former employee of either or both Defendants regarding the allegations in this Lawsuit.

19.     All Documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding Your search for employment after Your separation from the Campaign, including, but not limited to, copies of all employment applications and accompanying documents or materials (including cover letters or email messages) that You prepared and/or submitted.

20.     All Documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding any job applications by You following Your separation from the Campaign, including, but not limited to, copies of all employment applications and accompanying materials (including cover letters or email messages) that You prepared and/or submitted to the White House.

21.     All Documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding any income and benefits You received after Your employment with the Campaign.

22.     Any and all income tax returns, paycheck stubs, canceled checks, financial diaries, and any other Documents that indicate wages, salaries, and other income or benefits received by You from any source from January 1, 2016 to the present.

23.     All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of Your rate of pay, wages and compensation, and any employment-related benefits You have received from October 2016 to the present.

24.     Copies of all Documents regarding any and all criminal proceedings against You.

25.     A copy of Your current résumé.

26.     All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of all job search efforts in which You have engaged since October 2016, and all offers of employment You have received since October 2016.

27.     All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of any Communications since October 2016 between You any past, present, or prospective employer including, but not limited to, letters of reference, discipline or discharge, job offers, applications, or résumé.

28.     A copy of the fee agreement or arrangement with Your present attorney(s) and any prior attorney(s) regarding Your claims or potential claims against either or both Defendants.

29.     All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of any Communications, since October 2016, between You and any past or current employee of either or both Defendants concerning Your allegations in this Lawsuit.

30.     All documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to Your claim (if any) for unemployment compensation benefits after Your separation from the Campaign, including all recordings of hearings.

31.     All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of any damages, injuries, or losses You allegedly have suffered as a result of Defendants' conduct as alleged in this Lawsuit or any charges of discrimination filed with the EEOC, FCHR, or any other federal, state or local administrative agency.

32.     All Documents and Communications supporting Your allegations in Paragraph 6 of the Complaint that "Not only did Ms. Johnson endure forcible kissing by her boss, she experienced race and gender discrimination as one of the few females and one of only a handful of African American people on the Campaign payroll."

33.     All Documents and Communications supporting Your allegations in Paragraph 6 of the Complaint that "Ms. Johnson was paid less than white employees, including both staff with similar duties and lower-ranked staff. She was also paid less than similarly situated male employees."

34.     All Documents and Communications supporting Your allegations in Paragraph 16 of the Complaint that Plaintiff was "paid less than her colleagues because of her race and gender. . . . forcibly kissed in public, then subjected to humiliating comments from her colleagues that

10

caused her to relive the experience. But she experienced all of these things as a senior member of Defendant Trump's Campaign staff."

35.     All Documents and Communications supporting Your allegations in Paragraph 29 of the Complaint that Plaintiff "officially joined the Campaign staff in January 2016—making her one of the earliest paid Campaign staffers."

36.     All Documents and Communications supporting Your allegations in Paragraph 39 of the Complaint that Plaintiff "was assigned to the National Strike Team, an elite group of Campaign staffers who traveled to the most critical states during the primary season."

37.     All Documents and Communications supporting Your allegation in Paragraph 46 of the Complaint that, "Thanks in part to Ms. Johnson's hard work, energy, and skills, Defendant Trump won the Republican primaries in California, Illinois, Missouri, and Indiana."

38.     All Documents and Communications supporting Your allegations in Paragraph 63 of the Complaint that "Defendant Trump grasped [Plaintiff's] hand and did not let go. He told her he knew she had been on the road for a long time and that she had been doing a great job. He also told Ms. Johnson that he would not forget about her, and that he was going to take care of her."

39.     All Documents and Communications supporting Your allegations in Paragraph 65 of the Complaint that "Defendant Trump was trying to kiss [Plaintiff] on the mouth, and [she] attempted to avoid this by turning her head to the right. Defendant Trump kissed her anyway, and the kiss landed on the corner of her mouth."

40.     All Documents and Communications supporting Your allegation in Paragraph 66 of the Complaint that "Defendant Trump's kiss on Ms. Johnson's mouth was intentional . . . deliberate and required intention."

11

41.     All Documents and Communications supporting Your allegation in Paragraph 68 of the Complaint that Plaintiff was "in shock about what had just transpired. She felt confused and humiliated."

42.     Documents sufficient to identify any persons with whom you Communicated about the alleged events of August 24, 2016, including but not limited to those mentioned in Paragraph 71 of the Complaint.

43.     All Documents constituting, referring to, reflecting or otherwise evidencing Communications between you and any person about the alleged events of August 24, 2016.

44.     All Documents and Communications supporting Your allegation in Paragraph 84 of the Complaint that You met with an attorney on October 13, 2016.

45.     All Documents and Communications supporting Your allegation in Paragraph 86(a) of the Complaint that You met with a therapist on October 13, 2016.

46.     All Documents and Communications supporting Your allegation in Paragraphs 91 and 92 of the Complaint that You continued communicating with an attorney in October 2016.

47.     Documents sufficient to identify the attorney with whom You met and communicated in October 2016.

48.     All Communications between You and the attorney with whom You met in October 2016 that refer or relate to either or both Defendants.

49.     Documents sufficient to identify the law firm of the attorney with whom You met and communicated in October 2016.

50.     All Communications between You and the law firm of the attorney with whom You met in October 2016 that refer or relate to either or both Defendants.

51.     All Documents and Communications supporting Your allegation in Paragraph 93 of the Complaint that You continued seeing a therapist in October 2016.

52.     Documents sufficient to identify the therapist with whom You met and communicated in October 2016.

53.     All Communications between You and any and all therapists between January 1, 2016 and the present.

54.     Documents sufficient to identify all doctors, nurses, therapists and all other types of medical and/or health care professionals with whom You have consulted from January 1, 2016 until the present.

55.     Documents sufficient to identify all medications that You have consumed from August 1, 2016 until the present, including but not limited to all prescriptions and over-the-counter medicines, vitamins/supplements and products including aspirin, ibuprofen and acetaminophen, and the date ranges and dosages which you were prescribed to consume and actually consumed of each such medication.

56.     Un-redacted copies of all of Your medical records in Your possession, custody, control, or otherwise available to You from January 1, 2012 until the present.

57.     All Documents and Communications supporting Your allegation in Paragraph 109 of the Complaint that "Defendant Trump's conduct in kissing Ms. Johnson evidenced a conscious disregard for or indifference to her rights."

58.     All Documents and Communications supporting Your allegations in Paragraph 110 of the Complaint that, "In addition to the forcible kissing Ms. Johnson experienced during her time with the Campaign, Ms. Johnson was vastly underpaid compared to many of her

Campaign counterparts who were white, despite her critical role at various stages of the Campaign."

59.     All Documents and Communications supporting Your allegations in Paragraph 111 of the Complaint that "Ms. Johnson was also underpaid compared to similarly qualified and less qualified male staffers. She did not know this fact until very recently. Ms. Johnson's experience is not isolated—indeed, the Campaign engaged in systemic gender discrimination in pay against its female employees."

60.     All Documents and Communications supporting Your allegations in Paragraph 112 of the Complaint regarding Sidney Bowdidge, Matt Ciepielowski, Austin Browning, David Chiokadze and Tony Ledbetter.

61.     All Documents and Communications supporting Your allegations in Paragraphs 113 through 116 of the Complaint regarding what the Campaign purportedly "knew."

62.     All Documents and Communications supporting Your allegation in Paragraph 118 of the Complaint that "[t]he Campaign's discriminatory pay was part of a larger culture of racist and sexist behavior that pervaded the Campaign."

63.     All Documents and Communications supporting Your allegation in Paragraph 119 of the Complaint that You "endured and observed repeated instances of racist and sexist remarks throughout the Campaign."

64.     All Documents and Communications supporting Your collective action allegations in Paragraphs 120 through 127 of the Complaint.

65.     All Documents and other tangible items in Your possession, custody, control, or otherwise available to You (including, but not limited to, ledgers, reports, correspondence, notes, contracts, calendars, schedules, and memoranda) that refer to, concern, reflect, itemize, describe

14

or relate to the job duties of putative members of "the collective" referred to in Paragraph 121 of the Complaint.

66.     All Documents and Communications supporting Count I alleged in Paragraphs 128 through 133 of the Complaint.

67.     All Documents and other tangible items in Your possession, custody, control, or otherwise available to You (including, but not limited to, ledgers, reports, correspondence, notes, contracts, calendars, schedules, and memoranda) that refer to, concern, reflect, itemize, describe or relate to the male Campaign employees who you claim are or were "similarly-situated," as alleged in Paragraph 135 of the Complaint.

68.     All Documents and Communications supporting Count II alleged in Paragraphs 134 through 141 of the Complaint.

69.     All Documents and Communications supporting Count III alleged in Paragraphs 142 through 148 of the Complaint.

70.     All Documents and other tangible items in Your possession, custody, control, or otherwise available to You (including, but not limited to, ledgers, reports, correspondence, notes, contracts, calendars, schedules, and memoranda) that refer to, concern, reflect, itemize, describe or relate to the white Campaign employees who you claim are or were "similarly-situated," as alleged in Paragraph 143 of the Complaint.

71.     All Documents in Your possession, custody, control, or otherwise available to You that refer or relate to Trump.

72.     All Documents in Your possession, custody, control, or otherwise available to You that refer or relate to the Campaign.

73.     All Documents in Your possession, custody, control, or otherwise available to You that refer or relate to You seeking a position with the United States Embassy in Portugal.

74.     Your written agreement(s) with Public Justice.

75.     All Documents that constitute, refer or relate to Your Communications with Public Justice.

76.     All Documents that constitute, refer or relate to Your Communications with any members of the news media before and/or after this Lawsuit was filed regarding Your Allegations relating to either or both of the Defendants.

77.     All Documents and Communications that refer or relate to any actual and/or potential book(s) by You relating to either or both of the Defendants, including but not limited to Documents and Communications that refer or relate to any efforts by You and/or anyone acting on Your behalf to pitch, propose, bid on, negotiate, develop, write, edit or promote any such actual or potential book(s).

78.     All drafts and/or versions of any actual and/or potential book(s) by You relating to either or both of the Defendants.

79.     All Documents that constitute, refer or relate to Your Communications with any publishers or their representatives relating to either or both of the Defendants.

80.     All Documents that constitute, refer or relate to Your Communications with any literary agents relating to either or both of the Defendants.

81.     All Documents that constitute, refer or relate to Your Communications with any publicists relating to either or both of the Defendants.

82.     All Documents and Communications that refer or relate to any actual or potential media appearances, interviews or statements by You relating to either or both of the Defendants,

including but not limited to any requests directed to You, any offers by You, any transcripts, notes, articles, recordings (audio, visual or audio-visual) or contracts/agreements related to any actual or potential media appearances, interviews or statements, and all revenues or compensation received by You therefrom.

83.     All Documents and Communications that refer or relate to any promotional or publicity activities relating to either or both of the Defendants by You, Public Justice and/or anyone acting on Your behalf, before and/or after this Lawsuit was filed, including but not limited to soliciting, scheduling, organizing or preparing for any media appearances, interviews, statements or press releases.

Dated this 7th day of May, 2019.

HARDER LLP

*/s/* Charles J. Harder
Charles J. Harder
CHarder@HarderLLP.com
Admitted *Pro Hac Vice*
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
Telephone:  (424) 203-1600
Facsimile: (424) 203-1601

Dawn Siler-Nixon
Florida Bar No. 993360
DSiler-Nixon@FordHarrison.com
Tracey K. Jaensch
Florida Bar No. 907057
TJaensch@FordHarrison.com
FORD**HARRISON** LLP
101 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Attorneys for Defendants
Donald J. Trump and
Donald J. Trump for President, Inc.

17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2019, I caused Defendant Donald J. Trump for President, Inc.'s First Requests for Production of Documents to Plaintiff to be served on all counsel of record by email at the following addresses:

| | |
|---|---|
| Janet Varnell<br>Varnell & Warwick, PA<br>P.O. Box 1870<br>Lady Lakes, FL  32158-1870<br>jvarnell@varnellandwarwick.com<br>Attorney for Plaintiff | Hassan A. Zavareei<br>Katherine M. Aizpuru<br>Rebecca Azhdam<br>Tycko & Zavareei LLP<br>1828 L Street NW, Suite 1000<br>Washington, D.C.  20036<br>hzavareei@tzlegal.com<br>kaizpuru@tzlegal.com<br>razhdam@tzlegal.com<br>Attorney for Plaintiff |
| F. Paul Bland<br>Karla Gilbride<br>Public Justice, P.C.<br>1620 L Street NW, Suite 630<br>Washington, DC  20036<br>pbland@publicjustice.net<br>kgilbride@publicjustice.net<br>Attorney for Plaintiff | Jennifer Bennett<br>Public Justice, P.C.<br>475 14th Street, Suite 610<br>Oakland, CA  94612<br>jbennett@publicjustice.net<br>Attorney for Plaintiff |

By: /s/ Steven Frackman

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVA JOHNSON,
**Individually and On Behalf of All Others**
**Similarly Situated,**

       **Plaintiff,**                    **Case No. 8:19-cv-00475-WFJ-SPF**

**v.**

**DONALD J. TRUMP,**
**In his Individual Capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.**

       **Defendants.**
_____/

## DEFENDANT DONALD J. TRUMP FOR PRESIDENT, INC.'S
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Donald J. Trump for President, Inc., a Virginia corporation, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serves its Second Request for Production of Documents to Plaintiff. Plaintiff is required to produce for the purpose of inspection and copying at FordHarrison, 101 East Kennedy Boulevard, Suite 900, Tampa, Florida 33602, within thirty (30) days of service the documents identified in this first request to produce.

## DEFINITIONS AND INSTRUCTIONS

(a)     The term "Document(s)" shall mean and refer to all written materials, graphic matter, handwriting, typewriting, audio or video tape recordings, however produced or reproduced, of every kind and description, including, but not limited to, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because

1

of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, including, but not limited to, letters, correspondence, memoranda, records, spreadsheets, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, diary entries, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, logs, calendars, appointment books, charts, graphs, data sheets, pictures, photographs, illustrations, blueprints, drawings, tape recordings, videotapes, disks, diskettes, data tapes or readable computer-produced interpretations or transcriptions thereof, Communications (as defined herein), electronically transmitted messages ("email"), "instant" messages or "IM" messages, text messages, voice mail messages, WhatsApp messages (or messages from any similar types of applications), website postings, social media postings, including but not limited to Facebook, Twitter and Instagram, electronically stored information, advertising materials and any other writings, papers and tangible things of whatever description whatsoever, including, but not limited to, any information contained in any computer, even if not yet printed out, within Respondent's actual or constructive possession, custody or control.

(b)     "Communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of any telephone, telegraph, telecopier, electronic or other media.

(c)     "Or" means both "or" and "and".

2

(d)      "All" includes the word "any" and "any" includes the word "all."

(e)      This request to You for production of documents is intended to obtain information not merely within Your possession but obtainable by You including, but not limited to, information in possession of Your attorney, agents, employees, investigators, insurance carriers, and their representatives.

(f)      Each request herein for a document or documents contemplates production thereof in full, without abbreviation or expurgation, and calls for production of all copies that have notes or other written material or markings not appearing on other copies.

(g)      If a claim of privilege is asserted to any document requested for production herein (privilege as used herein shall include attorneys' work product), such documents shall be sufficiently described so that Defendant can bring the question of privilege before the court. Documents shall be deemed adequately described for this purpose if the following data are provided:

(i)      The date of the document;

(ii)      The type of document (e.g. letter, memo, etc.);

(iii)      The author, addressee, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, and any other recipient to each other;

(iv)      The name and position of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization;

(v)      The general subject matter of the document including a brief description or summary of the contents of the document sufficient to explain the privilege invoked; and

(vi)      The identity of each person who has possession, custody, or control of a copy of the document.

(h)     "You," "Your," "Yourself," and "Plaintiff" shall mean Alva Johnson and anyone acting on her behalf.

(i)     "Trump" shall mean defendant Donald J. Trump.

(j)     The "Campaign" shall mean defendant Donald J. Trump for President, Inc., a Virginia corporation.

(k)     The term "Trump Person" shall have the same definition as the same term in the five-page written Agreement Plaintiff entered into with the Campaign: "each of Mr. Trump, each Family Member, each Trump Company (including, but not limited to, the Company) and each Family Member Company," as those terms are defined in the Agreement, including but not in any way limited to Donald J. Trump, Melania Trump, Donald J. Trump, Jr., Eric F. Trump, Ivanka M. Trump, Tiffany Trump, Barron Trump, Lara Trump and Jared Kushner.

(l)     "Care," "custody," "control," or "possession" shall mean any item held by You or any of Your representatives, however designated, including Your attorneys.

(m)     The term "person" or "persons" shall include, but not be limited to, natural persons, labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, receivers, organizations, business entities, or any other form of business, governmental, public, or charitable entity.

(n)     "Each" includes the word "every" and "every" includes the word "each."

(o)     The term "individual" shall mean any natural person.

(p)     A masculine, feminine, or gender-free pronoun shall not exclude the other or both, genders.

