UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVA JOHNSON,
Individually and on behalf of all others
similarly situated,

      Plaintiff,

vs.

DONALD J. TRUMP, In his Individual
Capacity and DONALD J. TRUMP
FOR PRESIDENT, INC.,

      Defendants.
_____/

Case No. 8:19-CV-00475-WFJ-SPF

## STIPULATION GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Plaintiff, Alva Johnson ("**Plaintiff**"), and Defendants, Donald J. Trump, In his Individual Capacity and Donald J. Trump For President, Inc. ("**Defendants**"), parties to the above-captioned action (the "**Action**"), hereby stipulate and agree to the following:

**1.**    Scope.

This Stipulation applies to all documents and information produced or disclosed by any person or party in response to discovery request(s) and/or subpoena(s) or otherwise in the Action. "Documents and information" shall include all documents, data, materials, things or information in any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage, tangible items, electronically stored, or otherwise, including without limitation all interrogatory answers, responses to requests for production of documents or requests for admissions, deposition testimony and transcripts, deposition exhibits and any other documents or information produced or designated pursuant to the terms hereof by any person or party, including non-party witnesses, in response to or

in connection with any discovery conducted in the Action, and the information derived from or contained therein.

This Stipulation does not apply to any information that:

    a. is publicly available at the time of disclosure;

    b. becomes publicly available after disclosure through no fault of the receiving party;

    c. was known to the receiving party prior to disclosure; or

    d. the receiving party lawfully receives at a later date from a third party without restriction as to disclosure.

The parties acknowledge that this Stipulation does not confer blanket protection on all disclosures or discovery and that the protection it affords extends only to the limited information or items that are entitled to be treated as confidential under the terms of this Stipulation. Furthermore, the parties acknowledge that neither this Stipulation nor any confidentiality designation pursuant to it constitutes a ruling by this Court that any specific information is, in fact, confidential. Nor does this Stipulation or any confidentiality designation pursuant to it entitle any party to file any information under seal.

**2.    Parties.**

The provisions of this Stipulation shall be binding on, and shall inure to the benefit of the parties to the Action (hereinafter "parties"), their successors and assigns, and shall also be binding on all employees, agents, attorneys, auditors, consultants and representatives of each of the parties. In addition, all individuals or entities who have signed a Declaration of Confidentiality (attached as Exhibit A) will also be bound by the provisions of this Stipulation.

**3.    Designation of Confidential**

Documents and information produced in discovery in this Action may be designated as "Confidential Materials" by the party or non-party producing such documents or information in

discovery in this Action or otherwise having the right to protect the confidential and/or proprietary nature of such documents or information. (The party or non-party making such a designation of confidentiality shall be called the "Designating Party" for purposes of this Stipulation.) The Designating Party may only designate as "Confidential Materials" information which the Designating Party believes in good faith constitutes confidential and/or sensitive commercial information, financial information, personal information, proprietary information and/or other confidential and/or sensitive information for which there is good cause for confidentiality under Federal Rule of Civil Procedure 26(c). Examples of such information include but are not limited to social security or taxpayer-identification numbers; names of minor children; medical information; and trade secrets or other similar confidential research, development, or commercial information that would cause severe competitive harm to the Designating Party if disclosed. All such designated documents and information, and all information contained therein or derived therefrom, including all copies, excerpts, summaries, notes, or other memorialization, shall be referred to herein as "Confidential Materials." Such designations of documents and information as "Confidential Materials" shall be made in the following manner:

    a.    With regard to written material, at the time of copying a legend, sticker or stamp shall be affixed to or imprinted on each page containing any Confidential Materials (or if not otherwise practicable, to the first page of a document) substantially in the form "Confidential," or "Confidential - Subject to Protective Stipulation." If only a portion of the material on a page qualifies for protection, the producing party also must clearly identify the confidential portion(s) (*e.g.*, by making appropriate markings in the margins, but not over text).

    b.    With regard to non-written material, such as recordings, magnetic media, videotapes, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner at the time of copying. If only portions

of the information or item warrant protection, the producing party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

c. With regard to transcripts, designation of the specific portions of the transcripts (including exhibits) which contain Confidential Materials shall be made by a statement to that effect on the record in the course of the deposition, hearing or trial by counsel for the Designating Party, or by letter between counsel within twenty one (21) days of receipt by counsel for the Designating Party of the transcript or copy thereof. Deposition testimony and deposition transcripts (including exhibits) shall be treated as Confidential under this Stipulation until the expiration of the 21-day period for designation by letter. When designation is made on the record in the course of a deposition, hearing, or trial, the court reporter (and videographer, if any) shall mark the cover of each volume of the transcript with the legend "contains Confidential Information Subject to Stipulation" and shall mark clearly in the transcript which pages (and exhibits, if not already so marked) contain Confidential Materials; and

d. A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Stipulation. Then, before producing the specified documents, the producing party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Confidential Information. If only a portion of the material on a page qualifies for

protection, the producing party also must clearly identify the confidential portion(s) (*e.g.*, by making appropriate markings in the margins, but not over text).