(q)     "Relating to," "relate to," "regarding," and "concerning" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing,

mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

(r)     "Lawsuit" refers to the case of Johnson v. Trump *et al.*, Case No. 8:19-cv-00475-WFJ-SPF, pending in the United States district Court for the Middle District of Florida, Tampa Division.

(s)     "Complaint" refers to Plaintiff's complaint filed in the Lawsuit.

(t)     Unless otherwise indicated, all words and terms used in this request shall have the same meaning as in Plaintiff's Complaint.

(u)     "Allegation(s)" as used herein refers to the factual and legal allegations and claims asserted in Plaintiff's Complaint.

## DOCUMENTS TO BE PRODUCED

73.     All Documents and Communications that refer or relate to any and all facts identified by You in response to Interrogatory No. 13 propounded by the Campaign, and/or requested to be identified by You in that interrogatory.

74.     All Documents and Communications identified by You in response to Interrogatory No. 13 propounded by the Campaign, and/or requested to be identified by You in that interrogatory.

Dated this 20th day of May, 2019.

                                    HARDER LLP


                                    */s/ Charles J. Harder*
                                    Charles J. Harder
                                    CHarder@HarderLLP.com
                                    Admitted *Pro Hac Vice*

132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California  90212
Telephone: (424) 203-1600
Facsimile:   (424) 203-1601

Dawn Siler-Nixon
Florida Bar No. 993360
DSiler-Nixon@FordHarrison.com
Tracey K. Jaensch
Florida Bar No. 907057
TJaensch@FordHarrison.com
FORD**HARRISON** LLP
101 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile:  (813) 261-7899

Attorneys for Defendants
Donald J. Trump and
Donald J. Trump for President, Inc.

# EXHIBIT C

**From:** **Hassan Zavareei** hzavareei@tzlegal.com
**Subject:** Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)
**Date:** June 5, 2019 at 11:13 AM
**To:** Charles Harder charder@harderllp.com
**Cc:** Tracey Jaensch TJAENSCH@fordharrison.com, Rebecca Azhdam razhdam@tzlegal.com, PBLAND@publicjustice.net,
Jennifer Bennett JBennett@publicjustice.net, Karla Gilbride KGilbride@publicjustice.net, Janet Varnell
jvarnell@varnellandwarwick.com, Melat Kiros mkiros@tzlegal.com, Matthew Lanahan mlanahan@tzlegal.com, Dawn Siler-Nixon
DSiler-Nixon@fordharrison.com, Ryan Stonerock RStonerock@harderllp.com, Katherine Aizpuru kaizpuru@tzlegal.com,
Henry Self hself@harderllp.com, Steven Frackman sfrackman@harderllp.com

HZ

Charles, It was nice meeting you today. I wanted to get back to you on your email. As we said, we will produce documents on a rolling basis. But most of your questions relate to issues covered in the draft ESI protocol we sent you. Can someone from your team review and make suggested edits? Then we can have a call and try to work this out. We already agreed to do an ESI protocol, and we need to have one in this case. This should be an area we can work together on. It's not something we should waste the Court's time with. I hope you agree.

Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jun 3, 2019, at 4:44 PM, Charles Harder <charder@harderllp.com> wrote:

> In addition to what Tracey says below, there is no legitimate basis to refuse to produce responsive documents pending resolution of other
> discovery issues, such as an ESI protocol, which the parties might not agree to.  We are going to proceed with your client's deposition as
> scheduled.  If you need more time to produce, we can give you through June 21 which gives you at least 45 days from the date of the first
> document demand and 32 days on the second document demand.  If your client appears for deposition without producing her responsive
> documents then we will file motions and seek sanctions, because there would be no legitimate reason for her to do that.  She is an individual,
> not a legal entity with employees, and presumably has routine emails, text messages and paper documents that do not require more than 45
> days to gather and produce.
>
> Charles J. Harder
> HARDER LLP
> 132 S. Rodeo Drive, Fourth Floor
> Beverly Hills, CA  90212
> (424) 203-1600
> www.HarderLLP.com
>
> Sent from iPhone; please excuse any typos.
>
> On Jun 3, 2019, at 1:20 PM, Tracey Jaensch <TJAENSCH@fordharrison.com> wrote:
>
>> Hassan, we, like Charles, have rarely entered into formal ESI protocols in the absence of a likely need
>> for significant e-discovery (trade secrets, non-compete cases and nationwide class actions) in
>> employment cases like this one.
>>
>> Having said that, we do have the ability in our office to manage large amounts of e-data at a cost to
>> either the client or the opposing party depending upon what is being contemplated and we have a
>> computer liaison for that purpose.
>>
>> A general protocol as you circulated from our perspective is disproportionate to the sums involved in
>> this case as well as to the limited issues.  Certainly, we don't anticipate forensic computer work in this
>> case and our local discovery rules disfavor that other than in extraordinary circumstances.  Having said
>> that, is there some allegation that you claim warrants a mirror image of something?  Are there search
>> terms that you want to agree upon?  We are already looking for all emails that the campaign has that
>> involve your client.  Is there other "e-discovery" you anticipate receiving?  If so, what?  Our plan in
>> responding to your discovery to the Campaign on the pay issues would be to engage in email
>> searches.  We are happy to have you provide your proposed search terms but we do not intend to
>> engage a computer expert for the Campaign but rather to produce any relevant emails that are
>> "reasonably accessible" through normal means: e.g., searching Outlook.  We also do not anticipate
>> receiving native format inboxes of Campaign email custodians dumped on our office at significant cost
>> to the Campaign so that we can do separate searches different from those being done by our client in
>> Outlook.  Please advise what you are hoping to accomplish and perhaps we can work backwards from
>> there and can get on the phone with our computer litigation specialist.  Certainly, if you think it

there and can get on the phone with our computer litigation specialist. Certainly, if you think it warrants a discussion with the Court, that is fine also but I don't think anyone contemplated a lot of e-discovery in this case other than emails about your client so if we misunderstood what you were expecting, please let us know what your expectations actually are.



**Tracey K. Jaensch** - Attorney at Law
*Board Certified Specialist, Labor & Employment Law*



101 E. Kennedy Boulevard, Suite 900 | Tampa, FL 33602
TJAENSCH@Fordharrison.com | P: 813-261-7815



**LTC4 Certified Legal Professional |** *FHPromise*

---

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 5:10 PM
**To:** Charles Harder <charder@harderllp.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan

---

Hassan Zavareei ■ TYCKO & ZAVAREEI LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.973.0910 (direct) ■ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Wednesday, May 29, 2019 4:12 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Mr. Zavareei: Thank you for letting me know. June 21 still works for me, but I would like to make sure that Ms Johnson will be providing her substantive responses to our written discovery that is due on June 6 (set one) and June 17 (set two), and also will be producing her responsive documents on June 6 (set one) and June 19 (set two). Can you please confirm? I would need the responsible documents by those dates to have sufficient time to review them and incorporate them into our deposition prep. Thank you.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On May 29, 2019, at 12:42 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Charles,
>
> I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.
>
> Regards,
>
> Hassan
>
> ---
>
> <image004.jpg>Hassan Zavareei  ■  Tуско & Zavareei LLP■ www.tzlegal.com
> 1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
> p 202.973.0910 (direct)  ■  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you

have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 20, 2019 12:15 PM
**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests: #73 and #74.

---

<image006.jpg>          **CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

---

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner. Thank you.

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from Ford & Harrison LLP and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments. In the absence of an executed engagement letter or fee contract, no attorney client relationship is established by this communication.

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALVA JOHNSON,**
**Individually and On Behalf of All Others**
**Similarly Situated,**

**Plaintiff,**

**v.**

**Case No. 8:19-cv-00475-WFJ-SPF**

**DONALD J. TRUMP,**
**In his Individual Capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.**

**Defendant.**

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT DONALD J.**
**TRUMP FOR PRESIDENT, INC.'S FIRST REQUESTS FOR PRODUCTION OF**
**DOCUMENTS TO PLAINTIFF**

Plaintiff Alva Johnson objects and responds to Defendant Donald J. Trump for President, Inc.'s

First Requests for Production of Documents to Plaintiff, served May 7, 2019, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff's investigation and development of all facts and circumstances relating to

this action are ongoing. These responses and objections are made without prejudice to, and are not a

waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Requests for Production

propounded by Donald J. Trump for President, Inc. ("the Campaign") and/or Defendant Donald J.

Trump ("Defendant Trump") (collectively, "Defendants"), Plaintiff does not waive, and hereby

expressly reserves, her right to assert any and all objections to the admissibility of such responses

into evidence in this action, or in any other proceedings, on any and all grounds including but not

limited to competency, relevancy, materiality, and privilege. Plaintiff makes the responses and

objections herein without in any way implying that she considers the Requests for Production, and responses to the Requests for Production, relevant or material to the subject matter of this action.

3.      Plaintiff will provide information and documents that are presently within her personal knowledge, possession, custody, or control. Her possession, custody, or control does not include information or documents that are publicly available and does not include any constructive possession conferred by Plaintiff's right or power to compel the production of documents or information from third parties.

4.      A response to a Request for Production stating that objections or indicating that documents may be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that Plaintiff acquiesces in the characterization of the conduct or activities described in the Request for Production or the definitions and/or instructions to the Request for Production.

5.      To the extent documents containing confidential subject matter are going to be produced in response to these Requests, they will be produced only after a protective order has been entered in this case.

6.      All documents produced are without prejudice to the attorney client privilege between Plaintiff and her current counsel and may not be construed as a subject matter waiver.

## **<u>GENERAL OBJECTIONS</u>**

The following objections are incorporated by reference into each of Plaintiff's specific responses below.

1.      Plaintiff objects to the "Definitions," "Instructions," and to each discovery request to the extent they propose to impose any requirement or discovery obligation on Plaintiff greater

than or different than those imposed by the Federal Rules of Civil Procedure and the applicable rules of this Court.

2.      Plaintiff objects to the Requests for Production to the extent that they seek documents or information that is protected by the attorney-client privilege, constitutes attorney work product, was prepared in anticipation of litigation or for trial, or is otherwise privileged from discovery. Inadvertent disclosure of any privileged documents or information in response to the Requests shall not constitute a waiver of any applicable privilege.

3.      Plaintiff objects to the Requests for Production as premature (at this stage of the litigation) to the extent they involve opinions or contentions that relate to fact or the application of law to fact and to the extent that they call for documents or information that will be produced and/or discovered through upcoming discovery.

4.      No response to a Request for Production shall be deemed to constitute any agreement or concession that the subject matter of the Requests for Production is relevant to this action, and all responses shall be made without waiving or intending to waive any objection, including but not limited to objections as to relevance, privilege, or admissibility.

5.      Plaintiff objects to each Request for Production to the extent that it is duplicative of other discovery requests or asks Plaintiff to provide information that has already been produced to Defendant. Plaintiff reserves the right to produce documents or information that may be responsive to multiple requests only once.

6.      Plaintiff objects to each Request for Production to the extent that it asks Plaintiff to provide information that Defendant can know or which Defendant is responsible for knowing.

−3−

7.      Plaintiff objects to each Request for Production to the extent that it calls for documents or information already within in Defendant's possession, custody, or control or are publicly available and just as easily obtainable by Defendant as they are by Plaintiff. Plaintiff will not produce documents that are responsive but are publicly available. Plaintiff will not produce documents that are responsive but equally available to both parties.

8.      Plaintiff objects to the Requests for Production to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and oppressive.

9.      Plaintiff objects to the Requests for Production to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time period.

10.      Plaintiff objects to the Requests for Production to the extent they assume facts that are not in evidence. By responding to these requests, Plaintiff does not admit, concede, or agree with any explicit or implicit assumption made in the Requests.

11.      Plaintiff objects to the Requests for Production to the extent that they seek to define terms and/or characterize the evidence in this matter, and to the extent that they contain terms or concepts that are vague, ambiguous, and/or otherwise unintelligible. To the extent that Plaintiff adopts any terms or characterizations used by Defendant in these Requests for Production, such adoption is specifically limited solely to these responses.

12.      Plaintiff objects to the Requests for Production to the extent that they seek disclosure of "any" documents or information responsive to a particular Request for Production on the grounds that such a request is premature, overly broad, and unduly burdensome.

13.     Plaintiff objects to the Requests for Production to the extent that they seek production of sensitive confidential personal information.

14.     Plaintiff objects to the Requests for Production as overly broad and unduly burdensome to the extent they request documents without specifying a time period. Therefore, notwithstanding any of Plaintiff's other general or specific objections, where Defendants do not specify a responsive period, Plaintiff is restricting her responses to documents from September 1, 2015 to the present.

15.     Plaintiff objects to each Request to the extent it seeks documents protected by the marital communications privilege or any other spousal privilege.

16.     Plaintiff expressly incorporates each of these General Objections into each response below. No Response shall be understood as, nor is it intended to be, a waiver to any General Objection or specific objection that may be separately stated in response to any Request for Production.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION 1: All Documents and Communications that You intend to or may use to support Your claims in this Lawsuit.**

**RESPONSE TO REQUEST FOR PRODUCTION 1:**

In addition to the above general objections, Plaintiff objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and

–5–

documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 2: All Documents and Communications to which You refer, upon which You relied, and/or which support Your responses to any of the Campaign's Interrogatories to Plaintiff.**

**RESPONSE TO REQUEST FOR PRODUCTION 2:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected

by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request as impermissibly vague because it is not possible to determine, based on how it is drafted, whether it seeks documents protected by privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody.

**REQUEST FOR PRODUCTION 3: To the extent that You deny, in whole or in part, any of the Campaign's Requests for Admission to Plaintiff, all Documents and Communications upon which You relied in making those denials and/or which support Your denials or partial denials of any of those Requests for Admission.**

**RESPONSE TO REQUEST FOR PRODUCTION 3:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request because it is impermissibly vague, since, as drafted, it is not possible to tell whether it seeks documents protected by some privilege. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged,

non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 4:** **All Documents and other tangible items in Your possession, custody, control, or otherwise available to You that support, pertain to, or contain any reference to or record of any Communication between You and any person (other than Your lawyer) concerning the Allegations asserted in Your Complaint, and/or facts supporting Your Allegations.**

**RESPONSE TO REQUEST FOR PRODUCTION 4:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request because it is impermissibly vague as to scope and does not make clear whether it seeks documents protected by privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably

available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court. Plaintiff further objects to this Request as compound and therefore unintelligible. It is not possible to understand what documents this Request is seeking.

**REQUEST FOR PRODUCTION 5: All Documents and other tangible items in Your possession, custody, control, or otherwise available to You (including, but not limited to, ledgers, reports, correspondence, notes, contracts, calendars, schedules, and memoranda) that refer to, concern, reflect, itemize, describe or relate to Your job duties during Your employment with the Campaign.**

**RESPONSE TO REQUEST FOR PRODUCTION 5:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request because it is impermissibly vague since, as drafted, it does not make clear whether it is seeking documents protected by a privilege. Plaintiff further objects to this Request to

the extent that it seeks confidential information, the disclosure of which could be harmful,

embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this

case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of

other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome

and oppressive because it seeks production of documents equally available to, or more reasonably

available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to

this Request to the extent that it seeks documents that are already within Defendant's possession,

custody, and/or control, including documents exclusively within Defendant's possession, custody,

and/or control. Plaintiff further objects to this request as overbroad, unduly burdensome, and

disproportionate because it requests "all" documents referring to Plaintiff's job duties, when not

"all" such documents are necessarily relevant to the issues in the case.

      Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff

will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged,

non-work-product-protected documents that are within the time period specified and her possession,

custody, or control.

**REQUEST FOR PRODUCTION 6: All calendars, diaries, or other Documents in Your**

**possession, custody, control, or otherwise available to You that contain any entries pertaining to**

**the Allegations in this Lawsuit.**

**RESPONSE TO REQUEST FOR PRODUCTION 6:**

      In addition to the above general objections, Plaintiff objects to this Request to the extent

that it seeks communications and documents protected by the attorney-client privilege. Plaintiff

further objects to this Request to the extent that it seeks communications and documents protected

by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work

product privilege by requesting information that would reveal counsel's mental impressions, thought

processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents

protected by the marital communications privilege or any other spousal privilege. Plaintiff further

objects to this request as impermissibly vague since it does not make clear whether it is seeking

documents protected by some privilege. Plaintiff further objects to this Request to the extent that it

seeks confidential information, the disclosure of which could be harmful, embarrassing, or

prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff

further objects to this Request as unduly burdensome because it is duplicative of other Requests.

Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive

because it seeks production of documents equally available to, or more reasonably available to,

Defendant because they are in the possession of third party(ies). Plaintiff also objects to this

Request to the extent that it seeks documents that are already within Defendant's possession,

custody, and/or control, including documents exclusively within Defendant's possession, custody,

and/or control.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Absent

clarification, Plaintiff interprets this Request to seek her own calendar and diary entries.  Plaintiff will

conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged,

non-work-product-protected documents that are within the time period specified and her possession,

custody, or control.