4. **Use of Produced Documents and Information.**

All documents and information produced or disclosed in the Action—including, without limitation, in response to requests for the production of documents, interrogatories, requests for admission, deposition questions, subpoena, any other discovery device—that are designated as Confidential Materials shall be used solely for the purposes of this Action, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose (unless the confidentiality designation is later removed by the Designating Party or the court holds the material not to be confidential).

5. **Disclosure of Confidential Materials.**

Confidential Materials reviewed, produced or disclosed in this Action shall not be disclosed, provided or made available by a recipient to any person or entity, without the prior written permission of the Designating Party, except the following:

    a.    Documents or information marked or designated as "Confidential" shall not be disclosed or made available by a recipient to any person other than:

        i.    the parties to the Action, including the parties' officers, directors and employees, all of whom are subject to the terms of this Stipulation;

        ii.    the Court, and its employees, court reporters, and the jury, if any;

        iii.    counsel (both in-house and outside legal counsel) for the parties in this Action, and clerical, paralegal and secretarial staff employed by such counsel, all of whom are subject to the terms of this Stipulation;

        iv.    actual or potential witnesses or deponents in this Action, and their counsel, during the course of, or, to the extent necessary, in preparation for depositions or testimony in this Action, or to the extent necessary to determine whether they are proper deponents or witnesses in this Action, provided that counsel for the party disclosing any Confidential Materials to any such actual or potential witness or deponent reasonably believes such person has properly

|   |   | discoverable information concerning the Confidential Materials to be disclosed; |
|---|---|---|
|   | v. | outside experts or consultants who are retained by counsel for the parties (as described in Paragraph 5(a)(iii) hereof) expressly for the purpose of assisting counsel in, or for testimony in, this Action; |
|   | vi. | former employees of a party assisting counsel (as described in Paragraph 5(a)(iii) hereof) for that party in the conduct of the Action; and |
|   | vii. | court reporters and videographers or photocopying, document imaging or database services retained by counsel for the parties (as described in Paragraph 5(a)(iii) hereof) to record deposition testimony or to photocopy or process documents and information. |

  b.   Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient under the terms of Paragraph 5(a)(iii) or 5(b)(ii) hereof, from rendering advice to his or her client with respect to this Action, and in the course thereof, from generally relying upon his or her examination of Confidential Materials. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Confidential Materials of another person or party where such disclosure would not otherwise be permitted under the terms of this Stipulation.

**6.   Signing of Declaration of Confidentiality.**

Every person to whom Confidential Materials are to be disclosed first shall be advised that the Confidential Materials are being disclosed pursuant and subject to the terms of this Stipulation. Furthermore, other than such persons who are identified as authors, recipients or copyees on the face of such documents or information or who otherwise previously received or had knowledge of such documents or information in the course of their employment, all persons to whom disclosure of Confidential Materials is to be made pursuant to Paragraphs 5(a)(iv)-(vi) shall, prior to such disclosure, be given a copy of this Stipulation and shall be required to confirm their understanding of and agreement to abide by the terms of this Stipulation by signing a declaration, a copy of which is attached hereto as Exhibit A, agreeing that he or she is bound by the jurisdiction of this Court and the terms

{00101142;1}                                                6

of this Stipulation, or by statement on the record as provided in paragraph 10 hereof. Counsel shall maintain such declarations in their files.

7. **Subpoena from Third Party.**

If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of material that was designated confidential by another party, the party receiving the subpoena must notify the Designating Party in writing (by e-mail, if possible) within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The party receiving the subpoena or order also must promptly notify in writing the party that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Stipulation and any Order thereon. In addition, the party must deliver a copy of this Stipulated and any Order thereon promptly to the party in the other action that caused the subpoena or order to issue.

If the Designating Party timely seeks a protective order from the court where the subpoena or order issued, the party served with the subpoena or court order shall not produce any Confidential Material before a determination by that court, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a party in this Action to disobey a lawful directive from another court.