**REQUEST FOR PRODUCTION 7:** **All Documents and other tangible items in Your**

**possession, custody, control, or otherwise available to You upon which You may rely in**

**preparation for Your deposition or at trial, to which You may refer in preparation for Your testimony at trial, or which You may use for any other purpose associated with this Lawsuit including, but not limited to, those Documents or tangible items that You may use as trial exhibits or demonstrative aids.**

**RESPONSE TO REQUEST FOR PRODUCTION 7:**

In addition to the above general objections, Plaintiff objects to this Request because it is overbroad in that it seeks "all" documents that Plaintiff may use for "any other purpose associated with this Lawsuit," a category that is not only so vague that it is unintelligible, but is also far broader than is proportionate to the needs of this case and encompasses materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request because it is impermissibly vague as to scope and does not make clear whether it is seeking privileged documents. Also, "any purpose associated with this Lawsuit" is an extremely vague phrase and it is not possible to tell what is meant by such phrase. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly

–13–

burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

**REQUEST FOR PRODUCTION 8: All Documents and other tangible items in Your possession, custody, control, or otherwise available to You supporting Your allegation that all conditions precedent to bringing this Lawsuit have occurred.**

**RESPONSE TO REQUEST FOR PRODUCTION 8:**

In addition to the foregoing general objections, Plaintiff objects to this Request because it asks for a legal conclusion. Plaintiff further objects to this Request because it assumes facts that are not proven, namely that there are "conditions precedent" required to be satisfied prior to bringing this lawsuit. Plaintiff further objects to this request in that it is vague and ambiguous because it refers to unspecified "conditions precedent," and Plaintiff has no idea (and no way of knowing) what "conditions precedent" Defendant is referring to. This request is also vague because it does not make clear whether it is seeking documents protected by any privilege. Plaintiff also objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade

the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control.

**REQUEST FOR PRODUCTION 9: All Documents and other tangible items in Your possession, custody, control, or otherwise available to You that You received from or submitted to any agency, including the Equal Employment Opportunity Commission (EEOC), the Florida Commission on Human Rights (FCHR), or any other governmental or administrative agency in relation to Your claim of unequal pay based on gender. This request includes all affidavits submitted to the EEOC or FCHR.**

**RESPONSE TO REQUEST FOR PRODUCTION 9:**

Subject to and notwithstanding the foregoing general objections, Plaintiff responds as follows: No such documents exist for the specified period.

**REQUEST FOR PRODUCTION 10: All Documents and other tangible items in Your possession, custody, control, or otherwise available to You that You received from or submitted**

to any agency, including the Equal Employment Opportunity Commission (EEOC), the Florida Commission on Human Relations (FCHR), or any other governmental or administrative agency in relation to Your claim of unequal pay based on race. This request includes all affidavits submitted to the EEOC or FCHR.

**RESPONSE TO REQUEST FOR PRODUCTION 10:**

Subject to and notwithstanding the foregoing general objections, Plaintiff responds as follows: No such documents exist for the specified period.

**REQUEST FOR PRODUCTION 11:** All Documents and other tangible items in Your possession, custody, control, or otherwise available to You that support, pertain to, contain any reference to, record of, or support for Your claim of any injuries or damages You allegedly suffered as a result of any of Defendants' actions as alleged in Your Complaint in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION 11:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because it does not make clear whether it is seeking documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no

–16–

protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests or information or materials that have already been produced. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 12: All data upon which the amount of any alleged claim for damages in this case is or may be based, and the working materials from which any exhibit purporting to summarize, demonstrate, or otherwise reflect any alleged damages was prepared.**

**RESPONSE TO REQUEST FOR PRODUCTION 12:**

In addition to the above general objections, Plaintiff objects to this Request as unduly burdensome because it is duplicative of other Requests or information or materials that have already been produced. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available

to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request as impermissibly vague because it does not make clear whether it is seeking documents protected by a privilege. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 13:** **All Documents and other tangible items in Your possession, custody, control, or otherwise available to You used or referenced in drafting the Complaint or answers to discovery requests served in this Lawsuit.**

**RESPONSE TO REQUEST FOR PRODUCTION 13:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by

−18−

requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request because it is impermissibly vague in that it does not make clear whether it is seeking documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests or information or materials that have already been produced. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 14:** **Any and all notes You prepared either during or after any of Your alleged meetings and/or conversations with any person in the Campaign that refer or relate to any and all of Your Allegations in this Lawsuit.**

**RESPONSE TO REQUEST FOR PRODUCTION 14:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests or information or materials that have already been produced.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 15: All statements and/or written, audio and/or audiovisual recordings of any persons, including You, that refer or relate to in any way either or both Defendants**.

**RESPONSE TO REQUEST FOR PRODUCTION 15:**

In addition to the above general objections, Plaintiff objects to this Request because it is overbroad in that it seeks production of "all statements," "audio," and "audiovisual recordings of any person" that refer or relate in any way to the sitting President of the United States or his presidential election campaign. Such a request, which encompasses materials that have nothing to do with Plaintiff or her claims, is overbroad on its face, vastly disproportionate to the needs of the case, and burdensome and oppressive to Plaintiff. This request is also ambiguous to the point of being incomprehensible because interpreting it as written results in a wholly unworkable and unreasonable request, yet Plaintiff has no way to understand or interpret the nature of the recordings or statements sought. Plaintiff

further objects to this Request because, as written, it encompasses irrelevant documents that are unlikely to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request because it does not make clear the scope of the documents it seeks, including whether it is seeking documents protected by a privilege, and is therefore impermissibly vague. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Absent clarification, Plaintiff interprets this Request to seek statements and/or written, audio and/or audiovisual recordings of Plaintiff that are not otherwise publicly available or equally available to Defendants that refer or relate in any way to either or both Defendants. Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 16: All photographic images, video recordings or audio recordings in Your possession, custody, control or otherwise available to You created at any time from January 1, 2016 through the present that depict You, and have anything whatsoever to do with either or both Defendants.**

**RESPONSE TO REQUEST FOR PRODUCTION 16:**

In addition to the above general objections, Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and

–22–

oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 17: All photographic images, video recordings or audio recordings in Your possession, custody, control, or otherwise available to You created at any time during or after Your employment with the Campaign that depict You, any individuals from the Campaign and/or any Trump Person and/or any activities or locations of the Campaign, including, but not limited to, at any Campaign event, in any Campaign office, recreational vehicle or other Campaign location, or any person related to the Campaign or Trump.**

**RESPONSE TO REQUEST FOR PRODUCTION 17:**

In addition to the above general objections, Plaintiff objects to this Request as impermissibly vague and ambiguous. Plaintiff further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks *all* images of Plaintiff and any individuals from the Campaign, but the Request is not limited to images relating to the Campaign or Plaintiff's claims in this case. Not *all* images and recordings of *any* individuals from the Campaign, including private and intimate photographs of Plaintiff and her husband; or any location where the Campaign operated (which is every state); or any person related to the Campaign or Trump (which Plaintiff might

−23−

not even know about), is relevant or likely to lead to the discovery of admissible evidence. As drafted, this Request is far too broad and therefore burdensome. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request because the scope of the Request is not clear and it is therefore impermissibly vague. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Absent clarification, Plaintiff interprets this Request not to seek documents that portray only Plaintiff and/or

her husband Miguel Rego (who also worked for the Campaign) and are not related to either Defendant and do not depict some Campaign-related event or activity. Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 18: All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that concern, relate to, or refer to Communications between You and any current or former employee of either or both Defendants regarding the allegations in this Lawsuit.**

**RESPONSE TO REQUEST FOR PRODUCTION 18:**

In addition to the above general objections, Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks *all* Communications between Plaintiff and any current or former employee of either or both Defendants, but the Request is not limited to Communications relating to the Campaign or Plaintiff's claims in this case. Not *all* Communications between Plaintiff and *any* current or former employee of either or both Defendants, including communications between Plaintiff and her husband, is relevant or likely to lead to the discovery of admissible evidence. As drafted, this Request is far too broad and therefore burdensome. Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents

protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this request because it is impermissibly vague since it does not make clear the scope of the Request, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Absent clarification, Plaintiff interprets this Request not to seek documents that concern, relate to, or refer to communications between Plaintiff and her husband (who also worked for the Campaign) that do not otherwise have anything to do with either Defendant or this case. Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 19:** **All Documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding Your search for**

**employment after Your separation from the Campaign, including, but not limited to, copies of all employment applications and accompanying documents or materials (including cover letters or email messages) that You prepared and submitted.**

**RESPONSE TO REQUEST FOR PRODUCTION 19:**

In addition to the above general objections, Plaintiff objects to this Request because the information that it seeks is not relevant to Plaintiff's claims for battery, unequal pay based on sex, and unequal pay based on race, nor is it likely to lead to the discovery of relevant evidence. Whether Plaintiff applied to jobs with organizations other than the Campaign after leaving the Campaign is not relevant to whether the Campaign underpaid her relative to white and/or male staffers performing the same or substantially the same work. Whether Plaintiff applied to jobs with organizations other than the Campaign after leaving the Campaign is not relevant to whether Defendant Trump forcibly kissed her. Further, not "all" documents "regarding" Plaintiff's search for employment following her separation from the Campaign are relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Thus, this Request is overbroad and disproportionate to the needs of the case, and unduly burdensome, because obtaining and producing all responsive documents would be expensive and time consuming even though such documents are not relevant to the case. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege.

Plaintiff further objects to this Request because it is impermissibly vague and does not clarify the scope of the Request. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies).

**REQUEST FOR PRODUCTION 20: All Documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding any job applications by You following Your separation from the Campaign, including, but not limited to, copies of all employment applications and accompanying materials (including cover letters or email messages) that You prepared and/or submitted to the White House.**

**RESPONSE TO REQUEST FOR PRODUCTION 20:**

In addition to the above general objections, Plaintiff objects to this Request because the information that it seeks is not relevant to Plaintiff's claims for battery, unequal pay based on sex, and unequal pay based on race, nor is it likely to lead to the discovery of relevant evidence. Whether Plaintiff applied to jobs with organizations other than the Campaign after leaving the Campaign is not relevant to whether the Campaign underpaid her relative to white and/or male staffers performing the same or substantially the same work. Whether Plaintiff applied to jobs with organizations other than the Campaign after leaving the Campaign is not relevant to whether Defendant Trump forcibly kissed her. Further, not "all" documents "regarding" Plaintiff's search for employment following her separation

–28–

from the Campaign are relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Thus, this Request is overbroad and disproportionate to the needs of the case, and unduly burdensome, because obtaining and producing all responsive documents would be expensive and time consuming even though such documents are not relevant to the case. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff further objects to this Request because it assumes facts not in evidence.

**REQUEST FOR PRODUCTION 21**: **All Documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding any income and benefits You received after Your employment with the Campaign.**

**RESPONSE TO REQUEST FOR PRODUCTION 21:**

In addition to the above general objections, Plaintiff objects to this Request because the information that it seeks is not relevant to Plaintiff's claims for battery, unequal pay based on sex, and unequal pay based on race, nor is it likely to lead to the discovery of relevant evidence. Documents and other materials related to Plaintiff's income and benefits *after* she left the Campaign are not relevant to whether the Campaign underpaid her relative to white employees performing substantially the same work, or whether the Campaign underpaid her relative to male employees performing substantially the same work. Nor are documents and materials regarding income and benefits after Plaintiff left the Campaign relevant to whether Defendant Trump forcibly kissed her. Further, even if this request did seek relevant materials (it does not), it is also overbroad as not "all" documents and things regarding income and benefits after Plaintiff left the Campaign are relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Thus, this Request is overbroad and disproportionate to the needs of the case, and unduly burdensome, because obtaining and producing all responsive documents would be expensive and time consuming even though such documents are not relevant to the case. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to

Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies).

**REQUEST FOR PRODUCTION 22: Any and all income tax returns, paycheck stubs, canceled checks, financial diaries, and any other Documents that indicate wages, salaries, and other income or benefits received by You from any source from January 1, 2016 to the present.**

**RESPONES TO REQUEST FOR PRODUCTION 22:**

In addition to the above general objections, Plaintiff objects to this Request because it seeks documents and materials that are not relevant to Plaintiff's claims for battery, unequal pay based on sex, and unequal pay based on race, nor is it likely to lead to the discovery of relevant evidence. Documents and other materials related to Plaintiff's income and benefits *after* she left the Campaign are not relevant to whether the Campaign underpaid her relative to white employees performing substantially the same work, or whether the Campaign underpaid her relative to male employees performing substantially the same work. Nor are documents and materials regarding income and benefits after Plaintiff left the Campaign relevant to whether Defendant Trump forcibly kissed her. Thus, this Request is overbroad and disproportionate to the needs of the case, and unduly burdensome, because obtaining and producing all responsive documents would be expensive and time consuming even though such documents are not relevant to the case. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this

Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant(s) because they are in the possession of third party(ies). Plaintiff further objects to this Request as unduly burdensome and oppressive because it seeks records that are already within the possession, custody, control of Defendant(s).

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Once a protective order has been entered in this case, Plaintiff will conduct a diligent search and reasonable inquiry and produce documents provided to her by the Campaign that reflect her pay by the Campaign.

**REQUEST FOR PRODUCTION 23:** **All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of Your rate of pay, wages and compensation and any employment-related benefits You have received from October 2016 to the present.**

**RESPONSE TO REQUEST FOR PRODUCTION 23:**

In addition to the above general objections, Plaintiff objects to this Request because the information that it seeks is not relevant to Plaintiff's claims for battery, unequal pay based on sex, and unequal pay based on race, nor is it likely to lead to the discovery of relevant evidence. Documents and other materials related to Plaintiff's income and benefits *after* she left the Campaign are not relevant to whether the Campaign underpaid her relative to white employees performing substantially the same work, or whether the Campaign underpaid her relative to male employees performing substantially the same work. Nor are documents and materials regarding income and benefits after Plaintiff left the Campaign relevant to whether Defendant Trump forcibly kissed her. Further, even if this request did

seek relevant materials (it does not), it is also overbroad as not "all" documents and things regarding pay and benefits after Plaintiff left the Campaign are relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Thus, this Request is overbroad and disproportionate to the needs of the case, and unduly burdensome, because obtaining and producing all responsive documents would be expensive and time consuming even though such documents are not relevant to the case. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because it does not make clear the scope of documents it seeks. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies).

**REQUEST FOR PRODUCTION 24:** **Copies of all Documents regarding any and all criminal proceedings against You.**

**RESPONSE TO REQUEST FOR PRODUCTION 24:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as vague because the term "criminal proceeding" is not defined. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to Defendant because if they exist they are in the possession of third party(ies). Plaintiff further objects because these requests call for the production of documents that are irrelevant and/or inadmissible. Further, documents pertaining to undefined "criminal proceedings" are irrelevant to the issues in this case and are not likely to lead to the discovery of admissible evidence. Thus, this Request is overbroad and disproportionate to the needs of the case, and unduly burdensome, because obtaining and producing all responsive documents would be expensive and time consuming even though such documents are not relevant to the case.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Absent clarification, Plaintiff interprets this Request to be a Request for documents reflecting criminal convictions within the last ten years. No responsive documents exist.

**REQUEST FOR PRODUCTION 25:** A copy of Your current resume.

−34−

**RESPONSE TO REQUEST FOR PRODUCTION 25:**

In addition to the foregoing general objections, Plaintiff objects that this Request seeks documents that are not relevant to the issues in this case because it concerns Plaintiff's employment history after her employment with the Campaign ended, which is not relevant to whether the Campaign discriminated against her in pay based on race and sex or whether Defendant Trump forcibly kissed her. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will produce the resume that she provided to the Campaign at the time that she applied for a position.

**REQUEST FOR PRODUCTION 26: All documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of all job search efforts in which You have engaged since October 2016, and all offers of employment You have received since October 2016.**

**RESPONSE TO REQUEST FOR PRODUCTION 26:**

In addition to the above general objections, Plaintiff objects to this Request because the information that it seeks is not relevant to Plaintiff's claims for battery, unequal pay based on sex, and unequal pay based on race, nor is it likely to lead to the discovery of relevant evidence. Plaintiff's search for employment after leaving the Campaign is not relevant to whether the Campaign underpaid her relative to white and/or male staffers performing the same or substantially the same work, nor is it relevant to whether Defendant Trump forcibly kissed her. Further, not "all" documents pertaining to Plaintiff's search for employment following her separation from the Campaign are relevant to the issues

in this case or likely to lead to the discovery of admissible evidence. Thus, this Request is overbroad and disproportionate to the needs of the case, and unduly burdensome, because obtaining and producing all responsive documents would be expensive and time consuming even though such documents are not relevant to the case. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as vague because it does not make the scope of the Request clear. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies).

**REQUEST FOR PRODUCTION 27:** **All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of any Communications since October 2016 between You any past, present, or prospective employer including, but not limited to, letters of reference, discipline or discharge, job offers, applications, or resume.**

**RESPONSE TO REQUEST FOR PRODUCTION 27:**

In addition to the above general objections, Plaintiff objects to this Request because the information that it seeks is not relevant to Plaintiff's claims for battery, unequal pay based on sex, and unequal pay based on race, nor is it likely to lead to the discovery of relevant evidence. Plaintiff's employment history and/or search for employment after leaving the Campaign are not relevant to whether the Campaign underpaid her relative to white and/or male staffers performing the same or substantially the same work, nor are they relevant to whether Defendant Trump forcibly kissed her. Further, not "all" documents pertaining to Plaintiff's search for employment following her separation from the Campaign are relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Thus, this Request is overbroad and disproportionate to the needs of the case, and unduly burdensome, because obtaining and producing all responsive documents would be expensive and time consuming even though such documents are not relevant to the case. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request because it is impermissibly vague as to scope. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of

other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies).