8. **Use of Protected Material in Court.**

Neither this Stipulation, nor any confidentiality designation under it, is a sufficient basis for demonstrating that court records may be sealed. The procedure for filing Confidential Material with the Court shall be as follows:

    i. If the filing party is the Designating Party, the filing party shall not move to seal any

material that it does not, in good faith, believe meets the legal standard for sealing—even if it has previously marked such material confidential under this Stipulation. If the Designating Party seeks to file information under seal, it must file a motion to seal, demonstrating with particularity that each document or portion thereof that the party seeks to seal meets the legal standard for sealing. This motion must be accompanied by a declaration that specifically identifies each document or portion thereof the party seeks to seal and provides a factual basis for the party's claim that sealing is warranted. Unless the party believes in good faith that an entire document is sealable, it shall also file a redacted version of the document on the public docket.

      ii.    If the filing party is not the Designating Party, the filing party must move to file the Confidential Material provisionally under seal, accompanied by a declaration explaining that the Confidential Material should be filed under seal only provisionally to give the Designating Party an opportunity to file a motion to seal; identifying the specific documents or portions thereof that have been designated confidential; and identifying the Designating Party. Unless an entire document is marked confidential, the filing party shall also file a public version of the document, with the Confidential Material redacted, on the public docket.

If the Designating Party believes in good faith that the Confidential Material should be sealed, it must file a motion to seal within fourteen (14) days after the filing party moves to file the Confidential Material provisionally under seal. This motion must be accompanied by a declaration that specifically identifies each document or portion thereof the Designating Party seeks to seal and provides a factual basis for the Designating Party's claim that sealing is warranted.

Absent a stipulation or order granting an extension, if the Designating Party does not file a motion to seal within this deadline, it waives the right to have the material sealed, and the filing party shall file it on the public docket within seven (7) days of the deadline passing. If the Designating

Party does file such a motion, the material will remain under seal provisionally unless and until the Court rules otherwise.

    iii.    Unless the parties agree or the Court orders otherwise, the rules ordinarily applicable to briefing and opposing motions apply to a Designating Party's motion to seal.

9.    **Inadvertent Production of Confidential Materials, or Privileged Materials.**

The inadvertent production of confidential documents or information to a requesting party in discovery in this Action, regardless of whether or not such documents or information have been expressly so designated, shall not waive any protection for such documents or information under this Stipulation. At any time after the production of documents or information which the producing party or other Designating Party considers to be Confidential Materials, the producing party or other Designating Party may make a written request that specifically identifies the documents or information and asks that they be designated and treated as Confidential Materials. The receiving party shall immediately designate the identified documents or information accordingly (or at its option request the Designating Party to affix the confidentiality designation) and from then on will treat the documents or information as such pursuant to this Stipulation.

The inadvertent production of any document or information that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity. Should either party discover that it has made an inadvertent production of privileged documents or information, it shall notify the other party in writing and request return of the documents or information.

Upon receipt of notice of the assertion of privilege or protection over produced documents or information, the receiving party will, within ten (10) days of receipt of such written notification:

(a) to whatever extent it contests the assertion of privilege or protection, notify the producing party, and maintain the contested documents or information in confidence pending resolution of the contest by the parties or the Court; and

(b) to whatever extent the receiving party does not contest the assertion of privilege or protection, return the privileged documents or information and all copies thereof (or, if they were transmitted in electronic form, destroy them), and destroy all notes, work product, or electronic data reflecting the contents of such privileged documents or information.

In the event of a contested assertion of privilege or protection over produced documents or information that cannot be resolved amicably after meeting and conferring in good faith, the party asserting the privilege must bring the contest to the attention of the Court by motion within thirty (30) days of that party's initial written notification of the inadvertent production. No use shall be made of such privileged documents or information during depositions or at trial, nor shall such privileged documents or information be disclosed to anyone who was not given access to the privileged documents or information before the written notification requesting the return of the privileged documents or information, unless and until the Court has ordered that such documents or information are not privileged or otherwise protected.

If a party receives any documents or information which it reasonably believes were inadvertently produced by the producing party, the receiving party shall promptly sequester the potentially privileged documents and information, shall promptly notify the producing party of the production of potentially privileged documents and information, and shall await instructions from the producing party regarding the return and/or destruction of the documents and information. Upon written notification from the producing party requesting the return of the documents or information, the receiving party shall return the privileged documents or information and all copies thereof, and shall destroy all notes, work product, or electronic data reflecting the contents of such privileged

documents or information, within ten (10) days of receipt of such written notification. No use shall be made of such privileged documents or information during depositions or at trial, nor shall such privileged documents or information be disclosed to anyone.