**REQUEST FOR PRODUCTION 28: A copy of the fee arrangement or arrangement with Your present attorney(s) and any prior attorney(s) regarding Your claims or potential claims against either or both defendants.**

**RESPONSE TO REQUEST FOR PRODUCTION 28:**

In addition to the above General Objections, Plaintiff objects to this Request for Production in that it seeks privileged attorney-client communications. Plaintiff further objects that this Request is not reasonably calculated to lead to the discovery of information relevant to any of Plaintiff's claims. The request has no apparent purpose other than to harass Plaintiff and her attorneys by seeking confidential, privileged information regarding the terms of her legal representation.

**REQUEST FOR PRODUCTION 29: All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of any Communications, since October 2016, between You and any past or current employee of either or both Defendants concerning Your allegations in this Lawsuit.**

**RESPONSE TO REQUEST FOR PRODUCTION 29:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought

processes, and/or trial strategy. Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks *all* Communications between Plaintiff and any current or former employee of either or both Defendants, but the Request is not limited to Communications relating to the Campaign or Plaintiff's claims in this case. Not *all* Communications between Plaintiff and *any* current or former employee of either or both Defendants, including communications between Plaintiff and her husband, is relevant or likely to lead to the discovery of admissible evidence. As drafted, this Request is far too broad and therefore burdensome. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged,

non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 31:** **All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any references to or record of any damages, injuries, or losses You allegedly have suffered as a result of Defendants' conduct as alleged in this Lawsuit or any charges of discrimination filed with the EEOC, FCHR, or any other federal, state or local administrative agency.**

**RESPONSE TO REQUEST FOR PRODUCTION 32:**

In addition to the above general objections, Plaintiff objects to this Request because it is confusingly drafted, vague, and basically unintelligible. Plaintiff does not know what is meant by "damages, injuries, or losses You have allegedly suffered as a result of . . . any charges of discrimination filed," or what else is sought by this Request. Plaintiff further objects to the extent that this Request seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative

of other Requests. Plaintiff further objects to this Request to the extent that it is unduly

burdensome and oppressive because it seeks production of documents equally available to, or more

reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff

also objects to this Request to the extent that it seeks documents that are already within Defendant's

possession, custody, and/or control, including documents exclusively within Defendant's possession,

custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it

seeks production of expert report(s) which will be produced in due course and in accordance with

the Scheduling Order entered by the Court.

**REQUEST FOR PRODUCTION 32: All Documents and Communications supporting Your**
**allegations in Paragraph 6 of the Complaint that "Not only did Ms. Johnson endure forcible**
**kissing by her boss, she experienced race and gender discrimination as one of the few females**
**and one of only a handful of African American people on the Campaign payroll."**

**RESPONSE TO REQUEST FOR PRODUCTION 32:**

In addition to the above general objections, Plaintiff objects to this Request to the extent

that it seeks communications and documents protected by the attorney-client privilege. Plaintiff

further objects to this Request to the extent that it seeks communications and documents protected

by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work

product privilege by requesting information that would reveal counsel's mental impressions, thought

processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents

protected by the marital communications privilege or any other spousal privilege. Plaintiff further

objects that this Request is impermissibly vague since it does not make clear whether it is seeking

documents protected by a privilege. Plaintiff further objects to this Request to the extent that it

seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court. Plaintiff further objects that this Request is compound and incomprehensible.

**REQUEST FOR PRODUCTION 33: All Documents and Communications supporting Your allegations in Paragraph 6 of the Complaint that "Ms. Johnson was paid less than white employees, including both staff with similar duties and lower-ranked staff. She was also paid less than similarly situated male employees."**

**RESPONSE TO REQUEST FOR PRODUCTION 33:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought

processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this request as vague since it does not make clear whether it is seeking documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of Defendant and third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 34:** **All Documents and Communications supporting Your allegations in Paragraph 16 of the Complaint that Plaintiff was "paid less than her colleagues because of her race and gender. . . . forcibly kissed in public, then subjected to humiliating**

**comments from her colleagues that caused her to relive the experience. But she experienced all of these things as a senior member of Defendant Trump's Campaign staff."**

**RESPONSE TO REQUEST FOR PRODUCTION 34:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague since it does not make clear whether it is seeking documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks

production of expert report(s) which will be produced in due course and in accordance with the

Scheduling Order entered by the Court.

**REQUEST FOR PRODUCTION 35: All Documents and Communications supporting Your allegations in Paragraph 29 of the Complaint that Plaintiff "officially joined the Campaign staff in January 2016—making her one of the earliest paid Campaign staffers."**

**RESPONSE TO REQUEST FOR PRODUCTION 35:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's

–45–

possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 36: All Documents and Communications supporting Your allegations in Paragraph 39 of the Complaint that Plaintiff "was assigned to the National Strike Team, an elite group of Campaign staffers who traveled to the most critical states during the primary season."**

**RESPONSE TO REQUEST FOR PRODUCTION 36:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because it does not make clear what the scope of the request is, including whether it seeks documents protected by a privilege. Plaintiff further objects to

this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 37: All Documents and Communications supporting Your allegation in Paragraph 46 of the Complaint that, "Thanks in part to Ms. Johnson's hard work, energy, and skills, Defendant Trump won the Republican primaries in California, Illinois, Missouri, and Indiana."**

**RESPONSE TO REQUEST FOR PRODUCTION 37:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff

–47–

further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 38:** All Documents and Communications supporting Your allegations in Paragraph 63 of the Complaint that "Defendant Trump grasped [Plaintiff's] hand and did not let go. He told her he knew she had been on the road for a long time and that she had been doing a great job. He also told Ms. Johnson that he would not forget about her, and that he was going to take care of her."

**RESPONSE TO REQUEST FOR PRODUCTION 38:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's

–49–

possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 39: All Documents and Communications supporting Your allegations in Paragraph 65 of the Complaint that "Defendant Trump was trying to kiss [Plaintiff] on the mouth, and [she] attempted to avoid this by turning her head to the right. Defendant Trump kissed her anyway, and the kiss landed on the corner of her mouth."**

**RESPONSE TO REQUEST FOR PRODUCTION 39:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this

Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 40: All Documents and Communications supporting Your allegation in Paragraph 66 of the Complaint that "Defendant Trump's kiss on Ms. Johnson's mouth was intentional . . . deliberate and required intention."**

**RESPONSE TO REQUEST FOR PRODUCTION 40:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected

by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 41: All Documents and Communications supporting Your allegation in Paragraph 68 of the Complaint that Plaintiff was "in shock about what had just transpired. She felt confused and humiliated."**

**RESPONSE TO REQUEST FOR PRODUCTION 41:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it

seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 42: Documents sufficient to identify any persons with whom you Communicated about the alleged events of August 24, 2016 including but not limited to those mentioned in Paragraph 71 of the Complaint.**

**RESPONSE TO REQUEST FOR PRODUCTION 42:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative

of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 43: All Documents constituting, referring to, reflecting or otherwise evidencing Communications between you and any person about the alleged events of August 24, 2016.**

**RESPONSE TO REQUEST FOR PRODUCTION 43:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents

protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 44: All Documents and Communications supporting Your allegation in Paragraph 84 of the Complaint that You met with an attorney on October 13, 2016.**

**RESPONSE TO REQUEST FOR PRODUCTION 44:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession,

custody, or control. Any documents produced are without prejudice to the attorney client privilege between Plaintiff and current counsel and may not be construed as a subject matter waiver.

**REQUEST FOR PRODUCTION 45: All Documents and Communications supporting Your allegation in Paragraph 86(a) of the Complaint that You met with a therapist on October 13, 2016.**

**RESPONSE TO REQUEST FOR PRODUCTION 45:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's

possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 46: All Documents and Communications supporting Your allegation in Paragraphs 91 and 92 of the Complaint that You continued communicating with an attorney in October 2016.**

**RESPONSE TO REQUEST FOR PRODUCTION 46:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be

harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control. Any documents produced are without prejudice to the attorney client privilege between Plaintiff and current counsel and may not be construed as a subject matter waiver.

**REQUEST FOR PRODUCTION 47: Documents sufficient to identify the attorney with whom You met and communicated in October 2016.**

**RESPONSE TO REQUEST FOR PRODUCTION 47:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work

product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows:

Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control. Any documents produced are without prejudice to the attorney client privilege between Plaintiff and current counsel and may not be construed as a subject matter waiver.

**REQUEST FOR PRODUCTION 48:** All Communications between You and the attorney with whom You met in October 2016 that refer or relate to either or both Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION 48:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within her possession, custody, or control once a

protective order has been entered in this case. Any documents produced are without prejudice to the attorney client privilege between Plaintiff and current counsel and may not be construed as a subject matter waiver.

**REQUEST FOR PRODUCTION 49: Documents sufficient to identify the law firm of the attorney with whom You met and communicated in October 2016.**

**RESPONSE TO REQUEST FOR PRODUCTION 49:**

      In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the

extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows:

Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control. Any documents produced are without prejudice to the attorney client privilege between Plaintiff and current counsel and may not be construed as a subject matter waiver.

**REQUEST FOR PRODUCTION 50: All Communications between You and the law firm of the attorney with whom You met in October 2016 that refer or relate to either or both Defendants.**

**RESPONSE TO REQUEST FOR PRODUCTION 50:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly

burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this request is impermissibly vague because it does not clearly identify what communications it is seeking.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control. Any documents produced are without prejudice to the attorney client privilege between Plaintiff and current counsel and may not be construed as a subject matter waiver.

**REQUEST FOR PRODUCTION 51: All Documents and Communications supporting Your allegation in Paragraph 93 of the Complaint that You continued seeing a therapist in October 2016.**

**RESPONSE TO REQUEST FOR PRODUCTION 51:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents

protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 52: Documents sufficient to identify the therapist with whom You met and communicated in October 2016.**

**RESPONSE TO REQUEST FOR PRODUCTION 52:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected

by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows:

Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 53:** **All Communications between You and any and all therapists between January 1, 2016 and the present.**

**RESPONSE TO REQUEST FOR PRODUCTION 53:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff

–67–

further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request as overbroad in that it seeks "all" communications. Not "all" communications are necessarily relevant to the issues in this case or likely to lead to the discovery of admissible evidence. And, Plaintiff may not even know whether some people that she "communicates" with are therapists. This Request is impermissibly vague as drafted.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Absent clarification, Plaintiff interprets this Request to seek Communications between herself and Lisheyna Hurvitz, and between herself and Susannah Smith. Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 54: Documents sufficient to identify all doctors, nurses, therapists, and all other types of medical and/or health care professionals with whom You have consulted from January 1, 2016 until the present.**

**RESPONSE TO REQUEST FOR PRODUCTION 54:**

In addition to the above general objections, Plaintiff objects to this request as overbroad and disproportionate to the needs of the case, and therefore as unduly burdensome and oppressive. The identities of "all" doctors, nurses, and other medical or healthcare professionals Plaintiff may have

seen since January 1, 2016 are relevant to the issues raised in this case or likely to lead to the discovery of personal information. This request seeks documents that have no relationship whatsoever to the claims or issues raised in this case. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 55: Documents sufficient to identify all medications that You have consumed from August 1, 2016 until the present, including but not limited to all prescriptions and over-the-counter medicines, vitamins/supplements and products including aspirin, ibuprofen and acetaminophen, and the date ranges and dosages which you were prescribed to consume and actually consumed of each such medication.**

**RESPONSE TO REQUEST FOR PRODUCTION 55:**

In addition to the above general objections, Plaintiff objects to this request as overbroad and disproportionate to the needs of the case, and therefore as unduly burdensome and oppressive. Not every medication that Plaintiff may have consumed since 2016 is relevant to her claims nor is such information likely to lead to the discovery of admissible information. Requiring Plaintiff to itemize

and list out every time she may have taken ibuprofen, acetaminophen, and/or aspirin, along with

vitamins and/or supplements, is unduly burdensome and oppressive, irrelevant, and

disproportionate to the needs of the case, particularly since Plaintiff has not asserted any physical

injuries associated with her claims. Plaintiff objects to this Request to the extent that it seeks

documents protected by the marital communications privilege or any other spousal privilege.

Plaintiff further objects to this Request to the extent that it seeks confidential information, the

disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no

protective order has been entered in this case. Plaintiff further objects that this Request is premature

to the extent that it seeks production of expert report(s) which will be produced in due course and

in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds that no

responsive documents exist from within the specified time period.

**REQUEST FOR PRODUCTION 56:** **Unredacted copies of all of Your medical records in**

**Your possession, custody, control, or otherwise available to You from January 1, 2012 until**

**the present.**

**RESPONSE TO REQUEST FOR PRODUCTION 56:**

In addition to the above general objections, Plaintiff objects to this request as overbroad

and disproportionate to the needs of the case, and therefore as unduly burdensome and oppressive.

This request purports to seek private, personal documents dating back to 2012 (more than four years

before Defendant Trump forcibly kissed Plaintiff, and four years before the Campaign discriminated

against her in pay based on sex and race). This Request seeks highly personal, private, confidential

materials that have no relationship whatsoever to the claims and issues in this case, particularly since

Plaintiff has not raised any claims based on physical injury. This Request is intended to harass and humiliate Plaintiff and is improper and unwarranted. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this request to the extent that it seeks documents that are more easily available, or equally available, to Defendants because they are in the possession, custody, or control of third party(ies).

**REQUEST FOR PRODUCTION 57: All Documents and Communications supporting Your allegation in Paragraph 109 of the Complaint that "Defendant Trump's conduct in kissing Ms. Johnson evidenced a conscious disregard for or indifference to her rights."**

**RESPONSE TO REQUEST FOR PRODUCTION 57:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered

in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 58: All Documents and Communications supporting Your allegations in Paragraph 110 of the Complaint that, "In addition to the forcible kissing Ms. Johnson experienced during her time with the Campaign, Ms. Johnson was vastly underpaid compared to many of her Campaign counterparts who were white, despite her critical role at various stages of the Campaign.**

**RESPONSE TO REQUEST FOR PRODUCTION 58:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected

by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 59:** All Documents and Communications supporting Your allegations in Paragraph 111 of the Complaint that "Ms. Johnson was also underpaid compared to similarly qualified and less qualified male staffers. She did not know this fact until very recently. Ms. Johnson's experience is not isolated—indeed, the Campaign engaged in systemic gender discrimination in pay against its female employees."

**RESPONSE TO REQUEST FOR PRODUCTION 59:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's

possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court. Plaintiff further objects to this Request as compound and incomprehensible.

**REQUEST FOR PRODUCTION 60: All Documents and Communications supporting Your allegations in Paragraph 112 of the Complaint regarding Sidney Bowdidge, Matt Ciepielowski, Austin Browning, David Chiokadze, and Tony Ledbetter.**

**RESPONSE TO REQUEST FOR PRODUCTION 60:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly

burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 61: All Documents and Communications supporting Your allegations in Paragraphs 113 through 116 regarding what the Campaign purportedly "knew."**
**RESPONSE TO REQUEST FOR PRODUCTION 61:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear,

including whether it seeks documents protected by a privilege. Plaintiff further objects to this

Request to the extent that it seeks confidential information, the disclosure of which could be

harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered

in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative

of other Requests. Plaintiff further objects to this Request to the extent that it is unduly

burdensome and oppressive because it seeks production of documents equally available to, or more

reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff

also objects to this Request to the extent that it seeks documents that are already within Defendant's

possession, custody, and/or control, including documents exclusively within Defendant's possession,

custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it

seeks production of expert report(s) which will be produced in due course and in accordance with

the Scheduling Order entered by the Court.

**REQUEST FOR PRODUCTION 62: All Documents and Communications supporting Your**

**allegation in Paragraph 118 of the Complaint that "[t]he Campaign's discriminatory pay was**

**part of a larger culture of racist and sexist behavior that pervaded the Campaign."**

**RESPONSE TO REQUEST FOR PRODUCTION 62:**

In addition to the above general objections, Plaintiff objects to this Request to the extent

that it seeks communications and documents protected by the attorney-client privilege. Plaintiff

further objects to this Request to the extent that it seeks communications and documents protected

by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work

product privilege by requesting information that would reveal counsel's mental impressions, thought

processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents

protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 63:** **All Documents and Communications supporting Your allegation in Paragraph 119 of the Compliant that You "endured and observed repeated instances of racist and sexist remarks throughout the Campaign."**

**RESPONSE TO REQUEST FOR PRODUCTION 63:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged,

non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 65: All Documents and other tangible items in Your possession, custody, control, or otherwise available to You (including, but not limited to, ledgers, reports, correspondence, notes, contracts, calendars, schedules, and memoranda) that refer to, concern, reflect, itemize, describe or relate to the job duties of putative class members of "the collective" referred to in Paragraph 121 of the Complaint.**

**RESPONSE TO REQUEST FOR PRODUCTION 65:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more

reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff

also objects to this Request to the extent that it seeks documents that are already within Defendant's

possession, custody, and/or control, including documents exclusively within Defendant's possession,

custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it

seeks production of expert report(s) which will be produced in due course and in accordance with

the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff

will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged,

non-work-product-protected documents that are within the time period specified and her possession,

custody, or control.