**10.     Documents or Information Introduced at Deposition.**

Attendance at depositions at which Confidential Materials are identified, discussed or disclosed shall be limited to those persons who are authorized to receive such documents or information under the terms of this Stipulation. If any person not entitled to receive such documents or information is in attendance at a deposition, a party at its request may have that individual excluded from the room in which the deposition is taking place for the duration of time in which the documents or information are being discussed. If any documents or information identified as Confidential Materials are to be used during the deposition of a non-party witness, and disclosure of such documents or information is otherwise permissible under this Stipulation, the deponent shall be given a copy of this Stipulation, shall be informed on the record of the terms of this Stipulation, and shall agree to be bound by the terms of this Stipulation by so stating on the record and/or by signing the declaration attached hereto as Exhibit A. In the event a non-party witness refuses to agree to be bound by this Stipulation, documents or information designated as "Confidential" shall not be revealed to the non-party witness without the consent of all parties to this Stipulation or by leave of Court, unless the witness was a creator, sender or recipient of the Confidential Material in which case they will be permitted to see the Confidential Material in preparation for and/or during their testimony.

**11.     Introduction of Documents or Information at Trial.**

Nothing herein shall limit any party from presenting evidence at trial. Should a party wish to limit the public disclosure of Confidential Materials at trial, such party may bring a motion with the Court prior to or at the time of trial regarding such requested limitation.

12. **Challenging Confidentiality Designations.**

    a. **Timing of Challenges.** Any party or non-party may challenge a designation of confidentiality at any time, including after the Action has ended. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    b. **Procedure for Parties Challenging Confidentiality Designations.** A party may challenge the designation of a document or other material as Confidential as follows:

        i. If a Party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Stipulation, that Party shall provide to the Designating Party written notice of that disagreement, stating the reason(s) for the challenge. During the 10-day period following provision of the written notice to the Designating Party (the "Meet and Confer Period"), the Challenging and Designating Parties shall try to resolve such challenge in good faith on an informal basis.

        ii. If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the Designating Party shall have 10 days from the end of this period to file a motion requesting that the Court issue a decision as to whether the challenged material is, in fact, entitled to protection and, if so, a protective order requiring that the challenged material not be disclosed. Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

        iii. The Designating Party bears the burden of establishing that the material is entitled to protection.

        iv. Any material designated as Confidential Material that is the subject of a challenge shall remain subject to this Stipulation until the Court rules on the Designating Party's

motion or, if no motion is made, until the time for the Designating Party to bring a motion has expired. Failure by the Designating Party to make such a motion, including the required declaration, within the applicable time period for doing so shall automatically waive the confidentiality designation for each challenged designation.

    c.    **Procedure for Non-Parties Challenging Confidentiality Designations**. A non-party may challenge the designation of a document or other material as confidential by filing a motion to intervene in the Action for the purpose of challenging the confidentiality designation and a motion challenging the designation. The Designating Party bears the burden of establishing that the challenged material is entitled to protection.

**13.    Non-Party Designation.**

Non-party witnesses may designate any portions of their depositions or documents or information as Confidential Materials in the manner provided for above and the parties agree to treat such documents or information in the same manner as a party's designated documents or information.

**14.    Preservation of Rights and Privileges.**

Nothing contained in this Stipulation shall affect the right, if any, of any party or witness to make any objection, claim, or other response to discovery on any grounds. Nor shall this Stipulation be construed as a waiver by any party of any legally cognizable privilege or right to withhold any documents or information, or of any right which any party may have to assert such privilege at any stage of the proceedings. Nor shall the designation of any document or information in this Action as Confidential Material, or the failure to designate any document or information in this Action as Confidential Material, be construed as an admission or waiver by any party of any rights in this Action or any other action or proceeding.

15. **Modification of the Stipulation.**

This Stipulation shall not foreclose a party from challenging any confidentiality designation, providing that such challenge is made pursuant to the procedures set forth in paragraph 12 of this Stipulation. In addition, this Stipulation shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for protective orders, or from agreeing to modification of this Stipulation. And nothing in this Stipulation affects the right of non-parties to this Action to challenge it (if entered as an order of this Court), any confidentiality designations made pursuant to it, or the sealing of any court records in this case.

16. **Conclusion of Action.**

At the conclusion of the Action, all Confidential Materials and any copies thereof shall be promptly (and in no event later than sixty days after entry of final judgment no longer subject to appeal) returned to the Designating Party or certified as destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Materials, unless otherwise ordered by the Court. Any such archival copies that contain or constitute Confidential Materials remain subject to this Stipulation as set forth in Section 17 (Survivability of Obligations).