**REQUEST FOR PRODUCTION 66: All Documents and Communications supporting Count I alleged in Paragraphs 128 through 133 of the Complaint.**

**RESPONSE TO REQUEST FOR PRODUCTION 66:**

In addition to the above general objections, Plaintiff objects to this Request to the extent

that it seeks communications and documents protected by the attorney-client privilege. Plaintiff

further objects to this Request to the extent that it seeks communications and documents protected

by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work

product privilege by requesting information that would reveal counsel's mental impressions, thought

processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents

protected by the marital communications privilege or any other spousal privilege. Plaintiff further

objects to this Request as impermissibly vague because the scope of the request is not clear,

including whether it seeks documents protected by a privilege. Plaintiff further objects to this

Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

**REQUEST FOR PRODUCTION 67:** **All Documents and other tangible items in Your possession, custody, control, or otherwise available to You (including, but not limited to, ledgers, reports, correspondence, notes, contracts, calendars, schedules, and memoranda) that refer to, concern, reflect, itemize, describe or relate to the male Campaign employees who you claim are or were "similarly-situated," as alleged in Paragraph 135 of the Complaint.**

**RESPONSE TO REQUEST FOR PRODUCTION 67:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought

processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 68: All Documents and Communications supporting Count II as alleged in Paragraphs 134 through 141 of the Complaint.**

**RESPONSE TO REQUEST FOR PRODUCTION 68:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

**REQUEST FOR PRODUCTION 69:** **All Documents and Communications supporting Count III alleged in Paragraphs 142 through 148 of the Complaint.**

**RESPONSE TO REQUEST FOR PRODUCTION 69:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

**REQUEST FOR PRODUCTION 70:** All Documents and other tangible items in Your possession, custody, control, or otherwise available to You (including, but not limited to, ledgers, reports, correspondence, notes, contracts, calendars, schedules, and memoranda) that refer to, concern, reflect, itemize, describe or relate to the white Campaign employees who you claim are or were "similarly-situated" as alleged in Paragraph 143 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION 70:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's

possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 71:** **All Documents in Your possession, custody, control, or otherwise available to You that refer or relate to Trump.**

**RESPONSE TO REQUEST FOR PRODUCTION 71:**

In addition to the above general objections, Plaintiff objects to this Request because it is overbroad and vague. Trump is the President of the United States and not "all" documents in Plaintiff's possession, custody, or control that "refer" to him are relevant to this case or likely to lead to the discovery of admissible evidence. This Request is therefore unduly burdensome to respond to, and disproportionate to the needs of this case. Plaintiff further objects to this Request because it is vague as to scope, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product

privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Absent clarification, Plaintiff interprets this Request to seek documents that refer or relate to Trump that are potentially relevant to the subject matter of this lawsuit. Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 72: All Documents in Your possession, custody, control, or otherwise available to You that refer or relate to the Campaign.**

**RESPONSE TO REQUEST FOR PRODUCTION 72:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff also objects to this Request to the extent that it seeks documents that are already within Defendant's possession, custody, and/or control, including documents exclusively within Defendant's possession, custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it seeks production of expert report(s) which will be produced in due course and in accordance with the Scheduling Order entered by the Court.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Absent clarification, Plaintiff interprets this Request to seek documents that refer or relate to the Campaign that

are potentially relevant to the subject matter of this lawsuit. Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST FOR PRODUCTION 73: All Documents in Your possession, custody, control, or otherwise available to You that refer or relate to You seeking a position with the United States Embassy in Portugal.**

**RESPONSE TO REQUEST FOR PRODUCTION 73:**

In addition to the above general objections, Plaintiff objects to this Request because the information that it seeks is not relevant to Plaintiff's claims for battery, unequal pay based on sex, and unequal pay based on race, nor is it likely to lead to the discovery of relevant evidence. Whether Plaintiff applied to jobs with organizations other than the Campaign after leaving the Campaign is not relevant to whether the Campaign underpaid her relative to white and/or male staffers performing the same or substantially the same work. Whether Plaintiff applied to jobs with organizations other than the Campaign after leaving the Campaign is not relevant to whether Defendant Trump forcibly kissed her. Further, not "all" documents "regarding" Plaintiff's search for employment following her separation from the Campaign are relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Thus, this Request is overbroad and disproportionate to the needs of the case, and unduly burdensome, because obtaining and producing all responsive documents would be expensive and time consuming even though such documents are not relevant to the case. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as

impermissibly vague because the scope of the request is not clear as to whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies).

**REQUEST FOR PRODUCTION 74:** **Your written agreement(s) with Public Justice.**

**RESPONSE TO REQUEST FOR PRODUCTION 74:**

In addition to the above General Objections, Plaintiff objects to this Request for Production in that it seeks privileged attorney-client communications. Plaintiff further objects that this Request is not reasonably calculated to lead to the discovery of information relevant to any of Plaintiff's claims. The request has no apparent purpose other than to harass Plaintiff and her attorneys by seeking confidential, privileged information regarding the terms of her legal representation.

**REQUEST FOR PRODUCTION 75:** **All Documents that constitute, refer or relate to Your Communications with Public Justice.**

## RESPONSE TO REQUEST FOR PRODUCTION 75:

In addition to the above General Objections, Plaintiff objects to this Request for Production as facially impermissible in that it explicitly seeks privileged attorney-client communications. Plaintiff further objects to the request as vague, ambiguous and overbroad in its use of the term "refer or relate to communications with Public Justice."

**REQUEST FOR PRODUCTION 76: All Documents that constitute, refer or relate to Your Communications with any members of the news media before and/or after this Lawsuit was filed regarding Your allegations relating to either or both of the Defendants.**

## RESPONSE TO REQUEST FOR PRODUCTION 76:

In addition to the foregoing general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally

available to, or more reasonably available to, Defendant because they are in the possession of third party(ies).

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the time period specified and her possession, custody, or control.

**REQUEST OFR PRODUCTION 77: All Documents and Communications that refer or relate to any actual and/or potential book(s) by You relating to either or both of the Defendants, including but not limited to Documents and Communications that refer or relate to any efforts by You and/or any one acting on Your behalf to pitch, propose, bid on, negotiate, develop, write, edit, or promote any such actual or potential book(s).**

**RESPONSE TO REQUEST FOR PRODUCTION 77:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be

harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request because it assumes facts not in evidence.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: No responsive documents exist.

**REQUEST FOR PRODUCTION 78:** **All drafts and/or versions of any actual and/or potential book(s) by You relating to either or both of the Defendants.**

**RESPONSE TO REQUEST FOR PRODUCTION 78:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request because it assumes facts not in evidence.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: No responsive documents exist.

**REQUEST FOR PRODUCTION 79:** **All Documents that constitute, refer or relate to Your Communications with any publishers or their representatives relating to either or both of the Defendants.**

**RESPONSE TO REQUEST FOR PRODUCTION 79:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request because it assumes facts not in evidence.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: No responsive documents exist.

**REQUEST FOR PRODUCTION 80: All Documents that constitute, refer or relate to Your Communications with any literary agents relating to either or both of the Defendants.**

**RESPONSE TO REQUEST FOR PRODUCTION 80:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought

processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: No responsive documents exist.

**REQUEST FOR PRODUCTION 81: All Documents that constitute, refer or relate to Your Communications with any publicists relating to either or both of the Defendants.**

**RESPONSE TO REQUEST FOR PRODUCTION 81:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks to invade the attorney work product privilege by seeking to discover materials created by agents of Plaintiff's counsel at the direction of Plaintiff's counsel. Plaintiff further objects to this Request to the extent that it seeks confidential information,

the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no

protective order has been entered in this case.

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: No non-

privileged, non-work-product-protected materials exist.

**REQUEST FOR PRODUCTION 82: All Documents and Communications that refer or relate to any actual or potential media appearances, interviews or statements by You relating to either or both of the Defendants, including but not limited to any requests directed to You, any offers by You, any transcripts, notes, articles, recordings (audio, visual, or audio-visual) or contracts/agreements related to any actual or potential media appearance, interviews or statements, and all revenues or compensation received by You therefrom.**

**RESPONSE TO REQUEST FOR PRODUCTION 82:**

In addition to the above general objections, Plaintiff objects to this Request to the extent

that it seeks communications and documents protected by the attorney-client privilege. Plaintiff

further objects to this Request to the extent that it seeks communications and documents protected

by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work

product privilege by requesting information that would reveal counsel's mental impressions, thought

processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents

protected by the marital communications privilege or any other spousal privilege. Plaintiff further

objects to this Request to the extent that it seeks to invade the attorney work product privilege by

seeking to discover materials created by agents of Plaintiff's counsel at the direction of Plaintiff's

counsel. Plaintiff further objects to this Request to the extent that it seeks confidential information,

the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no

protective order has been entered in this case. Plaintiff further objects to this Request to the extent that it seeks information equally available to Defendant(s) because it is publicly available or otherwise in the possession of third party(ies).

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce all relevant, responsive non-privileged, non-work-product-protected documents that are within the specified time period and her possession, custody, or control.

**REQUEST FOR PRODUCTION 83: All Documents and Communications that refer or relate to any promotional or publicity activities relating to either or both of the Defendants by You, Public Justice, and/or anyone acting on Your behalf, before and/or after this Lawsuit was filed, including but not limited to soliciting, scheduling, organizing or preparing for any media appearances, interviews, statements, or press releases.**

**RESPONSE TO REQUEST FOR PRODUCTION 83:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff further objects to this Request to the extent that it seeks to invade the attorney work product privilege by seeking to discover materials created by agents of Plaintiff's counsel at the direction of Plaintiff's counsel. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks

–98–

documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request because it is duplicative of other requests and therefore unduly burdensome and oppressive. Plaintiff further objects to this request because it is overbroad in that it seeks "all" documents and communications relating to "any" promotional or publicity activities relating to the President of the United States and his campaign, which could encompass materials wholly unrelated to the case. Plaintiff further objects to this Request to the extent it seeks documents that are equally accessible to Defendant(s) because they are in the possession, custody, or control of third party(ies).

Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a diligent search and reasonable inquiry and produce press releases and press statements.

Date: June 6, 2019                     Respectfully submitted,

                                        /s/ Hassan A. Zavareei
                                       Hassan A. Zavareei (*pro hac vice*)
                                       Katherine M. Aizpuru (*pro hac vice*)
                                       TYCKO & ZAVAREEI LLP
                                       1828 L Street, N.W., Suite 1000
                                       Washington, D.C. 20036
                                       Telephone: 202-973-0900
                                       Facsimile: 202-973-0950
                                       hzavareei@tzlegal.com
                                       kaizpuru@tzlegal.com

                                       Tanya S. Koshy (*pro hac vice*)
                                       TYCKO & ZAVAREEI LLP
                                       1970 Broadway, Suite 1070

–99–

Oakland, CA 94612
P: (510) 250-3298
F: (202) 973-0950
tkoshy@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
VARNELL & WARWICK, PA
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (*pro hac vice*)
Karla Gilbride (*pro hac vice*)
PUBLIC JUSTICE, P.C.
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice*)
PUBLIC JUSTICE, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2019, the foregoing document was served, with the consent of all parties, by electronic mail on counsel of record for Defendants.

/s/ Hassan A. Zavareei
Hassan A. Zavareei

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **ALVA JOHNSON,**<br>**Individually and On Behalf of All Others**<br>**Similarly Situated,**<br><br>           **Plaintiff,**<br><br>   **v.**<br><br>**DONALD J. TRUMP,**<br>**In his Individual Capacity and**<br>**DONALD J. TRUMP FOR**<br>**PRESIDENT, INC.**<br><br>          **Defendant.** | **Case No. 8:19-cv-00475-WFJ-SPF** |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT DONALD J.**
**TRUMP FOR PRESIDENT, INC.'S FIRST REQUESTS FOR PRODUCTION OF**
**DOCUMENTS TO PLAINTIFF**

Plaintiff Alva Johnson objects and responds to Defendant Donald J. Trump for President, Inc.'s First Requests for Production of Documents to Plaintiff, served May 7, 2019, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action are ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Requests for Production propounded by Donald J. Trump for President, Inc. ("the Campaign") and/or Defendant Donald J. Trump ("Defendant Trump") (collectively, "Defendants"), Plaintiff does not waive, and hereby expressly reserves, her right to assert any and all objections to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including but not limited to competency, relevancy, materiality, and privilege. Plaintiff makes the responses and

objections herein without in any way implying that she considers the Requests for Production, and responses to the Requests for Production, relevant or material to the subject matter of this action.

3.      Plaintiff will provide information and documents that are presently within her personal knowledge, possession, custody, or control. Her possession, custody, or control does not include information or documents that are publicly available and does not include any constructive possession conferred by Plaintiff's right or power to compel the production of documents or information from third parties.

4.      A response to a Request for Production stating that objections or indicating that documents may be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that Plaintiff acquiesces in the characterization of the conduct or activities described in the Request for Production or the definitions and/or instructions to the Request for Production.

5.      To the extent documents containing confidential subject matter are going to be produced in response to these Requests, they will be produced only after a protective order has been entered in this case.

6.      All documents produced are without prejudice to the attorney client privilege between Plaintiff and her current counsel and may not be construed as a subject matter waiver.

## **<u>GENERAL OBJECTIONS</u>**

The following objections are incorporated by reference into each of Plaintiff's specific responses below.

1.      Plaintiff objects to the "Definitions," "Instructions," and to each discovery request to the extent they propose to impose any requirement or discovery obligation on Plaintiff greater

–2–

than or different than those imposed by the Federal Rules of Civil Procedure and the applicable rules of this Court.

2.      Plaintiff objects to the Requests for Production to the extent that they seek documents or information that is protected by the attorney-client privilege, constitutes attorney work product, was prepared in anticipation of litigation or for trial, or is otherwise privileged from discovery. Inadvertent disclosure of any privileged documents or information in response to the Requests shall not constitute a waiver of any applicable privilege.

3.      Plaintiff objects to the Requests for Production as premature (at this stage of the litigation) to the extent they involve opinions or contentions that relate to fact or the application of law to fact and to the extent that they call for documents or information that will be produced and/or discovered through upcoming discovery.

4.      No response to a Request for Production shall be deemed to constitute any agreement or concession that the subject matter of the Requests for Production is relevant to this action, and all responses shall be made without waiving or intending to waive any objection, including but not limited to objections as to relevance, privilege, or admissibility.

5.      Plaintiff objects to each Request for Production to the extent that it is duplicative of other discovery requests or asks Plaintiff to provide information that has already been produced to Defendant. Plaintiff reserves the right to produce documents or information that may be responsive to multiple requests only once.

6.      Plaintiff objects to each Request for Production to the extent that it asks Plaintiff to provide information that Defendant can know or which Defendant is responsible for knowing.

7.      Plaintiff objects to each Request for Production to the extent that it calls for documents or information already within in Defendant's possession, custody, or control or are publicly available and just as easily obtainable by Defendant as they are by Plaintiff. Plaintiff will not produce documents that are responsive but are publicly available. Plaintiff will not produce documents that are responsive but equally available to both parties.

8.      Plaintiff objects to the Requests for Production to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and oppressive.

9.      Plaintiff objects to the Requests for Production to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time period.

10.     Plaintiff objects to the Requests for Production to the extent they assume facts that are not in evidence. By responding to these requests, Plaintiff does not admit, concede, or agree with any explicit or implicit assumption made in the Requests.

11.     Plaintiff objects to the Requests for Production to the extent that they seek to define terms and/or characterize the evidence in this matter, and to the extent that they contain terms or concepts that are vague, ambiguous, and/or otherwise unintelligible. To the extent that Plaintiff adopts any terms or characterizations used by Defendant in these Requests for Production, such adoption is specifically limited solely to these responses.

12.     Plaintiff objects to the Requests for Production to the extent that they seek disclosure of "any" documents or information responsive to a particular Request for Production on the grounds that such a request is premature, overly broad, and unduly burdensome.

13.     Plaintiff objects to the Requests for Production to the extent that they seek production of sensitive confidential personal information.

14.     Plaintiff objects to the Requests for Production as overly broad and unduly burdensome to the extent they request documents without specifying a time period. Therefore, notwithstanding any of Plaintiff's other general or specific objections, where Defendants do not specify a responsive period, Plaintiff is restricting her responses to documents from September 1, 2015 to the present.

15.     Plaintiff objects to each Request to the extent it seeks documents protected by the marital communications privilege or any other spousal privilege.