17. **Survivability of Obligations.**

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulation and any Order thereon shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

18.    **Binding Nature of Stipulation.**

This Stipulation shall be binding upon the parties and counsel and their officers, directors, and employees (and all persons who sign the declaration attached as Exhibit A) when signed and irrespective of whether or when the Court actually enters it as a Stipulation of the Court.

| ALVA JOHNSON | DONALD J. TRUMP, In his Individual Capacity and DONALD J. TRUMP FOR PRESIDENT, INC. |
|---|---|
| By her attorneys, | By their attorneys, |
| *[signature]* | *[signature]* |
| Hassan A. Zavareei (*admitted pro hac vice*) **Trial Counsel** Katherine M. Aizpuru (*admitted pro hac vice*) **TYCKO & ZAVAREEI LLP** 1828 L Street NW, Suite 1000 Washington, D.C. 20036 P: (202) 417-3667 F: (202) 973-0950 hzavareei@tzlegal.com kaizpuru@tzlegal.com | Charles J. Harder charder@harderllp.com Admitted *Pro Hac Vice* HARDER LLP 132 S. Rodeo Drive, Fourth Floor Beverly Hills, CA 90212 Telephone: (424) 203-1600 |
| Janet R. Varnell Florida Bar No. 71072 Brian W. Warwick Florida Bar No. 605573 Varnell & Warwick, P.A. Post Office Box 1870 Lady Lake, Florida 32158 jvarnell@varnellandwarick.com bwarwick@varnellandwarick.com kstroly@varnellandwarick.com | Dawn Siler-Nixon Florida Bar No. 993360 Dsiler-nixon@fordharrison.com Tracey K. Jaensch Florida Bar No. 907057 tjaensch@fordharrison.com FORDHARRISON LLP 101 E. Kennedy Blvd., Suite 900 Tampa, Florida 33602 Telephone: (813) 261-7800 Facsimile: (813) 261-7899 |
| Tanya S. Koshy (*admitted pro hac vice*) **TYCKO & ZAVAREEI LLP** 1970 Broadway, Suite 1070 Oakland, CA 94612 P: (510) 250-3298 F: (202) 973-0950 tkoshy@tzlegal.com | Attorneys for Defendants Donald J. Trump Donald J. Trump For President, Inc. |

{00101142;1}                                  15

F. Paul Bland (*admitted pro hac vice*)
Karla Gilbride (*admitted pro hac vice*)
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*admitted pro hac vice*)
**PUBLIC JUSTICE, P.C.**
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150


Attorneys for Plaintiff

17

**DONE AND STIPULATED** in chambers at Tampa, Florida, this ___ day of June, 2019.

_____<br>
WILLIAM F. JUNG<br>
United States District Judge

# ATTACHMENT A
## DECLARATION OF CONFIDENTIALITY

I, _____, hereby state as follows:

I reside at _____;

  I hereby acknowledge that I am to receive documents or information pursuant to the terms of the Stipulation Governing the Production and Exchange of Confidential Information (the "Stipulation") in Case No. 8:19-CV-00475-WFJ-SPF, *Alva Johnson, Individually and on Behalf of All Others Similarly Situated v. Donald J. Trump, In His Individual Capacity and Donald J. Trump For President, Inc.,* pending in the U.S. District Court, Middle District of Florida (the "Action"). I certify that I have read and understand the Stipulation.

  I am familiar with and agree to comply with and be bound by the provisions of said Stipulation. I understand that I am to retain all Confidential Materials in a confidential and secure manner, and that all such materials are to remain in my personal custody until I have completed my assigned duties, whereupon all Confidential Materials, including but not limited to all writings prepared by me containing any Confidential Materials or, are to be returned to counsel or the party who provided me with such materials. I further understand and agree that any summaries or other documents containing knowledge or information obtained or derived from documents or information furnished to me pursuant to the Stipulation also shall be treated by me as Confidential Materials, and in accordance with my treatment of the actual documents or information themselves. I also agree to notify the parties in this Action if I receive a subpoena calling for the production of documents or information covered by this Stipulation so that they may seek a protective order.

  I will not divulge to persons other than those specifically authorized by the Stipulation, and will not copy or use except solely for the purpose of this Action between the parties, any documents or information obtained pursuant to the Stipulation, except as specifically provided in the Stipulation. I understand that all Confidential Materials shall be used solely for the purpose of conducting the Action and may not be used for any other purpose, such as any business or commercial purpose. I understand that the obligations of confidentiality under the Stipulation do not expire. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Stipulation.

  I state under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the _____ day of _____, _____.

By: _____