16.     Plaintiff expressly incorporates each of these General Objections into each response below. No Response shall be understood as, nor is it intended to be, a waiver to any General Objection or specific objection that may be separately stated in response to any Request for Production.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION 30:** **All documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to Your claim (if any) for unemployment compensation benefits after Your separation from the Campaign, including all recordings of hearings.**

**RESPONSE TO REQUEST FOR PRODUCTION 30:**

In addition to the above general objections, Plaintiff objects to this Request because the information that it seeks is not relevant to Plaintiff's claims for battery, unequal pay based on sex, and unequal pay based on race, nor is it likely to lead to the discovery of relevant evidence. Documents and

–5–

other materials related to income Plaintiff may have received *after* she left the Campaign are not relevant to whether the Campaign underpaid her relative to white employees performing substantially the same work, or whether the Campaign underpaid her relative to male employees performing substantially the same work. Nor are documents and materials regarding income and benefits after Plaintiff left the Campaign relevant to whether Defendant Trump forcibly kissed her. Further, even if this request did seek relevant materials (it does not), it is also overbroad as not "all" documents and things regarding income and benefits after Plaintiff left the Campaign are relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Thus, this Request is overbroad and disproportionate to the needs of the case, and unduly burdensome, because obtaining and producing all responsive documents would be expensive and time consuming even though such documents are not relevant to the case. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of

documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies).

Subject to and notwithstanding the above objections, Plaintiff responds as follows: No such documents exist.

**REQUEST FOR PRODUCTION 64:** All Documents and Communications supporting Your collective action allegations in Paragraphs 120 through 127 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION 64:**

In addition to the above general objections, Plaintiff objects to this Request to the extent that it seeks communications and documents protected by the attorney-client privilege. Plaintiff further objects to this Request to the extent that it seeks communications and documents protected by the attorney work product doctrine, and to the extent that it seeks to invade the attorney work product privilege by requesting information that would reveal counsel's mental impressions, thought processes, and/or trial strategy. Plaintiff objects to this Request to the extent that it seeks documents protected by the marital communications privilege or any other spousal privilege. Plaintiff further objects to this Request as impermissibly vague because the scope of the request is not clear, including whether it seeks documents protected by a privilege. Plaintiff further objects to this Request to the extent that it seeks confidential information, the disclosure of which could be harmful, embarrassing, or prejudicial to Plaintiff, even though no protective order has been entered in this case. Plaintiff further objects to this Request as unduly burdensome because it is duplicative of other Requests. Plaintiff further objects to this Request to the extent that it is unduly burdensome and oppressive because it seeks production of documents equally available to, or more reasonably available to, Defendant because they are in the possession of third party(ies). Plaintiff

–7–

also objects to this Request to the extent that it seeks documents that are already within Defendant's

possession, custody, and/or control, including documents exclusively within Defendant's possession,

custody, and/or control. Plaintiff further objects that this Request is premature to the extent that it

seeks production of expert report(s) which will be produced in due course and in accordance with

the Scheduling Order entered by the Court.


Date: June 7, 2019                          Respectfully submitted,

                                             /s/ Hassan A. Zavareei
                                            Hassan A. Zavareei (*pro hac vice*)
                                            Katherine M. Aizpuru (*pro hac vice*)
                                            TYCKO & ZAVAREEI LLP
                                            1828 L Street, N.W., Suite 1000
                                            Washington, D.C. 20036
                                            Telephone: 202-973-0900
                                            Facsimile: 202-973-0950
                                            hzavareei@tzlegal.com
                                            kaizpuru@tzlegal.com

                                            Tanya S. Koshy (*pro hac vice*)
                                            TYCKO & ZAVAREEI LLP
                                            1970 Broadway, Suite 1070
                                            Oakland, CA 94612
                                            P: (510) 250-3298
                                            F: (202) 973-0950
                                            tkoshy@tzlegal.com

                                            Janet Varnell (Fla. Bar No. 71072)
                                            Brian W. Warwick, (Fla. Bar No. 0605573)
                                            VARNELL & WARWICK, PA
                                            P.O. Box 1870
                                            Lady Lake, FL 32158-1870
                                            P: 352-753-8600
                                            F: 352-503-3301
                                            jvarnell@varnellandwarwick.com
                                            bwarwick@varnellandwarwick.com

                                            –8–

F. Paul Bland (*pro hac vice*)
Karla Gilbride (*pro hac vice*)
PUBLIC JUSTICE, P.C.
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice*)
PUBLIC JUSTICE, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2019, the foregoing document was served, with the consent of all parties, by electronic mail on counsel of record for Defendants.

/s/ Hassan A. Zavareei
Hassan A. Zavareei

–9–

# EXHIBIT F



132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212 • 424.203.1600

260 MADISON AVENUE, SIXTEENTH FLOOR
NEW YORK, NY 10016 • 212.799.1400

WWW.HARDERLLP.COM

June 7, 2019

<u>**VIA E-MAIL**</u>
Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street NW, Suite 1000
Washington, DC 20036
hzavareei@tzlegal.com

      Re:    <u>**Alva Johnson v. Donald J. Trump for President, Inc.,** *et al.*</u>
            <u>**M.D. Fla. USDC Case No. 8:19-cv-00475**</u>

Dear Mr. Zavareei:

      Pursuant to Federal Rule of Civil Procedure 37(a)(1), we write to meet and confer regarding the responses of plaintiff Alva Johnson ("Plaintiff") to defendant Donald J. Trump for President, Inc.'s (the "Campaign") First Requests for Production of Documents, First Set of Interrogatories and First Set of Requests for Admission to Plaintiff.

      Plaintiff has improperly refused to fully respond or produce documents in response to a substantial number of the Campaign's requests.  As detailed below, the Campaign's requests are narrowly tailored to seek information and documents directly relevant to this action, and Plaintiff's objections are without merit.  In an effort to resolve these matters without involving the Court, the Campaign addresses Plaintiff's objections and responses as follows:

      <u>**Plaintiff's Responses to the Campaign's First Set of Requests for Production**</u>

      **Request for Production No. 4** seeks Plaintiff's non-privileged communications with others concerning her allegations in this lawsuit and/or facts supporting those allegations. Plaintiff's contention that "[i]t is not possible to understand what documents this Request is seeking" is evasive and without merit.  Such documents go to the very heart of Plaintiff's claims, and if she is to be believed, Plaintiff should have nothing to hide as her third-party communications would presumably be consistent with and support her contentions.  It is therefore improper for her to refuse to produce any of them.

      **Request for Production No. 7** seeks those documents which Plaintiff may use for any purpose associated with this lawsuit, including preparation for testimony and potential trial exhibits.  To be clear, this Request is not seeking documents properly subject to the work product doctrine or the attorney-client privilege.  The relevance and discoverability of the requested documents is manifest and your client's refusal to provide them is inconsistent with fundamental purposes of civil discovery.

June 7, 2019
Re: Alva Johnson v. Donald J. Trump for President, Inc., *et al.*
Page 2

    **Request for Production No. 8** seeks documents (if any) demonstrating that all conditions precedent to bringing this action have occurred, including but not limited to the exhaustion of administrative remedies.  Such documents are relevant to determine whether Plaintiff has complied with all prerequisites necessary to maintain her claims and must be produced.

    **Request for Production Nos. 19–23, 25–27 and 73** seek documents concerning Plaintiff's professional career following her departure from the Campaign.  These documents are relevant and discoverable for a number of reasons, including that her subsequent employment (like her prior jobs) evidence her fair market earning potential.  Moreover, the Campaign is informed that Plaintiff sought to work under the Trump administration in some capacity such as at the United States Embassy in Portugal and even in the White House itself after Mr. Trump won the general presidential election—undermining the credibility of her claimed disgust and aversion to the defendants.  All of the requested documents must therefore be produced.

    **Request for Production No. 24** seeks documents regarding all criminal proceedings against Plaintiff.  Your client's response that, "Absent clarification, Plaintiff interprets this Request to be a Request for documents reflecting criminal convictions within the last ten years" is unacceptable, as the category on its face is not in any way so limited.  Plaintiff must produce all responsive documents, without limitation as to timeframe.

    **Request for Production Nos. 28 and 74–75** seek copies of Plaintiff's written agreements with Public Justice and her attorneys, and her communications with Public Justice.  Public Justice is not a law firm; it is a non-profit organization that provides a number of services unrelated to legal representation.  Accordingly, every communication that Plaintiff has had with anyone affiliated with the organization which did not constitute the rendering of legal counsel is discoverable and must be produced.

    Plaintiff did not respond to **Request for Production Nos. 30 or 64**, thereby waiving any objections thereto.  Accordingly, Plaintiff must produce all documents in her possession, custody or control that are responsive to these Requests.

    **Request for Production Nos. 32, 34, 59, 61, 66, 68–69** are routine contention requests seeking copies of any materials that Plaintiff contends support the allegations and claims in her Complaint.  Document demands like these are so routine in civil discovery that their permissibility—indeed, necessity—cannot reasonably be disputed, and responsive documents must be produced.

    **Request for Production No. 56** seeks your client's pertinent medical records.  "Courts have routinely held that, by putting one's medical condition at issue in a lawsuit, a plaintiff waives any privilege to which he may have otherwise been entitled as to his privacy interests in his medical records."  *Lozman v. City of Riviera Beach*, 2014 WL 12692766, at *1 (S.D. Fla. May 2, 2014).  Here, Plaintiff has unquestionably placed her medical condition at issue through

June 7, 2019
Re: Alva Johnson v. Donald J. Trump for President, Inc., *et al.*
Page 3

her claims for emotional distress.  (*See e.g.* Complaint, ¶¶ 93,130, 140, 147; Complaint Prayer for Relief Count II, ¶ 13).  Plaintiff must therefore produce the requested medical records.

**Request for Production No. 83** seeks documents regarding any promotional or publicity activities by Plaintiff, Public Justice and/or anyone acting on her behalf relating to either or both of the defendants, including, but not limited to soliciting, scheduling, organizing or preparing for any media appearances, interviews, statements or press releases.  Plaintiff's response that she will only provide "press statements" and "press releases" is unacceptable, as the category of relevant documents sought is much broader than the subset she has agreed to produce.  Plaintiff must produce all responsive documents without this limitation.

Finally, in every one of the approximately sixty (60) instances where Plaintiff commits to complying with a Request, her written response indicates that she will only "produce all **relevant**, responsive non-privileged, non-work-product-protected documents" (emphasis added).  Use of the qualifier "relevant" introduces unnecessary ambiguity by suggesting that Plaintiff may possess or control responsive documents that she is withholding based on an improper, unilateral determination that they are irrelevant.  Accordingly, please withdraw this limitation, and confirm that Plaintiff will agree to produce all responsive, non-privileged documents whether or not Plaintiff herself deems them relevant.

## Plaintiff's Responses to the Campaign's First Set of Interrogatories

**Interrogatory Nos. 1-4** ask Plaintiff to state all facts relating to, supporting or negating each of the claims she has asserted in this action.  Instead of providing a response to these basic Interrogatories, Plaintiff asserts a litany of boilerplate objections, and even contends that answering them "requires the performance of an impossibility," which defies logic.  Plaintiff's refusal to substantively respond to these Interrogatories is clearly improper and the requested information is routinely sought through interrogatory.  *See Arthrex, Inc. v. Parcus Med., LLC,* 2012 WL 12904172, at *2 (M.D. Fla. June 25, 2012) (holding contention interrogatories are "proper" and "constitute a valid and constructive discovery tool."); Fed.R.Civ.P. 33, Advisory Committee Notes, 2007 ("Opinion and contention interrogatories are used routinely.") Accordingly, Plaintiff must fully respond to each of these Interrogatories.

**Interrogatory No. 6** asks Plaintiff to state all facts regarding any job applications by Plaintiff following her separation from the Campaign.  This Interrogatory is relevant for the reasons stated above in connection with Request for Production Nos. 19–23, 25–27 and 73, and Plaintiff must fully respond thereto.

**Interrogatory Nos. 9-11** seeks information regarding the medical/heath care professionals seen by Plaintiff and the medications taken by Plaintiff.  Plaintiff's refusal to provide substantive responses to these Interrogatories until entry of a protective order is improper because she has placed her mental health at issue, thereby waiving any potential privacy interests in the requested information.  Accordingly, Plaintiff must immediately provide her substantive responses to these Interrogatories.

{00100837;1}

June 7, 2019
Re: Alva Johnson v. Donald J. Trump for President, Inc., *et al.*
Page 4

**Interrogatory No. 12** asks Plaintiff to state all facts relating to, supporting or negating any of Plaintiff's responses to the Campaign's Requests for Admission that are not an unqualified admission.  This is also a proper contention interrogatory, which routinely accompanies requests for admission.  In fact, Plaintiff propounded a nearly identical interrogatory on defendant Donald J. Trump (Interrogatory No. 3), only to withdraw it one day before Plaintiff's responses were due, likely in an effort to avoid having to respond to the interrogatory served by the Campaign.  Regardless of Plaintiff's withdrawal of her own interrogatory, she must provide a substantive response to the Campaign's interrogatory.

### Plaintiff's Responses to the Campaign's First Set of Requests for Admission

**Request for Admission Nos. 22-23** request Plaintiff to admit that she sought a position with the White House following the 2016 election and a position with the United States Embassy in Portugal.  These Requests are relevant for the reasons stated above in connection with Request for Production Nos. 19–23, 25–27 and 73, and Plaintiff must admit or deny them.

**Request for Admissions Nos. 34-35** request Plaintiff to admit that the Campaign paid for her travel, meals and lodging.  Plaintiff's objection that these Requests are "impermissibly vague and ambiguous" is without merit.  Plaintiff does not identify any specific terms she contends to be vague or ambiguous, and there can be no reasonable dispute about the meaning of these Requests or the information sought.  Additionally, Plaintiff's objection that these Requests are compound because each "refers to travel, meals, and lodging and does not specify which travel, meals, and lodging it is referring to" is without merit.  In any event, Plaintiff cannot refuse to respond to these Requests based on a claim that they are compound.  If any portion of a request for admission is true, the party to whom it is directed must admit that portion.  *See* Fed.R.Civ.P. 36(a)(4) ("when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.").

**Request for Admission No. 36** asks Plaintiff to admit that she voluntarily accepted employment with the Campaign.  This Request is simple and straightforward, and there is no basis for Plaintiff to object that it is "impermissibly vague and ambiguous."  Plaintiff must admit or deny this Request.

**Request for Admission No. 37** asks Plaintiff to admit that the Campaign paid her wages on a periodic basis and that she was aware of the amount of wages she received.  Plaintiff's refusal to provide a response based on her contention that the Request calls for a legal conclusion is improper.  *See* Fed.R.Civ.P. 36(a)(1)(A) ("A party may serve on any other party a written request to admit…relating to…the application of law to fact.")  Plaintiff's boilerplate objection that the Request is "vague and ambiguous" is also without merit, and she cannot refuse to respond to the Request based on her objection that it is compound.

**Request for Admission No. 38** asks Plaintiff to admit certain findings of the United States Census Bureau regarding household income in Alabama.  This is directly relevant to her claims because, among other things, it reflects a lack of any kind of disparity in the pay she

June 7, 2019
Re: Alva Johnson v. Donald J. Trump for President, Inc., *et al.*
Page 5

received.  Moreover, because Census Bureau information is public and readily available, Plaintiff can easily determine the truth of the Request based on a reasonable inquiry (which she is required to make in providing her responses).

<u>**Conclusion**</u>

Please let us know your availability to meet and confer in further detail by telephone next Tuesday, June 11 or Wednesday, June 12, 2019.  If we are unable to resolve these matters, the Campaign will have no choice but to seek appropriate relief from the Court, including a motion to compel and monetary sanctions for Plaintiff's failure to comply with her discovery obligations.

This letter is not intended as a full or complete statement of all relevant facts or applicable law, and nothing herein is intended as, nor should it be deemed to constitute, a waiver or relinquishment of any of my clients' rights, remedies, claims or causes of action, all of which are hereby expressly reserved.

Sincerely,

CHARLES J. HARDER Of
**HARDER LLP**

cc:     Ryan J. Stonerock, Esq.
        Henry L. Self III, Esq.
        Steven H. Frackman, Esq.
        Dawn Siler-Nixon, Esq.
        Tracey Jaensch, Esq.
        Katherine M. Aizpuru, Esq.
        Janet R. Varnell, Esq.
        Brian W. Warwick, Esq.
        Tanya S. Koshy, Esq.
        Jennifer D. Bennett, Esq.
        F. Paul Bland, Esq.
        Karla A. Gilbride, Esq.

# EXHIBIT G



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

June 12, 2019

**VIA EMAIL**

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
charder@harderllp.com

Dear Counsel:

I write in response to your letter of June 7, 2019 regarding my client's responses to Defendant Donald J. Trump for President, Inc.'s ("the Campaign") First Requests for Production of Documents, First Set of Interrogatories, and First Set of Requests for Admission to Plaintiff. I also write to meet and confer regarding a proposed motion for a protective order and motion for an order regarding discovery of electronically stored information. As I have previously explained, we intend to work with you in good faith on discovery matters in this case. We genuinely hope that any disputes can be resolved cooperatively, without involving the Court. However, Plaintiff's objections to your discovery requests are wholly proper and supported by law.

**Electronically Stored Information**

Turning first to the issue of electronically stored discovery, in our joint case management report filed with the Court, you agreed that "[t]he parties . . . anticipate entering into a joint stipulation concerning the protocol for handling electronically stored information (ESI)." *See* Dkt. 36 at 6. Consistent with that agreement, I sent you a proposed ESI protocol on May 30, 2019. But instead of acting in accordance with your prior agreement, you asserted for the first time that you would not enter into an ESI protocol in this case. Only after we expressed our intent to seek an order from the Court entering our proposed ESI protocol did you finally agree.

As I have repeatedly explained, Plaintiff's collection and production of documents does require entry of an ESI protocol, as does Defendants'. With regard to Defendants' forthcoming production (which we expect will be fulsome, given our agreement to multiple extensions of time to respond), your colleague, Tracey Jaensch, stated that "Our plan in responding to your discovery to the Campaign on the pay issues would be to engage in email searches." Part of an ESI protocol is agreeing upon search terms and custodians. You asked what specific ESI we expect to be included in the production; as examples only, we expect that Defendants' production will include, among other things, emails and text messages relating to Ms. Johnson from her colleagues on the Campaign as well as from witnesses to the forced kiss; documents and correspondence relating to Defendant Trump's history of nonconsensual kissing and



**WASHINGTON DC**
1828 L Street, NW  |  Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway  |  Suite 1070
Oakland, CA 94612
510.254.6808

touching of women; and internal documents and correspondence relating to the Campaign's compliance (or lack thereof) with federal law on pay equity; and payroll data—along with other materials responsive to our requests. Identifying responsive documents, ensuring a thorough and complete collection of these documents, and producing them in a usable format requires entry of an ESI protocol. Your proposed approach of running search terms through Outlook on unspecified email accounts is haphazard and unacceptable. And Ms. Jaensch's proposal of cost-shifting at this stage is highly inappropriate. As you are no doubt aware, "[t]he presumption is that the responding party must bear the expense of complying with discovery requests." *Wakefield v. City of Pembroke Pines*, 2006 WL 8431629, at *2 (S.D. Fla. Mar. 16, 2006) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978)); *see also Tussing v. Sprinkle*, 2013 WL 1216491, at *1 n.1 (M.D. Fla. Oct. 22, 2013) (denying request for cost-shifting where producing responsive documents would require defendant to shut down his business for a period of time); *Stewart v. Cont'l Cas. Co*., 2014 WL 12600282, at *4 (S.D. Ala. Jan. 9, 2014) (citation omitted) ("Cost-shifting should be considered only when electronic discovery imposes and 'undue burden or expense' on the responding party."). *Accord Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 284 (S.D.N.Y. 2003) (stating that "cost-shifting is potentially appropriate only when *inaccessible* data is sought"). Your clients cannot evade their discovery obligations in this case by complaining that an orderly approach to electronic discovery is too expensive.

Hopefully, we can agree on a stipulated ESI protocol tomorrow. But either way, we will not permit your continued obstruction to delay discovery in this case. Thus, if you continue to cause unnecessary delay by refusing to provide concrete suggestions and edits, we intend to seek entry of a Court order implementing our proposed ESI protocol so that discovery in this case can proceed in an orderly fashion.

Notwithstanding your obstruction on the subject of an ESI protocol, we are continuing to move forward expeditiously with document collection and anticipate beginning a rolling production soon. In connection with our eDiscovery vendor, we have collected and begun reviewing documents from multiple sources, including email and physical devices. We have also provided additional devices to our vendor for imaging, and anticipate receiving additional documents from our client via mail in the coming days. We will continue to work with our vendor to gather responsive documents and produce them as promptly as reasonably possible under the circumstances.

### Protective Order

The aforementioned circumstances include an additional item of obstruction on your part: our continuing dispute over an appropriate protective order. While we have produced some written discovery responses and may be in a position to produce some documents prior to entry of a protective order, other documents and written discovery responses include private, sensitive information that we will not produce until the appropriate safeguards are in place. There is



▶ **WASHINGTON DC**
1828 L Street, NW │ Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway │ Suite 1070
Oakland, CA 94612
510.254.6808

simply no good reason why you have been unwilling to agree to a straightforward stipulated protective order. We sent you a proposed stipulated protective order on May 30, 2019. Instead of suggesting edits, you sent back a different proposed order. For the reasons stated in my colleague Jennifer Bennett's email of June 3, 2019, your proposed alternative was not in accord with the law, the Federal Rules, and/or best practices regarding confidentiality. We thus requested that you instead offer any changes to our proposed order for consideration.

On June 5, 2019, not having heard back from you, Ms. Bennett advised that although our discovery responses would be due the following day, we would be unable to produce confidential materials until entry of a protective order. You stated that you would provide "a response" to the proposed protective order. To date, we have not received your response, despite my request on June 6, 2019 that you begin working with us collaboratively to facilitate production of documents.

Again, we will not permit your obstructive tactics to delay the orderly progression of discovery in this case, and to that end we intend to seek an order from the Court entering the protective order that we proposed on May 30. Once the Court has ordered appropriate safeguards of confidential information, we will produce responsive materials (not subject to objection, of course), which, as noted above, we have already begun to collect, as speedily as reasonably possible.

### Responses and Objections to Discovery

Your letter also raised a bevy of complaints about our objections to your numerous discovery requests. Each of these complaints lacks merit. Your contention that the Campaign's requests—many of which feature unbounded and nonspecific demands for "all documents" or "all facts," among other problems—are "narrowly tailored" is simply untrue, and each of our objections to your requests is proper. Your threat of a motion to compel is unfounded, because you cannot compel responses to improper and/or unintelligible discovery requests.

**1.      Requests for Production of Documents.**

**RFP No. 4.** Request for Production ("RFP") No. 4 seeks "all documents and other tangible items in Your possession, custody, control, or otherwise available to You that support, pertain to, or contain any reference to or record of any Communication between You and any person (other than Your lawyer) concerning the Allegations asserted in Your Complaint, and/or facts supporting Your allegations." Thus, your characterization, in your letter, of the Request as seeking merely "non-privileged communication with others concerning her allegations in this lawsuit" does not reflect the actual scope of this vastly overbroad Request. Further, it is not clear what is meant by "documents and other tangible items . . . that support . . . any Communication . . . concerning the Allegations asserted in Your Complaint." What is a document that supports a communication? In any event, Plaintiff will conduct a reasonable inquiry and diligent search and



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

produce non-privileged, non-work-product-protected communications with others concerning her allegations in this lawsuit within her possession, custody or control. If any such communications are confidential, they will be produced once a protective order is in place.

**RFP No. 7.** RFP No. 7 seeks "all documents and other tangible items in Your possession, custody, control, or otherwise available to you upon which You may rely in preparation for Your deposition or trial, to which You may refer in preparation for Your testimony at trial, or which You may use for any other purpose associated with this Lawsuit including, but not limited to, those Documents or tangible items that You may use as trial exhibits or demonstrative aids." This RFP is premature. At this stage in the litigation, it is not possible to know what documents and tangible items will be used as trial exhibits or as demonstrative aids. Exhibit lists and the like will be made available in due course and pursuant to the schedule ordered by the Court. Expert reports will likewise be made available in due course and pursuant to the schedule ordered by the Court. In addition, a request for documents and materials that Plaintiff "may" rely on in preparation for her deposition is overbroad and, notwithstanding your clarification that the Request is not seeking materials protected by the work-product or attorney-client privileges, impermissibly vague and not capable of a response. All that being said, with the exception of documents to be made available pursuant to the schedule (trial materials and expert reports) and privileged documents, there are currently no documents that Plaintiff is specifically withholding pursuant to these objections. The problem is that because this RFP is capable of numerous interpretations, Plaintiff cannot say whether there are additional responsive documents that will need to be produced. We would consider clarification as to documents sought by this RFP that are not also already subject to production under other RFPs pursuant to which Plaintiff has agreed to produce documents.

**RFP No. 8.** RFP No. 8 seeks "all documents and other tangible items in Your possession, custody, control, or otherwise available to You supporting Your allegation that all conditions precedent to bringing this Lawsuit have occurred." What conditions precedent are you referring to? Without clarification, it is not possible to respond to this Request.



WASHINGTON DC
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

**RFP Nos. 19-23, 25-27, and 73[1]; Interrogatory No. 6[2]; Requests for Admission Nos. 22-23[3].** These RFPs, RFAs, and Interrogatory No. 6 seek information relating to Plaintiff's professional career *after* the relevant events in this case. But as we have already explained, any job search by Plaintiff *after* she left the Campaign is not relevant to whether Defendants underpaid her relative to white and/or male staffers while she was working for the Campaign. *See, e.g.*, *Keeshan v. Eau Claire Cooperative Health Ctrs., Inc.*, 395 F. App'x 987, 993-95 (4th Cir. 2010) (finding that the district court abused its discretion by admitting testimony on plaintiff's post-termination income in case alleging retaliation under Title VII and state law wage claims). And, as the Eighth Circuit recently affirmed in upholding the following jury instruction, "[i]t is not a defense under the Equal Pay Act that a woman may be paid less than a man in the

---

[1] **RFP No. 19** seeks "all Documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding Your search for employment after Your separation from the Campaign, including, but not limited to, copies of all employment applications and accompanying documents or materials (including cover letters or email messages) that You prepared or submitted." **RFP No. 20** seeks "all documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding any job applications by You following your separation from the Campaign, including, but not limited to, copies of all employment applications and accompanying materials (including cover letters or email messages) that You prepared and/or submitted to the White House." **RFP No. 21** seeks "all Documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding any income and benefits received after Your employment with the Campaign." **RFP No. 22** seeks "any and all income tax returns, paycheck stubs, canceled checks, financial diaries, and any other Documents that indicate wages, salaries, and other income or benefits received by You from any source from January 1, 2016 to the present." **RFP No. 23** seeks "all Documents and other tangible things in Your possession, custody, or otherwise available to You that pertain to or contain any reference to or record of Your rate of pay, wages and compensation, and any employment-related benefits You have received from October 2016 to the present." **RFP No. 25** seeks "A copy of Your current resume." **RFP No. 26** seeks "all Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of all job search efforts in which You have engaged since October 2016, and all offers of employment You have received since October 2016." **RFP No. 27** seeks "All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of any Communications since October 2016 between You [and] any past, present, or prospective employer including, but not limited to, letters of reference, discipline or discharge, job offers, applications, or resume." **RFP No. 73** seeks "all Documents in Your possession, custody, control, or otherwise available to You that refer or relate to You seeking a position with the United States Embassy in Portugal."
[2] **Interrogatory No. 6** asks Plaintiff to state "all facts that refer or relate to any job applications by You following your separation from the Campaign . . . including without limitation, the identity of all Documents relating thereto and the identity(ies) of each person thereat, connected therewith, or who has knowledge thereof, the name, employer, business, and residential address and business and residential telephone numbers of each such witness, and the name, employer, address and telephone number of each such person whom You know, contacted, engaged with or responded to at each such prospective employer."
[3] **Request for Admission ("RFA") No. 22** states, "Admit that You sought a position with the White House after Trump won the general presidential election." **RFA No. 23** states, "admit that You sought a position with the United States Embassy in Portugal."



▶ **WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

same position simply because the woman is willing to accept less pay, or because the man demands more pay." *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 422 (8th Cir. 2017). Market forces are therefore not a proper defense to Ms. Johnson's discrimination claims. *See id. See also Kunstmann v. Aaron Rents, Inc.*, 2010 WL 11615033, at *4 (N.D. Ala. Sept. 7, 2010) (stating that the "subsequent employment history of plaintiffs no longer employed by [defendant] is irrelevant to the issues presented" in a case under the FLSA); *Harper v. Coates-Clark Orthopedic Surgery & Sports Med. Center, LLC*, 2006 WL 2482501, at *1 (M.D. Fla. Aug. 7, 2006) (evidence of plaintiff's prior and/or subsequent employment was not relevant to plaintiff's overtime claims under the FLSA). *Cf. Pirela v. Village of N. Aurora*, 935 F.3d 909, 912 (7th Cir. 1991) (stating that wage discrimination claims were not barred by res judicata arising from subsequent discharge claims against plaintiff because the later dismissal charges would not be relevant to the wage claims).

Similarly, your contention that documents relating to the Campaign's invitation to Ms. Johnson to apply for a position with the Trump Administration (and her subsequent application to work overseas) are relevant to Defendant Trump's conduct in forcibly kissing Ms. Johnson lacks merit. We will consider any authority you can offer that such evidence is relevant to Ms. Johnson's claims, but at present do not agree that such materials are required to be produced.

**RFP No. 24.** RFP No. 24 seeks "[c]opies of all Documents regarding any and all criminal proceedings against You." This Request is unlimited in time and scope and does not define "criminal proceedings." As written, it is therefore vague and overbroad, and unlikely to lead to the discovery of relevant evidence. In the spirit of good faith and cooperation, instead of objecting wholesale, we have responded consistent with Federal Rule of Evidence 609. You have not offered any arguments to support your position that other materials are discoverable. They are not. *See, e.g., Mayan v. Mayan*, No. 615CV2183ORL18TBS, 2017 WL 1426631, at *9 (M.D. Fla. Apr. 21, 2017) (declining to compel production of a "10 year history of arrests" where plaintiff had already provided "a list of charges in Orange County since he began working for Defendants" because defendant "does not offer any argument why a 10 year history of arrests pertains to any matter pled here").

**RFP Nos. 28 and 74-75.** RFP No. 28 seeks fee arrangements with counsel. RFP Nos. 74-75 seek Ms. Johnson's "written agreement(s) with Public Justice" and "[a]ll documents that constitute, refer or relate to Your Communications with Public Justice." You have not explained why your request for Ms. Johnson's retention agreement(s) with her attorneys are discoverable. That is likely because they are not. *See, e.g., Wynder v. Applied Card Sys., Inc.*, No. 09-80004-CIV-MARRA/JOHNSON, 2009 WL 10667792, at *1-2 (S.D. Fla. Oct. 14, 2009) (stating that "the court finds no connection between the testimony of a plaintiff in an FLSA case and a representation agreement between plaintiff and counsel" and denying motion to compel production). Your assertion that Ms. Johnson does not enjoy attorney-client privilege with regard to communications with Public Justice attorneys is just absurd. Public Justice is in fact a law firm, run by lawyers, and represents clients in lawsuits around the country.  There is no



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

requirement that an attorney be employed at a for-profit law firm for the privilege to attach. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 596 (S.D.N.Y. 2015) (finding communications between individual and attorney at a nonprofit "that provides a variety of services to employers, including HR advice and legal services," privileged because the advice given was "legal in nature" even though the nonprofit also provided other kinds of advice).

**RFP Nos. 30 and 64.** Plaintiff produced responses to RFP Nos. 30 and 64 on June 7, 2019, one day after the deadline. This one-day delay has prejudiced no one and is not a waiver of objections and privileges. *Freedman v. Lincoln National Life Ins. Co.*, No. 3:05-cv-81-J-12HTS, 2006 WL 8439167, at *1 (M.D. Fla. Mar. 23, 2006) (stating that "the proposition that privileges are waived simply by their untimely assertion has been described as unnecessarily draconian" and declining to hold privilege waived where party raised no objections and asserted no privileges until a motion to compel was filed); *FDIC v. Cherry, Bekaert & Holland*, 131 F.R.D. 596, 606 (M.D. Fla. 1990) ("[F]ailure to assert the attorney-client privilege in a timely manner does not waive the privilege even when the privilege is asserted for the first time in a motion for reconsideration of a district court's order to produce."); *see also Yaldo v. Wayne State Univ.*, No. 2:15-cv-13388, 2016 WL 7178738, at *1 (E.D. Mich. Dec. 9, 2016) (denying motion to compel where responses to interrogatories were "a mere one day late to the interrogatories and roughly only one week late to the requests for production of documents"). Particularly in light of our agreement to multiple extensions of time to your clients, we request the same professional courtesy in this instance.

**RFP Nos. 32, 34, 59, 61, 66, 68-69[4].** These Requests seek "all documents" supporting various allegations in the Complaint. Apart from being extremely overbroad and vague (it is not

---

[4] **RFP No. 32** seeks "all Documents and Communications supporting Your allegations in Paragraph 6 of the Complaint that 'not only did Ms. Johnson endure forcible kissing by her boss, she experienced race and gender discrimination as one of the few females and one of only a handful of African American people on the Campaign payroll." **RFP No. 34** seeks "all Documents and Communications supporting Your allegations in Paragraph 16 of the Complaint that Plaintiff was 'paid less than her colleagues because o her race and gender. . . . forcibly kissed in public then subjected to humiliating comments from her colleagues that caused her to relive the experience. But she experienced all of these things as a senior member of Defendant Trump's Campaign staff." **RFP No. 59** seeks "all documents and communications supporting Your allegations in Paragraph 111 of the Complaint that 'Ms. Johnson was also underpaid compared to similarly qualified and less qualified male staffers. She did not know this fact until very recently. Ms. Johnson's experience is not isolated—indeed, the Campaign engaged in systemic gender discrimination in pay against its female employees." **RFP No. 61** seeks "all documents and communications supporting Your allegations in paragraphs 113 through 116 of the Complaint regarding what the Campaign purportedly 'knew." **RFP No. 66** seeks "All Documents and other tangible items in Your possession, custody, control, or otherwise available to You (including, but not limited to, ledgers, reports, correspondence, notes, contracts, calendars schedules, and memoranda) that refer to, concern, reflect, itemize, describe or relate to the job duties of putative members of "the collective" referred to in Paragraph 121 of the Complaint." **RFP No. 68** seeks "all Documents and Communications supporting Count II alleged in Paragraphs 134 through 141 of the



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

clear whether they are seeking privileged materials, expert reports—which will be produced in due course and pursuant to the schedule set by the Court—documents outside Plaintiff's possession, custody or control, publicly available documents, documents in Defendants' possession, or anything else), many of these Requests are compound and unintelligible. For example, RFP No. 59 lists out a few different sentences in the Complaint relating to Ms. Johnson's pay, her knowledge, the knowledge and experiences of others, and the Campaign's conduct. Is the RFP targeted toward each piece, or part? There is no way to tell. As drafted, these Requests are not proper. *See, e.g.*, *Houston Specialty Ins. Co. v. Titleworks of Sw. Fla., Inc.*, No. 2:15-cv-219-FtM-29MRM, 2016 WL 7130939, at *6 (M.D. Fla. July 19, 2016) (denying motion to compel because "requesting 'any and all documents' that support a contention in an affirmative defense is not sufficiently particularized and is facially overbroad); *see also CS Bus. Sys. Inc. v. Schar*, No. 5:17-cv-86-Oc-PGBPRL, 2017 WL 8948376, at *3 (M.D. Fla. June 15, 2017) (stating that requests such as "all documents concerning any fact or issue described in the complaint" appeared to "facially overbroad"); Middle District Discovery at 11 ("For example, a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad in most cases.").

In any event, as with RFP No. 7 above, with the exception of documents to be made available pursuant to the schedule (trial materials and expert reports) and privileged documents, there are currently no documents that Plaintiff is specifically withholding pursuant to these objections. Again, the problem is that because this RFP is capable of numerous interpretations, Plaintiff cannot say whether there are additional responsive documents to be produced. If there are documents responsive to these Requests that you believe are not also responsive to other Requests that Plaintiff has agreed to respond to, we will consider clarification to that effect.

**RFP No. 56.** RFP No. 56 seeks "Unredacted copies of all of Your medical records in Your possession, custody, control, or otherwise available to You from January 1, 2012 until the present." This Request is objectionable for multiple reasons, not least because it inexplicably seeks documents from over four years before the events at issue in this lawsuit. In addition, this document seeks medical records potentially relating to physical ailments that have nothing to do with Ms. Johnson's emotional distress claims. Accordingly, it is overbroad and unduly burdensome. *See, e.g.*, *Hupp v. San Diego Cty.*, No. 12cv0492GPC(RBB), 2013 WL 5408644, at *7-8 (S.D. Cal. Sept. 25, 2013) (granting motion to quash subpoena for complete medical records because the plaintiff "has placed his psychological condition at issue only to the extent it was caused by Defendants' actions. Unlike a typical personal injury case, Plaitiff does not allege a physical injury caused by Defendants that required medical treatment."); *Cappetta v. GC Servs. Ltd. P'ship*, 266 F.R.D. 121, 126 (E.D. Va. 2009) (rejecting request for complete medical records because "a plaintiff seeking emotional distress damages has a right to have discovery limited to

---

Complaint." **RFP No. 69** seeks "all Documents and Communications supporting Count III alleged in Paragraphs 142 through 148 of the Complaint."



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

information that is directly relevant to the lawsuit. Defendants may not engage in a fishing expedition by inquiring into matters totally irrelevant to the issue of emotional distress.").

**RFP No. 83.** RFP No. 83 seeks "all Documents and Communications that refer or relate to any promotional or publicity activities relating to either or both of the Defendants by You, Public Justice, and/or anyone acting on Your behalf, before and/or after this Lawsuit was filed, including but not limited to soliciting, scheduling, organizing or preparing for any media appearances, interviews, statements or press releases." As drafted, this Request is overly broad, unduly burdensome, and vague because it seeks "all" documents and communications relating to either or both the President of the United States and his campaign—including materials that have nothing whatsoever to do with this case. There are no time limitations on this Request and no limitations as to scope. You have objected to our agreement to produce press statements and press releases, but have not offered any additional clarification as to what, specifically, this Request is seeking.

**Commitment to produce documents.** As your letter recognizes, we have agreed to respond to dozens of your Requests. We will not withdraw our commitment to produce relevant documents where indicated (subject to objections, privilege, and other limitations stated therein). Your overbroad discovery requests have unfortunately required us to restrict our responses in this manner. If, upon review of Plaintiff's production, you believe additional documents ought to have been produced, we can confer on those issues at that time.

**2.    Interrogatories.**

**Interrogatory Nos. 1-4.** Interrogatory Nos. 1-4 ask Plaintiff to state "all facts that refer to, relate to, support or negate" each Count alleged in the Complaint, "including without limitation, the identity of all Documents relating thereto and the identity(ies) of each person thereat, connected therewith, or who has knowledge thereof, including without limitation the name, employer, business and residential address and business and residential telephone numbers of each such witness." These contention interrogatories are overbroad and unduly burdensome because, among other reasons (and stated objections), they sweep in *all* facts (including trivial, incidental facts and secondary accounts), purport to seek facts not yet known to Plaintiff, facts outside her possession, custody, and/or control, and facts not developed through discovery. They are also premature, since discovery has only just begun. Thus, they are improper and objectionable. *See, e.g.*, *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, No. 14-81476-CIV-ZLOCH, 2016 WL 4503337, at *6 (S.D. Fla. Feb. 1, 2016) (finding that interrogatory asking plaintiff to "identify all facts and legal bases that tend to support or refute each and every allegation in the complaint" was overbroad because it "sweeps in not only material facts, but incidental details, secondary accounts, trivial tidbits—even facts supporting allegations that Defendant has admitted"); *Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, No. 6:12-cv-1379-ORL-22TBS, 2014 WL 186123, at *4 (M.D. Fla. Jan. 16, 2014) (finding that an interrogatory that asks the plaintiff "to provide a detailed explanation of a substantial part of its case before expert



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

discovery on these issues has taken place" is "premature, oppressive, and overbroad," and "likely to result in a waste of time and resources"); *Lucero v. Valdez*, 240 F.RD. 591, 594 (D.N.M. 2007) ("Contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome. . . . Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) (stating that contention interrogatories are "overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or a defense, such that the answering party is required to provide a narrative account of its case") Roberts *v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989) ("Courts are loathe to requie a party to write basically a portrait of their trial for the other parties."). *See also* Fed. Prac. & Proc. § 2167 (3d. ed. 2015) ("Contention interrogatories may be held unduly broad if they ask in an undifferentiated way for 'all' facts or witnesses that support an opposing party's case."); Middle District Discovery at 16 ("Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive.").

 **Interrogatory No. 6** is addressed above.

 **Interrogatory Nos. 9-11.** Interrogatory No. 9 seeks "all facts regarding Communications that You have had with any therapists from January 1, 2014 until the present, including identifying with specificity each such Communication, the name, address and telephone number of each therapist and the dates of all therapy sessions." Interrogatory No. 10 asks Plaintiff to identify all doctors, nurses, therapists, and all other types of medical and/or health care professionals with whom You have communicated or consulted from January 1, 2016 until the present. And Interrogatory No. 11 asks Plaintiff to identify all medication that she has consumed from August 1, 2016 until the present. As stated, Plaintiff will respond to these interrogatories once an appropriate protection order is in place. Plaintiff has not waived her privacy interests in this sensitive and deeply personal information simply by seeking emotional distress damages. *Sheets v. Sorrento Villas, Section 5, Assoc., Inc.*, No. 8:15-cv-1674-T-30JSS, 2016 WL 11493318, at *3 (M.D. Fla. May 9, 2016) (allowing entry of protective order governing medical records in case alleging emotional distress).

 **Interrogatory No. 12.** Interrogatory No. 12, which asks Plaintiff to state "all facts that refer to, relate to, support or negate Your response" to each Request for Admission ("RFA") which is not an unqualified admission is likewise improper. "Requests for admission are not principally discovery devices, and allowing service of an interrogatory which requests disclosure of all information upon which the denials of each ... request[] for admission were based transforms each request into an interrogatory." *Alabama v. Alabama Wood Treating Corp.*, No. 85-0642-CG-C, 2007 WL 9717667, at *17 (S.D. Ala. Feb. 27, 2007) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)) (denying motion to compel response to



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

interrogatory seeking "the basis for your denial and … all facts supporting your denial" of each request for admission that was denied).

3.        **Requests for Admission**

        **RFA Nos. 22-23** are addressed above.

        **RFA Nos. 34-35** request that Plaintiff admit that the Campaign paid for her travel, meals, and lodging. Since it is not possible to tell which travel, meals, and/or lodging the RFA is asking about, the RFA is impermissibly vague (as explained in Plaintiff's objections to the same). "A party propounding requests for admissions under Rule 36 bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Uber Promotions, Inc. v. Uber Techs., Inc.*, No. 1:15cv206-MW/GRJ, 2016 WL 9115991, at *2 (N.D. Fla. May 26, 2016). "Requests for admission that are vague or susceptible of more than one interpretation defeat the goal of Rule 36 and are properly objectionable." *Lawrence v. United States*, No. 8:11-cv-2735-T-17AEP, 2012 WL 9491751, at *1 (M.D. Fla. Oct. 3, 2012).

        **RFA No. 36** asks Ms. Johnson to admit that she "accepted employment with the Campaign voluntarily." As explained, this RFA is impermissibly vague. It is unclear what aspects of her "employment" this RFA is asking Ms. Johnson to admit that she "accepted . . . voluntarily," including whether it is asking Ms. Johnson to admit that she accepted an offer of employment, accepted ongoing employment, accepted the terms of employment or compensation offered by the Campaign, or some other aspect of her employment. Again, RFAs that are susceptible of multiple interpretations are properly objectionable.

        **RFA No. 37** asks Ms. Johnson to admit that "during Your employment with the Campaign, the Campaign paid You wages on a periodic basis, and that You were aware of the amount of wages You were receiving." Plaintiff will serve a supplemental response to this RFA.

        **RFA No. 38** states, "Admit that, according to the United States Census Bureau, Alabama had the fifth lowest median household income among the 50 states during 2016." As explained above, economic conditions are not relevant to Ms. Johnson's wage claims. *Dindinger*, 853 F.3d at 422. This RFA is therefore irrelevant and objectionable.

* * *

        This letter is not intended as a full or complete statement of all relevant facts or applicable law or objections or privileges, and nothing herein is intended as (nor should it be deemed to constitute) a waiver or relinquishment of any of my client's rights, remedies, claims, or causes of action, all of which are hereby expressly reserved.



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

We look forward to discussing these issues with you tomorrow at 1:00 p.m. EST.

Regards,

Hassan A. Zavareei

cc:    Katherine M. Aizpuru, Esq.
       Tanya S. Koshy, Esq.
       Janet Varnell, Esq.
       Brian W. Warwick, Esq.
       Jennifer D. Bennett, Esq.
       F. Paul Bland, Esq.
       Karla A. Gilbride, Esq.
       Ryan J. Stonerock, Esq.
       Henry L. Self, Esq.
       Steven H. Frackman, Esq.
       Dawn Siler-Nixon, Esq.
       Tracey Jaensch, Esq.

# EXHIBIT H



| | | |
|---|---|---|
| ▶ **WASHINGTON DC** | | **CALIFORNIA** |
| 1828 L Street, NW \| Suite 1000 | | The Tower Building |
| Washington, DC 20036 | | 1970 Broadway \| Suite 1070 |
| 202.973.0900 | | Oakland, CA 94612 |
| www.tzlegal.com | | 510.254.6808 |

**VIA ELECTRONIC MAIL**

June 13, 2019                                          Our File No. 474-01

Charles J. Harder
Harder LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
charder@harderllp.com

> Re:   *Johnson v. Trump,* Case No. 8:19-cv-00475-WFJ-SPF

Dear Counsel:

Thank you for the productive meet and confer call earlier today. This letter memorializes the topics discussed and the decisions reached as a result of the call. If you believe I have incorrectly stated any of the matters herein, please advise as soon as possible.

### Protective Order, ESI Protocol, and Document Production

**Protective Order:** You will circulate a redline of the proposed protective order by the close of business today. Hopefully we can reach agreement on this matter by the end of the week, but if not, we may seek relief from the Court.

**ESI Protocol:** You will circulate a redline of the proposed ESI protocol. Again, we hope we can reach agreement on this matter by the end of the week, but if not, we may seek relief from the Court. We also discussed preliminarily identifying custodians and search terms once you have provided your redline.

**Document production:** We hope to begin our rolling document production by the end of next week. We have uploaded over 145,000 documents into our document review platform and have begun running preliminary searches to substantially narrow the universe of materials to be reviewed and produced. Our review of these documents is underway and we will continue moving forward expeditiously.

Ms. Jaensch stated that she would provide authority for the position that objections based on relevance are not proper and we will review that authority. We will comply with Rule 26 in making our document production, but at this time will not serve supplemental responses agreeing to produce irrelevant documents.



Charles J. Harder
June 13, 2019
Page 2

## Amended Responses

**RFP No. 4:** Pursuant to the clarification provided in your letter, we will provide an amended response to RFP 4 stating that Plaintiff will conduct a reasonable inquiry and diligent search and produce non-privileged, non-work-product-protected communications with others concerning her allegations in this lawsuit within Ms. Johnson's possession, custody, or control. You stated your concern that documents "referring to" communications (such as an email stating, "That was a great conversation," referring to a conversation about the allegations in the lawsuit, or a note summarizing a conversation about the lawsuit) would also need to be produced. We do not dispute this interpretation and would consider such documents to be within the scope of what we have agreed to produce (assuming they are not irrelevant, privileged, or work product).

**RFP No. 8:** We are not aware of any conditions precedent to the filing of this lawsuit, and you did not advise of any that you believe need to have been fulfilled. You stated that the request is seeking documents submitted to government agencies in connection with this claim. Having looked at this issue, we will submit an amended response stating that pursuant to our meet-and-confer, we understand this request to be seeking documents submitted to government agencies in connection with this case, and that no such documents exist.

**RFP No. 30.** Since no responsive documents exist, there is no dispute.

**Interrogatory Nos. 9-11.** Plaintiff will provide a response once a protective order is in place.

**RFA Nos. 34-37.** Plaintiff will serve amended responses.

**RFP No. 83:** Having considered this issue further, we will provide an amended response stating that we will produce all relevant, responsive, non-privileged, non-work-product-protected documents within Ms. Johnson's possession, custody, or control.

## Items Requiring Additional Follow-Up

**RFP No. 7.** We will review our response and determine whether a supplemental response is required.

**RFP Nos. 28, 74-75.** During the call, you clarified that these requests are seeking communications with non-lawyers employed at Public Justice, such as communications personnel. We will consider these clarifications.

**RFP Nos. 64, 32, 34, 59, 61, 66, 68-69.** These requests seek "all documents" in a manner that is overbroad and vague. We are willing to consider any case law that you can offer supporting your position that these requests are proper. You also stated that it is acceptable for Plaintiff to produce her documents without indicating to which RFP they are responsive.



Charles J. Harder
June 13, 2019
Page 3

**RFP No. 56:** You agreed to limit the temporal scope of this RFP to August 24, 2014 to present. We will investigate whether responsive documents—other than therapist records, which we have agreed to produce—exist and follow up.

## Items On Which We Not Yet Reached Agreement

**RFP Nos. 19-23, 25-27, 73; Interrogatory No. 6; RFA Nos. 22-23.** In light of our claim for damages based on lost income as a result of the battery, we are willing to consider the position that some of these materials may be relevant. However, as drafted, these requests are overbroad. During the call, Ms. Jaensch stated that Defendants could agree to limit these requests somewhat. If you would be willing to offer proposed limitations, we will consider those.

**RFP No. 24.** We will consider any authority you can provide to support your position that additional responsive materials are discoverable, but at present Plaintiff stands on her objections except, as stated, as to documents regarding criminal convictions within the last ten years.

**Interrogatory Nos. 1-4:** Plaintiff is not required to provide a detailed narrative of "all facts" supporting each of her claims at the outset of this case. We will consider any authority you can provide to support your position that these interrogatories are proper, but at present Plaintiff stands on her objections.

**Interrogatory No. 12:** We will consider any authority you can provide to support your position that this interrogatory is proper, but at present Plaintiff stands on her objections.

**RFA No. 38:** We will consider any authority you can provide to support your position that a response is required, but at present Plaintiff stands on her objections.

Should you wish to discuss these matters further, please provide your availability for a follow-up call.

Regards,

Hassan A. Zavareei

cc:     Katherine M. Aizpuru, Esq.
        Tanya S. Koshy, Esq.
        Janet Varnell, Esq.



Charles J. Harder
June 13, 2019
Page 4


Brian W. Warwick, Esq.
Jennifer D. Bennett, Esq.
F. Paul Bland, Esq.
Karla A. Gilbride, Esq.
Ryan J. Stonerock, Esq.
Henry L. Self, Esq.
Steven H. Frackman, Esq.
Dawn Siler-Nixon, Esq.
Tracey Jaensch, Esq.