Do we haUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVA JOHNSON, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                                    Case No. 8:19-cv-00475-T-02SPF

DONALD J. TRUMP,
in his individual capacity and
DONALD J. TRUMP FOR
PRESIDENT, INC.,

    Defendants.

_____/

**OMNIBUS DECLARATION OF HASSAN A. ZAVAREEI IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL
REPSONSES TO REQUESTS FOR ADMISSION AND INTERROGATORIES**

    I, Hassan A. Zavareei, declare as follows:

    1.    I am a partner in the law firm of Tycko & Zavareei LLP and counsel of record for Plaintiff in the above-captioned case. I am above the age of eighteen. I am admitted to this Court *pro hac vice*. I make this declaration based on my personal knowledge and review of relevant records of my law firm. I could and would testify competently to the matters set forth herein if called upon to do so.

    2.    I make this Declaration in support of Plaintiff's Opposition to Motion to Compel Production of Documents and Plaintiff's Opposition to Motion to Compel Requests for Admission and Interrogatory Responses.

    3.    On April 22, 2019, I contacted counsel for Defendants to request a meet and confer in order to prepare and file the case management report. A true and correct copy of my April 22, 2019 email is attached hereto as **EXHIBIT 1.**

4.      In advance of the call, we circulated a draft joint case management report, which stated, among other things, that the parties anticipated entering a stipulated protective order and an ESI protocol. A true and correct copy of my colleague Katherine Aizpuru's April 29, 2019 email, copying me, is attached hereto as **EXHIBIT 2.**

5.      A true and correct copy of the draft joint case management report attached to Ms. Aizpuru's April 29, 2019 email is attached hereto as **EXHIBIT 3.**

6.      Although there were several rounds of negotiations on the draft order, Counsel for Defendants never suggested any edits to the provision regarding the protective order and ESI protocol.

7.      I participated in a telephonic meet-and-confer with counsel for Defendants on April 30, 2019.

8.      During the call, counsel for Defendants agreed to provide a redline of the joint report and a proposed protective order by the following week.

9.      Defendants' counsel also raised the topic of scheduling Ms. Johnson's deposition, and proposed that the deposition take place on June 18, 19, or 20, 2019. Defendants' counsel did not raise the topic of document production (by either side) in connection with the deposition, emphasizing only his preference that the deposition be scheduled as soon as possible.

10.     We explained that June 18, 19, or 20 would not work for Ms. Johnson's deposition because my colleague Janet Varnell would be out of the country on those dates, but agreed to provide some dates that would work.

11.     On May 2, 2019, the Campaign purported to serve a number of discovery requests and a deposition notice on Ms. Johnson. A true and correct copy of Steven Frackman's May 2, 2019 email delivering courtesy copies of the requests and deposition notice is attached hereto as **EXHIBIT 4.**

- 2 -

12.     A true and correct copy of the deposition notice attached to Mr. Frackman's May 2, 2019 email is attached hereto as **EXHIBIT 5.**

13.     On May 3, 2019, my colleague, Ms. Varnell, wrote an email to counsel for Defendants to explain why these requests, and the unilateral deposition notice, were improper. A true and correct copy of her email, copying me, is attached hereto as **EXHIBIT 6.**

14.     After several emails and discussions in which Defendants' counsel denied that the requirements set forth in Dkt. 3 continued in force, Defendants' counsel served the written discovery requests on May 7, 2019. A copy of Mr. Frackman's email is attached hereto as **EXHIBIT 7.**

15.     That same day, we served discovery requests upon Defendants' counsel. A true and correct copy of the email serving the requests, copying me, is attached hereto as **EXHIBIT 8.**

16.     The parties eventually agreed that Ms. Johnson's deposition would take place on July 8, 2019. Counsel for Defendants served an amended deposition notice, which is attached hereto as **EXHIBIT 9.**

17.     Although the July 8, 2019 date was agreed upon, on May 9, 2019, counsel for Defendants sent me an email insisting that I "stipulate, in a filing with the court, that Ms. Johnson will appear for deposition on July 8 in Washington DC, and waive all objections to the date, time and location and will not file a motion for a protective order to prevent the deposition from going forward on that date, time, and location." A true and correct copy of Charles Harder's May 9, 2019 email is attached hereto as **EXHIBIT 10.**

18.     I did not believe that this request was warranted or proper. In an email on May 10, 2019, I reaffirmed that, absent some change in the status quo, Ms. Johnson would appear for her deposition on July 8, 2019 as agreed, but that I would not agree to the requested stipulation.  A true and correct copy of my May 10, 2019 email is attached hereto as **EXHIBIT 11.**

19.     Throughout the meet-and-confer and motions practice regarding Ms. Johnson's July 8, 2019 deposition, Defendants' counsel never raised the issue of the timing of Ms. Johnson's document production.

20.     Counsel for Defendants first raised the issue of the document production on May 29, 2019. A true and correct copy of Mr. Harder's May 29, 2019 email is attached hereto as **EXHIBIT 12.**

21.     The following day, May 30, 2019, I responded to Mr. Harder's email. I explained that while Ms. Johnson planned to provide substantive responses to the written discovery requests by the June 6, 2019 deadline, before doing so, the parties would need to agree to a protective order. This was because multiple responses to written discovery requests, such as interrogatories concerning Ms. Johnson's communications with therapists, contained confidential information. With regard to the actual document production, I explained that, while my firm was working with a vendor to image devices, the production was unlikely to be complete by June 6. I also explained that the parties needed to agree to custodians, sources, and search terms in connection with electronic discovery, and attached a proposed ESI protocol (as contemplated in the parties' joint Case Management Report, which at that point had been filed with the Court). A true and correct copy of my May 30, 2019 email to Mr. Harder is attached hereto as **EXHIBIT 13.**

22.     A true and correct copy of the draft proposed protective order attached to my May 30, 2019 email is attached hereto as **EXHIBIT 14.**

23.     A true and correct copy of the draft proposed ESI protocol attached to my May 30, 2019 email is attached hereto as **EXHIBIT 15.**

24.     In spite of the parties' joint submission to the Court stating that the parties intended to enter into an ESI protocol, counsel for Defendant then asserted for the first time that no ESI protocol would be necessary in this case. Specifically, he claimed that, "We don't see why an ESI

protocol would be needed in a case like this. I don't recall ever entering into an ESI protocol in a federal lawsuit – and I've had well over 100 of them." Mr. Harder also asserted for the first time that he believed he should be entitled to take multiple depositions of Ms. Johnson if her document production were not complete by July 1, 2019—despite the fact that it was Defendants' counsel who'd insisted on an early deposition date in the first place. A true and correct copy of Mr. Harder's May 31, 2019 email is attached hereto as **EXHIBIT 16.**

25.     Approximately one hour after insisting that Ms. Johnson complete her document production by July 1, Mr. Harder requested a one-week extension to respond to Ms. Johnson's written discovery requests. A true and correct copy of Mr. Harder's second May 31, 2019 email is attached hereto as **EXHIBIT 17**.

26.     Also on May 31, instead of providing edits or any substantive response to Ms. Johnson's proposed protective order, counsel for Defendants instead proposed a different stipulated protective order. A true and correct copy of Mr. Harder's third May 31, 2019 email is attached hereto as **EXHIBIT 18.**

27.     I responded to Mr. Harder's email regarding the ESI protocol and request for extension of time emails on June 2, 2019. I agreed to the requested extension as a matter of routine professional courtesy. With regard to the ESI protocol, I reminded Mr. Harder that the parties had agreed to enter an ESI protocol in a filing with the court, and explained that Ms. Johnson intended to abide by that agreement. I also explained that Ms. Johnson's attorneys were "moving forward with alacrity" with document collection and review, and would "continue to do so." A true and correct copy of my email of June 2, 2019 is attached hereto as **EXHIBIT 19.**

28.     On June 3, 2019, Tracey Jaensch, another of Defendants' attorneys, sent an email objecting to an ESI protocol. In her email, Ms. Jaensch proposed that their document production would consist only of "produc[ing] any relevant emails that are 'reasonably accessible' through

normal means: e.g., searching Outlook." A true and correct copy of her email is attached hereto as **EXHIBIT 20.**

29.     Following Ms. Jaensch's email, Mr. Harder sent an email asserting that the collection and review of Ms. Johnson's documents should take no more than 45 days and threatening to seek sanctions if her production were not completed by the date of her deposition. A true and correct copy of that email is attached hereto as **EXHIBIT 21.**

30.     Also on June 3, 2019, my colleague Jennifer Bennett responded to Mr. Harder's May 31, 2019 email explaining that Defendants' proposed protective order did not accord with the law, the Federal Rules, or best practices regarding confidentiality. A true and correct copy of her email, copying me, is attached hereto as **EXHIBIT 22.**

31.     On June 5, 2019, I appeared before the Court for a hearing. After the hearing, I emailed counsel for Defendants to reaffirm that we would produce documents on a rolling basis and request edits to the proposed ESI protocol. A true and correct copy of my June 5, 2019 email is attached hereto as **EXHIBIT 23.**

32.     Also on June 5, 2019, Ms. Bennett again requested edits to the proposed protective order, explaining, "We're supposed to start producing discovery responses tomorrow, but can't do that until the protective order is in place," and requesting proposed edits. A true and correct copy of her June 5, 2019 email, copying me, is attached hereto as **EXHIBIT 24.**

33.     Counsel for Defendants responded that they would propose edits to the protective order by June 7, 2019, but again asserted that an ESI protocol was not required. A true and correct copy of Mr. Harder's June 5, 2019 email is attached hereto as **EXHIBIT 25.**

34.     Upon receipt of Mr. Harder's email, I again wrote to implore that Defendants cooperate on a protective order and ESI protocol. A true and correct copy of my second June 5, 2017 email is attached hereto as **EXHIBIT 26.**

35.     We served Plaintiff's responses and objections to the Campaign's requests for production of documents, interrogatories, and requests for admission on June 6, 2019. A true and correct copy of Ms. Aizpuru's email, copying me, is attached hereto as **EXHIBIT 27.**

36.     In responding to the Campaign's eighty-three (83) document requests, attorneys in my office inadvertently failed to include her response to two requests.

37.     Upon realizing the error, we promptly served responses to these two outstanding requests. A true and correct copy of Ms. Aizpuru's email, copying me, is attached hereto as **EXHIBIT 28.**

38.     Mr. Harder sent me a letter on June 7, 2019, contesting several of Ms. Johnson's objections and requesting a meet-and-confer call. A true and correct copy of Mr. Harder's letter is attached hereto as **EXHIBIT 29.**

39.     I responded via email on June 11, 2019. In my email, I requested that we meet and confer regarding a planned motion for entry of a protective order governing confidential information and an order entering an ESI protocol. A true and correct copy of my June 11, 2019 email is attached hereto as **EXHIBIT 30.**

40.     Shortly afterwards, counsel for Defendant requested an additional week's extension to respond to Ms. Johnson's written discovery requests. A true and correct copy of Mr. Harder's June 11, 2019 email is attached hereto as **EXHIBIT 31.**

41.     Again, I agreed to the extension as a professional courtesy. One of my colleagues was not available for a meet and confer call at the time proposed by counsel for Defendants, so I proposed a call on June 14, 2019. A true and correct copy of my June 11, 2019 email is attached hereto as **EXHIBIT 32.**

42.     Counsel for Defendants refused to agree to a June 14, 2019 call. Mr. Harder also reversed course with respect to the ESI protocol, writing: "If you tell the Court that we are 'refusing'

to agree to an ESI protocol, that would be false and would require that we so inform the Court." A true and correct copy of his June 12, 2019 email is attached hereto as **EXHIBIT 33.**

43.     At Mr. Harder's insistence, we agreed to an initial meet and confer call on June 13, 2019. Again, I requested that Defendants offer proposed edits to the protective order and ESI protocol in advance of the call. A true and correct copy of my June 12, 2019 email is attached hereto as **EXHIBIT 34.**

44.     Defendants did not provide the requested edits in advance of the call.

45.     On June 12, 2019, prior to the meet and confer call, I sent a meet-and-confer letter to counsel for Defendants responding to each of the issues raised in Mr. Harder's letter. In the letter, we explained that Ms. Johnson would agree to provide supplemental responses to some of the contested requests, and requested clarification as to others that were vague and incomprehensible. I also supplied case law supporting our objections. A true and correct copy of my letter is attached hereto as **EXHIBIT 35.**

46.     On June 13, 2019, I participated in a meet and confer call with counsel for Defendants. During the call, I explained that, despite Defendants' failure to cooperate on an ESI protocol, a search for responsive documents was underway and documents would be provided on a rolling basis beginning June 21. I also reaffirmed that Ms. Johnson would provide amended responses to multiple requests, and supply supplemental responses to Interrogatory Nos. 9-11 once a protective order was in place. I requested that Defendants narrow or clarify the scope of Interrogatory Nos. 1-4. As to other requests, Defendants offered to provide authority for their positions and narrow the scope of certain requests. In light of those offers, I stated that we were open to further discussion. During the call, counsel for Defendants did not raise the one-day delay of the response to RFP No. 64, instead addressing only the merits of the request.

47.     After the call, I sent Mr. Harder a letter describing the call, memorializing

- 8 -

Defendants' agreement to provide multiple amended responses; promising to follow-up as to certain discovery requests; and requesting additional clarification or authority as to others. A true and correct copy of my letter is attached hereto as **EXHIBIT 36.**

48.     Instead of continuing to meet-and-confer, provide the offered authority, or propose narrowed discovery requests, the very next day, Defendants filed a Motion to Compel. Also without providing any supplemental authorities or finishing the meet-and-confer process, Defendants filed a second Motion to Compel on June 17.

49.     Counsel for Defendants finally proposed edits to the ESI protocol on June 18, 2019. A true and correct copy of Ryan Stonerock's email is attached hereto as **EXHIBIT 37.**

50.     That same day, Mr. Harder requested a third extension of time to respond to Ms. Johnson's discovery requests. A true and correct copy of his email is attached hereto as **EXHIBIT 38.**

51.     I provided further edits to the ESI protocol on June 19, 2019. A true and correct copy of my June 19, 2019 email is attached hereto as **EXHIBIT 39.**

52.     With respect to the request for an extension, while I initially indicated that we would not be comfortable with a third extension, I ultimately replied that we could agree to the extension of Defendants would work cooperatively on an ESI protocol. A true and correct copy of my June 20, 2019 email is attached hereto as **EXHIBIT 40.**

53.     Mr. Harder refused to agree. A true and correct copy of his email is attached hereto as **EXHIBIT 41.**

54.     Later that day, the Campaign served objections to Ms. Johnson's discovery requests, but no substantive responses. A true and correct copy of Henry Self's June 20, 2019 email is attached hereto as **EXHIBIT 42.**

55.     On June 20, 2019, I requested that the parties meet and confer pursuant to Local

Rule 3.01(g) concerning Plaintiff's proposed motion for reconsideration. Mr. Harder responded that the "meet and confer requirements of the local rules will not have been completed" until I had provided the "full and complete legal and factual basis" for the planned motion. A true and correct copy of this email exchange is attached hereto as **EXHIBIT 43.**

56.     Also on June 20, 2019, I emailed counsel for Defendants regarding proposed search terms. A true and correct copy of my email is attached hereto as **EXHIBIT 44.**

57.     As of this filing, Defendants have not responded to my June 20 email regarding search terms, nor have they provided edits to the draft ESI protocol that I circulated to them on June 19, 2019.

58.     In early May, in anticipation of the forthcoming document production (and receipt of Defendants' document production), my law firm engaged an eDiscovery vendor to assist with eDiscovery.

59.     The vendor imaged Ms. Johnson's current laptop and cellphone, as well as an old laptop and three cell phone data cards. The vendor also imaged Ms. Johnson's email and Facebook accounts. Because the vendor was required to travel to Ms. Johnson's current location in order to image her current devices, and because of the volume of data, this process took some time, but the imaging was complete as of June 18. The database currently includes 226,962 unique documents.

60.     Beginning with the documents included in the first ingestion, which was completed on June 3, 2019, Ms. Johnson's attorneys began searching the database for responsive documents.

61.     Attorneys in my law firm utilized a number of search terms they believed might yield relevant documents, which yielded over 5,800 hits. My colleagues have been reviewing these documents for privilege and responsiveness—though their ability to do so is hampered by the need to respond to Defendants' motions and threats of further motions. To date, four of Ms. Johnson's attorneys have spent dozens of hours on document collection and review.

62.     We have been pursuing the collection and review process at an expedited pace.

63.     On June 21, 2019, we produced Plaintiff's First Production of Documents, which included 5,113 pages.

64.     Also on June 21, 2019, we served Plaintiff's Supplemental Responses to Interrogatory Nos. 9-11. Attached hereto as **EXHIBIT 45** is a true and correct copy of Ms. Aizpuru's email serving those interrogatory responses.

65.     Ms. Johnson does not have any written agreements with Public Justice.

66.     Attached hereto as **EXHIBIT 46** is a true and correct copy of Dkt. 336 in *Regions Bank v. Kaplan*, No. 8:12-cv-1837-T-17MAP (M.D. Fla.).


I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 24th day of June at Washington, D.C.


_____*/s/ Hassan A. Zavareei*_____

Hassan A. Zavareei

# EXHIBIT 1

**Melat Kiros**

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Monday, April 22, 2019 10:32 AM |
| **To:** | charder@harderllp.com |
| **Cc:** | Katherine Aizpuru; 'PBLAND@publicjustice.net'; Janet Varnell; rstonerock@harderllp.com |
| **Subject:** | RE: Johnson v. Trump |
| **Attachments:** | 2019.02.27 Amended Case Order (dkt. 5).pdf |

Charles,

Pursuant to Local Rule 3.05 and the Amended Related Case Order (Dkt. 5, attached), we are required to meet within 60 days of service of the complaint on any defendant for purposes of preparing and filing a Case Management Report. Our deadline to hold this required meet and confer is Tuesday, April 30. Please provide some times this week or at the beginning of next week when you are available for a telephonic meet and confer. We have also begun preparing a draft joint Case Management Report, which we will circulate before we speak.

Best,

Hassan



Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Katherine Aizpuru
**Sent:** Friday, March 8, 2019 11:41 AM
**To:** charder@harderllp.com; rstonerock@harderllp.com
**Cc:** Hassan Zavareei <hzavareei@tzlegal.com>
**Subject:** RE: Johnson v. Trump

Dear Mr. Harder:

I just left a message with Marcy regarding my colleague's email below, again asking whether you will accept service on behalf of Defendant Donald J. Trump in the case *Alva Johnson v. Donald J. Trump et al.*, Case No. 19-00475 in the Middle District of Florida. If you are not going to be representing Mr. Trump in this matter, we would appreciate if you could refer us to the appropriate attorney(s).

Please feel free to give me a call at 202-417-3667 if you would like to discuss.

Regards,
Kate Aizpuru



**Katherine M. Aizpuru** ■ Associate ■ TYCKO & ZAVAREEI LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.417.3667 ■ f 202.973.0950

Check out our new video!

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

**From:** "Hassan Zavareei" <hzavareei@tzlegal.com>
**To:** "bblakely@blakelylawgroup.com" <bblakely@blakelylawgroup.com>, "charder@harderllp.com" <charder@harderllp.com>, "rstonerock@harderllp.com" <rstonerock@harderllp.com>
**Subject: Johnson v. Trump**

Counsel,

I represent Alva Johnson in *Alva Johnson v. Donald J. Trump et al.*, Case No. 19-00495, filed on February 25, 2019 in the U.S. District Court for the Middle District of Florida. I have attached the Complaint and the docket sheet for your convenience.

I understand that you are representing Defendant Donald Trump in the *Clifford v. Trump* matter. I am writing to ask whether you will accept service on behalf of Mr. Trump. If so, we will prepare a waiver of the service of summons. If you are not going to be representing Mr. Trump in this matter, I would appreciate it if you could refer me to the appropriate attorney(s).

If you would like to discuss, you may reach me at 202-973-0910.

Regards,

Hassan



Hassan Zavareei ■ TYCKO & ZAVAREEI LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.973.0910 (direct) ■ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

# EXHIBIT 2

**Melat Kiros**

| | |
|---|---|
| **From:** | Katherine Aizpuru |
| **Sent:** | Monday, April 29, 2019 2:41 PM |
| **To:** | Hassan Zavareei; Ryan Stonerock |
| **Cc:** | 'PBLAND@publicjustice.net'; Janet Varnell; tjaensch@fordharrison.com; Dawn Siler-Nixon; Steven Frackman; Charles Harder; 'Jennifer Bennett' |
| **Subject:** | RE: Johnson v. Trump |
| **Attachments:** | 2019.04.29 Draft Case Management Report .docx |

Counsel,

In advance of our call tomorrow, attached is a draft joint Case Management Report (utilizing the Case Management Report form located at www.flmd.uscourts.gov/judges/william-jung per Dkt. 5).

Best,
Kate

 **Katherine M. Aizpuru** ▪ Associate ▪ Tᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.417.3667 ▪ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

**From:** Hassan Zavareei
**Sent:** Tuesday, April 23, 2019 5:57 PM
**To:** Ryan Stonerock <RStonerock@harderllp.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; 'PBLAND@publicjustice.net' <PBLAND@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; tjaensch@fordharrison.com; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Steven Frackman <sfrackman@harderllp.com>; Charles Harder <charder@harderllp.com>
**Subject:** RE: Johnson v. Trump

Thanks for your response Ryan. Let's talk at 3:30 Eastern on the 30th. We will send around a calendar invitation with a call-in.

 Hassan Zavareei ▪ Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ ʟʟᴘ ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Ryan Stonerock <RStonerock@harderllp.com>
**Sent:** Tuesday, April 23, 2019 5:45 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; 'PBLAND@publicjustice.net' <PBLAND@publicjustice.net>; Janet Varnell

<jvarnell@varnellandwarwick.com>; tjaensch@fordharrison.com; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Steven Frackman <sfrackman@harderllp.com>; Charles Harder <charder@harderllp.com>
**Subject:** RE: Johnson v. Trump

Mr. Zavareei:

We are available for the conference on Tuesday, April 30th between 12:30 pm ET and 6 pm ET.  Please let us know your availability during this window.  If you are unavailable, please provide alternative dates/times.

In addition, please copy Tracey Jaensch and Dawn Siler-Nixon on all future communications, as they are also counsel of record for defendants.

Thanks,



**RYAN J. STONEROCK**
HARDER LLP
RSTONEROCK@HARDERLLP.COM
(424) 203-1600

---

**From:** Hassan Zavareei <hzavareei@tzlegal.com>
**Sent:** Monday, April 22, 2019 7:32 AM
**To:** Charles Harder <charder@harderllp.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; 'PBLAND@publicjustice.net' <PBLAND@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Ryan Stonerock <RStonerock@harderllp.com>
**Subject:** RE: Johnson v. Trump

Charles,

Pursuant to Local Rule 3.05 and the Amended Related Case Order (Dkt. 5, attached), we are required to meet within 60 days of service of the complaint on any defendant for purposes of preparing and filing a Case Management Report. Our deadline to hold this required meet and confer is Tuesday, April 30. Please provide some times this week or at the beginning of next week when you are available for a telephonic meet and confer. We have also begun preparing a draft joint Case Management Report, which we will circulate before we speak.

Best,

Hassan

---

 Hassan Zavareei  ▪  Tycko & Zavareei LLP  ▪  www.tzlegal.com
1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
p 202.973.0910 (direct)  ▪  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Katherine Aizpuru
**Sent:** Friday, March 8, 2019 11:41 AM
**To:** charder@harderllp.com; rstonerock@harderllp.com
**Cc:** Hassan Zavareei <hzavareei@tzlegal.com>
**Subject:** RE: Johnson v. Trump

Dear Mr. Harder:

I just left a message with Marcy regarding my colleague's email below, again asking whether you will accept service on behalf of Defendant Donald J. Trump in the case *Alva Johnson v. Donald J. Trump et al.*, Case No. 19-00475 in the Middle District of Florida. If you are not going to be representing Mr. Trump in this matter, we would appreciate if you could refer us to the appropriate attorney(s).

Please feel free to give me a call at 202-417-3667 if you would like to discuss.

Regards,
Kate Aizpuru



**Katherine M. Aizpuru** ▪ Associate ▪ Tycko & Zavareei LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.417.3667 ▪ f 202.973.0950

Check out our new video!

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

**From:** "Hassan Zavareei" <hzavareei@tzlegal.com>
**To:** "bblakely@blakelylawgroup.com" <bblakely@blakelylawgroup.com>, "charder@harderllp.com"
<charder@harderllp.com>, "rstonerock@harderllp.com" <rstonerock@harderllp.com>
**Subject: Johnson v. Trump**

Counsel,

I represent Alva Johnson in *Alva Johnson v. Donald J. Trump et al.*, Case No. 19-00495, filed on February 25, 2019 in the U.S. District Court for the Middle District of Florida. I have attached the Complaint and the docket sheet for your convenience.

I understand that you are representing Defendant Donald Trump in the *Clifford v. Trump* matter. I am writing to ask whether you will accept service on behalf of Mr. Trump. If so, we will prepare a waiver of the service of summons. If you are not going to be representing Mr. Trump in this matter, I would appreciate it if you could refer me to the appropriate attorney(s).

If you would like to discuss, you may reach me at 202-973-0910.


Regards,


Hassan

 Hassan Zavareei  ▪  TYCKO & ZAVAREEI LLP  ▪  www.tzlegal.com
1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
p 202.973.0910 (direct)  ▪  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ALVA JOHNSON,**<br>*Individually and on behalf of all others<br>similarly situated,*<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>**DONALD J. TRUMP**,<br>*In his individual capacity*, and<br>**DONALD J. TRUMP FOR PRESIDENT,<br>INC.,**<br><br>　　　Defendants. | **Case No: 8:19-cv-0475-T-02SPF**<br><br>**Hon. William Jung** |

## CASE MANAGEMENT REPORT

1.    **Meeting of Parties:** Pursuant to Local Rule 3.05(c)(3)(A), a meeting was held on **April 30, 2019 at 3:30 P.M. EST** by telephone, and was attended by:

- Hassan A. Zavareei, lead trial counsel for Plaintiff Alva Johnson
- Janet Varnell, counsel for Plaintiff Alva Johnson
- Katherine Aizpuru, counsel for Plaintiff Alva Johnson
- Jennifer Bennett, counsel for Plaintiff Alva Johnson
- Charles Harder, counsel for Defendants Donald J. Trump and Donald J. Trump for President, Inc.
- Dawn Siler-Nixon, counsel for Defendants Donald J. Trump and Donald J. Trump for President, Inc.

2.    **Initial Disclosures:**

a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as

under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one):

_____ **X** _____     have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **May 13, 2019**.

_____     stipulate not to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

       _____

       _____

_____     have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

       _____

       _____

       _____

3.     **<u>Discovery Plan – Plaintiff</u>:** The parties jointly propose the following Plaintiff's discovery plan:

    a.     <u>Plaintiff's Planned Discovery:</u> A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

    (1) <u>Requests for Admission:</u>

Ms. Johnson anticipates serving requests for admission seeking information related to: (1) Defendant Trump's forced kiss upon Ms. Johnson; (2) Defendant Trump's pattern and practice of engaging in sexual misconduct, including by forcibly kissing women; (3) Defendant Donald J. Trump for President, Inc.'s ("the Campaign") employment of Ms. Johnson; (4) Defendant Donald J. Trump for President, Inc.'s practices with regard to payment of campaign workers. Ms. Johnson anticipates serving such requests for

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

admission as soon as practicable following the meeting required under L.R. 3.05(c)(2)(B).

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written interrogatories:

Ms. Johnson anticipates serving written interrogatories seeking information related to: (1) Defendant Trump's forced kiss upon Ms. Johnson; (2) Defendant Trump's pattern and practice of engaging in sexual misconduct, including by forcibly kissing women; (3) the identities of persons present during the incident in which Defendant Trump forcibly kissed Ms. Johnson; (4) the identities of persons with knowledge of the incident in which Defendant Trump forcibly kissed Ms. Johnson; (5) other incidents of unwanted touching by Defendant Trump, including during the campaign; (6) the Campaign's practices and policies with regard to payment of workers; (7) the racial breakdown of Campaign staff; (8) the gender breakdown of Campaign staff; (9) the electronic systems and databases in which the Campaign stores information relating to payroll records and other records of pay or compensation for staff; (10) the Campaign's internal assessment of its own compliance with federal law regarding pay discrimination; (11) information in the Defendants' possession, custody, or control concerning Ms. Johnson; and (12) information about members of the proposed collective. Ms. Johnson anticipates serving such interrogatories as soon as practicable following the meeting required under L.R. 3.05(c)(2)(B).

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

Ms. Johnson anticipates serving requests for production of documents seeking documents related to: (1) photographs, pictures, or videos taken on the day of the incident in which Defendant Trump forcibly kissed Ms. Johnson; (2) records of other litigation, legal actions, complaints, or other written documents concerning previous incidents in which Defendant Trump is alleged to have engaged in sexual misconduct, including by forcibly kissing someone; (3) documents concerning Defendant Trump's pattern and practice of sexual misconduct, including forcibly kissing women; (4) records of other litigation, legal actions, complaints, or other written documents alleging race or sex discrimination involving Donald J. Trump for President, Inc. or the Trump Organization; (5) records of payment or compensation by the Campaign; (6) records showing the racial breakdown of the Campaign's staff; (7) records showing the gender breakdown of the Campaign's staff; (8) records of any internal and external audits or assessments of the Campaign's

compliance with federal law regarding pay discrimination on the basis of race or gender; (9) Ms. Johnson's complete employment file; and (10) any documents concerning Ms. Johnson within either Defendant's possession, custody or control. Ms. Johnson anticipates serving such requests as soon as practicable following the meeting required under L.R. 3.05(c)(2)(B).

(4) Oral depositions:

Ms. Johnson anticipates that because of the number of issues and witnesses present in the case she is likely to need more than ten depositions. While many witnesses are not presently known to Ms. Johnson, she anticipates, at minimum, needing to take the depositions of: Defendant Trump; Karen Giorno; Pamela Jo Bondi; Lucia Castellano; Charles ("Chad") Tucker; Mitch Tyner; Chess Bedsole; Jennifer Locetta; Sid Bowdidge; Bibi Ramos; Darren Morris; John Pugh; Dennis Beavers; Cassidy Dumbauld; volunteers, staff, and security personnel present at the incident during which Defendant Trump forcibly kissed Ms. Johnson; Adam Horowitz; Lisheyna Hurvitz; Jill Harth; Temple Taggart; Cathy Heller; Natasha Stoynoff; Rachel Crooks; Jessica Drake; Summer Zervos; Katy Tur; Jessica Leeds; Kristin Anderson; Lisa Boyne; Mariah Billado; Karena Virginia; Bridget Sullivan; Tasha Dixon; Mindy McGillivray; Ken Davidoff; Ninni Maakonsen; Cassandra Searles; Faromita Mitra; Shanon McAnally; Matt Ciepelowski; Austin Browning; David Chiokadze; persons with knowledge of the Campaign's policies and practices regarding payment of staff; and a corporate witness for the Campaign pursuant to Fed. R. Civ. P. 30(b)(6).

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals: None.

b.      Disclosure of Expert Testimony: The parties stipulate in accordance with Fed. R. Civ. P. 26(a)(2)(C) that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **December 15, 2019 [60 days before discovery cut off]**

c.      Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **February 1, 2020**

d.    Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before **February 15, 2020. [30 days before dispositive motion deadline]**

Below, the parties propose a schedule that includes the deadline for the completion of discovery.

3.    **Discovery Plan – Defendant:** The parties jointly propose the following Defendant's discovery plan:

a.    Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written interrogatories:

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant  to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

(4) Oral depositions:

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed Length of Deposition | Grounds |
| --- | --- | --- |

|  |  |  |
|---|---|---|
|  |  |  |

    b.    <u>Disclosure of Expert Testimony</u>: The parties stipulate in accordance with Fed. R. Civ. P. 26(a)(2)(C) that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **January 15, 2020 [30 days before discovery cut off]**

    c.    <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant 's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **February 1, 2020**

    d.    <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before **February 15, 2020.**

**5.**    <u>**Joint Discovery Plan – Other Matters:**</u> Parties agree on the following other matters relating to discovery ( *e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

    The parties anticipate entering into a joint stipulated protective order concerning the handling of confidential information. The parties also anticipate entering into a joint stipulation concerning the protocol for handling electronically stored information (ESI).

    The parties propose the following case schedule:

| Event | Proposed Deadline |
|---|---|
| Deadline to file conditional certification motion | **May 10, 2019** |
| Deadline to oppose conditional certification motion | **May 31, 2019** |
| Deadline to file reply in support of conditional certification motion | **June 14, 2019** |
| Deadline for Plaintiff's expert disclosures | **December 15, 2019** |
| Deadline for Defendants' expert disclosures | **January 15, 2020** |
| Deadline for supplemental disclosures and responses | **February 1, 2020** |
| Close of discovery | **February 15, 2020** |
| Deadline to file dispositive motions | **March 15, 2020** |
| Pretrial conference | **May 4, 2020** |
| Trial | **May 25, 2020** |

**6.**    <u>**Disagreement or Unresolved Issues Concerning Discovery Matters:**</u> Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**Plaintiff's position:** Plaintiff's position is that discovery should commence as soon as practicable following the Case Management meeting under L.R. 3.05(c)(2)(B) and (3)(A). Even if one or both Defendant files a dispositive motion, there is no need for a stay of discovery simply because a motion is pending. Plaintiff requests leave to exceed the ten depositions permitted under the federal rules.

**Defendant's position:** . . .

7.      **Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:** Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be **September 14, 2019**. **[no later than 4 months from Case Management Report filing date and at least 4 months before pretrial conference]. (Note time limit in Local Rule 4.03.)**

8.      **Settlement and Alternative Dispute Resolution:** Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Ms. Johnson's position is that this case is not suitable for alternative dispute resolution.

Defendants' position is . . .

Parties agree that settlement is (check one)

___ likely

__**X**_ unlikely

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). ___ yes          __**X**_ no     ___ likely to agree in future

If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9.      The parties agree mediation will be completed by **December 4, 2019** **[5 months before pretrial conference]**

10.     **Consent to Magistrate Judge Jurisdiction.** The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636. Should parties agree to proceed before the Magistrate Judge the attached form must be completed and fied with the case management report.

___ yes     __**X**__ no     ____ likely to agree in future

11.     **Preliminary Pretrial Conference:**

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

**12.      Final Pretrial Conference and Trial:** Parties agree that they will be ready for a final pretrial conference on or after **May 4, 2020 [3 weeks before trial term begins]** and for trial on or after **May 25, 2020 [3 weeks after pretrial conference (no more than 18 months after complaint is filed)]**. This **Jury / Non-Jury** trial is expected to take approximately **10** day(s).

**13.      Pretrial Disclosures and Final Pretrial Procedures:** Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

**14.      Other Matters:**

Plaintiff intends to move for collective action certification of her Equal Pay Act claims on behalf of a collective consisting of similarly situated individuals: women who were employed by Defendant Donald J. Trump for President, Inc. Defendant Donald J. Trump for President, Inc. has engaged in a systematic pattern and practice of discriminating against women, resulting in pervasive and well-documented underpayment of female staff. Plaintiff is well-suited to represent the interests of this collective.

Dated:                                                    Respectfully Submitted,

# EXHIBIT 4

**Melat Kiros**

| | |
|---|---|
| **From:** | Steven Frackman <sfrackman@harderllp.com> |
| **Sent:** | Thursday, May 2, 2019 7:52 PM |
| **To:** | Hassan Zavareei; Katherine Aizpuru; PBLAND@publicjustice.net; jvarnell@varnellandwarwick.com |
| **Cc:** | Charles Harder; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch |
| **Subject:** | Johnson v. Trump |
| **Attachments:** | Campaign's Request for Production to Plaintiff, Set One.pdf; Notice of Deposition of Plaintiff.pdf; Campaign's Interrogatories to Plaintiff, Set One.pdf; Campaign's Request for Admission to Plaintiff, Set One.pdf |

Counsel:

Please find attached courtesy copies of the following documents from Donald J. Trump for President, Inc., which were delivered to Mr. Zavareei's office earlier today by messenger: (1) Interrogatories; (2) Requests for Admission; (3) Requests for Production; and (4) Notice of Deposition of Plaintiff.

Best,



**STEVEN H. FRACKMAN**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
SFRACKMAN@HARDERLLP.COM
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALVA JOHNSON,**
**Individually and On Behalf of All Others**
**Similarly Situated,**

        **Plaintiff,**                    **Case No. 8:19-cv-00475-WFJ-SPF**

**v.**

**DONALD J. TRUMP,**
**In his Individual Capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.**

        **Defendants.**
_____/

**NOTICE OF DEPOSITION OF PLAINTIFF ALVA JOHNSON**

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

You are hereby notified that the deposition of plaintiff Alva Johnson will be taken at FordHarrison LLP, 101 East Kennedy Boulevard, Suite 900, Tampa, Florida 33602, commencing at 10:00 a.m. on June 14, 2019. The deposition proceedings will be recorded both stenographically and by audiovisual recording.

Dated this 2nd day of May, 2019.

**[Signature appears on next page]**

1

HARDER LLP


*/s/* Charles J. Harder
Charles J. Harder
CHarder@HarderLLP.com
Admitted *Pro Hac Vice*
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
Telephone:  (424) 203-1600
Facsimile: (424) 203-1601

Dawn Siler-Nixon
Florida Bar No. 993360
DSiler-Nixon@FordHarrison.com
Tracey K. Jaensch
Florida Bar No. 907057
TJaensch@FordHarrison.com
FORD**HARRISON** LLP
101 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Attorneys for Defendants
Donald J. Trump and
Donald J. Trump for President, Inc.

2

# EXHIBIT 6

**Melat Kiros**

| | |
|---|---|
| **From:** | Janet Varnell <jvarnell@varnellandwarwick.com> |
| **Sent:** | Friday, May 3, 2019 5:09 PM |
| **To:** | Charles Harder; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch |
| **Cc:** | Hassan Zavareei; Katherine Aizpuru; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride |
| **Subject:** | Johnson v. Trump |

Counsel:

I write to you as a professional courtesy regarding your errant attempt to serve discovery yesterday in an effort to avoid the unnecessary motion practice.

First, pursuant to the Court's "Related Case Order, Interested Persons Order, Order Requiring Electronic Filing and Notice of Track Designation" of February 26, 2019, all parties were ordered to file a Notice of Pendency of Other Actions and a Certificate of Interested Persons and Corporate Disclosure Statement. The forms were required to be filed no later than March 13, 2019.  Plaintiff filed hers in a timely manner and none of the Defendants complied.  Disregarding court orders regarding CIPs and disclosure statements has resulted in default judgement being entered for plaintiffs in the past.

According to that Order, "<u>**[n]o party may seek discovery**</u> from any source **before filing** and serving a CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT." Order p.2. Thus, the discovery that you propounded should all be retracted until your filings are completed. Please give us immediate notice of your retraction or we will be forced to file a Motion to Strike the erroneous service.

Second, your discovery requests do not comply with the applicable rules and operative orders for several other reasons. In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook.  During our Rule 26(f) conference, you suggested that you wished to take the Plaintiff's deposition and you indicated that you would send us alternative dates. Instead, you unilaterally noticed her deposition.  The Discovery Practice Handbook specifically states that the attorney should "**pre-arrange a deposition with opposing counsel before serving the notice**." Only where it is **not possible** may counsel unilaterally notice a deposition and, in doing so, they must indicate "a willingness to be reasonable about any necessary rescheduling."

Please retract the service of this discovery until you are fully compliant with the applicable Court Orders and the mandates of the applicable rules and guidelines.  If you fail to retract the discovery, Plaintiff may have file a Motion to Strike the Discovery Requests or seek a Protective Order.

Finally, we spoke about our desire to depose Mr. Trump as soon as possible during our conference.  We propose to take his deposition any day during the week of July 15th at the location of his choosing in the United States. We could produce Ms. Johnson the following week.



JANET R. VARNELL

VARNELL & WARWICK

PO BOX 1870

LADY LAKE, FL 32158

1

(352)753-8600
WWW.VARNELLANDWARWICK.COM
FOLLOW ME ON TWITTER @4THELITTLEGUY

# EXHIBIT 7

## Melat Kiros

| | |
|---|---|
| **From:** | Steven Frackman <sfrackman@harderllp.com> |
| **Sent:** | Tuesday, May 7, 2019 5:20 PM |
| **To:** | Janet Varnell; Hassan Zavareei; Katherine Aizpuru; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride |
| **Cc:** | Charles Harder; Dawn Siler-Nixon; Tracey Jaensch; Ryan Stonerock; Henry Self |
| **Subject:** | RE: Trump - Johnson; Redlined draft Case Management Report |
| **Attachments:** | Campaign Request for Admission Set One to Johnson.pdf; Campaign Interrogatories Set One to Johnson.pdf; Campaign Request for Production Set One to Johnson.pdf; Amended Notice of Deposition of Plaintiff.pdf |

Dear Counsel:

I write on behalf of Mr. Harder.

This will confirm that Defendants agree that discovery can be served electronically.

Enclosed herewith, we are reserving our written discovery, and amended notice of deposition of Alva Johnson.  This should put to rest the discovery dispute relating to Dkt 3 and Dkt 5.

With respect to Ms. Johnson's deposition, we have noticed it for July 2, 2019 based on your statement to us that the date is available.  Please confirm by 5:00 PM Eastern time tomorrow that her deposition will proceed on that date.   As you know, we have offered June 14 through 28 as alternative dates but you have rejected them.

Should you fail to confirm the July 2 deposition by 5:00 PM Eastern time tomorrow, then we will have no alternative but to file a motion to compel her deposition for that date. We have been meeting and conferring with you regarding her deposition since April 30.

We are not willing to tie the scheduling of Ms. Johnson's deposition with a deposition date of Mr. Trump, for the reasons that we have already stated, namely, our objection to the scope of discovery that Plaintiff is seeking, including discovery relating to 19 irrelevant accusations against Mr. Trump that have no place in this case.  We intend to file a motion for protective order on those issues, and will not be in a position to schedule Mr. Trump's deposition until those issues have been resolved.

Naturally, all of our clients' rights are reserved.

On behalf of,



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

---

**From:** Janet Varnell <jvarnell@varnellandwarwick.com>
**Sent:** Tuesday, May 7, 2019 8:47 AM
**To:** Charles Harder <charder@harderllp.com>; hzavareei@tzlegal.com; kaizpuru@tzlegal.com; Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>
**Cc:** Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** RE: Trump - Johnson; Redlined draft Case Management Report

Charles,
We will get back with you today as soon as possible in response to your proposals.  In the meantime, can we agree that all parties can serve discovery through electronic service?  The local rules permit this as long as we consent in writing.

JANET R. VARNELL



PO BOX 1870
LADY LAKE, FL 32158
(352)753-8600
WWW.VARNELLANDWARWICK.COM
FOLLOW ME ON TWITTER @4THELITTLEGUY

---

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 06, 2019 9:04 PM
**To:** Janet Varnell <jvarnell@varnellandwarwick.com>; hzavareei@tzlegal.com; kaizpuru@tzlegal.com; Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>
**Cc:** Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Redlined draft Case Management Report

Dear Counsel:  Attached please find our redlines to the draft Case Management Report.  Please let us know if you have any further edits, or if the redlines can be accepted and a clean draft filed with the Court.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 8

## Melat Kiros

| | |
|---|---|
| **From:** | Melat Kiros |
| **Sent:** | Tuesday, May 7, 2019 6:40 PM |
| **To:** | Charles Harder; Dawn Siler-Nixon; Tracey Jaensch; Ryan Stonerock; Henry Self; Steven Frackman |
| **Cc:** | Brian Warwick; Paul Bland; Hassan Zavareei; Katherine Aizpuru; Jennifer Bennett; Karla Gilbride (kgilbride@publicjustice.net); Tanya S. Koshy; jvarnell@varnellandwarwick.com; Rebecca Azhdam; Matthew Lanahan |
| **Subject:** | Johnson v. Trump - Case Number: 8:19-cv-00475-WFJ-SPF |
| **Attachments:** | 2019.05.07 Platintiff's First Set of Interrogatories to Defendant Donald J. Trump for President, Inc..pdf; 2019.05.07 Plaintiff's First Set of Interrogatories to Defendant Donald J. Trump.pdf; 2019.05.07 Plaintiff's First Requests for Production of Documents to Defendant Donald J. Trump for President, Inc..pdf; 2019.05.07 Plaintiff's First Requests for Production of Documents to Defendant Donald J. Trump.pdf; 2019.05.07 Plaintiff's First Set of Requests for Admission to Defendant Donald J. Trump.pdf; 2019.05.07 Plaintiff's First Set of Requests for Admission to Defendant Donald J. Trump for President, Inc..pdf |

Counsel:

Please find the attached.

Regards,



**Melat Kiros** ■ Paralegal ■ Tycko & Zavareei LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.973.0900 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALVA JOHNSON,**
**Individually and On Behalf of All Others**
**Similarly Situated,**

   **Plaintiff,**       **Case No. 8:19-cv-00475-WFJ-SPF**

**v.**

**DONALD J. TRUMP,**
**In his Individual Capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.**

   **Defendants.**

_____/

**SECOND AMENDED NOTICE OF DEPOSITION OF PLAINTIFF ALVA JOHNSON**

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

You are hereby notified that, pursuant to Rule 30 of Federal Rules of Civil Procedure, the deposition upon oral examination of plaintiff Alva Johnson will be taken at Veritext Legal Solutions, 1250 I Street, NW, Suite 350, Washington, DC 20005, commencing at 10:00 a.m. on July 8, 2019, rather than on July 2, 2019 as previously noticed.

The deposition shall take place before a duly certified shorthand reporter authorized to administer oaths, and will be recorded both stenographically and by audiovisual recording.  Said deposition shall continue from day to day thereafter, excluding Sundays and holidays, until completed.

Dated this 10th day of May, 2019.

**[Signature appears on next page]**

1

*/s/ Charles J. Harder*

Charles J. Harder
Trial Counsel
CHarder@HarderLLP.com
Admitted *Pro Hac Vice*
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California  90212
Telephone:  (424) 203-1600
Facsimile:  (424) 203-1601

Dawn Siler-Nixon
Florida Bar No. 993360
DSiler-Nixon@FordHarrison.com
Tracey K. Jaensch
Florida Bar No. 907057
TJaensch@FordHarrison.com
FORD**HARRISON** LLP
101 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile:  (813) 261-7899

Attorneys for Defendants
Donald J. Trump and
Donald J. Trump for President, Inc.

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2019, I caused the Second Amended Notice of Deposition of Plaintiff Alva Johnson to be served on all counsel of record by email at the following addresses:

| | |
|---|---|
| Janet Varnell<br>Varnell & Warwick, PA<br>P.O. Box 1870<br>Lady Lakes, FL  32158-1870<br>jvarnell@varnellandwarwick.com<br>Attorney for Plaintiff | Hassan A. Zavareei<br>Katherine M. Aizpuru<br>Rebecca Azhdam<br>Tycko & Zavareei LLP<br>1828 L Street NW, Suite 1000<br>Washington, D.C.  20036<br>hzavareei@tzlegal.com<br>kaizpuru@tzlegal.com<br>razhdam@tzlegal.com<br>Attorney for Plaintiff |
| F. Paul Bland<br>Karla Gilbride<br>Public Justice, P.C.<br>1620 L Street NW, Suite 630<br>Washington, DC  20036<br>pbland@publicjustice.net<br>kgilbride@publicjustice.net<br>Attorney for Plaintiff | Jennifer Bennett<br>Public Justice, P.C.<br>475 14th Street, Suite 610<br>Oakland, CA  94612<br>jbennett@publicjustice.net<br>Attorney for Plaintiff |

By: /s/ Steven Frackman

3

# EXHIBIT 10

**Melat Kiros**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Thursday, May 9, 2019 11:00 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Katherine Aizpuru; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Dawn Siler-Nixon; Tracey Jaensch; Ryan Stonerock; Henry Self; Steven Frackman |
| **Subject:** | Trump - Johnson; Draft CMR and M&C re Johnson Depo |

Dear Mr. Zavareei and Counsel:

Regarding the deposition of Alva Johnson, you have told me several times in the past week that she would not appear for deposition unless certain conditions are met with regard to other discovery issues. When we spoke this morning, you confirmed that she and her counsel are available on July 8 in Washington DC, but that you still were still reserving the right to object to the deposition going forward on that date, and you stated that you might bring a motion for protective order to prevent it from proceeding on that date. I told you that we needed confirmation that her deposition would, in fact, proceed on July 8, or we would need to file a motion to compel her deposition on that date, to resolve your various objections over this past week.

Your email below states that you "intend" to proceed with her deposition on July 8, but remains silent on whether or not you are continuing to reservation objections and possible motion for protective order to prevent the deposition from going forward on that date. Please let me know if you will stipulate, in a filing with the court, that Ms. Johnson will appear for deposition on July 8 in Washington DC, and waive all objections to the date, time and location and will not file a motion for protective order to prevent the deposition from going forward on that date, time and location. In light of your prior statements this morning and this past week, we will need a filed stipulation to avoid the necessity of our motion to compel. Please let me know on Friday morning.

With regarding to your edits to the CMR, we object to them and find them improper. They read like a discovery motion with extensive arguments and citations to case law. This is not proper content for a CMR. Motion practice should be saved for a motion, including arguments and case law. Even if this were proper for a CMR (which it isn't), my side would need additional business days to add our counter-arguments and research and cite to case law supporting same.

Instead, we propose that the arguments and law be removed and saved for motion practice, and the CMR provide a concise summary, without argument or mischaracterizations, of the different issues in the case and whether there is opposition, for example: "In discovery, Plaintiff intends to seek [X], Defendants intend to oppose; Defendants intend to seek [Y], Plaintiff intends to oppose [etc] ... The parties will meet and confer and file any necessary discovery motions at the appropriate time."

The CMR also should be written in a way that is neutral and balanced. By contrast, the document you sent us today is one-sided, mischaracterizes Defendants' positions, argues extensively, with case law, why you feel we are wrong, and relegates our position to the very end of the document. This format and content are suited for motion practice, not a CMR.

Tomorrow morning I would like to revise the document so that it is neutral, balanced, removes arguments and case law, and simply informs the Court the status of the various issues being considered and discussed. Please let me know if this is acceptable to you, because I would not want to

spend hours of my time reworking the document only to have you reject this approach.  Please let me know on Friday morning.  Thank you.

Sincerely,

**Charles Harder**



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 09, 2019 3:02 PM
**To:** Charles Harder
**Cc:** Katherine Aizpuru; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Dawn Siler-Nixon; Tracey Jaensch; Ryan Stonerock; Henry Self; Steven Frackman; Janet Varnell; Melat Kiros; Matthew Lanahan
**Subject:** Re: Trump - Johnson; Meet and Confer re Mtn to Certify Collective Action

Charles,

I have attached a revised draft CMR. Because there were many revisions, I have attached a clean version and a redline. I have taken out our discussion of the disputes that we have resolved, including the deposition of Alva Johnson, which we intend to proceed with on July 8, 2019. I also moved your objections to our discovery to the appropriate portion of the CMR, which is in response to Question 6. You may want to reformulate these to match the numeric identification of the issues we set forth in our description of the outstanding discovery disputes.

I also wanted to confirm our conversation regarding the deposition dates I asked for. With respect to Defendant Trump, you have stated that you will not provide us with a date. Therefore we will notice a date unilaterally, with the understanding that the date and location are subject to modification pursuant to further meet and confer and/or motions practice. With respect to the third-party witnesses, we will wait until Monday to serve subpoenas to allow you an opportunity to offer the witnesses to accept service of the subpoenas. We believe that would be in the best interests of those witnesses—all of whom previously or currently have close contacts with the Defendants.

Best,

Hassan

**From:** Charles Harder <charder@harderllp.com>
**Date:** Wednesday, May 8, 2019 at 7:19 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Kate <kaizpuru@tzlegal.com>, "razhdam@tzlegal.com" <razhdam@tzlegal.com>,
"PBLAND@publicjustice.net" <PBLAND@publicjustice.net>, Jennifer Bennett <JBennett@publicjustice.net>,
Karla Gilbride <KGilbride@publicjustice.net>, Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>, Tracey
Jaensch <TJAENSCH@fordharrison.com>, Ryan Stonerock <RStonerock@harderllp.com>, Henry Self
<hself@harderllp.com>, Steven Frackman <sfrackman@harderllp.com>, Janet Varnel
<jvarnell@varnellandwarwick.com>, Melat Kiros <mkiros@tzlegal.com>, Matthew Lanahan
<mlanahan@tzlegal.com>
**Subject:** Trump - Johnson; Meet and Confer re Mtn to Certify Collective Action

Hassan:  We can do a m&c call tomorrow at 12 noon ET.  Let us know if that will work for you and if
you want to circulate a call in number.  Thanks.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of
the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the
intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or
other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication
in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof
(including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 11

## Melat Kiros

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Friday, May 10, 2019 8:54 AM |
| **To:** | Charles Harder |
| **Cc:** | Katherine Aizpuru; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Dawn Siler-Nixon; Tracey Jaensch; Ryan Stonerock; Henry Self; Steven Frackman |
| **Subject:** | Re: Trump - Johnson; Draft CMR and M&C re Johnson Depo |

Charles,

Absent some unexpected change in the status quo, Ms. Johnson will appear at her deposition. We do not intend to argue that her deposition should not go forward because of your expected efforts to limit the proper scope of the discovery. But we will not simply abandon our rights and waive all objections. I believe a motion to compel— when we are willingly making our client available for her deposition—would be a waste of judicial resources. In response to such a motion (absent some unforeseen change in the status quo), we would make it clear that we intend to appear for the deposition, and there is no dispute for the court to resolve. In any event, we will not agree to any stipulation abandoning and waiving our client's rights.

With respect to the CMR, your objection appears to be to the structure of the form, which puts your contentions to the back of the report and after ours. We do not believe our descriptions of the disputes are improper, and you are free to edit your descriptions of the discovery disputes—or any other of your designated portions of the CMR— as you see fit. This form is intentionally designed to allow each party control over their response to the Court's inquiries. If you really have such an objection to our citation to a couple of cases, you could simply so state in your sections. If that is not enough for you, we will be forced to file separate CMRs. In my experience that is frowned on by most courts, and signals that we are having difficulty cooperating. Based on the tone of your emails and all of your accusations and misrepresentations, that may not be an incorrect inference. If you want to do it that way, there is nothing I can do to stop you.

In any event, please advise how you wish to proceed. We intend to file before the close of business today. So please either provide your revised sections before 4 p.m. Eastern today or advise that you will be filing a separate CMR.

Warm regards,

Hassan

---

**From:** Charles Harder <charder@harderllp.com>
**Date:** Thursday, May 9, 2019 at 10:59 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Kate <kaizpuru@tzlegal.com>, "razhdam@tzlegal.com" <razhdam@tzlegal.com>, "PBLAND@publicjustice.net" <PBLAND@publicjustice.net>, Jennifer Bennett <JBennett@publicjustice.net>, Karla Gilbride <KGilbride@publicjustice.net>, Janet Varnel <jvarnell@varnellandwarwick.com>, Melat Kiros <mkiros@tzlegal.com>, Matthew Lanahan <mlanahan@tzlegal.com>, Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>, Tracey Jaensch <TJAENSCH@fordharrison.com>, Ryan Stonerock <RStonerock@harderllp.com>, Henry Self <hself@harderllp.com>, Steven Frackman

<sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Draft CMR and M&C re Johnson Depo

Dear Mr. Zavareei and Counsel:

Regarding the deposition of Alva Johnson, you have told me several times in the past week that she would not appear for deposition unless certain conditions are met with regard to other discovery issues. When we spoke this morning, you confirmed that she and her counsel are available on July 8 in Washington DC, but that you still were still reserving the right to object to the deposition going forward on that date, and you stated that you might bring a motion for protective order to prevent it from proceeding on that date. I told you that we needed confirmation that her deposition would, in fact, proceed on July 8, or we would need to file a motion to compel her deposition on that date, to resolve your various objections over this past week.

Your email below states that you "intend" to proceed with her deposition on July 8, but remains silent on whether or not you are continuing to reservation objections and possible motion for protective order to prevent the deposition from going forward on that date. Please let me know if you will stipulate, in a filing with the court, that Ms. Johnson will appear for deposition on July 8 in Washington DC, and waive all objections to the date, time and location and will not file a motion for protective order to prevent the deposition from going forward on that date, time and location. In light of your prior statements this morning and this past week, we will need a filed stipulation to avoid the necessity of our motion to compel. Please let me know on Friday morning.

With regarding to your edits to the CMR, we object to them and find them improper. They read like a discovery motion with extensive arguments and citations to case law. This is not proper content for a CMR. Motion practice should be saved for a motion, including arguments and case law. Even if this were proper for a CMR (which it isn't), my side would need additional business days to add our counter-arguments and research and cite to case law supporting same.

Instead, we propose that the arguments and law be removed and saved for motion practice, and the CMR provide a concise summary, without argument or mischaracterizations, of the different issues in the case and whether there is opposition, for example: "In discovery, Plaintiff intends to seek [X], Defendants intend to oppose; Defendants intend to seek [Y], Plaintiff intends to oppose [etc] ... The parties will meet and confer and file any necessary discovery motions at the appropriate time."

The CMR also should be written in a way that is neutral and balanced. By contrast, the document you sent us today is one-sided, mischaracterizes Defendants' positions, argues extensively, with case law, why you feel we are wrong, and relegates our position to the very end of the document. This format and content are suited for motion practice, not a CMR.

Tomorrow morning I would like to revise the document so that it is neutral, balanced, removes arguments and case law, and simply informs the Court the status of the various issues being considered and discussed. Please let me know if this is acceptable to you, because I would not want to spend hours of my time reworking the document only to have you reject this approach. Please let me know on Friday morning. Thank you.

Sincerely,

Charles Harder



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments and other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 09, 2019 3:02 PM
**To:** Charles Harder
**Cc:** Katherine Aizpuru; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Dawn Siler-Nixon; Tracey Jaensch; Ryan Stonerock; Henry Self; Steven Frackman; Janet Varnell; Melat Kiros; Matthew Lanahan
**Subject:** Re: Trump - Johnson; Meet and Confer re Mtn to Certify Collective Action

Charles,

I have attached a revised draft CMR. Because there were many revisions, I have attached a clean version and a redline. I have taken out our discussion of the disputes that we have resolved, including the deposition of Alva Johnson, which we intend to proceed with on July 8, 2019. I also moved your objections to our discovery to the appropriate portion of the CMR, which is in response to Question 6. You may want to reformulate these to match the numeric identification of the issues we set forth in our description of the outstanding discovery disputes.

I also wanted to confirm our conversation regarding the deposition dates I asked for. With respect to Defendant Trump, you have stated that you will not provide us with a date. Therefore we will notice a date unilaterally, with the understanding that the date and location are subject to modification pursuant to further meet and confer and/or motions practice. With respect to the third-party witnesses, we will wait until Monday to serve subpoenas to allow you an opportunity to offer the witnesses to accept service of the subpoenas. We believe that would be in the best interests of those witnesses—all of whom previously or currently have close contacts with the Defendants.

Best,

Hassan

**From:** Charles Harder <charder@harderllp.com>
**Date:** Wednesday, May 8, 2019 at 7:19 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Kate <kaizpuru@tzlegal.com>, "razhdam@tzlegal.com" <razhdam@tzlegal.com>, "PBLAND@publicjustice.net" <PBLAND@publicjustice.net>, Jennifer Bennett <JBennett@publicjustice.net>, Karla Gilbride <KGilbride@publicjustice.net>, Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>, Tracey Jaensch <TJAENSCH@fordharrison.com>, Ryan Stonerock <RStonerock@harderllp.com>, Henry Self

3

<hself@harderllp.com>, Steven Frackman <sfrackman@harderllp.com>, Janet Varnel
<jvarnell@varnellandwarwick.com>, Melat Kiros <mkiros@tzlegal.com>, Matthew Lanahan
<mlanahan@tzlegal.com>
**Subject:** Trump - Johnson; Meet and Confer re Mtn to Certify Collective Action

Hassan:  We can do a m&c call tomorrow at 12 noon ET.  Let us know if that will work for you and if
you want to circulate a call in number.  Thanks.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of
the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the
intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or
other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication
in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof
(including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 12

**Melat Kiros**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Wednesday, May 29, 2019 4:12 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74) |

Mr. Zavareei:  Thank you for letting me know.  June 21 still works for me, but I would like to make sure that Ms Johnson will be providing her substantive responses to our written discovery that is due on June 6 (set one) and June 17 (set two), and also will be producing her responsive documents on June 6 (set one) and June 19 (set two).  Can you please confirm?  I would need the responsible documents by those dates to have sufficient time to review them and incorporate them into our deposition prep.  Thank you.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On May 29, 2019, at 12:42 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Charles,
>
> I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.
>
> Regards,
>
> Hassan



Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 20, 2019 12:15 PM

**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests:  #73 and #74.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 13

**Melat Kiros**

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Thursday, May 30, 2019 5:10 PM |
| **To:** | Charles Harder |
| **Cc:** | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74) |
| **Attachments:** | 2019.05.30 Proposed Stipulation re Confidential Information.docx; 2019.5.30 - Johnson v. Trump - Proposed Order Governing ESI .docx |

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan



Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Wednesday, May 29, 2019 4:12 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven

Frackman <sfrackman@harderllp.com>
**Subject:** Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Mr. Zavareei:  Thank you for letting me know.  June 21 still works for me, but I would like to make sure that Ms Johnson will be providing her substantive responses to our written discovery that is due on June 6 (set one) and June 17 (set two), and also will be producing her responsive documents on June 6 (set one) and June 19 (set two).  Can you please confirm?  I would need the responsible documents by those dates to have sufficient time to review them and incorporate them into our deposition prep.  Thank you.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On May 29, 2019, at 12:42 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Charles,
>
> I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.
>
> Regards,
>
> Hassan



Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 20, 2019 12:15 PM
**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests:  #73 and #74.

---



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

---

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 14

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALVA JOHNSON,**
**Individually and on behalf of all others**
**similarly situated,**                    **Case No. 8:19-CV-00475-WFJ-SPF**

      **Plaintiff,**

**vs.**

**DONALD J. TRUMP, In his Individual**
**Capacity and DONALD J. TRUMP**
**FOR PRESIDENT, INC.,**

      **Defendants.**
_____/

## STIPULATION GOVERNING THE PRODUCTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

Plaintiff, Alva Johnson ("**Plaintiff**"), and Defendants, Donald J. Trump, In his Individual

Capacity and Donald J. Trump For President, Inc. ("**Defendants**"), parties to the above-captioned

action (the "**Action**"), hereby stipulate and agree to the following:

1.    **Scope.**

This Stipulation applies to all documents and information produced or disclosed by any person

or party in response to discovery request(s) and/or subpoena(s) or otherwise in the Action.

"Documents and information" shall include all documents, data, materials, things or information in

any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage, tangible

items, electronically stored, or otherwise, including without limitation all interrogatory answers,

responses to requests for production of documents or requests for admissions, deposition testimony

and transcripts, deposition exhibits and any other documents or information produced or designated

pursuant to the terms hereof by any person or party, including non-party witnesses, in response to or

in connection with any discovery conducted in the Action, and the information derived from or contained therein.

This Stipulation does not apply to any information that:

a.   is publicly available at the time of disclosure;

b.   becomes publicly available after disclosure through no fault of the receiving party;

c.   was known to the receiving party prior to disclosure; or

d.   the receiving party lawfully receives at a later date from a third party without restriction as to disclosure.

The parties acknowledge that this Stipulation does not confer blanket protection on all disclosures or discovery and that the protection it affords extends only to the limited information or items that are entitled to be treated as confidential under the terms of this Stipulation. Furthermore, the parties acknowledge that neither this Stipulation nor any confidentiality designation pursuant to it constitutes a ruling by this Court that any specific information is, in fact, confidential. Nor does this Stipulation or any confidentiality designation pursuant to it entitle any party to file any information under seal.

**2.     Parties.**

The provisions of this Stipulation shall be binding on, and shall inure to the benefit of the parties to the Action (hereinafter "parties"), their successors and assigns, and shall also be binding on all employees, agents, attorneys, auditors, consultants and representatives of each of the parties. In addition, all individuals or entities who have signed a Declaration of Confidentiality (attached as Exhibit A) will also be bound by the provisions of this Stipulation.

**3.     Designation of Confidential**

Documents and information produced in discovery in this action may be designated as "Confidential Materials" by the party or non-party producing such documents or information in

2

discovery in this action or otherwise having the right to protect the confidential and/or proprietary nature of such documents or information. (The party or non-party making such a designation of confidentiality shall be called the "designating party" for purposes of this Stipulation.) The designating party may only designate as "Confidential Materials" information for which the designating party believes in good faith there is good cause for secrecy under Federal Rule of Civil Procedure 26(c). Examples of such information include social security or taxpayer-identification numbers; names of minor children; medical information; and trade secrets or other similar confidential research, development, or commercial information that would cause severe competitive harm to the designating party if disclosed. All such designated documents and information, and all information contained therein or derived therefrom, including all copies, excerpts, summaries, notes, or other memorialization, shall be referred to herein as "Confidential Materials." Such designations of documents and information as "Confidential Materials" shall be made in the following manner:

a. With regard to written material, at the time of copying a legend, sticker or stamp shall be affixed to or imprinted on each page containing any Confidential Materials (or if not otherwise practicable, to the first page of a document) substantially in the form "Confidential," or "Confidential - Subject to Protective Stipulation." If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (*e.g.*, by making appropriate markings in the margins, but not over text).

b. With regard to non-written material, such as recordings, magnetic media, videotapes, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner at the time of copying. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

c.      With regard to transcripts, designation of the specific portions of the transcripts (including exhibits) which contain Confidential Materials shall be made by a statement to that effect on the record in the course of the deposition, hearing or trial by counsel for the designating party, or by letter between counsel within twenty one (21) days of receipt by counsel for the designating party of the transcript or copy thereof. Deposition testimony and deposition transcripts (including exhibits) shall be treated as Confidential under this Stipulation until the expiration of the 21-day period for designation by letter. When designation is made on the record in the course of a deposition, hearing, or trial, the court reporter (and videographer, if any) shall mark the cover of each volume of the transcript with the legend "contains Confidential Information Subject to Stipulation" and shall mark clearly in the transcript which pages (and exhibits, if not already so marked) contain Confidential Materials; and

d.      A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Confidential Information. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (*e.g.*, by making appropriate markings in the margins, but not over text).

**4.      Use of Produced Documents and Information.**

All documents and information produced or disclosed in the Action, including, without limitation, in response to requests for the production of documents, interrogatories, requests for admission, deposition questions, subpoena, any other discovery device, and including, without limitation, all such documents and information which are designated as Confidential Materials, shall be used solely for the purposes of this Action and any dispute between Plaintiff and Defendants, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose (unless the confidentiality designation is later removed by the designating party or the court holds the material not to be confidential).

**5.      Disclosure of Confidential Materials.**

Confidential Materials reviewed, produced or disclosed in this Action shall not be disclosed, provided or made available by a recipient to any person or entity, without the prior written permission of the designating party, except the following:

a.      Documents or information marked or designated as "Confidential" shall not be disclosed or made available by a recipient to any person other than:

i.      the parties to the Action, including the parties' officers, directors and employees, all of whom are subject to the terms of this Stipulation;

ii.      the Court, and its employees, court reporters, and the jury, if any;

iii.      counsel (both in-house and outside legal counsel) for the parties in this Action, and clerical, paralegal and secretarial staff employed by such counsel, all of whom are subject to the terms of this Stipulation;

iv.      actual or potential witnesses or deponents in this Action, and their counsel, during the course of, or, to the extent necessary, in preparation for depositions or testimony in this Action, or to the extent necessary to determine whether they are proper deponents or witnesses in this Action, provided that counsel for the party disclosing any Confidential Materials to any such actual or potential witness or deponent reasonably believes such person has properly discoverable information concerning the Confidential Materials to be disclosed;

5

     v.     outside experts or consultants who are retained by counsel for the parties (as described in Paragraph 5(a)(iii) hereof) expressly for the purpose of assisting counsel in, or for testimony in, this Action;

     vi.     former employees of a party assisting counsel (as described in Paragraph 5(a)(iii) hereof) for that party in the conduct of the Action; and

     vii.     court reporters and videographers or photocopying, document imaging or database services retained by counsel for the parties (as described in Paragraph 5(a)(iii) hereof) to record deposition testimony or to photocopy or process documents and information.

b.     Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient under the terms of Paragraph 5(a)(iii) or 5(b)(ii) hereof, from rendering advice to his or her client with respect to this Action, and in the course thereof, from generally relying upon his or her examination of Confidential Materials. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Confidential Materials of another person or party where such disclosure would not otherwise be permitted under the terms of this Stipulation and Stipulation.

## 6.    **Signing of Declaration of Confidentiality.**

Every person to whom Confidential Materials are to be disclosed first shall be advised that the Confidential Materials are being disclosed pursuant and subject to the terms of this Stipulation. Furthermore, other than such persons who are identified as authors, recipients or copyees on the face of such documents or information or who otherwise previously received or had knowledge of such documents or information in the course of their employment, all persons to whom disclosure of Confidential Materials is to be made pursuant to Paragraphs 5(a)(iv)-(vi) shall, prior to such disclosure, be given a copy of this Stipulation and shall be required to confirm their understanding of and agreement to abide by the terms of this Stipulation by signing a declaration, a copy of which is attached hereto as Exhibit A, agreeing that he or she is bound by the jurisdiction of this Court and the terms

of this Stipulation, or by statement on the record as provided in paragraph 10 hereof. Counsel shall maintain such declarations in their files.

7.     **Subpoena from Third Party.**

If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of material that was designated confidential by another party, the party receiving the subpoena must notify the designating Party in writing (by e-mail, if possible) within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The party receiving the subpoena or order also must promptly notify in writing the party that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

If the designating party timely seeks a protective order from the court where the subpoena or order issued, the party served with the subpoena or court order shall not produce any Confidential Material before a determination by that court, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court.

8.     **Use of Protected Material in Court**.

Neither this Order, nor any confidentiality designation under it, is a sufficient basis for demonstrating that court records may be sealed. The procedure for filing Confidential Material with the Court shall be as follows:

      i.     If the filing party is the designating party, it shall not move to seal any material that it does not, in good faith, believe meets the legal standard for sealing—even if it has previously

marked such material confidential under this Order. If the designating party seeks to file information under seal, it must file a motion to seal, demonstrating with particularity that each document or portion thereof that the party seeks to seal meets the legal standard for sealing. This motion must be accompanied by a declaration that specifically identifies each document or portion thereof the party seeks to seal and provides a factual basis for the party's claim that sealing is warranted. Unless the party believes in good faith that an entire document is sealable, it shall also file a redacted version of the document on the public docket.

      ii.    If the filing party is not the designating party, it must move to file the Confidential Material provisionally under seal, accompanied by a declaration explaining that the Confidential Material should be filed under seal only provisionally to give the designating party an opportunity to file a motion to seal; identifying the specific documents or portions thereof that have been designated confidential; and identifying the designating party. Unless an entire document is marked confidential, the filing party shall also file a public version of the document, with the Confidential Material redacted, on the public docket.

      If the Designating Party believes in good faith that the Confidential Material should be sealed, it must file a motion to seal within seven (7) days. This motion must be accompanied by a declaration that specifically identifies each document or portion thereof the Designating Party seeks to seal and provides a factual basis for the Designating Party's claim that sealing is warranted.

      Absent an order granting an extension, if the Designating Party does not file a motion to seal within this deadline, it waives the right to have the material sealed, and the filing party shall file it on the public docket within seven (7) days of the deadline passing. If the Designating Party does file such a motion, the material will remain under seal provisionally unless and until the Court rules otherwise.

iii.     Unless the parties agree or the Court orders otherwise, the rules ordinarily applicable to briefing and opposing motions apply to a Designating Party's motion to seal.

**9.    Inadvertent Production of Confidential Materials, or Privileged Materials.**

The inadvertent production of confidential documents or information to a requesting party in discovery in this Action, regardless of whether or not such documents or information have been expressly so designated, shall not waive any protection for such documents or information under this Stipulation. At any time after the production of documents or information which the producing party or other designating party considers to be Confidential Materials, the producing party or other designating party may make a written request that specifically identifies the documents or information and asks that they be designated and treated as Confidential Materials. The receiving party shall immediately designate the identified documents or information accordingly (or at its option request the designating party to affix the confidentiality designation) and from then on will treat the documents or information as such pursuant to this Stipulation.

Should either party discover that it has made an inadvertent production of privileged documents or information, it shall notify the other party in writing and request return of the documents or information. The party receiving such notification shall return the privileged documents or information and all copies thereof, and shall destroy all notes, work product, or electronic data reflecting the contents of such privileged documents or information, within ten (10) days of receipt of such written notification. No use shall be made of such privileged documents or information during depositions or at trial, nor shall such privileged documents or information be disclosed to anyone who was not given access to the privileged documents or information before the written notification requesting the return of the privileged documents or information. The party returning such documents or information may move the Court for a stipulation compelling production of the documents or

information, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such a stipulation.

If a party receives any documents or information which it reasonably believes were inadvertently produced by the producing party, the receiving party shall promptly sequester the potentially privileged documents and information, shall promptly notify the producing party of the production of potentially privileged documents and information, and shall await instructions from the producing party regarding the return of the documents and information. Upon written notification from the producing party requesting the return of the documents or information, the receiving party shall return the privileged documents or information and all copies thereof, and shall destroy all notes, work product, or electronic data reflecting the contents of such privileged documents or information, within ten (10) days of receipt of such written notification. No use shall be made of such privileged documents or information during depositions or at trial, nor shall such privileged documents or information be disclosed to anyone. The party returning such documents or information may move the Court for a stipulation compelling production of the documents or information, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such a stipulation.

10. **Documents or Information Introduced at Deposition.**

Attendance at depositions at which Confidential Materials are identified, discussed or disclosed shall be limited to those persons who are authorized to receive such documents or information under the terms of this Stipulation. If any person not entitled to receive such documents or information is in attendance at a deposition, a party at its request may have that individual excluded from the room in which the deposition is taking place for the duration of time in which the documents or information are being discussed. If any documents or information identified as Confidential Materials are to be used during the deposition of a non-party witness, and disclosure of such

documents or information is otherwise permissible under this Stipulation, the deponent shall be given a copy of this Stipulation, shall be informed on the record of the terms of this Stipulation, and shall agree to be bound by the terms of this Stipulation either by so stating on the record or by signing the declaration attached hereto as Exhibit A. In the event a non-party witness refuses to agree to be bound by this Stipulation, documents or information designated as "Confidential" shall not be revealed to the non-party witness without the consent of all parties to this Stipulation or by leave of Court.

11.     **Introduction of Documents or Information at a Hearing or Trial.**

In the event any Confidential Materials are to be disclosed at a hearing or trial in this action, the disclosing party (if not the designating party) will give the designating party no fewer than ten (10) business days advance notice (or, in the case of an emergency or expedited hearing, such prior notice as is reasonable under the circumstances) so that the party whose information is to be disclosed may seek an appropriate order from the Court to protect such documents or information from public disclosure. By agreeing to this Stipulation, no party waives any right it may have to oppose such relief. If, after being properly notified, the designating party does not seek an order from the Court before the hearing or trial, it waives any right to have the material protected from public disclosure.

12.     **Challenging Confidentiality Designations.**

a.     **Timing of Challenges.** Any party or non-party may challenge a designation of confidentiality at any time, including after the litigation has ended. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b.     **Procedure for Parties Challenging Confidentiality Designations.** A party may challenge the designation of a document or other material as Confidential as follows:

i.     If a Party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise

authorized to have access to that material under this Order, that Party shall provide to the Designating Party written notice of that disagreement, stating the reason(s) for the challenge. During the 10-day period following provision of the written notice to the Designating Party (the "Meet and Confer Period"), the Challenging and Designating Parties shall try to resolve such challenge in good faith on an informal basis.

        ii.     If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the Designating Party shall have 10 days from the end of this period to file a motion requesting that the Court issue a decision as to whether the challenged material is, in fact, entitled to protection and, if so, a protective order requiring that the challenged material not be disclosed. Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

        iii.    The Designating Party bears the burden of establishing that the material is entitled to protection.

        iv.    Any material designated as Confidential Material that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the Designating Party's motion or, if no motion is made, until the time for the Designating Party to bring a motion has expired. Failure by the Designating Party to make such a motion, including the required declaration, within the applicable time period for doing so shall automatically waive the confidentiality designation for each challenged designation.

      c.    **Procedure for Non-Parties Challenging Confidentiality Designations**. A Non-party may challenge the designation of a document or other material as confidential by filing a motion to intervene in the litigation for the purpose of challenging the confidentiality designation and a motion challenging the designation. The Designating Party bears the burden of establishing that the challenged material is entitled to protection.

13.    **Non-Party Designation.**

Non-party witnesses may designate any portions of their depositions or documents or information as Confidential Materials in the manner provided for above and the parties agree to treat such documents or information in the same manner as a party's designated documents or information.

14.    **Preservation of Rights and Privileges.**

Nothing contained in this Stipulation shall affect the right, if any, of any party or witness to make any objection, claim, or other response to discovery on any grounds. Nor shall this Stipulation be construed as a waiver by any party of any legally cognizable privilege or right to withhold any documents or information, or of any right which any party may have to assert such privilege at any stage of the proceedings.

15.    **Modification of the Stipulation.**

This Stipulation shall not foreclose a party from challenging any confidentiality designation, providing that such challenge is made pursuant to the procedures set forth in paragraph 12 of this Stipulation. In addition, this Stipulation shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for protective orders, or from agreeing to modification of this Stipulation. And nothing in this Stipulation affects the right of non-parties to this action to challenge it (if entered as an order of this Court), any confidentiality designations made pursuant to it, or the sealing of any court records in this case.

17.    **Survivability of Obligations.**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

18.    **Binding Nature of Stipulation.**

This Stipulation shall be binding upon the parties and counsel and their officers, directors, and employees (and all persons who sign the declaration attached as Exhibit A) when signed and irrespective of whether or when the Court actually enters it as a Stipulation of the Court.

**ALVA JOHNSON**

By her attorneys,

**DONALD J. TRUMP, In his Individual Capacity and DONALD J. TRUMP FOR PRESIDENT, INC.**

By their attorneys,

Janet R. Varnell
Florida Bar No. 71072
Brian W. Warwick
Florida Bar No. 605573
Varnell & Warwick, P.A.
Post Office Box 1870
Lady Lake, Florida 32158
jvarnell@varnellandwarick.com
bwarwick@varnellandwarick.com
kstroly@varnellandwarick.com

Hassan A. Zavareei (*admitted pro hac vice*)
**Trial Counsel**
Katherine M. Aizpuru (*admitted pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, D.C. 20036
P: (202) 417-3667
F: (202) 973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Tanya S. Koshy (*admitted pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
P: (510) 250-3298
F: (202) 973-0950
tkoshy@tzlegal.com

F. Paul Bland (*admitted pro hac vice*)

Dawn Siler-Nixon
Florida Bar No. 993360
Dsiler-nixon@fordharrison.com
Tracey K. Jaensch
Florida Bar No. 907057
tjaensch@fordharrison.com
FORDHARRISON LLP
101 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Charles J. Harder
charder@harderllp.com
Pro Hac Vice Admitted
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
Telephone: (424) 203-1600

Attorneys for Defendants
Donald J. Trump
Donald J. Trump For President, Inc.

14

Karla Gilbride (*admitted pro hac vice*)
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*admitted pro hac vice*)
**PUBLIC JUSTICE, P.C.**
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150


Attorneys for Plaintiff

**DONE AND STIPULATIONED** in chambers at Tampa, Florida, this \_\_\_ day of June, 2019.

_____
WILLIAM F. JUNG
United States District Judge

## ATTACHMENT A
## DECLARATION OF CONFIDENTIALITY

I, _____, hereby state as follows:

I reside at _____;

I hereby acknowledge that I am to receive documents or information pursuant to the terms of the Stipulation Governing the Production and Exchange of Confidential Information (the "Stipulation") in Case No. 8:19-CV-00475-WFJ-SPF, *Alva Johnson, Individually and on Behalf of All Others Similarly Situated v. Donald J. Trump, In His Individual Capacity and Donald J. Trump For President, Inc.,* pending in the U.S. District Court, Middle District of Florida (the "Litigation"). I certify that I have read and understand the Stipulation.

I am familiar with and agree to comply with and be bound by the provisions of said Stipulation. I understand that I am to retain all Confidential Materials in a confidential and secure manner, and that all such materials are to remain in my personal custody until I have completed my assigned duties, whereupon all Confidential Materials, including but not limited to all writings prepared by me containing any Confidential Materials or, are to be returned to counsel or the party who provided me with such materials. I further understand and agree that any summaries or other documents containing knowledge or information obtained or derived from documents or information furnished to me pursuant to the Stipulation also shall be treated by me as Confidential Materials, and in accordance with my treatment of the actual documents or information themselves. I also agree to notify the parties in this Action if I receive a subpoena calling for the production of documents or information covered by this Stipulation so that they may seek a protective order.

I will not divulge to persons other than those specifically authorized by the Stipulation, and will not copy or use except solely for the purpose of this Action between the parties, any documents or information obtained pursuant to the Stipulation, except as specifically provided in the Stipulation. I understand that all Confidential Materials  shall be used solely for the purpose of conducting the Action and may not be used for any other purpose, such as any business or commercial purpose. I understand that the obligations of confidentiality under the Stipulation do not expire. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Stipulation.

I state under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the _____ day of _____, _____.


By: _____

17

# EXHIBIT 15

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TAMPA
TAMPA DIVISION

**ALVA JOHNSON,**
**Individually and On Behalf of Herself and All**
**Others Similarly Situated,**

            **Plaintiff,**

    **vs.**

**DONALD J. TRUMP,**
**In His Individual Capacity and**
**DONALD J. TRUMP**
**FOR PRESIDENT, INC.,**

            **Defendant.**

_____/

**Case No. 8:19-cv-00475-WFJ-SPF**

### [PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS

    **1.**    **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") and paper documents in the above-captioned case.

    **2.**    **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter regarding discovery of ESI.

    **3.**    **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

### 4.     PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that all ESI in each party's respective possession, custody or control as of the date this litigation was commenced will be, and is being, preserved.

The parties will exchange and discuss a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved.

The parties shall add or remove custodians as reasonably necessary.

The parties agree to take reasonable steps to preserve records in a form that will permit the collection and production of Metadata that is necessary to fulfill their agreement on the form of production, referenced in Appendix A.  Notwithstanding the foregoing, the parties agree that they may conduct non-ESI collection they believe is appropriate to locate ESI they can specifically identify without an ESI search (i.e. patents, manufacturing specifications, user manuals, marketing materials, testing documents, and warranty documents), and acknowledge that certain metadata fields may not be preserved through such non-ESI collection.  The parties will use their best effort to preserve all metadata and will produce the metadata for all ESI (including non-ESI collection electronic documents) in the same format, to allow the receiving party to easily identify any metadata fields that were lost during collection.  To the extent a receiving party reasonably believes that the complete metadata for any ESI produced via non-ESI collection is discoverable in accordance with Fed. R. Civ. P. 26, the receiving party may request that the producing party locate and produce the file with the complete metadata for such file, and the producing party shall meet and confer in good faith to agree upon such production.

5.        **SEARCH AND TIME FRAME FOR SEARCHES**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about search terms and other methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.  Pursuant to their duty to cooperate and to reduce the burden in filtering out ESI that is not subject to discovery, the parties will work together to agree on targeted search terms that target responsive ESI, including search terms translated into any relevant foreign language(s).  To the extent necessary, the parties will modify search terms based on hit results to tailor the search terms appropriately.  Such modification may include the right to add a search term(s) to ensure that responsive and relevant documents are produced.  The parties agree that an agreement to run search terms is not an agreement to produce every document that hits on every search term.

6.        **PRODUCTION FORMATS**

**General Agreement**

The parties agree to produce documents in native or TIFF image file format, as detailed below. If particular documents warrant a different format, the parties will cooperate regarding the mutually acceptable production of such documents in an alternative format.  A party that receives a document produced in TIFF or other format may make a reasonable request to receive the document in its native format.

The parties agree to continue to meet and confer about the production formats as necessary.

**Production of Certain Files in Native Format**

Unredacted Excel documents or spreadsheets; unredacted PowerPoint documents or presentations containing animation, video, or sound; and audio or video files shall be produced in native format.

Microsoft Word or other word-processing documents that contain tracked changes or comments may be produced in native format. Alternatively, at the producing party's option, they may be produced as TIFF images, as long as they contain the tracked changes and comments contained in the original.

**Structured Data**

The parties will meet and confer regarding the production of structured data as needed.

**Image File Production Requirements**

Document images will be provided as single-page TIFF format, using Group 4 compression with at least 300 dots per inch ("dpi") resolution. Images may be reduced by up to 10% to allow for a dedicated space for page numbering and other endorsements of documents. Images will be in black and white, unless color is necessary to understand the meaning of the document.

All production items will be provided with a delimited data file or "load file," which will include both an image cross-reference load file (such as an Opticon file) as well as a metadata (.dat) file with the metadata fields identified below on the document level to the extent available. The load file must reference each TIFF in the corresponding production. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load files in the production.

Each page of a document will be electronically saved into an image file. If a document is more than one page, the unitization of the document and any attachments will be maintained as it existed in the original form and reflected in the load file.  The parties will make their best efforts to unitize documents correctly.

**Bates Numbering**

All images must be assigned a Bates number that must always (1) be unique across the entire document production; (2) maintain a constant prefix and length (ten-digits and 0-padded) across the entire production; (3) contain no special characters or embedded spaces, except hyphens or underscores; (4) be sequential within a given document; and (5) identify the producing party.  To the extent reasonably practicable, the Bates number must also maintain consistent numbering across a family of documents.  If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production.  The producing party will brand all TIFF images at a location that does not obliterate or obscure any part of the underlying images.

**Metadata Production Requirements**

The parties agree to provide the metadata fields for all ESI produced, to the extent such metadata exists, as noted above and described in Appendix A.  The parties agree to continue to meet and confer as needed regarding metadata fields.

**Confidentiality Designations**

If a particular paper document or ESI item qualifies for confidential treatment pursuant to any applicable federal, state, or common law (e.g., Personally Identifiable Information), or to the terms of a protective order entered by the Court in this case or a confidentiality stipulation entered into by the parties, the designation shall be branded on the document's image at a location that does not obliterate or obscure any part of the underlying images.  To the extent reasonably possible, this designation also

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS

should be included in the appropriate data field in the load file. Failure to comply with the procedures set forth in this Order, any protective order or confidential order, or any confidential stipulation shall not waive any protection or confidential treatment.

### De-Duplication

A party is only required to produce a single copy of a responsive document. Parties may globally de-duplicate stand-alone documents or entire document families using hash value matching (such as MD5 or SHA-1 values). ESI that is not an exact duplicate may not be removed. To the extent the parties de-duplicate stand-alone electronic documents against an e-mail attachment, the attachment to the e-mail must be the document that is produced. If duplicate responsive documents are removed prior to production, the metadata of the produced documents will, to the extent reasonably possible, include the metadata of the removed documents (such as the names of everyone who had those documents prior to de-duplication).

### Production of Emails

Parent-child relationships (the association between emails and attachments) will be preserved, and attachments to e-mails will not be eliminated from the parent e-mail. Email attachments will be consecutively produced with the parent email, and families will be associated using attachment range metadata.

### Production of Paper Documents

A party may make paper documents available for inspection and copying in accordance with Fed. R. Civ. P. 34 or, additionally or alternatively, OCR paper documents if it chooses. Where OCR is used, the parties agree the following information shall be produced in the load file accompanying production of paper documents: (a) BegBates, (b) EndBates, (c) BegAttach, (d) EndAttach, (e) Custodian, (f) Confidentiality, and (g) Redacted (YIN). Additionally, the producing party will identify the bates number range(s) of any paper documents produced.

Paper documents should be logically unitized for production to the extent reasonably practicable. Therefore, when scanning paper documents for production, distinct documents shall not be merged into a single record and single documents shall not be split into multiple records.

Where the documents were organized into groups, such as folders, clipped bundles, and binders, this structure shall be maintained and provided in the load file to the extent reasonably practicable. The relationship among the documents in a folder or other grouping should be reflected in proper coding of the beginning and ending document and attachment fields to the extent reasonably practicable. The parties will make their best efforts to unitize documents correctly.

Where a document, or a document group, such as folder, clipped bundle, or binder, has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

The parties will utilize best efforts to ensure that paper records for a particular document custodian are produced in consecutive Bates stamp order.

## 7.    DOCUMENTS PROTECTED FROM DISCOVERY

### Non-Waiver of Protection

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a

review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**Redactions**

Any redactions made by a party shall be identified as redacted within the "REDACTED" metadata field, and all redactions shall be logged on the privilege log with a notation stating the reason for the redaction. Each party reserves the right to object to any redaction and to seek an order from the Court requiring the producing party to produce an unredacted version after meeting and conferring in an attempt to agree to removal of the redaction.

**Privilege Logs**

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. The parties agree to meet and confer to address undue burden related to this requirement. The privilege log will be produced within 30 days of substantial completion of the parties' document production, and supplemented if necessary thereafter.

**"Clawback" of Documents**

Any party that inadvertently discloses or produces a document or ESI that it considers privileged or otherwise protected from discovery will give written notice to the receiving party, identifying the document or ESI in question, the asserted privilege or protection, and the grounds therefor.

Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party will:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court; and

(b) to whatever extent the receiving party does not contest the assertion of privilege or

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS

protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, the party asserting the privilege must bring the contest to the attention of the Court by motion.

## 8.     MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: May 30, 2019

> */s/ Hassan A. Zavareei*
> Hassan A. Zavareei (*pro hac vice*)
> Katherine M Aizpuru (*pro hac vice*)
> **TYCKO & ZAVAREEI LLP**
> 1828 L Street, NW
> Suite 1000
> Washington, DC 20036
> Telephone: (202) 973-0900
> Facsimile: (202) 973-0950
> hzavareei@tzlegal.com
> kaizpuru@tzlegal.com
>
> Tanya S. Koshy (*pro hac vice*)
> **TYCKO & ZAVAREEI LLP**
> 1970 Broadway, Suite 1070
> Oakland, CA 94612
> Telephone: (510) 250-3298
> Facsimile: (202) 973-0950
> tkoshy@tzlegal.com

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
**VARNELL & WARWICK, PA**
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (pro hac vice)
Karla Gilbride (pro hac vice)
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (pro hac vice)
**PUBLIC JUSTICE, P.C.**
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Attorneys for Plaintiff*

DATED: February 27, 2019

/s/
Charles J. Harder, Esq.
**HARDER LLP**
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
Telephone: (424) 203-1600

Dawn Siler-Nixon (Fla. Bar No. 993360)
Tracey K. Jaensch (Fla. Bar No. 907057)
**FORDHARRISON LLP**
101 E. Kenndy Blvd., Suite 900
Tampa, FL 33602
P: 813-261-7800
F: 813-261-7899
DSiler-Nixon@FordHarrison.com
TJaensch@FordHarrison.com

*Attorneys for Defendants*

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION
AND PAPER DOCUMENTS

**IT IS ORDERED** that the foregoing stipulation is approved.

Dated: _____, 2019

_____
HON. WILLIAM JUNG
United States District Judge

## APPENDIX A
## ESI PRODUCTION METADATA FIELDS

| Field Name | Content Specifications |
|---|---|
| Author | Author field extracted from the metadata of a non-email document (Note: this does not include sender of an email. See "from" field.) |
| BCC | BCC or blind carbon copy field extracted from an email message |
| BeginAttachmentBates | Unique number identifying the first page or first document of a document attachment(s) |
| BeginBates | Beginning Bates number of document |
| CC | CC or carbon copy field extracted from an email message |
| Company | Company name, present in Office documents and some PDFs |
| CreateDate | Date that a file was created (mm/dd/yyyy format) |
| CreateTime | Time that a file was created |
| CustodianName | Name of the custodian of the file(s) produced (last name, first name) |
| DuplicateCustodians | Identifies duplicate custodian sources for files excluded from production based on MD5 or SHA-1 hash de-duplication |
| DuplicateFilenames | If collected from multiple sources, the name of each additional file |
| DuplicateOriginalFilepath | If collected from multiple sources, the filepath of each additional file |
| EndAttachmentBates | Unique number identifying the last page or last document of a document attachment(s) |
| EndBates | Ending Bates number of document |
| Filename | Filename of the original digital file name |
| From | From field extracted from an email message |
| Hash | MD5 or SHA-1 unique 32 or 40 character hexadecimal value, respectively. A "digital file fingerprint". |
| ImageFilename | Filename to produced PDF image |
| ImagePath | Path to produced PDF image |
| LastAccessedDate | The last time a document was opened. Maps to modified date. |
| LastAccessedTime | The last time a document was opened. Maps to modified date. |
| LastModifiedDate | Modification date(s) of a non-email document |
| LastModifiedTime | Modification time(s) of a non-email document |
| LastPrintedDate | The last time the document was printed |
| LastPrintedTime | The last time the document was printed |
| NativeFilename | Filename to produced native file |
| NativePath | Path to produced native file |
| OCRPath | Path to OCR text file |
| OCRTextFilename | Filename to OCR text file |
| OriginalFilepath | Original filepath of the document |

| | |
|---|---|
| PageCount | Number of pages in the document |
| ParentID | ID of the parent of the document |
| ReceivedDate | Received date of an email message (mm/dd/yyyy format) |
| ReceivedTime | Received time of an email message |
| ReferenceID | Cross-reference identifier (if needed) |
| ReviewID | Another identifier (if needed) |
| SendDate | Sent date of an email message (mm/dd/yyyy format) |
| SendTime | Sent time of an email message |
| Subject | Subject (or "re" line) of an email |
| Tags | Tags or codes added by users |
| Title | Title of the document, present in Office documents and some PDFs |
| To | To or Recipient field extracted from an email message |

# EXHIBIT 16

**Melat Kiros**

---

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Friday, May 31, 2019 4:42 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | Trump - Johnson; Discovery responses, document production and Johnson depo date |

Dear Mr. Zavareei:

You did not raise the issue of an ESI protocol during our rule 26f conference and we do not feel that one is necessary.  This is a simple case:  your client claims that she was forcibly kissed and that her compensation was too low due to gender and/or race discrimination.  We don't see why an ESI protocol would be needed in a case like this.  I don't recall ever entering into an ESI protocol in a federal lawsuit – and I've had well over 100 of them.  In light of this, we propose the parties simply produce their responsive documents within 30 days of the document request, or as soon there after as possible, and do so pursue the to the FRCP and Local Rules.

We do not understand why it would take longer than 30 days for Ms. Johnson to produce her responsive documents.  We assume she communicated via emails and text messages, and those documents should be readily available to her, either on her own or with the assistance of a vendor who could perform the work within a matter of a week, not several weeks.

Your email to me did not state when we could expect to receive Ms. Johnson's responsive documents.  You say that you cannot produce them within 30 days of receiving our document requests, but how much later?  Obviously if I am going to take her deposition on June 21 (or July 8), I would like to receive her responsive documents at least a week in advance, so that we have time to review them and incorporate them into depo prep. We do not want to receive her documents the eve of, day of, or even after, her deposition. Obviously we would reserve the right to resume her deposition regarding the subject matter contained in any documents that she produces after her deposition.

Please let me know your estimated document production date so that we can determine the best date for her deposition.  I have blocked off both June 21 and July 8.  I would prefer to get it done sooner rather than later, I just want to make sure that her documents will be produced in advance.

We will review your draft Stipulated Protective Order and get back to you on that.  Thank you.

Sincerely,

Charles Harder

---

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 2:10 PM
**To:** Charles Harder
**Cc:** Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan

---



Hassan Zavareei  ■  TYCKO & ZAVAREEI LLP  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.973.0910 (direct)  ■  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Wednesday, May 29, 2019 4:12 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Mr. Zavareei:  Thank you for letting me know.  June 21 still works for me, but I would like to make sure that Ms Johnson will be providing her substantive responses to our written discovery that is due on June 6 (set one) and June 17 (set two), and also will be producing her responsive documents on June 6 (set one) and June 19 (set two).  Can you please confirm?  I would need the responsible documents by those dates to have sufficient time to review them and incorporate them into my deposition prep.  Thank you.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600

[www.HarderLLP.com](www.HarderLLP.com)

Sent from iPhone; please excuse any typos.

On May 29, 2019, at 12:42 PM, Hassan Zavareei <[hzavareei@tzlegal.com](mailto:hzavareei@tzlegal.com)> wrote:

> Charles,
>
> I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.
>
> Regards,
>
> Hassan

 Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ [www.tzlegal.com](www.tzlegal.com)
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <[charder@harderllp.com](mailto:charder@harderllp.com)>
**Sent:** Monday, May 20, 2019 12:15 PM
**To:** Katherine Aizpuru <[kaizpuru@tzlegal.com](mailto:kaizpuru@tzlegal.com)>; Hassan Zavareei <[hzavareei@tzlegal.com](mailto:hzavareei@tzlegal.com)>
**Cc:** Rebecca Azhdam <[razhdam@tzlegal.com](mailto:razhdam@tzlegal.com)>; [PBLAND@publicjustice.net](mailto:PBLAND@publicjustice.net); Jennifer Bennett <[JBennett@publicjustice.net](mailto:JBennett@publicjustice.net)>; Karla Gilbride <[KGilbride@publicjustice.net](mailto:KGilbride@publicjustice.net)>; Janet Varnell <[jvarnell@varnellandwarwick.com](mailto:jvarnell@varnellandwarwick.com)>; Melat Kiros <[mkiros@tzlegal.com](mailto:mkiros@tzlegal.com)>; Matthew Lanahan <[mlanahan@tzlegal.com](mailto:mlanahan@tzlegal.com)>; Tracey Jaensch <[TJAENSCH@Fordharrison.com](mailto:TJAENSCH@Fordharrison.com)>; Dawn Siler-Nixon <[DSiler-Nixon@fordharrison.com](mailto:DSiler-Nixon@fordharrison.com)>; Ryan Stonerock <[RStonerock@harderllp.com](mailto:RStonerock@harderllp.com)>; Henry Self <[hself@harderllp.com](mailto:hself@harderllp.com)>; Steven Frackman <[sfrackman@harderllp.com](mailto:sfrackman@harderllp.com)>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests: #73 and #74.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 17

**Melat Kiros**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Friday, May 31, 2019 5:47 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Katherine Aizpuru; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Henry Self; Steven Frackman |
| **Subject:** | Trump - Johnson; Request for Extension to Responses to Set One of Discovery |

Dear Mr. Zavareei and Counsel:

We have been working diligently on responses to Plaintiff's substantial amount of written discovery to the Defendants. We will need a little more time to respond and therefore request an extension through Friday, June 14 on all discovery propounded in Set One to each of the Defendants. Please let me know if you are agreeable. Thank you.

Sincerely,

Charles Harder



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner. Thank you.

# EXHIBIT 18

**Melat Kiros**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Friday, May 31, 2019 8:48 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | Trump - Johnson; Proposed Stipulation re Use of Confidential Info. |
| **Attachments:** | Stipulation re Use of Confidential Info..doc |

Dear Mr. Zavareei and Counsel:

Attached please find a proposed Stipulation Against Unauthorized Use or Disclosure of Confidential Information, which would be accompanied by a proposed Court Order.  The attached is modeled after a form that is used in the USDC Middle District of Florida, Orlando Division.  (The Tampa Division does not appear to have its own version of a form.)  The attached is shorter and simpler than the draft Stipulated Protective Order that you sent over to us.  Please let us know if the attached version is acceptable or if you have edits.  Thank you.

Sincerely,

Charles Harder

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 2:10 PM
**To:** Charles Harder
**Cc:** Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan



Hassan Zavareei ▪ Tycko & Zavareei llp ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner. Thank you.

# EXHIBIT 19

**Melat Kiros**

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Sunday, June 2, 2019 8:51 PM |
| **To:** | Charles Harder |
| **Cc:** | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | Re: Trump - Johnson; Discovery responses, document production and Johnson depo date |
| **Attachments:** | 2019.05.15 Case Management Report (dkt. 36)[1].pdf; No. 17-CV-2113 Protective Order.pdf |

Charles,

Your position regarding an ESI protocol is without merit. In fact, you already agreed to enter into an ESI Protocol in the joint portion of the CMR the under the header **"Parties agree on the following other matters relating to discovery."** In the CMR we jointly stated that in addition to a confidentiality order, "[t]he parties also anticipate entering into a joint stipulation concerning the protocol for handling electronically stored information (ESI)." CMR at 6 (attached). With respect to your claim that you never agree to ESI protocols—especially in cases in federal court—we found a protocol you filed quite recently in federal court with a quick search. *Cohen v. Jones Lang LaSalle Americas, Inc.*, Case 1:17-cv-03471 (S.D.N.Y. Nov. 7, 2017).

In any event, we disagree that this is a simple case. We understand that your strategy is to rush to Ms. Johnson's deposition and then file an early summary judgment motion. But Ms. Johnson will not allow Defendants to unilaterally dictate the pace, scope and extent of discovery in her case. As you already agreed, an ESI protocol will be required in this case. If you are not going to adhere to our agreement, we are happy to discuss this with Judge Jung next week.

I am also surprised by your request that the parties submit documents within thirty days of receiving document requests—especially in light of your request for a seven-day extension, which you sent to me only minutes after you wrote that the parties should produce documents within 30-days of the requests. In any event, we agree to your seven-day extension. It is a courtesy we are happy to extend.

With respect to the imaging of the sources of electronic information, we have numerous items to image and search. We have begun that process. Your speculation about how long this process should take is incorrect. Perhaps that is because of your stated lack of experience in cases that require electronic discovery. Whatever the case, we are moving forward with alacrity and will continue to do so. I cannot say when we will be in a position to produce all of the documents we identify, but we will do so on a rolling basis *after* the parties enter into an ESI protocol.

With respect to the timing of Ms. Johnson's deposition, you noticed the deposition on an agreed upon date without any mention of requiring production of all responsive documents. Indeed, you requested the deposition before you even served any document requests. If you wish to take the deposition before the documents have all been produced, that is your prerogative. But we will not allow you a second bite at the apple. Indeed, this kind of gamesmanship is precisely why we did not—and could not—agree to waive all of our client's rights with respect to her deposition, as you requested. Apparently this is another item we will need to discuss with the Court.

My colleague, Jennifer Bennett, will get back to you regarding the draft protective order we provided to you.

Warm regards,

Hassan

---

**From:** Charles Harder <charder@harderllp.com>
**Date:** Friday, May 31, 2019 at 4:42 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** "razhdam@tzlegal.com" <razhdam@tzlegal.com>, "PBLAND@publicjustice.net"
<PBland@publicjustice.net>, Jennifer Bennett <JBennett@publicjustice.net>, Karla Gilbride
<KGilbride@publicjustice.net>, Janet Varnel <jvarnell@varnellandwarwick.com>, Melat Kiros
<mkiros@tzlegal.com>, Matthew Lanahan <mlanahan@tzlegal.com>, Tracey Jaensch
<TJAENSCH@fordharrison.com>, Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>, Ryan Stonerock
<RStonerock@harderllp.com>, Kate <kaizpuru@tzlegal.com>, Henry Self <hself@harderllp.com>, Steven
Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Discovery responses, document production and Johnson depo date

Dear Mr. Zavareei:

You did not raise the issue of an ESI protocol during our rule 26f conference and we do not feel that
one is necessary.  This is a simple case:  your client claims that she was forcibly kissed and that her
compensation was too low due to gender and/or race discrimination.  We don't see why an ESI
protocol would be needed in a case like this.  I don't recall ever entering into an ESI protocol in a
federal lawsuit – and I've had well over 100 of them.  In light of this, we propose the parties simply
produce their responsive documents within 30 days of the document request, or as soon there after as
possible, and do so pursue the to the FRCP and Local Rules.

We do not understand why it would take longer than 30 days for Ms. Johnson to produce her
responsive documents.  We assume she communicated via emails and text messages, and those
documents should be readily available to her, either on her own or with the assistance of a vendor
who could perform the work within a matter of a week, not several weeks.

Your email to me did not state when we could expect to receive Ms. Johnson's responsive
documents.  You say that you cannot produce them within 30 days of receiving our document
requests, but how much later?  Obviously if I am going to take her deposition on June 21 (or July 8), I
would like to receive her responsive documents at least a week in advance, so that we have time to
review them and incorporate them into depo prep. We do not want to receive her documents the eve
of, day of, or even after, her deposition. Obviously we would reserve the right to resume her
deposition regarding the subject matter contained in any documents that she produces after her
deposition.

Please let me know your estimated document production date so that we can determine the best date
for her deposition.  I have blocked off both June 21 and July 8.  I would prefer to get it done sooner
rather than later, I just want to make sure that her documents will be produced in advance.

We will review your draft Stipulated Protective Order and get back to you on that.  Thank you.

Sincerely,

Charles Harder

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 2:10 PM
**To:** Charles Harder
**Cc:** Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan



Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Wednesday, May 29, 2019 4:12 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Mr. Zavareei:  Thank you for letting me know.  June 21 still works for me, but I would like to make sure that Ms Johnson will be providing her substantive responses to our written discovery that is due on June 6 (set one) and June 17 (set two), and also will be producing her responsive documents on June 6 (set one) and June 19 (set two).  Can you please confirm?  I would need the responsible documents by those dates to have sufficient time to review them and incorporate them into my deposition prep.  Thank you.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On May 29, 2019, at 12:42 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Charles,
>
> I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.
>
> Regards,
>
> Hassan
>
> ───────────────────────
>
>  Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
> 1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
> p 202.973.0910 (direct) ▪ f 202.973.0950
>
> This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 20, 2019 12:15 PM
**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests:  #73 and #74.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 20

**Melat Kiros**

| | |
|---|---|
| **From:** | Tracey Jaensch <TJAENSCH@Fordharrison.com> |
| **Sent:** | Monday, June 3, 2019 1:20 PM |
| **To:** | Hassan Zavareei; Charles Harder |
| **Cc:** | Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74) |

Hassan, we, like Charles, have rarely entered into formal ESI protocols in the absence of a likely need for significant e-discovery (trade secrets, non-compete cases and nationwide class actions) in employment cases like this one.

Having said that, we do have the ability in our office to manage large amounts of e-data at a cost to either the client or the opposing party depending upon what is being contemplated and we have a computer liaison for that purpose.

A general protocol as you circulated from our perspective is disproportionate to the sums involved in this case as well as to the limited issues. Certainly, we don't anticipate forensic computer work in this case and our local discovery rules disfavor that other than in extraordinary circumstances. Having said that, is there some allegation that you claim warrants a mirror image of something? Are there search terms that you want to agree upon? We are already looking for all emails that the campaign has that involve your client. Is there other "e-discovery" you anticipate receiving? If so, what? Our plan in responding to your discovery to the Campaign on the pay issues would be to engage in email searches. We are happy to have you provide your proposed search terms but we do not intend to engage a computer expert for the Campaign but rather to produce any relevant emails that are "reasonably accessible" through normal means: e.g., searching Outlook. We also do not anticipate receiving native format inboxes of Campaign email custodians dumped on our office at significant cost to the Campaign so that we can do separate searches different from those being done by our client in Outlook. Please advise what you are hoping to accomplish and perhaps we can work backwards from there and can get on the phone with our computer litigation specialist. Certainly, if you think it warrants a discussion with the Court, that is fine also but I don't think anyone contemplated a lot of e-discovery in this case other than emails about your client so if we misunderstood what you were expecting, please let us know what your expectations actually are.



**Tracey K. Jaensch** - Attorney at Law
*Board Certified Specialist, Labor & Employment Law*

101 E. Kennedy Boulevard, Suite 900 | Tampa, FL 33602
TJAENSCH@Fordharrison.com | P: 813-261-7815

**LTC4 Certified Legal Professional** | *FHPromise*

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 5:10 PM
**To:** Charles Harder <charder@harderllp.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven

Frackman <sfrackman@harderllp.com>
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan

---



Hassan Zavareei  ▪  Tycko & Zavareei LLP  ▪  www.tzlegal.com
1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
p 202.973.0910 (direct)  ▪  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Wednesday, May 29, 2019 4:12 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Mr. Zavareei:  Thank you for letting me know.  June 21 still works for me, but I would like to make sure that Ms Johnson will be providing her substantive responses to our written discovery that is due on June 6 (set one) and June 17 (set two), and also will be producing her responsive documents on June 6 (set one) and June 19 (set two).  Can you please confirm?  I would need the responsible documents by those dates to have sufficient time to review them and incorporate them into our deposition prep.  Thank you.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor

Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On May 29, 2019, at 12:42 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Charles,
>
> I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.
>
> Regards,
>
> Hassan



Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 20, 2019 12:15 PM
**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests:  #73 and #74.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner. Thank you.

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from Ford & Harrison LLP and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments. In the absence of an executed engagement letter or fee contract, no attorney client relationship is established by this communication.

# EXHIBIT 21

**Melat Kiros**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Monday, June 3, 2019 4:44 PM |
| **To:** | Tracey Jaensch |
| **Cc:** | Hassan Zavareei; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74) |

In addition to what Tracey says below, there is no legitimate basis to refuse to produce responsive documents pending resolution of other discovery issues, such as an ESI protocol, which the parties might not agree to.  We are going to proceed with your client's deposition as scheduled.  If you need more time to produce, we can give you through June 21 which gives you at least 45 days from the date of the first document demand and 32 days on the second document demand.  If your client appears for deposition without producing her responsive documents then we will file motions and seek sanctions, because there would be no legitimate reason for her to do that.  She is an individual, not a legal entity with employees, and presumably has routine emails, text messages and paper documents that do not require more than 45 days to gather and produce.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On Jun 3, 2019, at 1:20 PM, Tracey Jaensch <TJAENSCH@fordharrison.com> wrote:

> Hassan, we, like Charles, have rarely entered into formal ESI protocols in the absence of a likely need for significant e-discovery (trade secrets, non-compete cases and nationwide class actions) in employment cases like this one.
>
> Having said that, we do have the ability in our office to manage large amounts of e-data at a cost to either the client or the opposing party depending upon what is being contemplated and we have a computer liaison for that purpose.
>
> A general protocol as you circulated from our perspective is disproportionate to the sums involved in this case as well as to the limited issues.  Certainly, we don't anticipate forensic computer work in this case and our local discovery rules disfavor that other than in extraordinary circumstances.  Having said that, is there some allegation that you claim warrants a mirror image of something?  Are there search terms that you want to agree upon?  We are already looking for all emails that the campaign has that involve your client.  Is there other "e-discovery" you anticipate receiving?  If so, what?  Our plan in responding to your discovery to the Campaign on the pay issues would be to engage in email searches.  We are happy to have you provide your proposed search terms but we do not intend to engage a computer expert for the Campaign but rather to produce any relevant emails that are "reasonably accessible" through normal means: e.g., searching Outlook.  We also do not anticipate receiving native format inboxes of Campaign email custodians dumped on our office at significant cost to the Campaign so that we can do separate searches different from those being done by our client in

Outlook. Please advise what you are hoping to accomplish and perhaps we can work backwards from there and can get on the phone with our computer litigation specialist. Certainly, if you think it warrants a discussion with the Court, that is fine also but I don't think anyone contemplated a lot of e-discovery in this case other than emails about your client so if we misunderstood what you were expecting, please let us know what your expectations actually are.



**Tracey K. Jaensch** - Attorney at Law
*Board Certified Specialist, Labor & Employment Law*

101 E. Kennedy Boulevard, Suite 900 | Tampa, FL 33602
TJAENSCH@Fordharrison.com | P: 813-261-7815

LTC4 Certified Legal Professional | *FHPromise*

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 5:10 PM
**To:** Charles Harder <charder@harderllp.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan

<image002.jpg>Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com

1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
p 202.973.0910 (direct)  ▪  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Wednesday, May 29, 2019 4:12 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Mr. Zavareei:  Thank you for letting me know.  June 21 still works for me, but I would like to make sure that Ms Johnson will be providing her substantive responses to our written discovery that is due on June 6 (set one) and June 17 (set two), and also will be producing her responsive documents on June 6 (set one) and June 19 (set two).  Can you please confirm?  I would need the responsible documents by those dates to have sufficient time to review them and incorporate them into our deposition prep.  Thank you.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On May 29, 2019, at 12:42 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Charles,
>
> I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.
>
> Regards,
>
> Hassan

<image004.jpg>Hassan Zavareei  ▪  Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ ʟʟᴘ  ▪  www.tzlegal.com

1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.973.0910 (direct)  ■  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

---

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Monday, May 20, 2019 12:15 PM
**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of Documents to Ms. Johnson, which contains two additional requests:  #73 and #74.

<image006.jpg>

**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from Ford & Harrison LLP and any attachments are privileged and confidential

4

and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments. In the absence of an executed engagement letter or fee contract, no attorney client relationship is established by this communication.

# EXHIBIT 22

## Melat Kiros

**From:** Jennifer Bennett <JBennett@publicjustice.net>
**Sent:** Monday, June 3, 2019 1:45 PM
**To:** Charles Harder
**Cc:** Rebecca Azhdam; Paul Bland; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman; Hassan Zavareei
**Subject:** RE: Trump - Johnson; Proposed Stipulation re Use of Confidential Info.

Dear Charles,

Thanks for your response. Unfortunately, we cannot agree to your proposed confidentiality stipulation. There are several aspects of this proposed stipulation that we believe do not accord with the law, the Federal Rules, and/or best practices regarding confidentiality. Among other things, it applies a different standard than the "good cause" standard required by Federal Rule of Civil Procedure 26, and in the case of video footage, deems all material confidential without requiring any cause at all. It does not exclude from its coverage information that was already public, becomes public through no fault of the receiving party, that the receiving party had before the lawsuit, or that the receiving party received lawfully from a third party without restrictions on disclosure. The procedure for submitting a confidentiality dispute to the court is problematic because the party that marked a document confidential is the party that has the burden to demonstrate to the court good cause and the information necessary to satisfy that burden, yet the stipulation requires that the other party file a motion. And the procedure for filing information marked confidential with the court is likely, in many instances, to be unworkable because it will be impossible for a party to know in advance of a briefing deadline, let alone fourteen days in advance, which information marked confidential by the opposing party will be filed with the court. This problem can be avoided by simply allowing a party that files a document containing information another party marked confidential to do so under provisional seal and giving the party that designated the information confidential time to file a motion with the court explaining why the information satisfies the standards for sealing court records.

The draft protective order we sent initially does not present any of these issues—or any of the several other issues we foresee with this proposed stipulation—so we believe it makes more sense to work from there. Are there specific objections you have or changes you would like to make to the draft we proposed? If so, we'd be happy to consider them and work with you to try to come to an agreement.

Thank you.

Best,
Jennifer



**Jennifer Bennett**
*Staff Attorney*
jbennett@publicjustice.net
Phone: (510) 622-8213

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Friday, May 31, 2019 5:48 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Jennifer Bennett

<JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell
<jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>;
Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock
<RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven
Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Proposed Stipulation re Use of Confidential Info.

## Dear Mr. Zavareei and Counsel:

**Attached please find a proposed Stipulation Against Unauthorized Use or Disclosure of Confidential
Information, which would be accompanied by a proposed Court Order.  The attached is modeled after
a form that is used in the USDC Middle District of Florida, Orlando Division.  (The Tampa Division
does not appear to have its own version of a form.)  The attached is shorter and simpler than the draft
Stipulated Protective Order that you sent over to us.  Please let us know if the attached version is
acceptable or if you have edits.  Thank you.**

**Sincerely,**

**Charles Harder**

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 2:10 PM
**To:** Charles Harder
**Cc:** Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew
Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But
before we do so, we need to agree to a protective order, as the responses will contain confidential information. To
that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we
should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we
serve our substantive responses. We are currently working with a vendor to image several devices, and that process
takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI)
protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order
to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with
you to resolve any disagreements in a timely manner.

Regards,

Hassan



Hassan Zavareei  ■  Tycko & Zavareei llp  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.973.0910 (direct)  ■  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 23

**Melat Kiros**

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Wednesday, June 5, 2019 2:13 PM |
| **To:** | Charles Harder |
| **Cc:** | Tracey Jaensch; Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman |
| **Subject:** | Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74) |

Charles, It was nice meeting you today. I wanted to get back to you on your email. As we said, we will produce documents on a rolling basis. But most of your questions relate to issues covered in the draft ESI protocol we sent you. Can someone from your team review and make suggested edits? Then we can have a call and try to work this out. We already agreed to do an ESI protocol, and we need to have one in this case. This should be an area we can work together on. It's not something we should waste the Court's time with. I hope you agree.

Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jun 3, 2019, at 4:44 PM, Charles Harder <charder@harderllp.com> wrote:

> In addition to what Tracey says below, there is no legitimate basis to refuse to produce responsive documents pending resolution of other discovery issues, such as an ESI protocol, which the parties might not agree to. We are going to proceed with your client's deposition as scheduled. If you need more time to produce, we can give you through June 21 which gives you at least 45 days from the date of the first document demand and 32 days on the second document demand. If your client appears for deposition without producing her responsive documents then we will file motions and seek sanctions, because there would be no legitimate reason for her to do that. She is an individual, not a legal entity with employees, and presumably has routine emails, text messages and paper documents that do not require more than 45 days to gather and produce.
>
> Charles J. Harder
> HARDER LLP
> 132 S. Rodeo Drive, Fourth Floor
> Beverly Hills, CA  90212
> (424) 203-1600
> www.HarderLLP.com
>
> Sent from iPhone; please excuse any typos.
>
> On Jun 3, 2019, at 1:20 PM, Tracey Jaensch <TJAENSCH@fordharrison.com> wrote:

1

Hassan, we, like Charles, have rarely entered into formal ESI protocols in the absence of a likely need for significant e-discovery (trade secrets, non-compete cases and nationwide class actions) in employment cases like this one.

Having said that, we do have the ability in our office to manage large amounts of e-data at a cost to either the client or the opposing party depending upon what is being contemplated and we have a computer liaison for that purpose.

A general protocol as you circulated from our perspective is disproportionate to the sums involved in this case as well as to the limited issues. Certainly, we don't anticipate forensic computer work in this case and our local discovery rules disfavor that other than in extraordinary circumstances. Having said that, is there some allegation that you claim warrants a mirror image of something? Are there search terms that you want to agree upon? We are already looking for all emails that the campaign has that involve your client. Is there other "e-discovery" you anticipate receiving? If so, what? Our plan in responding to your discovery to the Campaign on the pay issues would be to engage in email searches. We are happy to have you provide your proposed search terms but we do not intend to engage a computer expert for the Campaign but rather to produce any relevant emails that are "reasonably accessible" through normal means: e.g., searching Outlook. We also do not anticipate receiving native format inboxes of Campaign email custodians dumped on our office at significant cost to the Campaign so that we can do separate searches different from those being done by our client in Outlook. Please advise what you are hoping to accomplish and perhaps we can work backwards from there and can get on the phone with our computer litigation specialist. Certainly, if you think it warrants a discussion with the Court, that is fine also but I don't think anyone contemplated a lot of e-discovery in this case other than emails about your client so if we misunderstood what you were expecting, please let us know what your expectations actually are.



**Tracey K. Jaensch** - Attorney at Law
*Board Certified Specialist, Labor & Employment Law*

101 E. Kennedy Boulevard, Suite 900 | Tampa, FL 33602
TJAENSCH@Fordharrison.com | P: 813-261-7815

LTC4 Certified Legal Professional | *FHPromise*

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 5:10 PM
**To:** Charles Harder <charder@harderllp.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

2

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan

---

<image002.jpg>Hassan Zavareei ▪ Tycko & Zavareei LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Wednesday, May 29, 2019 4:12 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Mr. Zavareei:  Thank you for letting me know.  June 21 still works for me, but I would like to make sure that Ms Johnson will be providing her substantive responses to our written discovery that is due on June 6 (set one) and June 17 (set two), and also will be producing her responsive documents on June 6 (set one) and June 19 (set two).  Can you please confirm?  I would need the responsible documents by those dates to have

sufficient time to review them and incorporate them into our deposition prep.  Thank you.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On May 29, 2019, at 12:42 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Charles,
>
> I learned yesterday that Ms. Johnson resigned her position with the Telluride Wine Festival. Since you originally wanted to take her deposition in June, I wanted to let you know that we can now make that happen (even though the conflict with Ms. Varnell's schedule still persists). Does June 14 or June 21 still work? If there are other dates that are better please advise and we will see what we can do. Of course we could also just leave it on the date you have scheduled. I look forward to hearing back from you.
>
> Regards,
>
> Hassan
>
> ──────────────────────────────
> ──
>
> <image004.jpg>Hassan Zavareei  ▪  Tycko & Zavareei LLP  ▪  www.tzlegal.com
> 1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
> p 202.973.0910 (direct)  ▪  f 202.973.0950
>
> This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.
>
> ───────────────────────────────────
>
> **From:** Charles Harder <charder@harderllp.com>
> **Sent:** Monday, May 20, 2019 12:15 PM
> **To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Hassan Zavareei <hzavareei@tzlegal.com>
> **Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; PBLAND@publicjustice.net; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock

<RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>;
Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Set 2 of Requests for Production to Johnson
(RPDs 73, 74)

Dear Counsel,

Attached please find Set Two of Requests for Production of
Documents to Ms. Johnson, which contains two additional
requests: #73 and #74.

<image006.jpg>

**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any
attachments to it is intended only for the use of the intended recipient
and may be confidential and/or privileged.  If any recipient of this
communication is not the intended recipient, the unauthorized use,
disclosure or copying of this email and any accompanying attachments
or other information contained herein is strictly prohibited, and may be
unlawful.  If you have received this communication in error, please
immediately notify the sender by return email, destroy this email and
any and all copies thereof (including any attachments) without reading
them or saving them in any manner.  Thank you.

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from Ford & Harrison LLP and any attachments are privileged
and confidential and intended only for the named recipient(s). If you have received this message in error,
you are prohibited from reviewing, copying, distributing or using the information. Please contact the
sender immediately by return email and delete the original message and attachments. In the absence of
an executed engagement letter or fee contract, no attorney client relationship is established by this
communication.

# EXHIBIT 24

**Melat Kiros**

| | |
|---|---|
| **From:** | Jennifer Bennett <JBennett@publicjustice.net> |
| **Sent:** | Wednesday, June 5, 2019 9:54 PM |
| **To:** | Charles Harder |
| **Cc:** | Rebecca Azhdam; Paul Bland; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman; Hassan Zavareei |
| **Subject:** | RE: Trump - Johnson; Proposed Stipulation re Use of Confidential Info. |

Hi Charles,

I'm writing to follow up on the discovery protective order. We're supposed to start producing discovery responses tomorrow, but we can't do that until the protective order is in place. Could you please let us know if the draft protective order we sent is acceptable to you and if there are any changes you'd like to discuss as soon as possible, so we can get it on file? Thank you.

Best,
Jennifer



**Jennifer Bennett**
*Staff Attorney*
jbennett@publicjustice.net
Phone: (510) 622-8213

---

**From:** Jennifer Bennett
**Sent:** Monday, June 3, 2019 10:45 AM
**To:** 'Charles Harder' <charder@harderllp.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Subject:** RE: Trump - Johnson; Proposed Stipulation re Use of Confidential Info.

Dear Charles,

Thanks for your response. Unfortunately, we cannot agree to your proposed confidentiality stipulation. There are several aspects of this proposed stipulation that we believe do not accord with the law, the Federal Rules, and/or best practices regarding confidentiality. Among other things, it applies a different standard than the "good cause" standard required by Federal Rule of Civil Procedure 26, and in the case of video footage, deems all material confidential without requiring any cause at all. It does not exclude from its coverage information that was already public, becomes public through no fault of the receiving party, that the receiving party had before the lawsuit, or that the receiving party received lawfully from a third party without restrictions on disclosure. The procedure for submitting a confidentiality dispute to the court is problematic because the party that marked a document confidential is the party that has the burden to demonstrate to the court good cause and the information necessary to satisfy that burden, yet the stipulation requires that the other party file a

motion. And the procedure for filing information marked confidential with the court is likely, in many instances, to be unworkable because it will be impossible for a party to know in advance of a briefing deadline, let alone fourteen days in advance, which information marked confidential by the opposing party will be filed with the court. This problem can be avoided by simply allowing a party that files a document containing information another party marked confidential to do so under provisional seal and giving the party that designated the information confidential time to file a motion with the court explaining why the information satisfies the standards for sealing court records.

The draft protective order we sent initially does not present any of these issues—or any of the several other issues we foresee with this proposed stipulation—so we believe it makes more sense to work from there. Are there specific objections you have or changes you would like to make to the draft we proposed? If so, we'd be happy to consider them and work with you to try to come to an agreement.

Thank you.

Best,
Jennifer



**Jennifer Bennett**
*Staff Attorney*
jbennett@publicjustice.net
Phone: (510) 622-8213

---

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Friday, May 31, 2019 5:48 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Proposed Stipulation re Use of Confidential Info.

## Dear Mr. Zavareei and Counsel:

Attached please find a proposed Stipulation Against Unauthorized Use or Disclosure of Confidential Information, which would be accompanied by a proposed Court Order.  The attached is modeled after a form that is used in the USDC Middle District of Florida, Orlando Division.  (The Tampa Division does not appear to have its own version of a form.)  The attached is shorter and simpler than the draft Stipulated Protective Order that you sent over to us.  Please let us know if the attached version is acceptable or if you have edits.  Thank you.

Sincerely,

Charles Harder

---

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 2:10 PM
**To:** Charles Harder

**Cc:** Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan



Hassan Zavareei  ■  Tycko & Zavareei llp  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.973.0910 (direct)  ■  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 25

**Melat Kiros**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Wednesday, June 5, 2019 11:01 PM |
| **To:** | Jennifer Bennett |
| **Cc:** | Rebecca Azhdam; Paul Bland; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman; Hassan Zavareei |
| **Subject:** | Re: Trump - Johnson; Proposed Stipulation re Use of Confidential Info. |

Dear Jennifer & Counsel:

We are working on providing you a response to your proposed protective order. It is very different from what the Middle District of Florida uses as a form (a modified version of which we sent you and you rejected), and your firm is also different from protective orders that we have entered into in past cases. Yours also is one of the more lengthy and verbose proposed protective orders that we have seen in our careers.  Thus, it will require some time for us to complete our review get you our comments.

In the meantime, there are numerous interrogatories, requests for admissions and document requests that pertain to matters that are not private or confidential. Your client filed 171 paragraphs of allegations in a public filing relating to her time at the campaign, her account of what allegedly occurred at a "meet and greet" in Alabama, what allegedly occurred in the campaign RV on 8/24/16 in Tampa, and related matters. There is no basis to withhold your client's responses to discovery requests on those topics, or to withhold her responsive documents regarding same. Therefore, we will expect your full and complete responses to that discovery tomorrow, and your responsive documents either tomorrow or as soon as they can be produced.

Document production does not require an ESI protocol. It simply involves the production of documents that can be readily obtained from a search of your client's private email address(es), text messages from cell phone(s), communications from other private accounts, physical files, photos, video, audio, and other readily obtainable documents and materials.  If your client is a single individual, and not a major corporation or organization, and thus we would expect her documents to be able to be produced within 30 days, or very shortly thereafter.

We will ascertain from your discovery responses the matters that you claim to be confidential and allegedly will require a stipulated protective order to respond to or produce. However, if you provide us with simply objections tomorrow, on matters that you have discussed in detail in the publicly filed complaint, then that would be highly improper, and would give us reason to bring the matter to the immediate attention of the court, and request prompt relief. We hope that you will not place us in that position tomorrow.

I expect that by Friday of this week, I will have a response to your proposed protective order, but it will be a redline and may require additional discussions/negotiation. Therefore, substantive responses to discovery requests and responsible documents relating to non-confidential matter should not be withheld in the interim.

Sincerely,

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On Jun 5, 2019, at 9:54 PM, Jennifer Bennett <JBennett@publicjustice.net> wrote:

> Hi Charles,
>
> I'm writing to follow up on the discovery protective order. We're supposed to start producing
> discovery responses tomorrow, but we can't do that until the protective order is in place. Could
> you please let us know if the draft protective order we sent is acceptable to you and if there are
> any changes you'd like to discuss as soon as possible, so we can get it on file? Thank you.
>
> Best,
> Jennifer
>
> <image003.jpg>
>
> **Jennifer Bennett**
> *Staff Attorney*
> jbennett@publicjustice.net
> Phone: (510) 622-8213
>
> ---
>
> **From:** Jennifer Bennett
> **Sent:** Monday, June 3, 2019 10:45 AM
> **To:** 'Charles Harder' <charder@harderllp.com>
> **Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Karla Gilbride
> <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros
> <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch
> <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock
> <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self
> <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Hassan Zavareei
> <hzavareei@tzlegal.com>
> **Subject:** RE: Trump - Johnson; Proposed Stipulation re Use of Confidential Info.
>
> Dear Charles,
>
> Thanks for your response. Unfortunately, we cannot agree to your proposed confidentiality stipulation.
> There are several aspects of this proposed stipulation that we believe do not accord with the law, the
> Federal Rules, and/or best practices regarding confidentiality. Among other things, it applies a different
> standard than the "good cause" standard required by Federal Rule of Civil Procedure 26, and in the case
> of video footage, deems all material confidential without requiring any cause at all. It does not exclude
> from its coverage information that was already public, becomes public through no fault of the receiving
> party, that the receiving party had before the lawsuit, or that the receiving party received lawfully from a
> third party without restrictions on disclosure. The procedure for submitting a confidentiality dispute to the
> court is problematic because the party that marked a document confidential is the party that has the
> burden to demonstrate to the court good cause and the information necessary to satisfy that burden, yet
> the stipulation requires that the other party file a motion. And the procedure for filing information marked
> confidential with the court is likely, in many instances, to be unworkable because it will be impossible for
> a party to know in advance of a briefing deadline, let alone fourteen days in advance, which information
> marked confidential by the opposing party will be filed with the court. This problem can be avoided by
> simply allowing a party that files a document containing information another party marked confidential to
> do so under provisional seal and giving the party that designated the information confidential time to file
> a motion with the court explaining why the information satisfies the standards for sealing court records.

The draft protective order we sent initially does not present any of these issues—or any of the several other issues we foresee with this proposed stipulation—so we believe it makes more sense to work from there. Are there specific objections you have or changes you would like to make to the draft we proposed? If so, we'd be happy to consider them and work with you to try to come to an agreement.

Thank you.

Best,
Jennifer


<image004.jpg>

**Jennifer Bennett**
*Staff Attorney*
jbennett@publicjustice.net
Phone: (510) 622-8213

---

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Friday, May 31, 2019 5:48 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Jennifer Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Proposed Stipulation re Use of Confidential Info.

Dear Mr. Zavareei and Counsel:

Attached please find a proposed Stipulation Against Unauthorized Use or Disclosure of Confidential Information, which would be accompanied by a proposed Court Order.  The attached is modeled after a form that is used in the USDC Middle District of Florida, Orlando Division.  (The Tampa Division does not appear to have its own version of a form.)  The attached is shorter and simpler than the draft Stipulated Protective Order that you sent over to us.  Please let us know if the attached version is acceptable or if you have edits.  Thank you.

Sincerely,

Charles Harder

---

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 2:10 PM
**To:** Charles Harder
**Cc:** Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry Self; Steven Frackman
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and June 17. But before we do so, we need to agree to a protective order, as the responses will contain confidential information. To that end, I have attached a draft order for your consideration. If we can finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the same time we serve our substantive responses. We are currently working with a vendor to image several devices, and that process takes some time. In addition, we will need to work with you to agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we will need to agree to custodians, sources, and search terms. In order to get that process started, I have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan



Hassan Zavareei ▪ Tycko & Zavareei llp ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

<image007.jpg>     **CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 26

**Melat Kiros**

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Thursday, June 6, 2019 9:29 AM |
| **To:** | charder@harderllp.com |
| **Cc:** | Jennifer Bennett; Karla Gilbride; PBLAND@publicjustice.net; Melat Kiros; Rebecca Azhdam; Katherine Aizpuru; Phoebe Wolfe; Janet Varnel; Matthew Lanahan; Ryan Stonerock; Steven Frackman; Tracey Jaensch |
| **Subject:** | Discovery Issues |

Charles,

We will serve the non-confidential discovery responses today and the remainder when we have an agreement in place. We look forward to your edits to our proposed protocol.

With respect to the document production, I must again insist that you adhere to our agreement to enter into an ESI protocol—as you agreed in a signed filing with the Court. In response to your contention that such an agreement was unnecessary yesterday in Court, Judge Jung disagreed with you. It is not enough to simply search email files with random search terms. We take our obligations seriously and expect that Defendants will as well.

We have retained a vendor to image all necessary devices, and that process is proceeding next week. We have uploaded all emails to a discovery platform and are prepared to begin our searches and review. Before we can do that, however, we need to reach an agreement on search terms and other important aspects of any ESI protocol—including the electronic format of the produced documents, load files, etc. So if you want your documents soon, I ask that you stop arguing about this and start working with us to agree to the appropriate procedures—which must be spelled out in the ESI protocol.

You are causing unnecessary delay, and making it more difficult for us to get the documents to you before the deposition. So if your goal is to get the documents before the deposition (as you claim), I ask you to stop the posturing and start collaborating with us. There are some parts of litigation that require more than grenade-throwing. This is a piece of the process that is meant to be cooperative. I ask that you stop the bickering and start working with us. That is how you will get what you say you want.

Warm regards,

Hassan

p.s.      It appears you removed people from this email thread. I have tried to add everyone back on. If there is anyone left off on your end, please add them.

---

**From:** "charder@harderllp.com" <charder@harderllp.com>
**Date:** Wednesday, June 5, 2019 at 11:03 PM
**Subject:** <no subject>

Dear Jennifer & Counsel:

We are working on providing you a response to your proposed protective order. It is very different from what the Middle District of Florida uses as a form (a modified version of which we sent you and you rejected), and your firm is also different from protective orders that we have entered into in past cases. Yours also is one of the more lengthy and

verbose proposed protective orders that we have seen in our careers.  Thus, it will require some time for us to complete our review get you our comments.

In the meantime, there are numerous interrogatories, requests for admissions and document requests that pertain to matters that are not private or confidential. Your client filed 171 paragraphs of allegations in a public filing relating to her time at the campaign, her account of what allegedly occurred at a "meet and greet" in Alabama, what allegedly occurred in the campaign RV on 8/24/16 in Tampa, and related matters. There is no basis to withhold your client's responses to discovery requests on those topics, or to withhold her responsive documents regarding same. Therefore, we will expect your full and complete responses to that discovery tomorrow, and your responsive documents either tomorrow or as soon as they can be produced.

Document production does not require an ESI protocol. It simply involves the production of documents that can be readily obtained from a search of your client's private email address(es), text messages from cell phone(s), communications from other private accounts, physical files, photos, video, audio, and other readily obtainable documents and materials.  If your client is a single individual, and not a major corporation or organization, and thus we would expect her documents to be able to be produced within 30 days, or very shortly thereafter.

We will ascertain from your discovery responses the matters that you claim to be confidential and allegedly will require a stipulated protective order to respond to or produce. However, if you provide us with simply objections tomorrow, on matters that you have discussed in detail in the publicly filed complaint, then that would be highly improper, and would give us reason to bring the matter to the immediate attention of the court, and request prompt relief. We hope that you will not place us in that position tomorrow.

I expect that by Friday of this week, I will have a response to your proposed protective order, but it will be a redline and may require additional discussions/negotiation. Therefore, substantive responses to discovery requests and responsible documents relating to non-confidential matter should not be withheld in the interim.

Sincerely,

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On Jun 5, 2019, at 9:54 PM, Jennifer Bennett <JBennett@publicjustice.net> wrote:

> Hi Charles,
>
> I'm writing to follow up on the discovery protective order. We're supposed to start producing discovery responses tomorrow, but we can't do that until the protective order is in place. Could you please let us know if the draft protective order we sent is acceptable to you and if there are any changes you'd like to discuss as soon as possible, so we can get it on file? Thank you.
>
> Best,
> Jennifer
>
> <image003.jpg>
>
> **Jennifer Bennett**

*Staff Attorney*
jbennett@publicjustice.net
Phone: (510) 622-8213

---

**From:** Jennifer Bennett
**Sent:** Monday, June 3, 2019 10:45 AM
**To:** 'Charles Harder' <charder@harderllp.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Karla Gilbride
<KGilbride@publicjustice.net>; Janet Varnell <jvarnell@varnellandwarwick.com>; Melat Kiros
<mkiros@tzlegal.com>; Matthew Lanahan <mlanahan@tzlegal.com>; Tracey Jaensch
<TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Ryan Stonerock
<RStonerock@harderllp.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Henry Self
<hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Hassan Zavareei
<hzavareei@tzlegal.com>
**Subject:** RE: Trump - Johnson; Proposed Stipulation re Use of Confidential Info.

Dear Charles,

Thanks for your response. Unfortunately, we cannot agree to your proposed confidentiality stipulation. There are several aspects of this proposed stipulation that we believe do not accord with the law, the Federal Rules, and/or best practices regarding confidentiality. Among other things, it applies a different standard than the "good cause" standard required by Federal Rule of Civil Procedure 26, and in the case of video footage, deems all material confidential without requiring any cause at all. It does not exclude from its coverage information that was already public, becomes public through no fault of the receiving party, that the receiving party had before the lawsuit, or that the receiving party received lawfully from a third party without restrictions on disclosure. The procedure for submitting a confidentiality dispute to the court is problematic because the party that marked a document confidential is the party that has the burden to demonstrate to the court good cause and the information necessary to satisfy that burden, yet the stipulation requires that the other party file a motion. And the procedure for filing information marked confidential with the court is likely, in many instances, to be unworkable because it will be impossible for a party to know in advance of a briefing deadline, let alone fourteen days in advance, which information marked confidential by the opposing party will be filed with the court. This problem can be avoided by simply allowing a party that files a document containing information another party marked confidential to do so under provisional seal and giving the party that designated the information confidential time to file a motion with the court explaining why the information satisfies the standards for sealing court records.

The draft protective order we sent initially does not present any of these issues—or any of the several other issues we foresee with this proposed stipulation—so we believe it makes more sense to work from there. Are there specific objections you have or changes you would like to make to the draft we proposed? If so, we'd be happy to consider them and work with you to try to come to an agreement.

Thank you.

Best,
Jennifer

<image004.jpg>

**Jennifer Bennett**
*Staff Attorney*
jbennett@publicjustice.net
Phone: (510) 622-8213

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Friday, May 31, 2019 5:48 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Rebecca Azhdam <razhdam@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Jennifer
Bennett <JBennett@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Janet Varnell
<jvarnell@varnellandwarwick.com>; Melat Kiros <mkiros@tzlegal.com>; Matthew Lanahan
<mlanahan@tzlegal.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Dawn Siler-Nixon <DSiler-
Nixon@fordharrison.com>; Ryan Stonerock <RStonerock@harderllp.com>; Katherine Aizpuru
<kaizpuru@tzlegal.com>; Henry Self <hself@harderllp.com>; Steven Frackman
<sfrackman@harderllp.com>
**Subject:** Trump - Johnson; Proposed Stipulation re Use of Confidential Info.

Dear Mr. Zavareei and Counsel:

Attached please find a proposed Stipulation Against Unauthorized Use or Disclosure of
Confidential Information, which would be accompanied by a proposed Court
Order.  The attached is modeled after a form that is used in the USDC Middle District of
Florida, Orlando Division.  (The Tampa Division does not appear to have its own version
of a form.)  The attached is shorter and simpler than the draft Stipulated Protective
Order that you sent over to us.  Please let us know if the attached version is acceptable or
if you have edits.  Thank you.

Sincerely,

Charles Harder

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, May 30, 2019 2:10 PM
**To:** Charles Harder
**Cc:** Rebecca Azhdam; PBLAND@publicjustice.net; Jennifer Bennett; Karla Gilbride; Janet Varnell; Melat
Kiros; Matthew Lanahan; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Katherine Aizpuru; Henry
Self; Steven Frackman
**Subject:** RE: Trump - Johnson; Set 2 of Requests for Production to Johnson (RPDs 73, 74)

Charles,

We intend to provide substantive responses to the discovery requests by the deadlines of June 6 and
June 17. But before we do so, we need to agree to a protective order, as the responses will contain
confidential information. To that end, I have attached a draft order for your consideration. If we can
finalize and execute before June 6, we should be on track to serve our responses on the due dates.

With respect to the actual documents, I do not expect that we will be able to produce them at the
same time we serve our substantive responses. We are currently working with a vendor to image
several devices, and that process takes some time. In addition, we will need to work with you to
agree to an Electronically Stored Information (ESI) protocol. And once that process is complete we
will need to agree to custodians, sources, and search terms. In order to get that process started, I
have also attached a draft ESI Protocol.

Please send me any suggested edits you have at your earliest convenience. Once we have them we
will work with you to resolve any disagreements in a timely manner.

Regards,

Hassan

 Hassan Zavareei  ■  TYCKO & ZAVAREEI LLP  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.973.0910 (direct)  ■  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

<image007.jpg>

**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 27

## Katherine Aizpuru

| | |
|---|---|
| **From:** | Katherine Aizpuru |
| **Sent:** | Thursday, June 6, 2019 9:00 PM |
| **To:** | Charles Harder; Tracey Jaensch; Dawn Siler-Nixon; Ryan Stonerock; Henry Self; Steven Frackman |
| **Cc:** | Hassan Zavareei; Karla Gilbride; Jennifer Bennett; Paul Bland; Janet Varnell; Matthew Lanahan; Phoebe Wolfe; Sarah C. Kohlhofer; Rebecca Azhdam; Melat Kiros |
| **Subject:** | Johnson v. Trump |
| **Attachments:** | 2019.06.06 Pl's Responses and Objections to First set of RFPs by Campaig....pdf; 2019.06.06 Pl's Responses and Objections to First Set of RFAs by Campaign .pdf; 2019.06.06 Pl's Responses and Objections to First Set of Interrogatories....pdf |

Counsel,

Please see the attached.

Regards,



**Katherine M. Aizpuru** ▪ Associate ▪ Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.417.3667 ▪ f 202.973.0950

Check out our new video!

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

1

# EXHIBIT 28

## Katherine Aizpuru

| | |
|---|---|
| **From:** | Katherine Aizpuru |
| **Sent:** | Friday, June 7, 2019 9:51 PM |
| **To:** | 'Steven Frackman'; Hassan Zavareei |
| **Cc:** | Charles Harder; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride |
| **Subject:** | RE: Johnson v. Donald J. Trump for President, et al. |
| **Attachments:** | 2019.06.07 Pl's Responses and Objections to First set of RFPs by Campaig....pdf |

Counsel, attached please find Plaintiff's objections and responses to Requests for Production 30 and 64. We apologize for the oversight.

Regards,



**Katherine M. Aizpuru** ▪ Associate ▪ Tycko & Zavareei LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.417.3667 ▪ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

**From:** Steven Frackman [mailto:sfrackman@harderllp.com]
**Sent:** Friday, June 7, 2019 7:43 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Charles Harder <charder@harderllp.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett <JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla Gilbride <KGilbride@publicjustice.net>
**Subject:** Johnson v. Donald J. Trump for President, et al.

Counsel:

Please see the attached correspondence.

Best,



**STEVEN H. FRACKMAN**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
SFRACKMAN@HARDERLLP.COM
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 29



132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212 · 424.203.1600

260 MADISON AVENUE, SIXTEENTH FLOOR
NEW YORK, NY 10016 · 212.799.1400

WWW.HARDERLLP.COM

June 7, 2019

**VIA E-MAIL**
Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street NW, Suite 1000
Washington, DC 20036
hzavareei@tzlegal.com

    Re:  **Alva Johnson v. Donald J. Trump for President, Inc.,** *et al*.
        **M.D. Fla. USDC Case No. 8:19-cv-00475**

Dear Mr. Zavareei:

   Pursuant to Federal Rule of Civil Procedure 37(a)(1), we write to meet and confer regarding the responses of plaintiff Alva Johnson ("Plaintiff") to defendant Donald J. Trump for President, Inc.'s (the "Campaign") First Requests for Production of Documents, First Set of Interrogatories and First Set of Requests for Admission to Plaintiff.

   Plaintiff has improperly refused to fully respond or produce documents in response to a substantial number of the Campaign's requests.  As detailed below, the Campaign's requests are narrowly tailored to seek information and documents directly relevant to this action, and Plaintiff's objections are without merit.  In an effort to resolve these matters without involving the Court, the Campaign addresses Plaintiff's objections and responses as follows:

   <u>**Plaintiff's Responses to the Campaign's First Set of Requests for Production**</u>

   **Request for Production No. 4** seeks Plaintiff's non-privileged communications with others concerning her allegations in this lawsuit and/or facts supporting those allegations. Plaintiff's contention that "[i]t is not possible to understand what documents this Request is seeking" is evasive and without merit.  Such documents go to the very heart of Plaintiff's claims, and if she is to be believed, Plaintiff should have nothing to hide as her third-party communications would presumably be consistent with and support her contentions.  It is therefore improper for her to refuse to produce any of them.

   **Request for Production No. 7** seeks those documents which Plaintiff may use for any purpose associated with this lawsuit, including preparation for testimony and potential trial exhibits.  To be clear, this Request is not seeking documents properly subject to the work product doctrine or the attorney-client privilege.  The relevance and discoverability of the requested documents is manifest and your client's refusal to provide them is inconsistent with fundamental purposes of civil discovery.

{00100837;1}

June 7, 2019
Re: Alva Johnson v. Donald J. Trump for President, Inc., *et al.*
Page 2

**Request for Production No. 8** seeks documents (if any) demonstrating that all conditions precedent to bringing this action have occurred, including but not limited to the exhaustion of administrative remedies. Such documents are relevant to determine whether Plaintiff has complied with all prerequisites necessary to maintain her claims and must be produced.

**Request for Production Nos. 19–23, 25–27 and 73** seek documents concerning Plaintiff's professional career following her departure from the Campaign. These documents are relevant and discoverable for a number of reasons, including that her subsequent employment (like her prior jobs) evidence her fair market earning potential. Moreover, the Campaign is informed that Plaintiff sought to work under the Trump administration in some capacity such as at the United States Embassy in Portugal and even in the White House itself after Mr. Trump won the general presidential election—undermining the credibility of her claimed disgust and aversion to the defendants. All of the requested documents must therefore be produced.

**Request for Production No. 24** seeks documents regarding all criminal proceedings against Plaintiff. Your client's response that, "Absent clarification, Plaintiff interprets this Request to be a Request for documents reflecting criminal convictions within the last ten years" is unacceptable, as the category on its face is not in any way so limited. Plaintiff must produce all responsive documents, without limitation as to timeframe.

**Request for Production Nos. 28 and 74–75** seek copies of Plaintiff's written agreements with Public Justice and her attorneys, and her communications with Public Justice. Public Justice is not a law firm; it is a non-profit organization that provides a number of services unrelated to legal representation. Accordingly, every communication that Plaintiff has had with anyone affiliated with the organization which did not constitute the rendering of legal counsel is discoverable and must be produced.

Plaintiff did not respond to **Request for Production Nos. 30 or 64**, thereby waiving any objections thereto. Accordingly, Plaintiff must produce all documents in her possession, custody or control that are responsive to these Requests.

**Request for Production Nos. 32, 34, 59, 61, 66, 68–69** are routine contention requests seeking copies of any materials that Plaintiff contends support the allegations and claims in her Complaint. Document demands like these are so routine in civil discovery that their permissibility—indeed, necessity—cannot reasonably be disputed, and responsive documents must be produced.

**Request for Production No. 56** seeks your client's pertinent medical records. "Courts have routinely held that, by putting one's medical condition at issue in a lawsuit, a plaintiff waives any privilege to which he may have otherwise been entitled as to his privacy interests in his medical records." *Lozman v. City of Riviera Beach*, 2014 WL 12692766, at *1 (S.D. Fla. May 2, 2014). Here, Plaintiff has unquestionably placed her medical condition at issue through

June 7, 2019
Re: Alva Johnson v. Donald J. Trump for President, Inc., *et al.*
Page 3

her claims for emotional distress.  (*See e.g.* Complaint, ¶¶ 93,130, 140, 147; Complaint Prayer for Relief Count II, ¶ 13).  Plaintiff must therefore produce the requested medical records.

**Request for Production No. 83** seeks documents regarding any promotional or publicity activities by Plaintiff, Public Justice and/or anyone acting on her behalf relating to either or both of the defendants, including, but not limited to soliciting, scheduling, organizing or preparing for any media appearances, interviews, statements or press releases.  Plaintiff's response that she will only provide "press statements" and "press releases" is unacceptable, as the category of relevant documents sought is much broader than the subset she has agreed to produce.  Plaintiff must produce all responsive documents without this limitation.

Finally, in every one of the approximately sixty (60) instances where Plaintiff commits to complying with a Request, her written response indicates that she will only "produce all **relevant**, responsive non-privileged, non-work-product-protected documents" (emphasis added).  Use of the qualifier "relevant" introduces unnecessary ambiguity by suggesting that Plaintiff may possess or control responsive documents that she is withholding based on an improper, unilateral determination that they are irrelevant.  Accordingly, please withdraw this limitation, and confirm that Plaintiff will agree to produce all responsive, non-privileged documents whether or not Plaintiff herself deems them relevant.

### Plaintiff's Responses to the Campaign's First Set of Interrogatories

**Interrogatory Nos. 1-4** ask Plaintiff to state all facts relating to, supporting or negating each of the claims she has asserted in this action.  Instead of providing a response to these basic Interrogatories, Plaintiff asserts a litany of boilerplate objections, and even contends that answering them "requires the performance of an impossibility," which defies logic.  Plaintiff's refusal to substantively respond to these Interrogatories is clearly improper and the requested information is routinely sought through interrogatory.  *See Arthrex, Inc. v. Parcus Med., LLC,* 2012 WL 12904172, at *2 (M.D. Fla. June 25, 2012) (holding contention interrogatories are "proper" and "constitute a valid and constructive discovery tool."); Fed.R.Civ.P. 33, Advisory Committee Notes, 2007 ("Opinion and contention interrogatories are used routinely.") Accordingly, Plaintiff must fully respond to each of these Interrogatories.

**Interrogatory No. 6** asks Plaintiff to state all facts regarding any job applications by Plaintiff following her separation from the Campaign.  This Interrogatory is relevant for the reasons stated above in connection with Request for Production Nos. 19–23, 25–27 and 73, and Plaintiff must fully respond thereto.

**Interrogatory Nos. 9-11** seeks information regarding the medical/heath care professionals seen by Plaintiff and the medications taken by Plaintiff.  Plaintiff's refusal to provide substantive responses to these Interrogatories until entry of a protective order is improper because she has placed her mental health at issue, thereby waiving any potential privacy interests in the requested information.  Accordingly, Plaintiff must immediately provide her substantive responses to these Interrogatories.

June 7, 2019
Re: Alva Johnson v. Donald J. Trump for President, Inc., *et al.*
Page 4

**Interrogatory No. 12** asks Plaintiff to state all facts relating to, supporting or negating any of Plaintiff's responses to the Campaign's Requests for Admission that are not an unqualified admission.  This is also a proper contention interrogatory, which routinely accompanies requests for admission.  In fact, Plaintiff propounded a nearly identical interrogatory on defendant Donald J. Trump (Interrogatory No. 3), only to withdraw it one day before Plaintiff's responses were due, likely in an effort to avoid having to respond to the interrogatory served by the Campaign.  Regardless of Plaintiff's withdrawal of her own interrogatory, she must provide a substantive response to the Campaign's interrogatory.

### Plaintiff's Responses to the Campaign's First Set of Requests for Admission

**Request for Admission Nos. 22-23** request Plaintiff to admit that she sought a position with the White House following the 2016 election and a position with the United States Embassy in Portugal.  These Requests are relevant for the reasons stated above in connection with Request for Production Nos. 19–23, 25–27 and 73, and Plaintiff must admit or deny them.

**Request for Admissions Nos. 34-35** request Plaintiff to admit that the Campaign paid for her travel, meals and lodging.  Plaintiff's objection that these Requests are "impermissibly vague and ambiguous" is without merit.  Plaintiff does not identify any specific terms she contends to be vague or ambiguous, and there can be no reasonable dispute about the meaning of these Requests or the information sought.  Additionally, Plaintiff's objection that these Requests are compound because each "refers to travel, meals, and lodging and does not specify which travel, meals, and lodging it is referring to" is without merit.  In any event, Plaintiff cannot refuse to respond to these Requests based on a claim that they are compound.  If any portion of a request for admission is true, the party to whom it is directed must admit that portion.  *See* Fed.R.Civ.P. 36(a)(4) ("when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.").

**Request for Admission No. 36** asks Plaintiff to admit that she voluntarily accepted employment with the Campaign.  This Request is simple and straightforward, and there is no basis for Plaintiff to object that it is "impermissibly vague and ambiguous."  Plaintiff must admit or deny this Request.

**Request for Admission No. 37** asks Plaintiff to admit that the Campaign paid her wages on a periodic basis and that she was aware of the amount of wages she received.  Plaintiff's refusal to provide a response based on her contention that the Request calls for a legal conclusion is improper.  *See* Fed.R.Civ.P. 36(a)(1)(A) ("A party may serve on any other party a written request to admit…relating to…the application of law to fact.")  Plaintiff's boilerplate objection that the Request is "vague and ambiguous" is also without merit, and she cannot refuse to respond to the Request based on her objection that it is compound.

**Request for Admission No. 38** asks Plaintiff to admit certain findings of the United States Census Bureau regarding household income in Alabama.  This is directly relevant to her claims because, among other things, it reflects a lack of any kind of disparity in the pay she

June 7, 2019
Re: Alva Johnson v. Donald J. Trump for President, Inc., *et al.*
Page 5

received.  Moreover, because Census Bureau information is public and readily available, Plaintiff can easily determine the truth of the Request based on a reasonable inquiry (which she is required to make in providing her responses).

## **Conclusion**

Please let us know your availability to meet and confer in further detail by telephone next Tuesday, June 11 or Wednesday, June 12, 2019.  If we are unable to resolve these matters, the Campaign will have no choice but to seek appropriate relief from the Court, including a motion to compel and monetary sanctions for Plaintiff's failure to comply with her discovery obligations.

This letter is not intended as a full or complete statement of all relevant facts or applicable law, and nothing herein is intended as, nor should it be deemed to constitute, a waiver or relinquishment of any of my clients' rights, remedies, claims or causes of action, all of which are hereby expressly reserved.

Sincerely,

CHARLES J. HARDER Of
**HARDER LLP**

cc:   Ryan J. Stonerock, Esq.
      Henry L. Self III, Esq.
      Steven H. Frackman, Esq.
      Dawn Siler-Nixon, Esq.
      Tracey Jaensch, Esq.
      Katherine M. Aizpuru, Esq.
      Janet R. Varnell, Esq.
      Brian W. Warwick, Esq.
      Tanya S. Koshy, Esq.
      Jennifer D. Bennett, Esq.
      F. Paul Bland, Esq.
      Karla A. Gilbride, Esq.

# EXHIBIT 30

**Melat Kiros**

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Tuesday, June 11, 2019 4:22 PM |
| **To:** | Steven Frackman |
| **Cc:** | Charles Harder; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride |
| **Subject:** | RE: Johnson v. Donald J. Trump for President, et al. |

Counsel:

We have received your letter and we will get you a substantive response soon.

Also, we believe it is necessary to have a meet and confer regarding the ESI Protocol and the Protective Order since it appears that you do not wish to cooperate with us on either matter. Accordingly, we will need to file motions with respect to both issues.

Please let us know your availability on Thursday and Friday for a meet and confer discussion regarding your letter, our proposed ESI Protocol, and our proposed protective order.

Thank you,

Hassan



Hassan Zavareei ▪ Tycko & Zavareei llp ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Steven Frackman <sfrackman@harderllp.com>
**Sent:** Friday, June 7, 2019 7:43 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Charles Harder <charder@harderllp.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett <JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla Gilbride <KGilbride@publicjustice.net>
**Subject:** Johnson v. Donald J. Trump for President, et al.

Counsel:

Please see the attached correspondence.

Best,



**STEVEN H. FRACKMAN**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
SFRACKMAN@HARDERLLP.COM
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 31

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Tuesday, June 11, 2019 9:55 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride |
| **Subject:** | RE: Johnson v. Donald J. Trump for President, et al. |

Dear Mr. Zavareei:

We are available for the meet and confer conference on Thursday at 1:00 pm Eastern (10:00 am Pacific). Please let me know if that time works for you. Also, both of the defendants will need an additional week for our responses to all outstanding Set One written discovery. We are diligently working on responses, but require additional time due to the high volume of plaintiff's discovery requests and the detailed nature of same. Please let me know as soon as you can if we can have the additional one week extension. Thank you.

Sincerely,

Charles Harder

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Tuesday, June 11, 2019 1:22 PM
**To:** Steven Frackman
**Cc:** Charles Harder; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride
**Subject:** RE: Johnson v. Donald J. Trump for President, et al.

Counsel:

We have received your letter and we will get you a substantive response soon.

Also, we believe it is necessary to have a meet and confer regarding the ESI Protocol and the Protective Order since it appears that you do not wish to cooperate with us on either matter. Accordingly, we will need to file motions with respect to both issues.

Please let us know your availability on Thursday and Friday for a meet and confer discussion regarding your letter, our proposed ESI Protocol, and our proposed protective order.

Thank you,

Hassan

 Hassan Zavareei ▪ Tycko & Zavareei llp ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

---

**From:** Steven Frackman <sfrackman@harderllp.com>
**Sent:** Friday, June 7, 2019 7:43 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Charles Harder <charder@harderllp.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett <JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla Gilbride <KGilbride@publicjustice.net>
**Subject:** Johnson v. Donald J. Trump for President, et al.

Counsel:

Please see the attached correspondence.

Best,



**STEVEN H. FRACKMAN**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
SFRACKMAN@HARDERLLP.COM
www.HARDERLLP.com

---

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 32

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Wednesday, June 12, 2019 2:27 PM |
| **To:** | Charles Harder |
| **Cc:** | Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride |
| **Subject:** | Re: Johnson v. Donald J. Trump for President, et al. |

Thanks Charles. Unfortunately, that doesn't work for us. Also, we are still working on our response to your letter and we think it would be good to have that completed before we talk. What times do you have free on Friday? With respect to the request for another extension, that is fine as long as you confirm you intend to extend professional courtesies in this case as well.

Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jun 11, 2019, at 9:55 PM, Charles Harder <charder@harderllp.com> wrote:

> Dear Mr. Zavareei:
>
> We are available for the meet and confer conference on Thursday at 1:00 pm Eastern (10:00 am Pacific).  Please let me know if that time works for you.  Also, both of the defendants will need an additional week for our responses to all outstanding Set One written discovery.  We are diligently working on responses, but require additional time due to the high volume of plaintiff's discovery requests and the detailed nature of same.  Please let me know as soon as you can if we can have the additional one week extension.  Thank you.
>
> Sincerely,
>
> Charles Harder
>
> ---
> **From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
> **Sent:** Tuesday, June 11, 2019 1:22 PM
> **To:** Steven Frackman
> **Cc:** Charles Harder; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride
> **Subject:** RE: Johnson v. Donald J. Trump for President, et al.
>
> Counsel:

We have received your letter and we will get you a substantive response soon.

Also, we believe it is necessary to have a meet and confer regarding the ESI Protocol and the Protective Order since it appears that you do not wish to cooperate with us on either matter. Accordingly, we will need to file motions with respect to both issues.

Please let us know your availability on Thursday and Friday for a meet and confer discussion regarding your letter, our proposed ESI Protocol, and our proposed protective order.

Thank you,

Hassan

---

<image002.jpg>Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct)  ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

---

**From:** Steven Frackman <sfrackman@harderllp.com>
**Sent:** Friday, June 7, 2019 7:43 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Charles Harder <charder@harderllp.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett <JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla Gilbride <KGilbride@publicjustice.net>
**Subject:** Johnson v. Donald J. Trump for President, et al.

## Counsel:

## Please see the attached correspondence.

## Best,



**STEVEN H. FRACKMAN**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
SFRACKMAN@HARDERLLP.COM
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return

email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 33

## Melat Kiros

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Wednesday, June 12, 2019 2:49 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride |
| **Subject:** | RE: Johnson v. Donald J. Trump for President, et al. |

Yes, we always extend professional courtesies, provided they are reasonable.

Your effort to postpone the meet and confer conference to the last day of the week is not reasonable. We were available yesterday; we are available today; you asked us for times on Thursday—and we gave you a time on Thursday, but not you are rejecting Thursday and want to postpone the call until the last day of the week. As you know, we need to move quickly on the document issues, given the July 8 deposition date and our need to receive documents at least a week before that date, and you eaten up an entire week with delay.

If you still insist, we will have the call with you on Friday – does 1 pm Eastern / 10 am Pacific work for you?

Please know that we have run out of time and will be filing our motion to compel production of documents at the end of the day on Friday if we have not been able to informally resolve the issues by then. If you had made yourselves available for the call earlier in the week, then we would have more time to discuss, but you have not.

Regarding the ESI protocol, while we do not believe that one is necessary in this case, and you never even raised the issue during our Rule 26(f) conference, because you put it into your draft CMR and we did not remove it, we will agree to an ESI protocol. It is a complicated issue and will require some discussions. If you tell the Court that we are "refusing" to agree to an ESI protocol, that would be false and would require that we so inform the Court. We will agree to one that tracks the parties' obligations under the FRCP and local rules, and seeks to achieve the parties' goals of searching for responsive discoverable information without undue false positives and allows documents to be keyword searches. But that said, we have several issues with your proposed 14-page ESI protocol, and will discuss them with you in good faith.

Sincerely,

**Charles Harder**

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Wednesday, June 12, 2019 11:27 AM
**To:** Charles Harder
**Cc:** Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride
**Subject:** Re: Johnson v. Donald J. Trump for President, et al.

Thanks Charles. Unfortunately, that doesn't work for us. Also, we are still working on our response to your letter and we think it would be  good to have that completed before we talk. What times do you have free on Friday? With respect to

the request for another extension, that is fine as long as you confirm you intend to extend professional courtesies in this case as well.

Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jun 11, 2019, at 9:55 PM, Charles Harder <charder@harderllp.com> wrote:

**Dear Mr. Zavareei:**

**We are available for the meet and confer conference on Thursday at 1:00 pm Eastern (10:00 am Pacific).  Please let me know if that time works for you.  Also, both of the defendants will need an additional week for our responses to all outstanding Set One written discovery.  We are diligently working on responses, but require additional time due to the high volume of plaintiff's discovery requests and the detailed nature of same.  Please let me know as soon as you can if we can have the additional one week extension.  Thank you.**

**Sincerely,**

**Charles Harder**

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Tuesday, June 11, 2019 1:22 PM
**To:** Steven Frackman
**Cc:** Charles Harder; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride
**Subject:** RE: Johnson v. Donald J. Trump for President, et al.

Counsel:

We have received your letter and we will get you a substantive response soon.

Also, we believe it is necessary to have a meet and confer regarding the ESI Protocol and the Protective Order since it appears that you do not wish to cooperate with us on either matter. Accordingly, we will need to file motions with respect to both issues.

Please let us know your availability on Thursday and Friday for a meet and confer discussion regarding your letter, our proposed ESI Protocol, and our proposed protective order.

Thank you,

Hassan

<image002.jpg>Hassan Zavareei  ▪  Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ ʟʟᴘ  ▪  [www.tzlegal.com](www.tzlegal.com)
1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
p 202.973.0910 (direct)  ▪  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

---

**From:** Steven Frackman <[sfrackman@harderllp.com](mailto:sfrackman@harderllp.com)>
**Sent:** Friday, June 7, 2019 7:43 PM
**To:** Hassan Zavareei <[hzavareei@tzlegal.com](mailto:hzavareei@tzlegal.com)>
**Cc:** Charles Harder <[charder@harderllp.com](mailto:charder@harderllp.com)>; Ryan Stonerock <[RStonerock@harderllp.com](mailto:RStonerock@harderllp.com)>; Henry Self <[hself@harderllp.com](mailto:hself@harderllp.com)>; Dawn Siler-Nixon <[DSiler-Nixon@fordharrison.com](mailto:DSiler-Nixon@fordharrison.com)>; Tracey Jaensch <[TJAENSCH@Fordharrison.com](mailto:TJAENSCH@Fordharrison.com)>; Katherine Aizpuru <[kaizpuru@tzlegal.com](mailto:kaizpuru@tzlegal.com)>; Janet Varnell <[jvarnell@varnellandwarwick.com](mailto:jvarnell@varnellandwarwick.com)>; [bwarwick@varnellandwarwick.com](mailto:bwarwick@varnellandwarwick.com); Tanya S. Koshy <[tkoshy@tzlegal.com](mailto:tkoshy@tzlegal.com)>; Jennifer Bennett <[JBennett@publicjustice.net](mailto:JBennett@publicjustice.net)>; [PBLAND@publicjustice.net](mailto:PBLAND@publicjustice.net); Karla Gilbride <[KGilbride@publicjustice.net](mailto:KGilbride@publicjustice.net)>
**Subject:** Johnson v. Donald J. Trump for President, et al.

Counsel:

Please see the attached correspondence.

Best,



**STEVEN H. FRACKMAN**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
[SFRACKMAN@HARDERLLP.COM](mailto:SFRACKMAN@HARDERLLP.COM)
[www.HARDERLLP.com](www.HARDERLLP.com)

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 34

**Melat Kiros**

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Wednesday, June 12, 2019 4:20 PM |
| **To:** | Charles Harder |
| **Cc:** | Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride |
| **Subject:** | Re: Johnson v. Donald J. Trump for President, et al. |

Charles,

Your June 7, 2019 letter raises numerous legal issues with regard to Plaintiff's objections to your voluminous discovery requests. For the past few days, we have been preparing a comprehensive response to facilitate our meet and confer. We hope to get that to you today. If you insist on talking tomorrow, we can speak at 1:00 p.m. Eastern (10:00 a.m. Pacific) on Thursday. Please circulate a calendar invite and dial-in.

To be clear, though, we have not delayed anything. We are working with all deliberate speed, but we will not litigate this case according to your artificially accelerated and breathless schedule based on a manufactured claim of urgency.  Rather, the orderly resolution of my client's claims will proceed consistent with the practices and local rules of this Court, the federal rules, and any schedules set by the Court.

Your assertion that you have "run out of time" is also confusing in light of your own repeated requests for extensions of time, and your lackadaisical approach to entry of a protective order and ESI protocol. You have had our draft proposed ESI protocol and draft proposed protective order since May 31—nearly two weeks—which is ample opportunity to review both documents. So that our conversation tomorrow can be productive, please

circulate your proposed edits to both documents in redline in advance of the call. If we cannot reach agreement tomorrow, we may seek relief from the Court.

I look forward to talking with you tomorrow.

Warm regards,

Hassan

Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jun 12, 2019, at 2:48 PM, Charles Harder <charder@harderllp.com> wrote:

Yes, we always extend professional courtesies, provided they are reasonable.

Your effort to postpone the meet and confer conference to the last day of the week is not reasonable.  We were available yesterday; we are available today; you asked us for times on Thursday—and we gave you a time on Thursday, but not you are rejecting Thursday and want to postpone the call until the last day of the week.  As you know, we need to move quickly on the document issues, given the July 8 deposition date and our need to receive documents at least a week before that date, and you eaten up an entire week with delay.

If you still insist, we will have the call with you on Friday – does 1 pm Eastern / 10 am Pacific work for you?

Please know that we have run out of time and will be filing our motion to compel production of documents at the end of the day on Friday if we have not been able to informally resolve the issues by then.  If you had made yourselves available for the call earlier in the week, then we would have more time to discuss, but you have not.

Regarding the ESI protocol, while we do not believe that one is necessary in this case, and you never even raised the issue during our Rule 26(f) conference, because you put it into your draft CMR and we did not remove it, we will agree to an ESI protocol.  It is a complicated issue and will require some discussions.  If you tell the Court that we are "refusing" to agree to an ESI protocol, that would be false and would require that we so inform the Court.  We will agree to one that tracks the parties' obligations under the FRCP and local rules, and seeks to achieve the parties' goals of searching for responsive discoverable information without undue false positives and allows documents to be keyword searches.  But that said, we have several issues with your proposed 14-page ESI protocol, and will discuss them with you in good faith.

Sincerely,

Charles Harder

---

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Wednesday, June 12, 2019 11:27 AM
**To:** Charles Harder
**Cc:** Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride
**Subject:** Re: Johnson v. Donald J. Trump for President, et al.

Thanks Charles. Unfortunately, that doesn't work for us. Also, we are still working on our response to your letter and we think it would be  good to have that completed before we talk. What times do you have free on Friday? With respect to the request for another extension, that is fine as long as you confirm you intend to extend professional courtesies in this case as well.

Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jun 11, 2019, at 9:55 PM, Charles Harder <charder@harderllp.com> wrote:

> Dear Mr. Zavareei:
>
> We are available for the meet and confer conference on Thursday at 1:00 pm Eastern (10:00 am Pacific).  Please let me know if that time works for you.  Also, both of the defendants will need an additional week for our responses to all outstanding Set One written discovery.  We are diligently working on responses, but require additional time due to the high volume of plaintiff's discovery requests and the detailed nature of same.  Please let me know as soon as you can if we can have the additional one week extension.  Thank you.
>
> Sincerely,

**Charles Harder**

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Tuesday, June 11, 2019 1:22 PM
**To:** Steven Frackman
**Cc:** Charles Harder; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride
**Subject:** RE: Johnson v. Donald J. Trump for President, et al.

Counsel:

We have received your letter and we will get you a substantive response soon.

Also, we believe it is necessary to have a meet and confer regarding the ESI Protocol and the Protective Order since it appears that you do not wish to cooperate with us on either matter. Accordingly, we will need to file motions with respect to both issues.

Please let us know your availability on Thursday and Friday for a meet and confer discussion regarding your letter, our proposed ESI Protocol, and our proposed protective order.

Thank you,

Hassan

---

<image002.jpg>Hassan Zavareei ▪ Tycko & Zavareei LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Steven Frackman <sfrackman@harderllp.com>
**Sent:** Friday, June 7, 2019 7:43 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Charles Harder <charder@harderllp.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett <JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla Gilbride <KGilbride@publicjustice.net>
**Subject:** Johnson v. Donald J. Trump for President, et al.

## Counsel:

## Please see the attached correspondence.

Best,

<image001.jpg>

**STEVEN H. FRACKMAN**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
SFRACKMAN@HARDERLLP.COM
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 35



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

June 12, 2019

**<u>VIA EMAIL</u>**

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
charder@harderllp.com

Dear Counsel:

      I write in response to your letter of June 7, 2019 regarding my client's responses to Defendant Donald J. Trump for President, Inc.'s ("the Campaign") First Requests for Production of Documents, First Set of Interrogatories, and First Set of Requests for Admission to Plaintiff. I also write to meet and confer regarding a proposed motion for a protective order and motion for an order regarding discovery of electronically stored information. As I have previously explained, we intend to work with you in good faith on discovery matters in this case. We genuinely hope that any disputes can be resolved cooperatively, without involving the Court. However, Plaintiff's objections to your discovery requests are wholly proper and supported by law.

**Electronically Stored Information**

      Turning first to the issue of electronically stored discovery, in our joint case management report filed with the Court, you agreed that "[t]he parties . . . anticipate entering into a joint stipulation concerning the protocol for handling electronically stored information (ESI)." *See* Dkt. 36 at 6. Consistent with that agreement, I sent you a proposed ESI protocol on May 30, 2019. But instead of acting in accordance with your prior agreement, you asserted for the first time that you would not enter into an ESI protocol in this case. Only after we expressed our intent to seek an order from the Court entering our proposed ESI protocol did you finally agree.

      As I have repeatedly explained, Plaintiff's collection and production of documents does require entry of an ESI protocol, as does Defendants'. With regard to Defendants' forthcoming production (which we expect will be fulsome, given our agreement to multiple extensions of time to respond), your colleague, Tracey Jaensch, stated that "Our plan in responding to your discovery to the Campaign on the pay issues would be to engage in email searches." Part of an ESI protocol is agreeing upon search terms and custodians. You asked what specific ESI we expect to be included in the production; as examples only, we expect that Defendants' production will include, among other things, emails and text messages relating to Ms. Johnson from her colleagues on the Campaign as well as from witnesses to the forced kiss; documents and correspondence relating to Defendant Trump's history of nonconsensual kissing and



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

touching of women; and internal documents and correspondence relating to the Campaign's compliance (or lack thereof) with federal law on pay equity; and payroll data—along with other materials responsive to our requests. Identifying responsive documents, ensuring a thorough and complete collection of these documents, and producing them in a usable format requires entry of an ESI protocol. Your proposed approach of running search terms through Outlook on unspecified email accounts is haphazard and unacceptable. And Ms. Jaensch's proposal of cost-shifting at this stage is highly inappropriate. As you are no doubt aware, "[t]he presumption is that the responding party must bear the expense of complying with discovery requests." *Wakefield v. City of Pembroke Pines*, 2006 WL 8431629, at *2 (S.D. Fla. Mar. 16, 2006) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978)); *see also Tussing v. Sprinkle*, 2013 WL 1216491, at *1 n.1 (M.D. Fla. Oct. 22, 2013) (denying request for cost-shifting where producing responsive documents would require defendant to shut down his business for a period of time); *Stewart v. Cont'l Cas. Co.*, 2014 WL 12600282, at *4 (S.D. Ala. Jan. 9, 2014) (citation omitted) ("Cost-shifting should be considered only when electronic discovery imposes and 'undue burden or expense' on the responding party."). *Accord Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 284 (S.D.N.Y. 2003) (stating that "cost-shifting is potentially appropriate only when *inaccessible* data is sought"). Your clients cannot evade their discovery obligations in this case by complaining that an orderly approach to electronic discovery is too expensive.

Hopefully, we can agree on a stipulated ESI protocol tomorrow. But either way, we will not permit your continued obstruction to delay discovery in this case. Thus, if you continue to cause unnecessary delay by refusing to provide concrete suggestions and edits, we intend to seek entry of a Court order implementing our proposed ESI protocol so that discovery in this case can proceed in an orderly fashion.

Notwithstanding your obstruction on the subject of an ESI protocol, we are continuing to move forward expeditiously with document collection and anticipate beginning a rolling production soon. In connection with our eDiscovery vendor, we have collected and begun reviewing documents from multiple sources, including email and physical devices. We have also provided additional devices to our vendor for imaging, and anticipate receiving additional documents from our client via mail in the coming days. We will continue to work with our vendor to gather responsive documents and produce them as promptly as reasonably possible under the circumstances.

### Protective Order

The aforementioned circumstances include an additional item of obstruction on your part: our continuing dispute over an appropriate protective order. While we have produced some written discovery responses and may be in a position to produce some documents prior to entry of a protective order, other documents and written discovery responses include private, sensitive information that we will not produce until the appropriate safeguards are in place. There is



▶ **WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

simply no good reason why you have been unwilling to agree to a straightforward stipulated protective order. We sent you a proposed stipulated protective order on May 30, 2019. Instead of suggesting edits, you sent back a different proposed order. For the reasons stated in my colleague Jennifer Bennett's email of June 3, 2019, your proposed alternative was not in accord with the law, the Federal Rules, and/or best practices regarding confidentiality. We thus requested that you instead offer any changes to our proposed order for consideration.

On June 5, 2019, not having heard back from you, Ms. Bennett advised that although our discovery responses would be due the following day, we would be unable to produce confidential materials until entry of a protective order. You stated that you would provide "a response" to the proposed protective order. To date, we have not received your response, despite my request on June 6, 2019 that you begin working with us collaboratively to facilitate production of documents.

Again, we will not permit your obstructive tactics to delay the orderly progression of discovery in this case, and to that end we intend to seek an order from the Court entering the protective order that we proposed on May 30. Once the Court has ordered appropriate safeguards of confidential information, we will produce responsive materials (not subject to objection, of course), which, as noted above, we have already begun to collect, as speedily as reasonably possible.

### Responses and Objections to Discovery

Your letter also raised a bevy of complaints about our objections to your numerous discovery requests. Each of these complaints lacks merit. Your contention that the Campaign's requests—many of which feature unbounded and nonspecific demands for "all documents" or "all facts," among other problems—are "narrowly tailored" is simply untrue, and each of our objections to your requests is proper. Your threat of a motion to compel is unfounded, because you cannot compel responses to improper and/or unintelligible discovery requests.

### 1.    Requests for Production of Documents.

**RFP No. 4.** Request for Production ("RFP") No. 4 seeks "all documents and other tangible items in Your possession, custody, control, or otherwise available to You that support, pertain to, or contain any reference to or record of any Communication between You and any person (other than Your lawyer) concerning the Allegations asserted in Your Complaint, and/or facts supporting Your allegations." Thus, your characterization, in your letter, of the Request as seeking merely "non-privileged communication with others concerning her allegations in this lawsuit" does not reflect the actual scope of this vastly overbroad Request. Further, it is not clear what is meant by "documents and other tangible items . . . that support . . . any Communication . . . concerning the Allegations asserted in Your Complaint." What is a document that supports a communication? In any event, Plaintiff will conduct a reasonable inquiry and diligent search and



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

produce non-privileged, non-work-product-protected communications with others concerning her allegations in this lawsuit within her possession, custody or control. If any such communications are confidential, they will be produced once a protective order is in place.

**RFP No. 7.** RFP No. 7 seeks "all documents and other tangible items in Your possession, custody, control, or otherwise available to you upon which You may rely in preparation for Your deposition or trial, to which You may refer in preparation for Your testimony at trial, or which You may use for any other purpose associated with this Lawsuit including, but not limited to, those Documents or tangible items that You may use as trial exhibits or demonstrative aids." This RFP is premature. At this stage in the litigation, it is not possible to know what documents and tangible items will be used as trial exhibits or as demonstrative aids. Exhibit lists and the like will be made available in due course and pursuant to the schedule ordered by the Court. Expert reports will likewise be made available in due course and pursuant to the schedule ordered by the Court. In addition, a request for documents and materials that Plaintiff "may" rely on in preparation for her deposition is overbroad and, notwithstanding your clarification that the Request is not seeking materials protected by the work-product or attorney-client privileges, impermissibly vague and not capable of a response. All that being said, with the exception of documents to be made available pursuant to the schedule (trial materials and expert reports) and privileged documents, there are currently no documents that Plaintiff is specifically withholding pursuant to these objections. The problem is that because this RFP is capable of numerous interpretations, Plaintiff cannot say whether there are additional responsive documents that will need to be produced. We would consider clarification as to documents sought by this RFP that are not also already subject to production under other RFPs pursuant to which Plaintiff has agreed to produce documents.

**RFP No. 8.** RFP No. 8 seeks "all documents and other tangible items in Your possession, custody, control, or otherwise available to You supporting Your allegation that all conditions precedent to bringing this Lawsuit have occurred." What conditions precedent are you referring to? Without clarification, it is not possible to respond to this Request.



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

**RFP Nos. 19-23, 25-27, and 73[1]; Interrogatory No. 6[2]; Requests for Admission Nos. 22-23[3].** These RFPs, RFAs, and Interrogatory No. 6 seek information relating to Plaintiff's professional career *after* the relevant events in this case. But as we have already explained, any job search by Plaintiff *after* she left the Campaign is not relevant to whether Defendants underpaid her relative to white and/or male staffers while she was working for the Campaign. *See, e.g.*, *Keeshan v. Eau Claire Cooperative Health Ctrs., Inc.*, 395 F. App'x 987, 993-95 (4th Cir. 2010) (finding that the district court abused its discretion by admitting testimony on plaintiff's post-termination income in case alleging retaliation under Title VII and state law wage claims). And, as the Eighth Circuit recently affirmed in upholding the following jury instruction, "[i]t is not a defense under the Equal Pay Act that a woman may be paid less than a man in the

---

[1] **RFP No. 19** seeks "all Documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding Your search for employment after Your separation from the Campaign, including, but not limited to, copies of all employment applications and accompanying documents or materials (including cover letters or email messages) that You prepared or submitted." **RFP No. 20** seeks "all documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding any job applications by You following your separation from the Campaign, including, but not limited to, copies of all employment applications and accompanying materials (including cover letters or email messages) that You prepared and/or submitted to the White House." **RFP No. 21** seeks "all Documents and other tangible things in Your possession, custody, control, or otherwise available to You regarding any income and benefits received after Your employment with the Campaign." **RFP No. 22** seeks "any and all income tax returns, paycheck stubs, canceled checks, financial diaries, and any other Documents that indicate wages, salaries, and other income or benefits received by You from any source from January 1, 2016 to the present." **RFP No. 23** seeks "all Documents and other tangible things in Your possession, custody, or otherwise available to You that pertain to or contain any reference to or record of Your rate of pay, wages and compensation, and any employment-related benefits You have received from October 2016 to the present." **RFP No. 25** seeks "A copy of Your current resume." **RFP No. 26** seeks "all Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of all job search efforts in which You have engaged since October 2016, and all offers of employment You have received since October 2016." **RFP No. 27** seeks "All Documents and other tangible things in Your possession, custody, control, or otherwise available to You that pertain to or contain any reference to or record of any Communications since October 2016 between You [and] any past, present, or prospective employer including, but not limited to, letters of reference, discipline or discharge, job offers, applications, or resume." **RFP No. 73** seeks "all Documents in Your possession, custody, control, or otherwise available to You that refer or relate to You seeking a position with the United States Embassy in Portugal."

[2] **Interrogatory No. 6** asks Plaintiff to state "all facts that refer or relate to any job applications by You following your separation from the Campaign . . . including without limitation, the identity of all Documents relating thereto and the identity(ies) of each person thereat, connected therewith, or who has knowledge thereof, the name, employer, business, and residential address and business and residential telephone numbers of each such witness, and the name, employer, address and telephone number of each such person whom You know, contacted, engaged with or responded to at each such prospective employer."

[3] **Request for Admission ("RFA") No. 22** states, "Admit that You sought a position with the White House after Trump won the general presidential election." **RFA No. 23** states, "admit that You sought a position with the United States Embassy in Portugal."



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

same position simply because the woman is willing to accept less pay, or because the man demands more pay." *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 422 (8th Cir. 2017). Market forces are therefore not a proper defense to Ms. Johnson's discrimination claims. *See id. See also Kunstmann v. Aaron Rents, Inc.*, 2010 WL 11615033, at *4 (N.D. Ala. Sept. 7, 2010) (stating that the "subsequent employment history of plaintiffs no longer employed by [defendant] is irrelevant to the issues presented" in a case under the FLSA); *Harper v. Coates-Clark Orthopedic Surgery & Sports Med. Center, LLC*, 2006 WL 2482501, at *1 (M.D. Fla. Aug. 7, 2006) (evidence of plaintiff's prior and/or subsequent employment was not relevant to plaintiff's overtime claims under the FLSA). *Cf. Pirela v. Village of N. Aurora*, 935 F.3d 909, 912 (7th Cir. 1991) (stating that wage discrimination claims were not barred by res judicata arising from subsequent discharge claims against plaintiff because the later dismissal charges would not be relevant to the wage claims).

Similarly, your contention that documents relating to the Campaign's invitation to Ms. Johnson to apply for a position with the Trump Administration (and her subsequent application to work overseas) are relevant to Defendant Trump's conduct in forcibly kissing Ms. Johnson lacks merit. We will consider any authority you can offer that such evidence is relevant to Ms. Johnson's claims, but at present do not agree that such materials are required to be produced.

**RFP No. 24.** RFP No. 24 seeks "[c]opies of all Documents regarding any and all criminal proceedings against You." This Request is unlimited in time and scope and does not define "criminal proceedings." As written, it is therefore vague and overbroad, and unlikely to lead to the discovery of relevant evidence. In the spirit of good faith and cooperation, instead of objecting wholesale, we have responded consistent with Federal Rule of Evidence 609. You have not offered any arguments to support your position that other materials are discoverable. They are not. *See, e.g., Mayan v. Mayan*, No. 615CV2183ORL18TBS, 2017 WL 1426631, at *9 (M.D. Fla. Apr. 21, 2017) (declining to compel production of a "10 year history of arrests" where plaintiff had already provided "a list of charges in Orange County since he began working for Defendants" because defendant "does not offer any argument why a 10 year history of arrests pertains to any matter pled here").

**RFP Nos. 28 and 74-75.** RFP No. 28 seeks fee arrangements with counsel. RFP Nos. 74-75 seek Ms. Johnson's "written agreement(s) with Public Justice" and "[a]ll documents that constitute, refer or relate to Your Communications with Public Justice." You have not explained why your request for Ms. Johnson's retention agreement(s) with her attorneys are discoverable. That is likely because they are not. *See, e.g., Wynder v. Applied Card Sys., Inc.*, No. 09-80004-CIV-MARRA/JOHNSON, 2009 WL 10667792, at *1-2 (S.D. Fla. Oct. 14, 2009) (stating that "the court finds no connection between the testimony of a plaintiff in an FLSA case and a representation agreement between plaintiff and counsel" and denying motion to compel production). Your assertion that Ms. Johnson does not enjoy attorney-client privilege with regard to communications with Public Justice attorneys is just absurd. Public Justice is in fact a law firm, run by lawyers, and represents clients in lawsuits around the country. There is no



▶ **WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

requirement that an attorney be employed at a for-profit law firm for the privilege to attach. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 596 (S.D.N.Y. 2015) (finding communications between individual and attorney at a nonprofit "that provides a variety of services to employers, including HR advice and legal services," privileged because the advice given was "legal in nature" even though the nonprofit also provided other kinds of advice).

**RFP Nos. 30 and 64.** Plaintiff produced responses to RFP Nos. 30 and 64 on June 7, 2019, one day after the deadline. This one-day delay has prejudiced no one and is not a waiver of objections and privileges. *Freedman v. Lincoln National Life Ins. Co.*, No. 3:05-cv-81-J-12HTS, 2006 WL 8439167, at *1 (M.D. Fla. Mar. 23, 2006) (stating that "the proposition that privileges are waived simply by their untimely assertion has been described as unnecessarily draconian" and declining to hold privilege waived where party raised no objections and asserted no privileges until a motion to compel was filed); *FDIC v. Cherry, Bekaert & Holland*, 131 F.R.D. 596, 606 (M.D. Fla. 1990) ("[F]ailure to assert the attorney-client privilege in a timely manner does not waive the privilege even when the privilege is asserted for the first time in a motion for reconsideration of a district court's order to produce."); *see also Yaldo v. Wayne State Univ.*, No. 2:15-cv-13388, 2016 WL 7178738, at *1 (E.D. Mich. Dec. 9, 2016) (denying motion to compel where responses to interrogatories were "a mere one day late to the interrogatories and roughly only one week late to the requests for production of documents"). Particularly in light of our agreement to multiple extensions of time to your clients, we request the same professional courtesy in this instance.

**RFP Nos. 32, 34, 59, 61, 66, 68-69[4].** These Requests seek "all documents" supporting various allegations in the Complaint. Apart from being extremely overbroad and vague (it is not

---

[4] **RFP No. 32** seeks "all Documents and Communications supporting Your allegations in Paragraph 6 of the Complaint that 'not only did Ms. Johnson endure forcible kissing by her boss, she experienced race and gender discrimination as one of the few females and one of only a handful of African American people on the Campaign payroll." **RFP No. 34** seeks "all Documents and Communications supporting Your allegations in Paragraph 16 of the Complaint that Plaintiff was 'paid less than her colleagues because o her race and gender. . . . forcibly kissed in public then subjected to humiliating comments from her colleagues that caused her to relive the experience. But she experienced all of these things as a senior member of Defendant Trump's Campaign staff." **RFP No. 59** seeks "all documents and communications supporting Your allegations in Paragraph 111 of the Complaint that 'Ms. Johnson was also underpaid compared to similarly qualified and less qualified male staffers. She did not know this fact until very recently. Ms. Johnson's experience is not isolated—indeed, the Campaign engaged in systemic gender discrimination in pay against its female employees." **RFP No. 61** seeks "all documents and communications supporting Your allegations in paragraphs 113 through 116 of the Complaint regarding what the Campaign purportedly 'knew.'" **RFP No. 66** seeks "All Documents and other tangible items in Your possession, custody, control, or otherwise available to You (including, but not limited to, ledgers, reports, correspondence, notes, contracts, calendars schedules, and memoranda) that refer to, concern, reflect, itemize, describe or relate to the job duties of putative members of "the collective" referred to in Paragraph 121 of the Complaint." **RFP No. 68** seeks "all Documents and Communications supporting Count II alleged in Paragraphs 134 through 141 of the



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

clear whether they are seeking privileged materials, expert reports—which will be produced in due course and pursuant to the schedule set by the Court—documents outside Plaintiff's possession, custody or control, publicly available documents, documents in Defendants' possession, or anything else), many of these Requests are compound and unintelligible. For example, RFP No. 59 lists out a few different sentences in the Complaint relating to Ms. Johnson's pay, her knowledge, the knowledge and experiences of others, and the Campaign's conduct. Is the RFP targeted toward each piece, or part? There is no way to tell. As drafted, these Requests are not proper. *See, e.g.*, *Houston Specialty Ins. Co. v. Titleworks of Sw. Fla., Inc.*, No. 2:15-cv-219-FtM-29MRM, 2016 WL 7130939, at *6 (M.D. Fla. July 19, 2016) (denying motion to compel because "requesting 'any and all documents' that support a contention in an affirmative defense is not sufficiently particularized and is facially overbroad); *see also CS Bus. Sys. Inc. v. Schar*, No. 5:17-cv-86-Oc-PGBPRL, 2017 WL 8948376, at *3 (M.D. Fla. June 15, 2017) (stating that requests such as "all documents concerning any fact or issue described in the complaint" appeared to "facially overbroad"); Middle District Discovery at 11 ("For example, a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad in most cases.").

In any event, as with RFP No. 7 above, with the exception of documents to be made available pursuant to the schedule (trial materials and expert reports) and privileged documents, there are currently no documents that Plaintiff is specifically withholding pursuant to these objections. Again, the problem is that because this RFP is capable of numerous interpretations, Plaintiff cannot say whether there are additional responsive documents to be produced. If there are documents responsive to these Requests that you believe are not also responsive to other Requests that Plaintiff has agreed to respond to, we will consider clarification to that effect.

**RFP No. 56.** RFP No. 56 seeks "Unredacted copies of all of Your medical records in Your possession, custody, control, or otherwise available to You from January 1, 2012 until the present." This Request is objectionable for multiple reasons, not least because it inexplicably seeks documents from over four years before the events at issue in this lawsuit. In addition, this document seeks medical records potentially relating to physical ailments that have nothing to do with Ms. Johnson's emotional distress claims. Accordingly, it is overbroad and unduly burdensome. *See, e.g.*, *Hupp v. San Diego Cty.*, No. 12cv0492GPC(RBB), 2013 WL 5408644, at *7-8 (S.D. Cal. Sept. 25, 2013) (granting motion to quash subpoena for complete medical records because the plaintiff "has placed his psychological condition at issue only to the extent it was caused by Defendants' actions. Unlike a typical personal injury case, Plaitiff does not allege a physical injury caused by Defendants that required medical treatment."); *Cappetta v. GC Servs. Ltd. P'ship*, 266 F.R.D. 121, 126 (E.D. Va. 2009) (rejecting request for complete medical records because "a plaintiff seeking emotional distress damages has a right to have discovery limited to

---

Complaint." **RFP No. 69** seeks "all Documents and Communications supporting Count III alleged in Paragraphs 142 through 148 of the Complaint."



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

information that is directly relevant to the lawsuit. Defendants may not engage in a fishing expedition by inquiring into matters totally irrelevant to the issue of emotional distress.").

**RFP No. 83.** RFP No. 83 seeks "all Documents and Communications that refer or relate to any promotional or publicity activities relating to either or both of the Defendants by You, Public Justice, and/or anyone acting on Your behalf, before and/or after this Lawsuit was filed, including but not limited to soliciting, scheduling, organizing or preparing for any media appearances, interviews, statements or press releases." As drafted, this Request is overly broad, unduly burdensome, and vague because it seeks "all" documents and communications relating to either or both the President of the United States and his campaign—including materials that have nothing whatsoever to do with this case. There are no time limitations on this Request and no limitations as to scope. You have objected to our agreement to produce press statements and press releases, but have not offered any additional clarification as to what, specifically, this Request is seeking.

**Commitment to produce documents.** As your letter recognizes, we have agreed to respond to dozens of your Requests. We will not withdraw our commitment to produce relevant documents where indicated (subject to objections, privilege, and other limitations stated therein). Your overbroad discovery requests have unfortunately required us to restrict our responses in this manner. If, upon review of Plaintiff's production, you believe additional documents ought to have been produced, we can confer on those issues at that time.

**2.    Interrogatories.**

**Interrogatory Nos. 1-4.** Interrogatory Nos. 1-4 ask Plaintiff to state "all facts that refer to, relate to, support or negate" each Count alleged in the Complaint, "including without limitation, the identity of all Documents relating thereto and the identity(ies) of each person thereat, connected therewith, or who has knowledge thereof, including without limitation the name, employer, business and residential address and business and residential telephone numbers of each such witness." These contention interrogatories are overbroad and unduly burdensome because, among other reasons (and stated objections), they sweep in *all* facts (including trivial, incidental facts and secondary accounts), purport to seek facts not yet known to Plaintiff, facts outside her possession, custody, and/or control, and facts not developed through discovery. They are also premature, since discovery has only just begun. Thus, they are improper and objectionable. *See, e.g., Megdal Assocs., LLC v. La-Z-Boy, Inc.*, No. 14-81476-CIV-ZLOCH, 2016 WL 4503337, at *6 (S.D. Fla. Feb. 1, 2016) (finding that interrogatory asking plaintiff to "identify all facts and legal bases that tend to support or refute each and every allegation in the complaint" was overbroad because it "sweeps in not only material facts, but incidental details, secondary accounts, trivial tidbits—even facts supporting allegations that Defendant has admitted"); *Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, No. 6:12-cv-1379-ORL-22TBS, 2014 WL 186123, at *4 (M.D. Fla. Jan. 16, 2014) (finding that an interrogatory that asks the plaintiff "to provide a detailed explanation of a substantial part of its case before expert



▶ **WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

discovery on these issues has taken place" is "premature, oppressive, and overbroad," and "likely to result in a waste of time and resources"); *Lucero v. Valdez*, 240 F.RD. 591, 594 (D.N.M. 2007) ("Contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome. . . . Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) (stating that contention interrogatories are "overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or a defense, such that the answering party is required to provide a narrative account of its case") Roberts *v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989) ("Courts are loathe to requie a party to write basically a portrait of their trial for the other parties."). *See also* Fed. Prac. & Proc. § 2167 (3d. ed. 2015) ("Contention interrogatories may be held unduly broad if they ask in an undifferentiated way for 'all' facts or witnesses that support an opposing party's case."); Middle District Discovery at 16 ("Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive.").

**Interrogatory No. 6** is addressed above.

**Interrogatory Nos. 9-11.** Interrogatory No. 9 seeks "all facts regarding Communications that You have had with any therapists from January 1, 2014 until the present, including identifying with specificity each such Communication, the name, address and telephone number of each therapist and the dates of all therapy sessions." Interrogatory No. 10 asks Plaintiff to identify all doctors, nurses, therapists, and all other types of medical and/or health care professionals with whom You have communicated or consulted from January 1, 2016 until the present. And Interrogatory No. 11 asks Plaintiff to identify all medication that she has consumed from August 1, 2016 until the present. As stated, Plaintiff will respond to these interrogatories once an appropriate protection order is in place. Plaintiff has not waived her privacy interests in this sensitive and deeply personal information simply by seeking emotional distress damages. *Sheets v. Sorrento Villas, Section 5, Assoc., Inc.*, No. 8:15-cv-1674-T-30JSS, 2016 WL 11493318, at *3 (M.D. Fla. May 9, 2016) (allowing entry of protective order governing medical records in case alleging emotional distress).

**Interrogatory No. 12.** Interrogatory No. 12, which asks Plaintiff to state "all facts that refer to, relate to, support or negate Your response" to each Request for Admission ("RFA") which is not an unqualified admission is likewise improper. "Requests for admission are not principally discovery devices, and allowing service of an interrogatory which requests disclosure of all information upon which the denials of each … request[] for admission were based transforms each request into an interrogatory." *Alabama v. Alabama Wood Treating Corp.*, No. 85-0642-CG-C, 2007 WL 9717667, at *17 (S.D. Ala. Feb. 27, 2007) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)) (denying motion to compel response to



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

interrogatory seeking "the basis for your denial and … all facts supporting your denial" of each request for admission that was denied).

**3.      Requests for Admission**

      **RFA Nos. 22-23** are addressed above.

      **RFA Nos. 34-35** request that Plaintiff admit that the Campaign paid for her travel, meals, and lodging. Since it is not possible to tell which travel, meals, and/or lodging the RFA is asking about, the RFA is impermissibly vague (as explained in Plaintiff's objections to the same). "A party propounding requests for admissions under Rule 36 bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Uber Promotions, Inc. v. Uber Techs., Inc.*, No. 1:15cv206-MW/GRJ, 2016 WL 9115991, at *2 (N.D. Fla. May 26, 2016). "Requests for admission that are vague or susceptible of more than one interpretation defeat the goal of Rule 36 and are properly objectionable." *Lawrence v. United States*, No. 8:11-cv-2735-T-17AEP, 2012 WL 9491751, at *1 (M.D. Fla. Oct. 3, 2012).

      **RFA No. 36** asks Ms. Johnson to admit that she "accepted employment with the Campaign voluntarily." As explained, this RFA is impermissibly vague. It is unclear what aspects of her "employment" this RFA is asking Ms. Johnson to admit that she "accepted . . . voluntarily," including whether it is asking Ms. Johnson to admit that she accepted an offer of employment, accepted ongoing employment, accepted the terms of employment or compensation offered by the Campaign, or some other aspect of her employment. Again, RFAs that are susceptible of multiple interpretations are properly objectionable.

      **RFA No. 37** asks Ms. Johnson to admit that "during Your employment with the Campaign, the Campaign paid You wages on a periodic basis, and that You were aware of the amount of wages You were receiving." Plaintiff will serve a supplemental response to this RFA.

      **RFA No. 38** states, "Admit that, according to the United States Census Bureau, Alabama had the fifth lowest median household income among the 50 states during 2016." As explained above, economic conditions are not relevant to Ms. Johnson's wage claims. *Dindinger*, 853 F.3d at 422. This RFA is therefore irrelevant and objectionable.

\* \* \*

      This letter is not intended as a full or complete statement of all relevant facts or applicable law or objections or privileges, and nothing herein is intended as (nor should it be deemed to constitute) a waiver or relinquishment of any of my client's rights, remedies, claims, or causes of action, all of which are hereby expressly reserved.



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

We look forward to discussing these issues with you tomorrow at 1:00 p.m. EST.

Regards,

Hassan A. Zavareei

cc:     Katherine M. Aizpuru, Esq.
        Tanya S. Koshy, Esq.
        Janet Varnell, Esq.
        Brian W. Warwick, Esq.
        Jennifer D. Bennett, Esq.
        F. Paul Bland, Esq.
        Karla A. Gilbride, Esq.
        Ryan J. Stonerock, Esq.
        Henry L. Self, Esq.
        Steven H. Frackman, Esq.
        Dawn Siler-Nixon, Esq.
        Tracey Jaensch, Esq.

# EXHIBIT 36



| | **WASHINGTON DC** | **CALIFORNIA** |
|---|---|---|
| | 1828 L Street, NW \| Suite 1000 | The Tower Building |
| | Washington, DC 20036 | 1970 Broadway \| Suite 1070 |
| | 202.973.0900 | Oakland, CA 94612 |
| | www.tzlegal.com | 510.254.6808 |

**VIA ELECTRONIC MAIL**

June 13, 2019                                                    Our File No. 474-01

Charles J. Harder
Harder LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
charder@harderllp.com

   Re:  *Johnson v. Trump,* Case No. 8:19-cv-00475-WFJ-SPF

Dear Counsel:

   Thank you for the productive meet and confer call earlier today. This letter memorializes the topics discussed and the decisions reached as a result of the call. If you believe I have incorrectly stated any of the matters herein, please advise as soon as possible.

### Protective Order, ESI Protocol, and Document Production

**Protective Order:** You will circulate a redline of the proposed protective order by the close of business today. Hopefully we can reach agreement on this matter by the end of the week, but if not, we may seek relief from the Court.

**ESI Protocol:** You will circulate a redline of the proposed ESI protocol. Again, we hope we can reach agreement on this matter by the end of the week, but if not, we may seek relief from the Court. We also discussed preliminarily identifying custodians and search terms once you have provided your redline.

**Document production:** We hope to begin our rolling document production by the end of next week. We have uploaded over 145,000 documents into our document review platform and have begun running preliminary searches to substantially narrow the universe of materials to be reviewed and produced. Our review of these documents is underway and we will continue moving forward expeditiously.

   Ms. Jaensch stated that she would provide authority for the position that objections based on relevance are not proper and we will review that authority. We will comply with Rule 26 in making our document production, but at this time will not serve supplemental responses agreeing to produce irrelevant documents.



Charles J. Harder
June 13, 2019
Page 2

## Amended Responses

**RFP No. 4:** Pursuant to the clarification provided in your letter, we will provide an amended response to RFP 4 stating that Plaintiff will conduct a reasonable inquiry and diligent search and produce non-privileged, non-work-product-protected communications with others concerning her allegations in this lawsuit within Ms. Johnson's possession, custody, or control. You stated your concern that documents "referring to" communications (such as an email stating, "That was a great conversation," referring to a conversation about the allegations in the lawsuit, or a note summarizing a conversation about the lawsuit) would also need to be produced. We do not dispute this interpretation and would consider such documents to be within the scope of what we have agreed to produce (assuming they are not irrelevant, privileged, or work product).

**RFP No. 8:** We are not aware of any conditions precedent to the filing of this lawsuit, and you did not advise of any that you believe need to have been fulfilled. You stated that the request is seeking documents submitted to government agencies in connection with this claim. Having looked at this issue, we will submit an amended response stating that pursuant to our meet-and-confer, we understand this request to be seeking documents submitted to government agencies in connection with this case, and that no such documents exist.

**RFP No. 30.** Since no responsive documents exist, there is no dispute.

**Interrogatory Nos. 9-11.** Plaintiff will provide a response once a protective order is in place.

**RFA Nos. 34-37.** Plaintiff will serve amended responses.

**RFP No. 83:** Having considered this issue further, we will provide an amended response stating that we will produce all relevant, responsive, non-privileged, non-work-product-protected documents within Ms. Johnson's possession, custody, or control.

## Items Requiring Additional Follow-Up

**RFP No. 7.** We will review our response and determine whether a supplemental response is required.

**RFP Nos. 28, 74-75.** During the call, you clarified that these requests are seeking communications with non-lawyers employed at Public Justice, such as communications personnel. We will consider these clarifications.

**RFP Nos. 64, 32, 34, 59, 61, 66, 68-69.** These requests seek "all documents" in a manner that is overbroad and vague. We are willing to consider any case law that you can offer supporting your position that these requests are proper. You also stated that it is acceptable for Plaintiff to produce her documents without indicating to which RFP they are responsive.



Charles J. Harder
June 13, 2019
Page 3

**RFP No. 56:** You agreed to limit the temporal scope of this RFP to August 24, 2014 to present. We will investigate whether responsive documents—other than therapist records, which we have agreed to produce—exist and follow up.

### Items On Which We Not Yet Reached Agreement

**RFP Nos. 19-23, 25-27, 73; Interrogatory No. 6; RFA Nos. 22-23.** In light of our claim for damages based on lost income as a result of the battery, we are willing to consider the position that some of these materials may be relevant. However, as drafted, these requests are overbroad. During the call, Ms. Jaensch stated that Defendants could agree to limit these requests somewhat. If you would be willing to offer proposed limitations, we will consider those.

**RFP No. 24.** We will consider any authority you can provide to support your position that additional responsive materials are discoverable, but at present Plaintiff stands on her objections except, as stated, as to documents regarding criminal convictions within the last ten years.

**Interrogatory Nos. 1-4:** Plaintiff is not required to provide a detailed narrative of "all facts" supporting each of her claims at the outset of this case. We will consider any authority you can provide to support your position that these interrogatories are proper, but at present Plaintiff stands on her objections.

**Interrogatory No. 12:** We will consider any authority you can provide to support your position that this interrogatory is proper, but at present Plaintiff stands on her objections.

**RFA No. 38:** We will consider any authority you can provide to support your position that a response is required, but at present Plaintiff stands on her objections.

Should you wish to discuss these matters further, please provide your availability for a follow-up call.

Regards,

Hassan A. Zavareei

cc:     Katherine M. Aizpuru, Esq.
        Tanya S. Koshy, Esq.
        Janet Varnell, Esq.



Charles J. Harder
June 13, 2019
Page 4


Brian W. Warwick, Esq.
Jennifer D. Bennett, Esq.
F. Paul Bland, Esq.
Karla A. Gilbride, Esq.
Ryan J. Stonerock, Esq.
Henry L. Self, Esq.
Steven H. Frackman, Esq.
Dawn Siler-Nixon, Esq.
Tracey Jaensch, Esq.

# EXHIBIT 37

**Melat Kiros**

| | |
|---|---|
| **From:** | Ryan Stonerock <RStonerock@harderllp.com> |
| **Sent:** | Tuesday, June 18, 2019 3:09 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Katherine Aizpuru; Charles Harder; Henry Self; Steven Frackman; Dawn Siler-Nixon; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Tracey Jaensch |
| **Subject:** | RE: Johnson v. Donald J. Trump for President, et al. |
| **Attachments:** | Plaintiff's Proposed ESI Protocol - Harder LLP Edits 06.18.19.docx |

Counsel:

Attached are our redlines to your proposed ESI Protocol.

Best,



**RYAN J. STONEROCK**
HARDER LLP
RSTONEROCK@HARDERLLP.COM
(424) 203-1600

---

**From:** Tracey Jaensch <TJAENSCH@Fordharrison.com>
**Sent:** Monday, June 17, 2019 1:59 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Charles Harder <charder@harderllp.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett <JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla Gilbride <KGilbride@publicjustice.net>; Nicole Porzenheim <nporzenheim@tzlegal.com>; Melat Kiros <mkiros@tzlegal.com>
**Subject:** Re: Johnson v. Donald J. Trump for President, et al.

We aren't going to include custodians and search in the initial one. I withdraw that request.  I believe the Harder team has a revision coming to you.

Sent from my iPhone

On Jun 17, 2019, at 4:53 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

Counsel,

I am writing to follow up on this letter that I sent to you last week. It was my understanding (as indicated in the letter), that you would be getting back to us last week with a redline of the ESI protocol. We would really like to put that to rest—especially since you believe the protocol should include search terms and custodians. Please advise when we can expect to see that from you.

Thank you,

Hassan

---

<image001.jpg>Hassan Zavareei ▪ Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Katherine Aizpuru
**Sent:** Thursday, June 13, 2019 6:24 PM
**To:** 'Charles Harder' <charder@harderllp.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett <JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla Gilbride <KGilbride@publicjustice.net>; Nicole Porzenheim <nporzenheim@tzlegal.com>; Melat Kiros <mkiros@tzlegal.com>
**Subject:** RE: Johnson v. Donald J. Trump for President, et al.

Counsel,

Please see the attached letter sent on behalf of Hassan Zavareei.

Regards,

Kate

<image002.jpg>**Katherine M. Aizpuru** ▪ Associate ▪ Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.417.3667 ▪ f 202.973.0950

Check out our new video!

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

**From:** Katherine Aizpuru
**Sent:** Wednesday, June 12, 2019 9:52 PM
**To:** 'Charles Harder' <charder@harderllp.com>; Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett

<JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla Gilbride <KGilbride@publicjustice.net>
**Subject:** RE: Johnson v. Donald J. Trump for President, et al.

Counsel,

Please see the attached sent on behalf of Hassan Zavareei.

Kate

<image008.jpg>**Katherine M. Aizpuru** ■ Associate ■ Tусkо & Zavareei LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.417.3667 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

---

**From:** Charles Harder [mailto:charder@harderllp.com]
**Sent:** Wednesday, June 12, 2019 4:23 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com>; Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett <JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla Gilbride <KGilbride@publicjustice.net>
**Subject:** Re: Johnson v. Donald J. Trump for President, et al.

Let's talk tomorrow at 1 PM Eastern. In the meantime, I disagree with your characterization of pretty much everything. We have been expediting everything as much as possible – your discovery is massive, and we are and have been diligently working on substantive responses and document production.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On Jun 12, 2019, at 1:19 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

Charles,

Your June 7, 2019 letter raises numerous legal issues
with regard to Plaintiff's objections to your voluminous

discovery requests. For the past few days, we have been preparing a comprehensive response to facilitate our meet and confer. We hope to get that to you today. If you insist on talking tomorrow, we can speak at 1:00 p.m. Eastern (10:00 a.m. Pacific) on Thursday. Please circulate a calendar invite and dial-in.

To be clear, though, we have not delayed anything. We are working with all deliberate speed, but we will not litigate this case according to your artificially accelerated and breathless schedule based on a manufactured claim of urgency.  Rather, the orderly resolution of my client's claims will proceed consistent with the practices and local rules of this Court, the federal rules, and any schedules set by the Court.

Your assertion that you have "run out of time" is also confusing in light of your own repeated requests for extensions of time, and your lackadaisical approach to entry of a protective order and ESI protocol. You have had our draft proposed ESI protocol and draft proposed protective order since May 31—nearly two weeks—which is ample opportunity to review both documents. So that our conversation tomorrow can be productive, please circulate your proposed edits to both documents in redline in advance of the call. If we cannot reach agreement tomorrow, we may seek relief from the Court.

I look forward to talking with you tomorrow.

Warm regards,


Hassan


Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jun 12, 2019, at 2:48 PM, Charles Harder <charder@harderllp.com> wrote:

> Yes, we always extend professional courtesies, provided they are reasonable.
>
> Your effort to postpone the meet and confer conference to the last day of the week is not reasonable.  We were available yesterday; we are available today; you asked us for times on Thursday—and we gave you a time on Thursday, but not you are rejecting Thursday and want to postpone the call until the last day of the week.  As you know, we need to move quickly on the document issues, given the July 8 deposition date and our need to receive documents at least a week before that date, and you eaten up an entire week with delay.
>
> If you still insist, we will have the call with you on Friday – does 1 pm Eastern / 10 am Pacific work for you?
>
> Please know that we have run out of time and will be filing our motion to compel production of documents at the end of the day on Friday if we have not been able to informally resolve the issues by then.  If you had made yourselves available for the call earlier in the week, then we would have more time to discuss, but you have not.
>
> Regarding the ESI protocol, while we do not believe that one is necessary in this case, and you never even raised the issue during our Rule 26(f) conference, because you put it into your draft CMR and we did not remove it, we will agree to an ESI protocol.  It is a complicated issue and will require some discussions.  If you tell the Court that we are "refusing" to agree to an ESI protocol, that would be false and would

5

require that we so inform the Court.  We will agree to one
that tracks the parties' obligations under the FRCP and local
rules, and seeks to achieve the parties' goals of searching for
responsive discoverable information without undue false
positives and allows documents to be keyword searches.  But
that said, we have several issues with your proposed 14-page
ESI protocol, and will discuss them with you in good faith.

Sincerely,

Charles Harder

---

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Wednesday, June 12, 2019 11:27 AM
**To:** Charles Harder
**Cc:** Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon;
Tracey Jaensch; Katherine Aizpuru; Janet Varnell;
bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett;
PBLAND@publicjustice.net; Karla Gilbride
**Subject:** Re: Johnson v. Donald J. Trump for President, et al.

Thanks Charles. Unfortunately, that doesn't work for us. Also, we are
still working on our response to your letter and we think it would
be  good to have that completed before we talk. What times do you
have free on Friday? With respect to the request for another extension,
that is fine as long as you confirm you intend to extend professional
courtesies in this case as well.

Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jun 11, 2019, at 9:55 PM, Charles Harder <charder@harderllp.com>
wrote:

> Dear Mr. Zavareei:
>
> We are available for the meet and confer
> conference on Thursday at 1:00 pm Eastern
> (10:00 am Pacific).  Please let me know if that
> time works for you.  Also, both of the
> defendants will need an additional week for our
> responses to all outstanding Set One written
> discovery.  We are diligently working on
> responses, but require additional time due to
> the high volume of plaintiff's discovery
> requests and the detailed nature of

same.  Please let me know as soon as you can if we can have the additional one week extension.  Thank you.

Sincerely,

**Charles Harder**

---

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Tuesday, June 11, 2019 1:22 PM
**To:** Steven Frackman
**Cc:** Charles Harder; Ryan Stonerock; Henry Self; Dawn Siler-Nixon; Tracey Jaensch; Katherine Aizpuru; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride
**Subject:** RE: Johnson v. Donald J. Trump for President, et al.

Counsel:

We have received your letter and we will get you a substantive response soon.

Also, we believe it is necessary to have a meet and confer regarding the ESI Protocol and the Protective Order since it appears that you do not wish to cooperate with us on either matter. Accordingly, we will need to file motions with respect to both issues.

Please let us know your availability on Thursday and Friday for a meet and confer discussion regarding your letter, our proposed ESI Protocol, and our proposed protective order.

Thank you,

Hassan

---

<image002.jpg>Hassan Zavareei ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Steven Frackman <sfrackman@harderllp.com>
**Sent:** Friday, June 7, 2019 7:43 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Charles Harder <charder@harderllp.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@Fordharrison.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett <JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla Gilbride <KGilbride@publicjustice.net>
**Subject:** Johnson v. Donald J. Trump for President, et al.

Counsel:

Please see the attached correspondence.

Best,



**STEVEN H. FRACKMAN**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
SFRACKMAN@HARDERLLP.COM
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from Ford & Harrison LLP and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments. In the absence of an executed engagement letter or fee contract, no attorney client relationship is established by this communication.

# EXHIBIT 38

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Tuesday, June 18, 2019 7:05 PM |
| **To:** | Hassan Zavareei; Katherine Aizpuru |
| **Cc:** | Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride; Nicole Porzenheim; Melat Kiros |
| **Subject:** | RE: Johnson v. Donald J. Trump for President, et al. |

Dear Mr. Zavareei:

The Court's order of last Friday has required us to make changes to our objections and draft responses to Plaintiff's voluminous written discovery.  Moreover, our client reps. are occupied with the official launch of the re-election campaign in Orlando today.  Therefore, I am writing to request an additional 7 days to provide you with responses to Set One of all written discovery propounded to both defendants.  Please let me know if this additional extension is acceptable.

Also, in light of the Court's order last week, please let me know if Plaintiff will withdraw the following discovery items, which pertain to the subjects that the Court struck from the Complaint and prohibited from being included in a future amended complaint:

RFAs:  8-10, 35-152, 163-169, 185-190, 197-205, 210-212

RPDs: 10, 18, 22, 25-27, 32-35, 38-58, 62

ROGs:  1, 5

Please also let me know if Plaintiff will agree not to propound any further discovery, or ask deposition questions, on the subject matter of the aforementioned discovery items, and instead to limit discovery to the allegations by Ms. Johnson regarding her personal situation, and not the allegations of third parties.  As you know, we are planning to file a motion for protective order by July 10 to, among other things, limit the scope of discovery, and your stipulation to the foregoing would go a long way toward resolving the parties' discovery disputes to be addressed in that anticipated motion, and also be consistent with the Court's Order of last week.  Should you wish to discuss the specific parameters of such a stipulation, we can be available for a conference call later this week.

Sincerely,

Charles Harder



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 39

## Katherine Aizpuru

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Wednesday, June 19, 2019 3:31 PM |
| **To:** | Charles Harder; Katherine Aizpuru |
| **Cc:** | Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch; Janet Varnell; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Jennifer Bennett; PBLAND@publicjustice.net; Karla Gilbride; Nicole Porzenheim; Melat Kiros |
| **Subject:** | RE: Johnson v. Donald J. Trump for President, et al. |
| **Attachments:** | 2019.06.19 Redline of ESI protocol.docx |

Charles,

Because of the upcoming deposition of Ms. Johnson, we are not comfortable with a third extension. Just as defendants want to ensure they have all the necessary documents from Ms. Johnson before her deposition, we want to ensure we have all of the documents from the Defendants.

More to the point, I think we need to finalize the ESI Protocol, agree on custodians, agree on search terms, and complete our ESI searches as soon as possible. Otherwise I do not see how we can ensure that the productions are complete before the depositions begin. It is for this reason that we are not rushing into depositions.

To that end, I have attached a redline of the ESI protocol. I accepted all of your edits and put my revisions (which are mostly reinsertions of certain provisions you deleted) in redline. You will see that we cannot agree to the changes you propose that serve to merely kick the can down the road. We think these issues should be resolved now so that we can have certainty and get to work. I ask for a call to try to work this out today or tomorrow.

With respect to your request for a stipulation, I see no need for that. If you believe your discovery obligations have been modified by the Court's order, please just lodge objections to the applicable discovery requests. If we disagree with you, we will meet and confer. If we cannot agree we will file a motion to compel. That is how these issues are supposed to be resolved and we do note believe it is appropriate to deviate from that process here.

Thanks,

Hassan



Hassan Zavareei  ▪  Tycko & Zavareei LLP  ▪  www.tzlegal.com
1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
p 202.973.0910 (direct)  ▪  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Tuesday, June 18, 2019 7:05 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>
**Cc:** Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; bwarwick@varnellandwarwick.com;

Tanya S. Koshy <tkoshy@tzlegal.com>; Jennifer Bennett <JBennett@publicjustice.net>; PBLAND@publicjustice.net; Karla
Gilbride <KGilbride@publicjustice.net>; Nicole Porzenheim <nporzenheim@tzlegal.com>; Melat Kiros
<mkiros@tzlegal.com>
**Subject:** RE: Johnson v. Donald J. Trump for President, et al.

Dear Mr. Zavareei:

The Court's order of last Friday has required us to make changes to our objections and draft responses
to Plaintiff's voluminous written discovery.  Moreover, our client reps. are occupied with the official
launch of the re-election campaign in Orlando today.  Therefore, I am writing to request an additional
7 days to provide you with responses to Set One of all written discovery propounded to both
defendants.  Please let me know if this additional extension is acceptable.

Also, in light of the Court's order last week, please let me know if Plaintiff will withdraw the following
discovery items, which pertain to the subjects that the Court struck from the Complaint and
prohibited from being included in a future amended complaint:

RFAs:  8-10, 35-152, 163-169, 185-190, 197-205, 210-212

RPDs: 10, 18, 22, 25-27, 32-35, 38-58, 62

ROGs:  1, 5

Please also let me know if Plaintiff will agree not to propound any further discovery, or ask deposition
questions, on the subject matter of the aforementioned discovery items, and instead to limit discovery
to the allegations by Ms. Johnson regarding her personal situation, and not the allegations of third
parties.  As you know, we are planning to file a motion for protective order by July 10 to, among other
things, limit the scope of discovery, and your stipulation to the foregoing would go a long way toward
resolving the parties' discovery disputes to be addressed in that anticipated motion, and also be
consistent with the Court's Order of last week.  Should you wish to discuss the specific parameters of
such a stipulation, we can be available for a conference call later this week.

Sincerely,

Charles Harder



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of
the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the
intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or
other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication

in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 40

## Katherine Aizpuru

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Thursday, June 20, 2019 4:01 PM |
| **To:** | Charles Harder; Katherine Aizpuru; Janet Varnell |
| **Cc:** | Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch |
| **Subject:** | RE: Trump-Johnson:  D. Trump Responses and Objections - attached |

Thank you Charles. We can agree to a third extension if you agree to work with us to finalize the ESI protocol in the next couple days.



Hassan Zavareei  ■  TYCKO & ZAVAREEI LLP  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.973.0910 (direct)  ■  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Thursday, June 20, 2019 1:51 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>
**Cc:** Jennifer Bennett <JBennett@publicjustice.net>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Nicole Porzenheim <nporzenheim@tzlegal.com>; Melat Kiros <mkiros@tzlegal.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>
**Subject:** Trump-Johnson: D. Trump Responses and Objections - attached

Dear Counsel:

Attached please find Donald J. Trump's responses and objections to Plaintiff's interrogatories, requests for admission and requests for production of documents.

As stated in my email of earlier this week, the Campaign's substantive responses are not yet ready.  We again request an extension of an additional seven days to provide you with the substantive responses.  Absent your agreement, we will serve only objections today, and substantive responses next week.  We also expect to commence the production of responsive documents next week.  However, the process of creating new files of only objections—to Plaintiff's massive written discovery due today—will take us hours.  We would prefer to use this time to complete the substantive responses and document production, rather than time-consuming busywork of creating new objections-only files.  Thus, your failure to grant us the professional courtesy of an additional seven days will have the effect of **increasing** the time that it will take for us to provide you with substantive responses and documents, rather than decreasing the time.  Please let us know if you will reconsider your decision and grant us the seven additional days to respond.

Regarding the draft ESI Protocol, we expect to provide you with a further redline in the near future.

1

Sincerely,

Charles Harder



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 41

**Melat Kiros**

---

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Thursday, June 20, 2019 4:31 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Katherine Aizpuru; Janet Varnell; Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch |
| **Subject:** | Re: Trump-Johnson:  D. Trump Responses and Objections - attached |

Mr Zavareei:  I already told you this morning that I will get you a redline to your draft ESI protocol in the near future. I don't know when that will be because the attorneys who otherwise would be working on that have had to spend the past four hours preparing objections-only to plaintiff's discovery request to the campaign, because you have repeatedly refused to grant us the professional courtesy of a simple 7-day extension. You seem to be holding hostage the extension, trying to trade it for something else. That is unprofessional and causing delay. If you would like us to turn to other matters, such as the ESI protocol, we are happy to do so, but will need the requested extension (this is my third request), otherwise we will have to continue working on the objections-only.   Please let me know.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On Jun 20, 2019, at 1:02 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Thank you Charles. We can agree to a third extension if you agree to work with us to finalize the ESI protocol in the next couple days.
>
> ---
>
> <image002.jpg>Hassan Zavareei  ▪  Tycko & Zavareei llp  ▪  www.tzlegal.com
> 1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
> p 202.973.0910 (direct)  ▪  f 202.973.0950
>
> This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.
>
> ---
>
> **From:** Charles Harder <charder@harderllp.com>
> **Sent:** Thursday, June 20, 2019 1:51 PM
> **To:** Hassan Zavareei <hzavareei@tzlegal.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>
> **Cc:** Jennifer Bennett <JBennett@publicjustice.net>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Nicole Porzenheim <nporzenheim@tzlegal.com>; Melat Kiros <mkiros@tzlegal.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-

Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>
**Subject:** Trump-Johnson: D. Trump Responses and Objections - attached

Dear Counsel:

Attached please find Donald J. Trump's responses and objections to Plaintiff's interrogatories, requests for admission and requests for production of documents.

As stated in my email of earlier this week, the Campaign's substantive responses are not yet ready. We again request an extension of an additional seven days to provide you with the substantive responses. Absent your agreement, we will serve only objections today, and substantive responses next week. We also expect to commence the production of responsive documents next week. However, the process of creating new files of only objections—to Plaintiff's massive written discovery due today—will take us hours. We would prefer to use this time to complete the substantive responses and document production, rather than time-consuming busywork of creating new objections-only files. Thus, your failure to grant us the professional courtesy of an additional seven days will have the effect of **increasing** the time that it will take for us to provide you with substantive responses and documents, rather than decreasing the time. Please let us know if you will reconsider your decision and grant us the seven additional days to respond.

Regarding the draft ESI Protocol, we expect to provide you with a further redline in the near future.

Sincerely,

Charles Harder

---

<image004.jpg>   **CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

---

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner. Thank you.

# EXHIBIT 42

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Henry Self <hself@harderllp.com> |
| **Sent:** | Thursday, June 20, 2019 8:34 PM |
| **To:** | Hassan Zavareei; Katherine Aizpuru; Janet Varnell |
| **Cc:** | Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch; Charles Harder |
| **Subject:** | Trump-Johnson:  D. Trump for President Objections - attached |
| **Attachments:** | Defendant Donald J. Trump for President, Inc.'s Objections to Requests for Admission (Set One).pdf; Defendant Donald J. Trump for President, Inc.'s Objections to Requests for Production (Set One).pdf; Defendant Donald J. Trump for President, Inc.'s Objections to Interrogatories (Set One).pdf |

Dear Counsel:

Attached please find Donald J. Trump for President, Inc.'s objections to Plaintiff's interrogatories, requests for admission and requests for production of documents.

Sincerely,

Henry Self



**HENRY L. SELF III**

HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
HSELF@HARDERLLP.com
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 43

**Melat Kiros**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Friday, June 21, 2019 1:46 PM |
| **To:** | Hassan Zavareei; Janet Varnell; bwarwick@varnellandwarwick.com; Paul Bland |
| **Cc:** | Jennifer Bennett; Tanya S. Koshy; Karla Gilbride; Katherine Aizpuru; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch |
| **Subject:** | Trump-Johnson; Reconsideration and Rule 11 |

Dear Mr. Zavareei, Ms. Varnell, Public Justice and Counsel:

We assume you are aware that litigants cannot use a motion for reconsideration to ask a district court to "relitigate old matters" or to "raise arguments or present evidence that **could have been raised** prior to the entry of [the order]." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (emphasis added) (quoting *Michael Linet, Inc. v. Vill. of Wellington*, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

In light of this extremely high standard, please let me know the **full and complete legal and factual basis** for your anticipated motion. Once we receive this information, we will be in a position to have a meaningful meet and confer discussion with you. Absent same, the meet and confer requirements of the local rules will not have been completed.

Please also be advised that, in the event you file a motion for reconsideration simply repeating what you previously argued and/or what you **could have argued** in your opposition, including at the hearing on June 5, 2019, then your motion will be frivolous and we will serve, and later file, a Rule 11 Motion for Sanctions to hold Ms. Johnson, Tycko & Zavareei LLP, Varnell & Warwick P.A., and Public Justice responsible for the defendants' fees and costs in opposing the motion.

Sincerely,

Charles Harder



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner. Thank you.

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Thursday, June 20, 2019 1:20 PM
**To:** Charles Harder
**Cc:** Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Janet Varnell; Katherine Aizpuru; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch
**Subject:** Re: Trump-Johnson: D. Trump Responses and Objections - attached

My email erroneously stated we intend to file our motion on June 20, 2019. I meant to say June 24, 2019. Sorry for the error.

On Jun 20, 2019, at 4:06 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

Charles,

Per Local Rule 3.01(g), we are reaching out to set up a meet and confer regarding our Motion for Reconsideration of the Court's June 14, 2019 Order, which we intend to file this Monday, June 20, 2019.  In our Motion, we will ask the Court to reconsider its rulings and statements on the following issues: Plaintiff's motives for bringing suit, the admissibility of material in Plaintiff's Complaint, the likelihood of a punitive damages award, the nature of Defendant Trump's conduct, and the necessary elements of a motion to strike.

Please let me know when you or one of your colleagues will be available to discuss sometime today or tomorrow.

Regards,

Hassan

_____

<image002.jpg>Hassan Zavareei  ▪  Tycko & Zavareei llp  ▪  www.tzlegal.com
1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
p 202.973.0910 (direct)  ▪  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

# EXHIBIT 44

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Thursday, June 20, 2019 3:59 PM |
| **To:** | Charles Harder |
| **Cc:** | Jennifer Bennett; Katherine Aizpuru; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Janet Varnell; Dawn Siler-Nixon; Tracey Jaensch |
| **Subject:** | Search Terms and Custodians |

Charles,

As you are aware, we provided you with a draft ESI protocol several weeks ago.  After weeks of insisting that you would not enter into an ESI protocol, you finally provided redlines. We sent our redlines back to you yesterday. In the hopes that we can reach an agreement, and in order to move the ball forward, we would like to reach agreement on search terms and custodians. As you recall, Tracey indicated that you wanted to agree to search terms and custodians and incorporate them into the ESI Protocol. For some reason it appears that you have changed your position on that. In any event, we are writing to provide you with (1) search terms we used in our initial ESI searches, (2) a proposal of search terms for Defendants to use, and (3) a proposed list of custodians for Defendant.

Here are search terms we used:

1.  Trump
2.  Horowitz
3.  Hurvitz
4.  "National Strike Team"
5.  "Director of Outreach and Coalitions"
6.  Rally
7.  Campaign
8.  Bedsole
9.  Giorno
10. Castellano
11. Tucker
12. Tyner
13. Locetta
14. Bowdidge
15. Ramos
16. Morris
17. Pugh
18. Beavers
19. Dumbauld
20. Ciepelowski
21. Browning
22. Chiokadze
23. "Recreational vehicle"
24. RV
25. "August 24, 2016"
26. Discriminat*
27. Republican
28. Kiss*

29. Harass*
30. Assault

Here is a preliminary list of individuals that we believe are likely to possess relevant information regarding Plaintiff's battery and/or unequal pay claims, though of course this list may change:

1. Donald J. Trump
2. Karen Giorno
3. Lucia Castellano
4. Cassidy Dumbauld
5. Chess Bedsole
6. Charles ("Chad") Tucker
7. Dennis Beavers
8. Jennifer Locetta
9. Susie Wiles
10. Tony Ledbetter
11. Nick Corvino
12. Beatriz "Bibi" Ramos
13. Stephen Bannon
14. Stephanie Grisham
15. Suzie Jaworowski
16. Elizabeth Mae Davidson
17. Mitch Tyner
18. Sidney Bowdidge
19. Matt Ciepielowski
20. Austin Browning
21. David Chiokadze
22. Corina Cotenscu
23. Head(s) of payroll
24. Person(s) responsible for making salary determinations

Here is a list of proposed search terms for Defendants to use in their ESI searches:

1. "National Strike Team"
2. "Director of Outreach and Coalitions"
3. "Equal Pay Act"
4. EPA
5. "Equal Pay"
6. Salary "Pay gap"
7. "Pay disparity"
8. Gender
9. Sex
10. Payroll
11. Wages
31. Promot*
32. Demot*
33. Reassign
34. Compensation
35. "Equal Employment Opportunity Commission"
36. EEOC
37. "Human Rights"
38. Race

39. Racist
40. Racism
41. **Whites**
42. Blacks
43. Minority
44. "Minority outreach"
12. Nigger
13. Colored
14. "Porch monkey"
15. Coon
16. Apprentice
17. NDA
18. "Nondisclosure"
19. Arbitration
20. Alva
21. "Alva Johnson"
22. "Alva Lewis Johnson"
23. "Recreational vehicle"
24. RV
25. "August 24, 2016"
26. Discriminat*
27. Kiss*
28. Harass*
29. Assault
30. Accuser
31. **Victim**
32. "Sexual misconduct"
33. "Sexual predator"
45. Rally
46. Giorno
47. Castellano
48. Tyner
49. Grisham
50. Corvino
51. Ledbetter
52. Bondi
53. Locetta
54. Bowdidge
55. Ramos
56. Morris
57. Pugh
58. Dumbauld
59. Ciepelowski
60. Browning
61. Chiokadze
62. Volunteer*
63. Collateral
64. "Talking points"
65. Presentation
66. "Door knocking"
67. "Phone bank"
68. "Super Saturday"

69. Canvas*

Of course all of the search terms would not need to be run against each custodian. Please let me know when you can have a call to discuss these proposed search terms and custodians.

Regards,


Hassan

 Hassan Zavareei ▪ Tycko & Zavareei llp ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

# EXHIBIT 45

## Katherine Aizpuru

| | |
|---|---|
| **From:** | Katherine Aizpuru |
| **Sent:** | Friday, June 21, 2019 5:13 PM |
| **To:** | Charles Harder; Hassan Zavareei; Janet Varnell |
| **Cc:** | Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch |
| **Subject:** | Supplemental Responses to First set of Interrogatories |
| **Attachments:** | 2019.06.21 Plaintiff's Supplemental Responses and Objections to Interrog....pdf |

Counsel:

Please see the attached.



**Katherine M. Aizpuru** ▪ Associate ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.417.3667 ▪ f 202.973.0950

Check out our new video!

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

**From:** Charles Harder [mailto:charder@harderllp.com]
**Sent:** Thursday, June 20, 2019 1:51 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>
**Cc:** Jennifer Bennett <JBennett@publicjustice.net>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Nicole Porzenheim <nporzenheim@tzlegal.com>; Melat Kiros <mkiros@tzlegal.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>
**Subject:** Trump-Johnson: D. Trump Responses and Objections - attached

Dear Counsel:

Attached please find Donald J. Trump's responses and objections to Plaintiff's interrogatories, requests for admission and requests for production of documents.

As stated in my email of earlier this week, the Campaign's substantive responses are not yet ready.  We again request an extension of an additional seven days to provide you with the substantive responses.  Absent your agreement, we will serve only objections today, and substantive responses next week.  We also expect to commence the production of responsive documents next week.  However, the process of creating new files of only objections—to Plaintiff's massive written discovery due today—will take us hours.  We would prefer to use this time to complete the substantive responses and document production, rather than time-consuming busywork of creating new objections-only files.  Thus, your failure to grant us the professional courtesy of an additional seven days will have the effect of **increasing** the time that it will take for us to provide you with substantive

responses and documents, rather than decreasing the time.  Please let us know if you will reconsider your decision and grant us the seven additional days to respond.

Regarding the draft ESI Protocol, we expect to provide you with a further redline in the near future.

Sincerely,

Charles Harder



**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com
www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 46

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

REGIONS BANK, an Alabama banking
Corporation,

      Plaintiff,

vs.                               Case No.:  8:12-CV-01837-EAK-MAP

MARVIN KAPLAN, an individual; R1A PALMS,
LLC, a Florida limited liability company;
LIGHTHOUSE POINTE, LLC, a Florida limited
liability company; WELLS FARGO BANK, N.A.,
a national banking association, as successor by
merger with WACHOVIA BANK, N.A.; TRIPLE
NET EXCHANGE, LLC, a Delaware limited
liability company; MK INVESTING, LLC, a
Florida limited liability company; and SMITH
ADVERTISING & ASSOCIATES, INC., a
North Carolina corporation,

      Defendants.

AND

MARVIN I. KAPLAN, an individual; R1A PALMS,
LLC, a Florida limited liability company;
TRIPLE NET EXCHANGE, LLC, a Delaware
Limited liability company; MK INVESTING, LLC,
A Florida limited liability company and BNK SMITH,
LLC, a Florida limited liability company,

      Counterclaim/Crossclaim Plaintiffs,

vs.

ROBERT NICHOLAS SHAW, an individual,
THE FLORIDA BANKERS ASSOCIATION,
INC., a Florida corporation; BRIDGEVIEW
BANCORP, INC., a Delaware corporation,
CHARLES LARRY STARR, III, an individual,
G. TODD SMITH, an individual, GARY T. SMITH,
An individual and SMITH ADVERTISING &
ASSOCIATES, INC., a North Carolina corporation,

      Crossclaim Defendants.

_____/

**DEFENDANT WELLS FARGO BANK N.A.'S MOTION TO COMPEL
KAPLAN PARTIES TO PRODUCE DOCUMENTS AND ANSWERS TO
INTERROGATORIES NOS. 3-8 AND 11-13 AND MEMORANDUM OF LAW IN
SUPPORT**

Pursuant to Federal Rule of Civil Procedure 37, Defendant/Crossclaim Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to compel the production of documents and answers to interrogatories from the Kaplan Parties.[1] At issue are Requests 1–9, 13-65, 72-84, 87-91, 94-95 and 103-108 of Wells Fargo's First Request for Production—seeking materials Kaplan agreed to produce without objection—and answers to interrogatories 3-8 and 11-13 of Wells Fargo's First Set of Interrogatories. Wells Fargo has been unable to obtain the requested materials despite numerous requests that span almost one year.

## MOTION AND MEMORDANDUM OF LAW

### BACKGROUND

The Kaplan Parties' failure to participate in meaningful discovery is inexcusable.

In the 14th, 16th and 18th counts of the Amended Counterclaim and Crossclaim ("ACC"), the Kaplan Parties sued Wells Fargo for an alleged breach of its responsibility as a payor bank and for negligence. The theory behind the Kaplan Parties' claims is that Wells Fargo improperly and unlawfully returned certain checks—checks that would have been used in furtherance of other Defendants' fraudulent scheme. Wells Fargo's position is that the checks were timely and properly returned in accordance with well-established law, regulation and commercial practices. Wells Fargo issued appropriate and detailed discovery to the Kaplan Parties almost one year ago. To date, the Kaplan Parties have failed to produce a single document regarding their claims and

---

[1] "Kaplan Parties" collectively means Marvin I. Kaplan ("Kaplan"), RIA Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, and BNK Smith LLC all self-defined in the ACC as the "Kaplan Entities."

have made a sole, baseless objection to Wells Fargo's interrogatories. The Kaplan Parties must not be allowed to sidestep their discovery responsibilities any longer.[2]

On January 23, 2014, Wells Fargo served its First Request for Production of Documents and First Set of Interrogatories on Marvin Kaplan. On January 28, 2014 Wells Fargo served its First Request for Production of Documents and First Set of Interrogatories on each of the remaining Kaplan Parties. The collective Requests for Production of Documents and Interrogatories shall be referred to hereinafter as the "Requests for Production" and "First Interrogatories," respectively.

Subsequent to the service of the Requests for Production and First Interrogatories, the Kaplan Parties requested and were given additional time to serve their discovery responses. In fact, the Kaplan Parties were given multiple extensions of time to respond to Wells Fargo's discovery. By agreement of counsel, the final extension of time gave the Kaplan Parties until June 6, 2014 to serve their discovery responses. Attached as **Exhibit "A"** is a copy of e-mail communications between counsel for Wells Fargo and the Kaplan Parties reflecting the multiple extensions of time granted the Kaplan Parties ending on June 6, 2014.

A.     **The Requests for Production of Documents**

On June 10, 2014, Kaplan served his Responses and Objections to the Requests for Production; the remaining Kaplan Entities have yet to serve any response whatsoever to the Requests for Production, despite the fact that they are long overdue. During a recent good faith conference with counsel for the Kaplan Parties, Wells Fargo learned for the first time the Kaplan Parties' contention that they did not receive the Requests for Production served on the remaining

---

[2]  It should be noted that on December 18, 2014, Magistrate Judge Mark A. Pizzo entered an order granting in part and denying in part Regions Bank and Shaw's Motion to Compel.

3

Kaplan parties.[3]  On December 22, 2014, in an effort to quicken the discovery process, additional copies of the January 28, 2014 Requests for Production served on the remaining Kaplan Parties' were re-sent via e-mail to the Kaplan Parties' counsel.

Marvin Kaplan presented few objections to Wells Fargo's Request for Production.[4] Indeed, his responses indicate that to the extent they are in his possession, Kaplan will provide access to all non-privileged documents at a mutually agreeable date and time.  As it relates to the Requests for Production, Wells Fargo merely seeks access to the responsive documents and a privilege log.  In the eleven (11) months since Well Fargo served its Request for Production, it has not received a single document from Marvin Kaplan or the Kaplan Parties.

On multiple occasions, counsel for Wells Fargo requested counsel for the  Kaplan Parties to provide information concerning the scope and extent of the responsive documents, and when production might be forthcoming.[5]  Counsel for Wells Fargo received no meaningful response. For example, on November 25, 2014, Wells Fargo counsel asked counsel for the Kaplan Parties to provide a date when review of the records would be possible and for information regarding the number, format and location of those documents.  The November 25 email also requested that the Kaplan Parties respond to discovery sought by Wells Fargo.  Again, on December 10, 2014, counsel for Wells Fargo sent a letter to counsel for the Kaplan Parties reiterating its requests, lamenting the Kaplan Parties' complete failure to participate in meaningful discovery, and informing them as to the necessity of court intervention should they not respond within ten (10)

---

[3] The Requests for Production were served electronically in the same e-mail as the January 28, 2014 Interrogatories to the remaining Kaplan Parties, which were received and responded to on June 10, 2014.  See **Exhibit "B."**

[4] Because the Kaplan Parties have not objected to the subject discovery requests, but have instead failed to produce documents, in lieu of quoting each of the specific requests and each identical response, a recitation of the subject Requests to Produce and Kaplan's Answer is attached as **Composite Exhibit "C"**.  Similarly, because the Kaplan Parties' objections to the subject interrogatories are also identical, in lieu of quoting each interrogatory and each response, a recitation of Wells Fargo's Interrogatories and the responses thereto is attached as **Composite Exhibit "D"**.

[5] A true and correct copy of certain of these communications, including their dates and times, is attached hereto as **Composite Exhibit "E"**.

days.  Again, a true and correct copy of the December 10, 2014 letter is included in Exhibit E.

Wells Fargo did not receive a response from counsel for the Kaplan Parties until December 22,

2014, when the Kaplan Parties counsel requested nearly a month's additional time to determine

what documents might be responsive and insisting, for the first time, that the remaining Kaplan

Parties had not received their Requests for Production.  The Kaplan Parties have had nearly a

year to determine what documents are responsive to Wells Fargo's Requests for Production.

### B.    The Interrogatories

The  Kaplan  Parties  have  taken  a  similar  dilatory  approach  to  Wells  Fargo's

Interrogatories issued on January 23, 2014, and January 28, 2014.  On June 10, 2014, the Kaplan

Parties served their Answers and Objections to Wells Fargo's First Set of Interrogatories.  Their

objection to each disputed interrogatory is substantively identical—the Kaplan Parties allege that

the interrogatory is "a contention interrogatory which is improper." *See generally* Composite

Exhibit D, Interrogatories and Responses.

## ARGUMENT

## I.    THIS COURT SHOULD COMPEL DISCOVERY AGAINST KAPLAN PARTIES

### A.    The Kaplan Parties Failed to Produce Documents Within Their Possession, Custody and Control.

The  Federal  Rules  of  Civil  Procedure  require  that  both  plaintiffs  and  defendants

participate in the discovery process. *See* Fed. R. Civ. Pro. 26(b)(1) (stating that any party "may

obtain discovery regarding any non-privileged matter that is relevant to any party's claim or

defense"). This requirement exists to "make a trial less of a game of blind man's bluff and more

a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Anderson*

*v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988) (quotation marks omitted).

In this case, no issue exists regarding the propriety of Wells Fargo's Requests for

Production; with few exceptions, Kaplan does not contest the relevance or discoverability of the

production requests. Instead, Kaplan assured Wells Fargo in his Response that he would produce documents relevant to the Requests at a mutually agreeable date and location. Yet, in the six months since Kaplan served his Response, he has not produced a single document to Wells Fargo and has failed to cooperate in any way, either by providing Wells Fargo access to the documents or any information about the scope and extent of the responsive documents.

Now, any further objection by Kaplan has been waived in light of his untimely response to Wells Fargo's production requests and repeated failure to respond to inquiries regarding the documents' whereabouts. *Bank of Mongolia v. M & P Global Fin. Services, Inc.*, 258 F.R.D. 514, 518 (S.D. Fla. 2009). This Court should compel Kaplan to produce all relevant, non-privileged materials responsive to Wells Fargo's Request for Production, particularly since Kaplan has already agreed to produce the responsive documents.

Similarly, because the remaining Kaplan Parties have wholly failed to respond to the Requests for Production (which were issued almost one year ago) this Court should rule that any potential objections as to their production have been waived. Failure to object in a timely manner waives the objections. *See, e.g., Morock v. Chautauqua Airlines, Inc.*, 2007 WL 4247767, *1 (M.D. Fla. 2007) (failure to respond to discovery waives objections to interrogatories and requests for production (*citing* Middle District Discovery (2001); *Third Party Verification, Inc. v. SignatureLink, Inc.*, 2007 WL 1288361, at *2 (M.D. Fla. 2007) ("A party failing to serve an objection to a discovery request within the time required by Fed.R.Civ.P. 33 or 34, in the absence of good cause or of an extension of time to do so, waives the right to later raise objections."). All relevant, non-privileged documents in the Kaplan Entities' possession must be produced.

Kaplan's Response to the Request for Production stated that all non-privileged documents would be made available for inspection. However, Kaplan failed to serve a privilege

log and did not disclose whether any documents were to be withheld. Kaplan was required by Fed. R. Civ. P 26(a)(5) to expressly make the privilege claim and describe the nature of the items not produced in sufficient detail so as to allow the requesting side to assess the applicability of the privilege. Wells Fargo seeks the same relief granted Regions Bank and Shaw in the Court's December 19, 2014 Order [Doc. 335].

In particular, if Kaplan is going to assert work-product or attorney-client privilege, Wells Fargo seeks an order requiring Kaplan (and the remaining Kaplan Parties, if and when they serve responses to the Requests for Production) to provide a privilege log detailing the following information for each document:

(1) A brief description or summary of the document sufficient to understand its context without revealing its contents:

(2) The date it was prepared;

(3) The name(s) of the person(s) who prepared the document and their position(s);

(4) The person(s) to whom the document was directed or received, or for whom it was prepared, and their position(s);

(5) The purpose for preparing the document;

(6) The privilege asserts; and

(7) The reason the document purportedly satisfies the asserted privilege.

**B.** **The Kaplan Parties' Objection to Wells Fargo's Interrogatories is Baseless**

The Kaplan Parties object to Nos. 3-8 and 11-13 of Wells Fargo's interrogatories, claiming for each:

> Objection. This interrogatory is a contention interrogatory which is improper. Additionally, overly broad and burdensome. See Middle District Discovery (2001) at IV (A)(S). Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive. *Id.* In the Middle District of Florida, such "contention interrogatories" must be extremely limited. *Oliver v. City of Orlando*, 2007 WL 3232227 (M.D. Fla. 2007) at 4, points out that contention interrogatories occupy a "somewhat disfavored status" as illustrated in the Middle District Discovery handbook which weighs in with the following cautionary statement: "Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Middle District Discovery (2001) at 16. This interrogatory is attempting to question [Kaplan Parties] regarding all evidence and all factual basis for all allegations presented within the Amended Crossclaim. If interrogatories were a tool to question another party as to the factual basis and evidentiary support for each contention stated within a pleading, the amount of interrogatories permitted would be directly reflective of the causes of action and paragraphs within the pleading. The Amended Crossclaim is sufficiently detailed as to the facts alleged that it would be overly burdensome for [Kaplan Parties] to recite and repeat the exact same facts that are contained within the Crossclaim in response to this interrogatory.

*See* Composite Exhibit D, Interrogatories and Responses.

The Kaplan Parties' objections are inappropriate and outdated. A "contention interrogatory," in and of itself, is not improper. Even assuming the disputed interrogatories should be classified as contention interrogatories, there is no longer any automatic rule that an interrogatory must be disallowed merely because it calls for an opinion or contentions. Fed.R.Civ.P. 33(b); *Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, 6:12-CV-1379-ORL-22, 2014 WL 186123, at *2-3 (M.D. Fla. Jan. 16, 2014); § 2167 Scope of Interrogatories—Opinions, Contentions, and Conclusions, 8B Fed. Prac. & Proc. Civ. § 2167 (3d ed.).

Contention interrogatories may ask a party to state what it contends, or to provide all the facts on which it bases it contentions, or to identify all the evidence on which it bases its contentions, or to explain how the law applies to the facts of the case. *Bonutti Skeletal Innovations LLC*, at \*2-3. As explained by this Court,

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time. The Federal Circuit has observed that contention interrogatories are useful in narrowing and sharpening the issues, which is a major purpose of discovery, and they allow parties to pin down [the other's] theories of liability [and] theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case. When they are used correctly, contention interrogatories are useful in narrowing and sharpening the issues."

*Bonutti Skeletal Innovations LLC*, at \*2-3 (internal citations omitted); *accord Hendricks v. Mirabilis Ventures, Inc.*,: No. 3:07–cv–661–T17EAJ, 2008 WL 423566 \* 1 (M.D.Fla. Feb. 13, 2008). In *Hendricks*, this Court found contention interrogatories appropriate because they narrowly targeted affirmative defenses, did not tread on any other claim or contention raised, and did not seek a detailed narrative of the case but rather "appropriately [sought] the application of law to fact." *Hendricks*, at \*2.

In addressing Regions Bank and Shaw's Motions to Compel better answers to Interrogatories [Doc. 282] the court overruled the Kaplan Parties objections based on contention interrogatory. Magistrate Judge Pizzo found the following:

> The Amendments to Rule 33, Federal Rules of Civil Procedure make clear that "[o]pinion and contention interrogatories are used routinely" and "can be most useful in narrowing and sharpening issues." See Fed. R. Civ. P. 33 advisory committee's notes (1970, 2007).

*See* December 19, 2014 Order [Doc. 335]. Here, Wells Fargo's First Set of Interrogatories were properly propounded to clarify the Kaplan parties' position regarding certain specific (and confusing) allegations against Wells Fargo. The disputed interrogatories are

9

not premature, oppressive or overbroad. Instead, they narrowly target specific claims that Wells Fargo believes are unclear and might be subject to early resolution.

For example, Wells Fargo seeks to discover facts that support the Kaplan Parties' claim that the term "refer to maker" is an unlawful and inappropriate one **in this case**. *See* Composite Exhibit D, No. 3. Because in most instances the term "refer to maker" **is** a lawful and appropriate check rejection (making this counterclaim susceptible to summary judgment), Wells Fargo is entitled to know the basis upon which such a claim is made. The "refer to maker" issue is prime for summary judgment, and Wells Fargo served detailed interrogatories in an attempt to get the Kaplan Parties to provide the factual support for such a theory.

Ordinarily litigants comply with their obligations to cooperate in discovery but the Kaplan Parties' conduct during this lawsuit proves otherwise. The Kaplan Parties repeatedly raise this inappropriate objection as part of an recurring attempt to thwart discovery on critical issues raised in the Amended Counterclaim. One could conclude that the Kaplan Parties' objections were raised in an attempt to avoid disclosing the reality that the "refer to maker" cause of action is not supported by law or fact and in fear that a full response would lead to the disposition of this theory on summary judgment.

The interrogatories that seek to vet the Kaplan Parties' claims regarding the "midnight deadline" are equally straightforward and appropriate for summary judgment—making contention interrogatories not only appropriate but preferable for "narrowing and sharpening the issues" for trial. *Bonutti Skeletal Innovations LLC*, at *2-3. *See, e.g.*, Composite Exhibit D, , Nos. 6 and 11.

Likewise, Wells Fargo's request to explain how their checks were not returned "in accordance with law," or how "Wells Fargo breached that duty" is just the sort of the vague and

overly broad allegation that can, and should, be clarified through contention interrogatories. *Id.* at Nos. 7 and 12.

Other of Wells Fargo's Interrogatories seek to have the Kaplan Parties identify and narrow the scope of their unclear claims and contentions. For example, Interrogatory No. 5 seeks clarification of Kaplan Parties' claims that they "would have been able to act to preserve their investment" had Wells Fargo returned the checks properly. *Id.* at No. 5. The Kaplan Parties ACC offered no reason why Wells Fargo should be responsible for their failed and allegedly fraudulent investment when it acted timely and appropriately in accordance with law. In response, rather than further subjecting each Kaplan Party to costly and time-consuming depositions for claims that span almost 300 counts of their pleading, Wells Fargo propounded interrogatories to clarify and elicit the basis for the allegations at issue

Worse, the Kaplan Parties' objections are incorrect on the merits. Contrary to the Kaplan Parties' objections, the interrogatories are far from all-encompassing and are neither unduly burdensome nor overbroad. They are not designed to vet the entirety of the Kaplan Parties' case or to make them recite facts already illuminated in the ACC. Wells Fargo's interrogatories do not request "all" facts or "the entire factual basis" for the ACC, but instead—to avoid wasteful preparation and to expedite litigation—the interrogatories expose bases for summary judgment on narrow issues for which the Kaplan Parties are unlikely to prevail. Such requests are appropriate particularly in complex cases such as this, where contention interrogatories are less costly and more effective for settlement than other discovery devices, such as depositions. *See* Ian D. Johnston & Robert G. Johnston, *Contention Interrogatories in Federal Court*, 148 F.R.D. 441, 444 (1993).

Moreover, merely stating that an interrogatory is overbroad does not suffice to state a proper objection; instead, the objecting party must specify which part of a request is overbroad

and explain why. *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) ("[T]to even merit consideration, an objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden."). Because the Kaplan Parties have not, and cannot, support their baseless objections, they must be compelled to answer discovery regarding their complex, unclear and equally baseless counterclaims against Wells Fargo.

## CONCLUSION

This track 3 lawsuit has been ongoing for nearly three (3) years. The Kaplan Parties have refused to cooperate in the discovery process; most of the counter or cross claim defendants have had to move to compel the Kaplan Parties discovery responses or challenge their objections. The Kaplan Parties should not be permitted to evade simple explanations to appropriate and useful interrogatories that will allow Wells Fargo to respond to their contentions and to more quickly resolve a case which they have drawn out for far too long. Wells Fargo respectfully requests that this Court enter an order compelling the Kaplan Parties to produce materials responsive to its Request for Production and to provide answers to Wells Fargo's First Set of Interrogatories.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)**

The undersigned certifies that Wells Fargo's counsel conferred with Kirt Posthuma, counsel for the Kaplan Parties, via e-mail and a telephone discussion on December 22, 2014 regarding the relief sought in this motion. However, counsel were unable to agree on the relief requested in this Motion or the resolution of the Motion.

### *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on December 23, 2014, a true and correct copy of the foregoing document was furnished via electronic mail to:

***Counsel for Regions Bank and Robert Nicholas Shaw:***
David S. Garbett, Esq.
Joseph D. Perkins, Esq.
Garbett, Stiphany, Allen & Roza, P.A.
80 S.W. 8th Street, Suite 3100
Miami, FL 33130
jperkins@gsarlaw.com
dgarbett@gsarlaw.com

***Counsel for Bridgeview Bank Group:***
William G. Lazenby, Esq.
Jason M. Ellison, Esq.
Ellison & Lazenby, PLLC
200 Central Ave., 20th Floor
St. Petersburg, FL 33701
wlazenby@elattorneys.com
jellison@elattorneys.com

***Counsel for Kaplan Parties:***
Jon D. Parrish, Esq.
Parrish, White & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, FL 34109
jonparrish@napleslaw.us
ply@napleslaw.us
karlaschooley@napleslaw.us
kimdetrinis@napleslaw.us

***Counsel for Charles L. Starr***
Eric R. Pellenbarg, Esq.
A. Brian Albritton, Esq.
Phelps Dunbar, LLP
100 S. Ashley Drive, Suite 1900
Tampa, FL 33602-5311
pellenbe@phelps.com
brian.albritton@phelps.com

_____
Mark J. Ragusa, Esq.
Florida Bar No.: 0829633
Ana D. Johnson, Esq.
Florida Bar No.: 0111384
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
(813) 222-6619; Fax: (813) 314-6919
E-mail: mragusa@gunster.com
Attorneys for Defendant/Counter-Defendant,
Wells Fargo Bank, N.A.

FTL_ACTIVE 4543516.3

13

# EXHIBIT A

## Ragusa, Mark

| | |
|---|---|
| **From:** | Ragusa, Mark |
| **Sent:** | Thursday, May 22, 2014 2:43 PM |
| **To:** | 'Harris Katz' |
| **Cc:** | Kennedy, Tracy |
| **Subject:** | RE: Kaplan/ Wells Fargo |

Not a problem. You have until June 6.   Mark



**GUNSTER**
FLORIDA'S LAW FIRM FOR BUSINESS
Mark J Ragusa | Shareholder
P (813) 222-6619
Email: mragusa@gunster.com

**From:** Harris Katz [mailto:HarrisKatz@napleslaw.us]
**Sent:** Thursday, May 22, 2014 2:41 PM
**To:** Ragusa, Mark
**Subject:** Re: Kaplan/ Wells Fargo

Mark,

I was  apparently extremely short-sighted when I sought the extension last week.  I didn't take into account that I would be in depos all week out of the office.  I was out in Tampa and Sarasota all week and am at a depo as I type this. I am also out until next Thursday at more depos and hearings in Sarasota.  I finished the response to your RFP, but still need to finish rogs and meet with client to finalize.  To be safe, I am asking for 2 more weeks.

If it makes you feel any better about being understanding, I just gave Garbett's office an additional 3 weeks to respond to my discovery.  That is probably the 5th extension I have given them on discovery that was due back in December.

I am in the office from Thursday all through the following week with a completely open calendar, so I can get you discovery completed.  The due date would then be June 6th.

I totally apologize (again) and appreciate the courtesy.  I will certainly extend the same courtesy to you in the future should you ever need it on any issue.   If you do not agree , I will need to file a motion for extension of time.

Thanks in advance.

Harris


Sent from my HTC EVO 4G LTE exclusively from Sprint

1

----- Reply message -----
From: "Ragusa, Mark" <MRagusa@gunster.com>
To: "Harris Katz" <HarrisKatz@napleslaw.us>
Cc: "Kennedy, Tracy" <TKennedy@gunster.com>
Subject: Kaplan/ Wells Fargo
Date: Fri, May 16, 2014 10:58 AM


Harris,
To confirm our call, Wells Fargo has no objection to an extension of one more week until Friday May 23, 2014 for the
Kaplan Parties to serve their discovery responses.  Mark




**GUNSTER**
FLORIDA'S LAW FIRM FOR BUSINESS
**Mark J Ragusa | Shareholder**
P (813) 222-6619
Email: mragusa@gunster.com


**From:** Harris Katz [mailto:HarrisKatz@napleslaw.us]
**Sent:** Friday, May 16, 2014 10:22 AM
**To:** Ragusa, Mark
**Subject:** RE: Kaplan/ Wells Fargo

Mark,

I hate to ask... but, I have not been able to get the responses finished yet to the discovery.  I was planning on finishing it
today and getting it out to you by day's end, but I have to leave early to get my son in Ft. Lauderdale.  My ex-wife's
mother is in the hospital and I have to pick him up from school.  So, there is no way that I can get the discovery done
today.  Can I have until next Friday?  (I have depos all over the place Monday-Thursday next week)  I promise, no more
requests for extensions.

Thanks for your consideration.


_____

Harris B. Katz, Esquire
Parrish & Yarnell, P.A.
3431 Pine Ridge Road
Suite 101
Naples, FL  34109
P:  239-566-2013
F:  239-566-9561


Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you
that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise
specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties
under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed
herein. Click the following hyperlink to view the complete Gunster IRS Disclosure & Confidentiality note.

http://www.gunster.com/terms-of-use/

# EXHIBIT B

## Kennedy, Tracy

| | |
|---|---|
| **From:** | Kennedy, Tracy |
| **Sent:** | Tuesday, January 28, 2014 4:55 PM |
| **To:** | 'Albritton, Brian'; 'Colgan, Michael'; 'Ellison, Jason'; 'Lazenby, William G.'; 'Parrish, Jon'; 'Pellenbarg, Eric'; 'Perkins, Joseph' |
| **Cc:** | Ragusa, Mark |
| **Subject:** | SERVICE OF COURT DOCUMENT 8:12-CV-1837-T-17-MAP |
| **Attachments:** | Wells Fargo's 1st Set of Interrogatories to MK Investing, LLC.pdf; Wells Fargo_s 1st Request for Production to BNK Smith, LLC.PDF; Wells Fargo_s 1st Request for Production to MK Investing, LLC.PDF; Wells Fargo_s 1st Request for Production to Triple Net Exchange, LLC.PDF; Wells Fargo_s 1st Request for Production to R1A Palms, LLC.PDF; Wells Fargo_s 1st Set of Interrogatories to Triple Net Exchange, LLC.PDF; Wells Fargo_s 1st Set of Interrogatories to R1A Palms, LLC.PDF; Wells Fargo_s 1st Set of Interrogatories to BNK Smith, LLC.PDF |

| | |
|---|---|
| **Court :** | U.S.D.C., Middle District |
| **Case # :** | 8:12-CV-1837-T-17-MAP |
| **Initial plaintiff :** | Regions Bank |
| **Initial defendant :** | Marvin I. Kaplan |
| **Document :** | Wells Fargo's 1st Set of Interrogatories to MK Investing, LLC.pdf<br>Wells Fargo's 1st Set of Interrogatories to BNK Smith, LLC.pdf<br>Wells Fargo's 1st Set of Interrogatories to R1A Palms, LLC.pdf<br>Wells Fargo's 1st Set of Interrogatories to Triple Net Exchange, LLC.pdf<br>Wells Fargo's 1st Request for Production to MK Investing, LLC.pdf<br>Wells Fargo's 1st Request for Production to BNK Smith, LLC.pdf<br>Wells Fargo's 1st Request for Production to R1A Palms, LLC.pdf<br>Wells Fargo's 1st Request for Production to Triple Net Exchange, LLC.pdf |
| **Sender :** | Tracy Kennedy for Mark J. Ragusa at (813) 228-9080 |



**GUNSTER**
FLORIDA'S LAW FIRM FOR BUSINESS

**Tracy Kennedy**
Assistant to Mark J. Ragusa
  and Mitchell C. Robiner
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
P 813-222-6674  F 813-314-6974
gunster.com
Email me: TKennedy@gunster.com

1

# EXHIBIT C

## EXHIBIT C

## WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### *Request No. 1:*

Copies of any and all documents which evidence or in any way memorialize any of your communications or interactions with Regions Bank regarding issues raised in this lawsuit and in particular, your Amended Counterclaim from August 2009 to the present.

### *Answer to Request No. 1:*

In response to Request 1, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 2:*

Copies of any and all documents which evidence or in any way memorialize any of your communications or interactions with Robert Shaw regarding issues raised in this lawsuit and in particular, your Amended Counterclaim from August 2009 to the present.

### *Answer to Request No. 2:*

In response to Request 2, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 3:*

Copies of any and all documents which evidence or in any way memorialize any of your communications or interactions with Bridgeview Bank regarding issues raised in this lawsuit and in particular, your Amended Counterclaim from August 2009 to the present.

### *Answer to Request No. 3:*

In response to Request 3, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 4:*

Copies of any and all documents which evidence or in any way memorialize any of your communications or interactions with Wells Fargo regarding issues raised in this lawsuit and in particular, your Amended Counterclaim from August 2009 to the present.

## EXHIBIT C

## WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### Answer to Request No. 4:

In response to Request 4, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 5:

Copies of any and all documents which evidence or in any way memorialize any of your communications or interactions with Charles L. Starr regarding issues raised in this lawsuit and in particular, your Amended Counterclaim from August 2009 to the present.

### Answer to Request No. 5:

In response to Request 5, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 6:

Copies of any and all documents which evidence or in any way memorialize any of your communications or interactions with SAA regarding issues raised in this lawsuit and in particular, your Amended Counterclaim from August 2009 to the present.

### Answer to Request No. 6:

In response to Request 6, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 7:

Copies of any and all documents which evidence or in any way memorialize any of your communications or interactions with T. Smith regarding issues raised in this lawsuit and in particular, your Amended Counterclaim from August 2009 to the present.

### Answer to Request No. 7:

In response to Request 7, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**EXHIBIT C**

**WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

**_Request No. 8:_**

Copies of any and all documents which evidence, reflect or in any way memorialize the ongoing investments, transactions, returns, profits and losses from your involvement with the transactions which give rise to this lawsuit.

**_Answer to Request No. 8:_**

In response to Request 8, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**_Request No. 9:_**

Copies of any and all documents which reflect or in any way memorialize your historic investment with any of the cross or counterclaim defendants which are the subject of this lawsuit, and which investments are referenced in Paragraph No. 92 of your Amended Counterclaim.

**_Answer to Request No. 9:_**

In response to Request 9, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**_Request No. 13:_**

Copies of all contracts referenced and described in Paragraph Nos. 112 and 113 of your Amended Counterclaim (to the extent not attached to your Amended Counterclaim).

**_Answer to Request No. 13:_**

In response to Request 13, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**_Request No. 14:_**

Copies of any and all documents which evidence or reflect the deposit of "checks from the third deal into their Regions account" as alleged in Paragraph No. 106 of your Amended Counterclaim.

3

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### *Answer to Request No. 14:*

In response to Request 14, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 15:*

Copies of any and all documents which evidence, reflect or memorialize your allegation that "Regions placed a hold on the checks and declined to credit them that day" as alleged in Paragraph No. 106 of your Amended Counterclaim.

### *Answer to Request No. 15:*

In response to Request 15, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 16:*

Copies of any and all documents which evidence, reflect or memorialize any communications from you advising "T. Smith and SAA that they did not have sufficient funds to invest in the Third Deal" as alleged in Paragraph No. 107 of the Amended Counterclaim.

### *Answer to Request No. 16:*

In response to Request 16, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 17:*

Copies of any and all documents which evidence or reflect the communications allegedly made by T. Smith and SAA as set forth in Paragraph No. 108 of your Amended Counterclaim.

### *Answer to Request No. 17:*

In response to Request 17, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

#### Request No. 18:

Copies of any and all documents which evidence or reflect your investment in the contracts referenced in Paragraph No. 112 of your Amended Counterclaim.

#### Answer to Request No. 18:

In response to Request 18, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 19:

Copies of the checks for repayment and checks for payment of interest and certain incentive checks referenced in Paragraph No. 113 of your Amended Counterclaim.

#### Answer to Request No. 19:

In response to Request 19, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 20:

Copies of all contracts referenced and described in Paragraph Nos. 116 and 117 of your Amended Counterclaim (to the extent not attached to your Amended Counterclaim).

#### Answer to Request No. 20:

In response to Request 20, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 21:

Copies of any and all documents which evidence or reflect your investment in the contracts referenced in Paragraph No. 116 of your Amended Counterclaim.

### EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

#### Answer to Request No. 21:

In response to Request 21, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 22:

Copies of all communications and correspondence between you and any party to this lawsuit involving "A Hole in the Dike" as described in Paragraph Nos. 118-134 of your Amended Counterclaim.

#### Answer to Request No. 22:

In response to Request 22, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 23:

Copies of any and all documents which evidence or reflect or in any way memorialize the communication from T. Smith and SAA to Kaplan on January 24, 2012 as referenced in Paragraph No. 118 of your Amended Counterclaim.

#### Answer to Request No. 23:

In response to Request 23, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 24:

Copies of any and all documents which evidence, reflect or memorialize the call from Linda Carlson as referenced in Paragraph No. 122 of the Amended Counterclaim.

#### Answer to Request No. 24:

In response to Request 24, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### Request No. 25:

Copies of any and all documents which evidence, reflect or memorialize the call from Linda Carlson as referenced in Paragraph No. 123 of the Amended Counterclaim.

### Answer to Request No. 25:

In response to Request 25, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 26:

Copies of any and all documents which evidence, reflect or in any way memorialize representations made by Regions that funds from checks had cleared as referenced in Paragraph No. 124 of your Amended Counterclaim.

### Answer to Request No. 26:

In response to Request 26, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 27:

Copies of any and all documents which evidence, reflect or in any way memorialize your communications with Linda Carlson as reflected in Paragraph No. 125 of your Amended Counterclaim.

### Answer to Request No. 27:

In response to Request 27, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 28:

Copies of any and all documents which evidence or reflect any efforts undertaken by you to determine the definition, impact or effect of a check returned marked "Refer to Maker" as referenced in Paragraph No. 125 of your Amended Counterclaim.

## EXHIBIT C

**WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### Answer to Request No. 28:

In response to Request 28, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 29:

Copies of any and all documents which evidence or reflect any efforts undertaken by you to determine the definition, impact or effect of a check returned marked "Insufficient Funds" as referenced in Paragraph No. 125 of your Amended Counterclaim.

### Answer to Request No. 29:

In response to Request 29, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 30:

Copies of any and all documents which evidence or reflect your communications with T. Smith and SAA as referenced in Paragraph No. 126 of your Amended Counterclaim.

### Answer to Request No. 30:

In response to Request 30, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 31:

Copies of any and all documents which evidence or reflect your communications with T. Smith and in particular, the communications referenced in Paragraph No. 127 of your Amended Counterclaim.

### Answer to Request No. 31:

In response to Request 31, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### Request No. 32:

Copies of any and all documents which evidence or reflect your communications with T. Smith and in particular, the communications referenced in Paragraph No. 128 of your Amended Counterclaim.

### Answer to Request No. 32:

In response to Request 32, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 33:

Copies of any and all documents which evidence or reflect your communications with T. Smith and in particular, the communications referenced in Paragraph No. 129 of your Amended Counterclaim.

### Answer to Request No. 33:

In response to Request 33, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 34:

Copies of any and all documents which evidence or reflect your communications with T. Smith and in particular, the communications referenced in Paragraph No. 133 of your Amended Counterclaim.

### Answer to Request No. 34:

In response to Request 34, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 35:

Copies of any and all documents which evidence or reflect or in any way memorialize the basis for your belief that the funds were available to the Smiths and SAA and just on hold as alleged in Paragraph No. 134 of your Amended Counterclaim.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

**Answer to Request No. 35:**

    In response to Request 35, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**Request No. 36:**

    Copies of any and all documents which you contend support your belief that the reference to "Refer to Maker" reflected that the funds were available and would be released at some point as alleged in Paragraph No. 134 of your Amended Complaint.

**Answer to Request No. 36:**

    In response to Request 36, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**Request No. 37:**

    Copies of any and all communications which evidence, reflect or otherwise memorialize the call from Robert Shaw as referenced in Paragraph No. 135 of your Amended Counterclaim.

**Answer to Request No. 37:**

    In response to Request 37, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**Request No. 38:**

    Copies of any and all communications which evidence, reflect or otherwise memorialize the call from Robert Shaw as referenced in Paragraph No. 136 of your Amended Counterclaim.

**Answer to Request No. 38:**

    In response to Request 38, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

EXHIBIT C

**WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

**Request No. 39:**

Copies of any and all communications which evidence, reflect or otherwise memorialize the call from Robert Shaw as referenced in Paragraph No. 138 of your Amended Counterclaim.

**Answer to Request No. 39:**

In response to Request 39, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**Request No. 40:**

Copies of any and all communications which evidence, reflect or otherwise memorialize the call from Robert Shaw as referenced in Paragraph No. 139 of your Amended Counterclaim.

**Answer to Request No. 40:**

In response to Request 40, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**Request No. 41:**

Copies of any and all communications which evidence, reflect or otherwise memorialize the call from Robert Shaw as referenced in Paragraph No. 140 of your Amended Counterclaim.

**Answer to Request No. 41:**

In response to Request 41, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**Request No. 42:**

Copies of any and all documents which you contend supports your belief that the checks had not been returned due to insufficient funds because they were marked, "Refer to Maker" as alleged in Paragraph No. 141 of your Amended Counterclaim.

11

EXHIBIT C

**WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### *Answer to Request No. 42:*

In response to Request 42, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 43:*

Copies of all communications and correspondence between you and any party to this lawsuit involving "New Checks from a New Bank" as described in Paragraph Nos. 142-146 of your Amended Counterclaim.

### *Answer to Request No. 43:*

In response to Request 43, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 44:*

Copies of any and all documents which evidence or reflect the communications from T. Smith and SAA advising that new checks would be issued for the First and Second Deals as referenced in Paragraph No. 142 of your Amended Counterclaim.

### *Answer to Request No. 44:*

In response to Request 44, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 45:*

Copies of the replacement set of checks referenced in Paragraph No. 144 of your Amended Counterclaim.

### *Answer to Request No. 45:*

In response to Request 45, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

## Exhibit C

### Wells Fargo Bank's First Request for Production of Documents and the Responses of the Kaplan Parties

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

#### Request No. 46:

Copies of any and all documents which evidence or reflect your deposit or the replacement checks as referenced in Paragraph Nos. 145 and 146 of your Amended Counterclaim.

#### Answer to Request No. 46:

In response to Request 46, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 47:

Copies of all communications and correspondence between you and any party to this lawsuit regarding the "Returned Checks" as described in Paragraph Nos. 147-163 of your Amended Counterclaim.

#### Answer to Request No. 47:

In response to Request 47, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 48:

Copies of the formal written notice received by you regarding the return of twenty-eight (28) checks from Regions as alleged in Paragraph No. 147 of your Amended Counterclaim.

#### Answer to Request No. 48:

In response to Request 48, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 49:

Copies of the First Set of returned checks reflected in Paragraph No. 148 of your Amended Counterclaim.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

#### Answer to Request No. 49:

In response to Request 49, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 50:

Copies of the written notice for the return of the Second Set of thirty-two (32) checks from Regions as referenced in Paragraph No. 149 of your Amended Counterclaim.

#### Answer to Request No. 50:

In response to Request 50, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 51:

Copies of the Second Set of returned checks reflected in Paragraph No. 150 of your Amended Counterclaim.

#### Answer to Request No. 51:

In response to Request 51, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 52:

Copies of any marking or indication on the returned checks as referenced in Paragraph No. 152 of your Amended Counterclaim.

#### Answer to Request No. 52:

In response to Request 52, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### Request No. 53:

Copies of any and all documents which you contend support your allegations that any indications or markings on the returned checks caused you or the Investment Companies to take any action or disregard what they were being told by T. Smith and SAA as alleged in Paragraph No. 153 of your Amended Counterclaim.

### Answer to Request No. 53:

In response to Request 53, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 54:

Copies of any and all documents which you contend reflect the real reason for Bridgeview's return as referenced in Paragraph No. 154 of your Amended Counterclaim.

### Answer to Request No. 54:

In response to Request 54, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 55:

Copies of any and all documents which you contend support your allegation that had Bridgeview included a real reason for the return the Investment Companies would have been able to act to preserve their investment and avoid damages from subsequent re-transfer of the funds as alleged in Paragraph No. 154 of your Amended Counterclaim.

### Answer to Request No. 55:

In response to Request 55, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### *Request No. 56:*

Copies of any and all documents which evidence, reflect or in any way memorialize the call received by you from Robert Shaw on January 30, 2012 as alleged in Paragraph No. 155 of your Amended Counterclaim.

### *Answer to Request No. 56:*

In response to Request 56, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 57:*

Copies of any and all documents which evidence, reflect or in any way memorialize the call received by you from Robert Shaw on January 30, 2012 as alleged in Paragraph No. 156 of your Amended Counterclaim.

### *Answer to Request No. 57:*

In response to Request 57, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 58:*

Copies of the written notice of "the return of twenty-one (21) checks from Regions that had been returned by Wells Fargo and which Shaw had reported," as alleged in Paragraph No. 159 of your Amended Counterclaim.

### *Answer to Request No. 58:*

In response to Request 58, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### *Request No. 59:*

Copies of any and all documents which reflect any designation on the twenty-one (21) checks returned by Wells Fargo as alleged in Paragraph No. 159 of your Amended Counterclaim.

**EXHIBIT C**

**WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

**_Answer to Request No. 59:_**

In response to Request 59, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**_Request No. 60:_**

Copies of the Third Set of returned checks referenced in Paragraph No. 160 of your Amended Counterclaim.

**_Answer to Request No. 60:_**

In response to Request 60, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**_Request No. 61:_**

Copies of any and all documents which evidence, reflect or memorialize your contact with T. Smith and SAA as referenced in Paragraph No. 162 of your Amended Counterclaim.

**_Answer to Request No. 61:_**

In response to Request 61, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**_Request No. 62:_**

Copies of any and all documents which evidence, reflect the date and time of your communication with T. Smith and SAA as referenced in Paragraph No. 162 of your Amended Counterclaim.

**_Answer to Request No. 62:_**

In response to Request 62, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### Request No. 63:

Copies of any and all documents which evidence, reflect or memorialize the communication that "Wells Fargo had frozen SAA's accounts there as a result of the interference and defamation by Regions, related infra and that was the reason the latest set of checks had bounced" as alleged in Paragraph No. 162 of your Amended Counterclaim.

### Answer to Request No. 63:

In response to Request 63, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 64:

Copies of any and all documents which evidence or reflect communications by you directed to Wells Fargo relating to the checks returned by Wells Fargo marked either, "refer to maker" or "NSF" and in particular, those checks referenced in Paragraph Nos. 159-161 of your Amended Counterclaim.

### Answer to Request No. 64:

In response to Request 64, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 65:

Copies of any and all documents which evidence or reflect or in any way memorialize the allegations referenced in Paragraph No. 163 of your Amended Counterclaim.

### Answer to Request No. 65:

In response to Request 65, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

#### Request No. 72:

Copies of any and all documents which you contend support your allegation that neither Bridgeview nor Wells Fargo had a valid reason to return the items, or if they did, they used the wrong designation as alleged in Paragraph No. 166 of your Amended Counterclaim.

#### Answer to Request No. 72:

In response to Request 72, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 73:

Copies of any and all documents which evidence, reflect or in any way memorialize any communications from Wells Fargo or you that the "refer to maker" checks referenced in Paragraph No. 160 of your Amended Counterclaim misled you and the investment companies into believing that the items could be re-presented for payment and be honored as alleged in Paragraph No. 167 of your Amended Counterclaim.

#### Answer to Request No. 73:

In response to Request 73, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 74:

Copies of any and all documents which evidence, reflect or in any way memorialize any communications from Wells Fargo that the "refer to maker" checks referenced in Paragraph No. 160 of your Amended Counterclaim misled you and the investment companies into believing that the checks referenced was simply a mix-up of some kind as alleged in Paragraph No. 167 of your Amended Counterclaim.

#### Answer to Request No. 74:

In response to Request 74, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

## EXHIBIT C

## WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### Request No. 75:

Copies of any and all documents which evidence, reflect or in any way memorialize any communications from Wells Fargo that the "refer to maker" checks referenced in Paragraph No. 160 of your Amended Counterclaim misled you and the investment companies into believing that anything we said or did that delayed and destroyed the investment companies ability to recover the funds" as alleged in Paragraph No. 167 of your Amended Counterclaim.

### Answer to Request No. 75:

In response to Request 75, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 76:

Copies of any and all documents which you contend support your allegation that had Wells Fargo included a real reason for return, the investment companies would have been able to act to preserve their investment and avoid damages from subsequent re-transfer of the funds as alleged in Paragraph No. 168 of your Amended Counterclaim.

### Answer to Request No. 76:

In response to Request 76, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 77:

Copies of any and all documents which reflect Wells Fargo's return of the Third Set of checks on or about January 30, 2012 as alleged in Paragraph No. 169 of your Amended Counterclaim.

### Answer to Request No. 77:

In response to Request 77, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**EXHIBIT C**

**WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

**Request No. 78:**

Copies of any and all documents which you contend supports your allegation that some or any of the Counter Defendants and Crossclaim Defendants engaged in a Ponzi scheme as referenced throughout your Amended Counterclaim.

**Answer to Request No. 78:**

In response to Request 78, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**Request No. 79:**

Copies of any and all communications which evidence, reflect efforts by you and the investment companies to obtain the return of your money from the Conspirators as alleged in Paragraph No. 178 of your Amended Counterclaim.

**Answer to Request No. 79:**

In response to Request 79, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**Request No. 80:**

Copies of any and all documents which evidence, reflect or in any way memorialize the reassurances made by Smith and SAA referenced in Paragraph Nos. 179-181 of your Amended Counterclaim.

**Answer to Request No. 80:**

In response to Request 80, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**Request No. 81:**

Copies of any and all documents which you contend supports your allegation that "the Third Set of checks were presented to Wells Fargo for payment by Regions on or before January 29, 2012" as alleged in Paragraph No. 249 of your Amended Counterclaim.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

**_Answer to Request No. 81:_**

    In response to Request 81, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**_Request No. 82:_**

    Copies of any and all documents which you contend supports your allegation that Wells Fargo "failed to return any of the items comprising the Third Set by their midnight deadline" as alleged in Paragraph No. 250 of your Amended Counterclaim.

**_Answer to Request No. 82:_**

    In response to Request 82, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**_Request No. 83:_**

    Copies of any and all documents which you contend reflect who or whom Wells Fargo was to return the Third Set by the midnight deadline as suggested in Paragraph No. 250 of your Amended Counterclaim.

**_Answer to Request No. 83:_**

    In response to Request 83, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**_Request No. 84:_**

    Copies of any and all documents which reflect or suggest that the Third Set of checks would be available to you or the investment companies after Wells Fargo noted "refer to maker" on those checks.

**_Answer to Request No. 84:_**

    In response to Request 84, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### Request No. 87:

Copies of any and all documents which evidence or reflect your reliance on any notation or marking by Wells Fargo on the Third Set of checks and, in particular, the notation of "refer to maker."

### Answer to Request No. 87:

In response to Request 87, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 88:

Copies of any and all documents which reflect any damages which directly flow from any notation or marking by Wells Fargo on the Third Set of checks and, in particular, the notation of "refer to maker."

### Answer to Request No. 88:

In response to Request 88, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 89:

Copies of any and all documents which you contend support your allegations contained in Count XIV of your Amended Counterclaim.

### Answer to Request No. 89:

In response to Request 89, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 90:

Copies of any and all documents which you contend supports your allegation that "the Third Set of checks were presented to Wells Fargo for payment by Regions on or before January 29, 2012" as alleged in Paragraph No. 261 of your Amended Counterclaim.

## EXHIBIT C

## WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### Answer to Request No. 90:

In response to Request 90, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 91:

Copies of any and all documents which you contend supports your allegation that Wells Fargo "failed to return any of the items comprising the Third Set by their midnight deadline" as alleged in Paragraph No. 262 of your Amended Counterclaim.

### Answer to Request No. 91:

In response to Request 91, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 94:

Copies of any and all documents which support the allegations contained in Count XVI of your Amended Counterclaim.

### Answer to Request No. 94:

In response to Request 94, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### Request No. 95:

Paragraph No. 271 of your Amended Counterclaim alleges that Wells Fargo was negligent per se in failing to return the items with proper designation in a timely manner. Please produce copies of any and all documents which you contend support this allegation.

### Answer to Request No. 95:

In response to Request 95, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

**EXHIBIT C**

**WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

### <u>Request No. 103:</u>

Copies of any and all documents which evidence or reflect any correspondence or communications between the Investment Companies and Bridgeview relating in any way to the Third Set of checks as defined in the Amended Counterclaim.

### <u>Answer to Request No. 103:</u>

In response to Request 103, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### <u>Request No. 104:</u>

Copies of any and all documents which evidence reflect any correspondence or communications between you and Regions relating in any way to the Third Set of checks as defined in the Amended Counterclaim.

### <u>Answer to Request No. 104:</u>

In response to Request 104, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### <u>Request No. 105:</u>

Copies of any and all documents which evidence or reflect any correspondence or communications between Investment Companies and Regions relating in any way to the Third Set of checks as defined in the Amended Counterclaim.

### <u>Answer to Request No. 105:</u>

In response to Request 105, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

### <u>Request No. 106:</u>

Copies of any and all documents which evidence or reflect any correspondence or communications between you and any of the Conspirators as defined in the Amended

## EXHIBIT C

### WELLS FARGO BANK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Request sent to the Kaplan Parties is substantively identical, and thus replicated below only once.*

Counterclaim relating in any way to the Third Set of checks as defined in the Amended Counterclaim.

#### Answer to Request No. 106:

In response to Request 106, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 107:

Copies of any and all documents which evidence or reflect any correspondence or communications between Investment Companies and the Conspirators as defined in the Amended Counterclaim relating in any way to the Third Set of checks as defined in the Amended Counterclaim.

#### Answer to Request No. 107:

In response to Request 107, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

#### Request No. 108:

Copies of your income tax returns for the period of 2010 through the present.

#### Answer to Request No. 108:

In response to Request 108, Kaplan will provide access to all non-privileged documents that may be responsive to this request, to the extent that are currently in his possession at a mutually agreeable date and time.

# EXHIBIT D

**EXHIBIT D**

**WELLS FARGO BANK'S FIRST SET OF INTERROGATORIES
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Set of Interrogatories sent to the Kaplan Parties is substantively identical, and thus replicated
below only once*

**_Interrogatory No 3_:**

Various paragraphs of the Amended Counterclaim allege that Wells Fargo did not lawfully
return the third set of checks and that the term, "refer to maker" is not appropriate and "the term
was used unlawfully in this case as it was not such an appropriate case." (See Paragraph Nos.
164-166 of the Amended Counterclaim.) Since these allegations do not specifically identify the
support for the factual contention, please state with particularity:

    a.      All facts which support your allegations contained in those paragraphs that
                the "refer to maker" notation was not a lawful designation and was
                inappropriate in this case.

    b.      Identify all documents or evidentiary support in your possession which
                support the factual allegations in question.

**_Answer to Interrogatory No 3_:**

Objection. This interrogatory is a contention interrogatory which is improper. Additionally,
overly broad and burdensome. See Middle District Discovery (2001) at IV (A)(8).
Interrogatories that purport to require a detailed narrative of the opposing parties' case are
generally improper because they are overbroad and oppressive. Id. In the Middle District of
Florida, such "contention interrogatories" must be extremely limited. Oliver v. City of Orlando.
2007 WL 3232227 (M.D. Fla. 2007) at 4, points out that contention interrogatories occupy a
"somewhat disfavored status" as illustrated in the Middle District Discovery handbook which
weighs in with the following cautionary statement: "Interrogatories that generally require the
responding party to state the basis of particular claims, defenses, or contentions in pleadings or
other documents should be used sparingly and, if used, should be designed (1) to target claims,
defenses, or contentions that the propounding attorney reasonably suspects may be the proper
subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims,
defenses, and contentions." Middle District Discovery (2001) at 16. This interrogatory is
attempting to question Kaplan regarding all evidence and all factual basis for all allegations
presented within the Amended Crossclaim. If interrogatories were a tool to question another
party as to the factual basis and evidentiary support for each contention stated within a pleading,
the amount of interrogatories permitted would be directly reflective of the causes of action and
paragraphs within the pleading. The Amended Crossclaim is sufficiently detailed as to the facts
alleged that it would be overly burdensome for Kaplan to recite and repeat the exact same facts
that are contained within the Crossclaim in response to this interrogatory.

**EXHIBIT D**

**WELLS FARGO BANK'S FIRST SET OF INTERROGATORIES
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Set of Interrogatories sent to the Kaplan Parties is substantively identical, and thus replicated
below only once*

**_Interrogatory No. 4:_**

Paragraph No. 167 of the Amended Counterclaim alleges:

> 167.    This mislead Kaplan and the Investment Companies into believing that the items could be re-presented for payment and be honored or that there was simply a mix-up of some kind and delayed and destroyed the Investment Companies' ability to recover the funds.

Since these allegations do not specifically identify the support for the factual contention, please state with particularity:

> a.    All facts which support your allegation that the "Refer to Maker" notation misled Kaplan and the Investment Companies into believing that the items could be re-presented for payment and be honored or that there was simply a mix-up of some kind and delayed and destroyed the Investment Companies' ability to recover the funds;
>
> b.    Identify all documents or evidentiary support in your possession which support the factual allegations in Interrogatory No. 4.
>
> c.    The specific facts which support the allegation that the "refer to maker" notation "delayed and destroyed the Investment Companies' ability to recover the funds."

**_Answer to Interrogatory No 4:_**

Objection. This interrogatory is a contention interrogatory which is improper. Additionally, overly broad and burdensome. See Middle District Discovery (2001) at IV *(A)(8)*. Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive. *Id.* In the Middle District of Florida, such "contention interrogatories" must be extremely limited. *Oliver* v. *City of Orlando.* 2007 WL 3232227 (M.D. Fla. 2007) at 4, points out that contention interrogatories occupy a "somewhat disfavored status" as illustrated in the Middle District Discovery handbook which weighs in with the following cautionary statement: "Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Middle District Discovery (2001) at 16. This interrogatory is attempting to question Kaplan regarding all evidence and all factual basis for all allegations presented within the Amended Crossclaim.  If interrogatories were a tool to question another

2

## EXHIBIT D

## WELLS FARGO BANK'S FIRST SET OF INTERROGATORIES AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Set of Interrogatories sent to the Kaplan Parties is substantively identical, and thus replicated below only once*

party as to the factual basis and evidentiary support for each contention stated within a pleading, the amount of interrogatories permitted would be directly reflective of the causes of action and paragraphs within the pleading. The Amended Crossclaim is sufficiently detailed as to the facts alleged that it would be overly burdensome for Kaplan to recite and repeat the exact same facts that are contained within the Crossclaim in response to this interrogatory.

*Interrogatory No 5:*

Paragraph 168 of the Amended Counterclaim alleges:

> 168.    Had Bridgeview or Wells Fargo included a real reason for return, The Investment Companies would have been able to act to preserve their investment and avoid damages from subsequent re-transfer of the funds.

Since these allegations do not specifically identify the support for the factual contention, please state with particularity:

a.    All facts which support your allegations in this paragraph.
b.    Identify all documents or evidentiary support in your possession which support the factual allegations in Interrogatory No. 5.
c.    The specific facts which support the allegation that "the investment companies would have been able to preserve their investment and avoid damages from subsequent re-transfer of the funds."

*Answer to Interrogatory No 5:*

Objection. This interrogatory is a contention interrogatory which is improper. Additionally, overly broad and burdensome. See Middle District Discovery (2001) at IV *(A)(8)*. Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive. *Id.* In the Middle District of Florida, such "contention interrogatories" must be extremely limited. *Oliver* v. *City of Orlando.* 2007 WL 3232227 (M.D. Fla. 2007) at 4, points out that contention interrogatories occupy a "somewhat disfavored status" as illustrated in the Middle District Discovery handbook which weighs in with the following cautionary statement: "Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Middle District Discovery (2001) at 16. This interrogatory is attempting to question Kaplan regarding all evidence and all factual basis for all allegations

Case 8:12-cv-01837-EAK-MAP Document 336-4 Filed 12/23/14 Page 8 of 10 PageID 3893

## EXHIBIT D

### WELLS FARGO BANK'S FIRST SET OF INTERROGATORIES
### AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Set of Interrogatories sent to the Kaplan Parties is substantively identical, and thus replicated below only once*

presented within the Amended Crossclaim. If interrogatories were a tool to question another party as to the factual basis and evidentiary support for each contention stated within a pleading, the amount of interrogatories permitted would be directly reflective of the causes of action and paragraphs within the pleading. The Amended Crossclaim is sufficiently detailed as to the facts alleged that it would be overly burdensome for Kaplan to recite and repeat the exact same facts that are contained within the Crossclaim in response to this interrogatory.

### *Interrogatory No 6:*

Paragraph Nos. 250 and 262 of the Amended Counterclaim allege "Wells Fargo failed to return any of the items comprising the third set by their midnight deadline." Since these allegations do not specifically identify the support for the factual contention, please state with particularity:

    a.    All facts which support your allegation that Wells Fargo did not return the third set of checks by their midnight deadline.

    b.    Identify all documents or evidentiary support in your possession which support the factual allegations in question.

    c.    The identity of any and all individuals who may have knowledge of the allegations set forth in subparts (a) and (b) above.

### *Answer to Interrogatory No 6:*

Objection. This interrogatory is a contention interrogatory which is improper. Additionally, overly broad and burdensome. See Middle District Discovery (2001) at IV *(A)(8)*. Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive. *Id.* In the Middle District of Florida, such "contention interrogatories" must be extremely limited. *Oliver* v. *City of Orlando.* 2007 WL 3232227 (M.D. Fla. 2007) at 4, points out that contention interrogatories occupy a "somewhat disfavored status" as illustrated in the Middle District Discovery handbook which weighs in with the following cautionary statement: "Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Middle District Discovery (2001) at 16. This interrogatory is attempting to question Kaplan regarding all evidence and all factual basis for all allegations presented within the Amended Crossclaim. If interrogatories were a tool to question another party as to the factual basis and evidentiary support for each contention stated within a pleading, the amount of interrogatories permitted would be directly reflective of the causes of action and paragraphs within the pleading. The Amended Crossclaim is sufficiently detailed as to the facts

## EXHIBIT D

## WELLS FARGO BANK'S FIRST SET OF INTERROGATORIES AND THE RESPONSES OF THE KAPLAN PARTIES

*Each Set of Interrogatories sent to the Kaplan Parties is substantively identical, and thus replicated below only once*

alleged that it would be overly burdensome for Kaplan to recite and repeat the exact same facts that are contained within the Crossclaim in response to this interrogatory.

## *Interrogatory No 7:*

Paragraph Nos. 251 and 263 of the Amended Counterclaim allege:

> 251/263.　　More particularly, even if the items were rejected by Wells Fargo within the time period, Wells Fargo did not "return" them in accordance with the law as it failed to include a proper, or any, reason for return as required by 12 C.F.R. §229.30(d).

Since these allegations do not specifically identify the support for the factual contention, please state with particularity:

　　　a.　　All facts which support your allegation that even if timely rejected, Wells Fargo did not "return" the third set of checks because it failed to include a proper, or any, reason for return, as required by 12 C.F.R. §229.30(d).

　　　b.　　Identify all documents or evidentiary support in your possession which support the factual allegations in question.

　　　c.　　The identity of any and all individuals who may have knowledge of the allegations set forth in subparts (a) and (b) above.

## *Answer to Interrogatory No 7:*

Objection. This interrogatory is a contention interrogatory which is improper. Additionally, overly broad and burdensome. See Middle District Discovery (2001) at IV *(A)(8)*. Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive. *Id.* In the Middle District of Florida, such "contention interrogatories" must be extremely limited. *Oliver* v. *City of Orlando.* 2007 WL 3232227 (M.D. Fla. 2007) at 4, points out that contention interrogatories occupy a "somewhat disfavored status" as illustrated in the Middle District Discovery handbook which weighs in with the following cautionary statement: "Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Middle District Discovery (2001) at 16. This interrogatory is attempting to question Kaplan regarding all evidence and all factual basis for all allegations presented within the Amended Crossclaim. If interrogatories were a tool to question another party as to the factual basis and evidentiary support for each contention stated within a pleading,

**EXHIBIT D**

**WELLS FARGO BANK'S FIRST SET OF INTERROGATORIES
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Set of Interrogatories sent to the Kaplan Parties is substantively identical, and thus replicated
below only once*

the amount of interrogatories permitted would be directly reflective of the causes of action and paragraphs within the pleading. The Amended Crossclaim is sufficiently detailed as to the facts alleged that it would be overly burdensome for Kaplan to recite and repeat the exact same facts that are contained within the Crossclaim in response to this interrogatory.

**_Interrogatory No 8:_**

Paragraph Nos. 252 and 264 of the Amended Counterclaim allege:

> 252.    As such, the items were not returned in accordance with applicable law and Wells Fargo is accountable for the full amount of the items $10,550,000.00 as well as for costs incurred for the return of the items and for any damages caused by Wells Fargo's negligent failure to comply.

> 264.    As such, the items were not returned in accordance with applicable law and Wells Fargo is accountable for the full amount of the items $10,550,000.00 as well as for costs incurred for the return of the items and for any damages caused by Wells Fargo's negligent failure to comply, including statutory damages under 12 C.F.R. §229.21 and 12 C.F.R. §229.38.

Since these allegations do not specifically identify the support for the factual contention, please state with particularity:

> a.    All facts which support your allegation that "Wells Fargo is accountable for the full amount of the items $10,550,000.00 as well as for costs incurred for the return of the items and for any damages caused by Wells Fargo's negligent failure to comply."
> b.    Identify all documents or evidentiary support in your possession which support the factual allegations in question.
> c.    The identity of any and all individuals who may have knowledge of the allegations set forth in subparts (a) and (b) above.

**_Answer to Interrogatory No 8:_**

Objection. This interrogatory is a contention interrogatory which is improper. Additionally, overly broad and burdensome. See Middle District Discovery (2001) at IV *(A)(8).* Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive. *Id.* In the Middle District of Florida, such "contention interrogatories" must be extremely limited. *Oliver* v. *City of Orlando.* 2007 WL 3232227 (M.D. Fla. 2007) at 4, points out that contention interrogatories occupy a "somewhat disfavored status" as illustrated in the Middle District Discovery handbook which

6

**EXHIBIT D**

**WELLS FARGO BANK'S FIRST SET OF INTERROGATORIES
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Set of Interrogatories sent to the Kaplan Parties is substantively identical, and thus replicated
below only once*

weighs in with the following cautionary statement: "Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Middle District Discovery (2001) at 16. This interrogatory is attempting to question Kaplan regarding all evidence and all factual basis for all allegations presented within the Amended Crossclaim. If interrogatories were a tool to question another party as to the factual basis and evidentiary support for each contention stated within a pleading, the amount of interrogatories permitted would be directly reflective of the causes of action and paragraphs within the pleading. The Amended Crossclaim is sufficiently detailed as to the facts alleged that it would be overly burdensome for Kaplan to recite and repeat the exact same facts that are contained within the Crossclaim in response to this interrogatory.

### *Interrogatory No 11:*

Paragraph No. 271 of the Amended Counterclaim alleges that "Wells Fargo is negligent per se in failing to return the items with proper designation in a timely manner." Since these allegations do not specifically identify the support for the factual contention, please state with particularity:

<ul style="list-style-type: none;">
<li>a.    All facts which support your allegation that "Wells Fargo is negligent per se in failing to return the items with proper designation in a timely manner"</li>
<li>b.    Identify all documents or evidentiary support in your possession which support the factual allegations in question.</li>
<li>c.    The identity of any and all individuals who may have knowledge of the allegations set forth in subparts (a) and (b) above.</li>
</ul>

### *Answer to Interrogatory No 11:*

Objection. This interrogatory is a contention interrogatory which is improper. Additionally, overly broad and burdensome. See Middle District Discovery (2001) at IV *(A)(8)*. Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive. *Id.* In the Middle District of Florida, such "contention interrogatories" must be extremely limited. *Oliver* v. *City of Orlando.* 2007 WL 3232227 (M.D. Fla. 2007) at 4, points out that contention interrogatories occupy a "somewhat disfavored status" as illustrated in the Middle District Discovery handbook which weighs in with the following cautionary statement: "Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper

7

**EXHIBIT D**

**WELLS FARGO BANK'S FIRST SET OF INTERROGATORIES
AND THE RESPONSES OF THE KAPLAN PARTIES**

*Each Set of Interrogatories sent to the Kaplan Parties is substantively identical, and thus replicated
below only once*

subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Middle District Discovery (2001) at 16. This interrogatory is attempting to question Kaplan regarding all evidence and all factual basis for all allegations presented within the Amended Crossclaim. If interrogatories were a tool to question another party as to the factual basis and evidentiary support for each contention stated within a pleading, the amount of interrogatories permitted would be directly reflective of the causes of action and paragraphs within the pleading. The Amended Crossclaim is sufficiently detailed as to the facts alleged that it would be overly burdensome for Kaplan to recite and repeat the exact same facts that are contained within the Crossclaim in response to this interrogatory.

**_Interrogatory No 12:_**

Paragraph No. 273 of the Amended Counterclaim alleges that "Wells Fargo breached that duty." Since these allegations do not specifically identify the support for the factual contention, please state with particularity:

a. All facts which support your allegation that "Wells Fargo breached that duty."
b. Identify all documents or evidentiary support in your possession which support the factual allegations in question.
c. The identity of any and all individuals who may have knowledge of the allegations set forth in subparts (a) and (b) above.

**_Answer to Interrogatory No 12:_**

Objection. This interrogatory is a contention interrogatory which is improper. Additionally, overly broad and burdensome. See Middle District Discovery (2001) at IV *(A)(8)*. Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive. *Id.* In the Middle District of Florida, such "contention interrogatories" must be extremely limited. *Oliver* v. *City of Orlando.* 2007 WL 3232227 (M.D. Fla. 2007) at 4, points out that contention interrogatories occupy a "somewhat disfavored status" as illustrated in the Middle District Discovery handbook which weighs in with the following cautionary statement: "Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (I) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Middle District Discovery (200 I) at 16. This interrogatory is attempting to question Kaplan regarding all evidence and all factual basis for all allegations presented within the Amended Crossclaim. If interrogatories were a tool to question another party as to the factual basis and evidentiary support for each contention stated within a pleading,

8

**EXHIBIT D**

**WELLS FARGO BANK'S FIRST SET OF INTERROGATORIES
AND THE RESPONSES OF THE KAPLAN PARTIES**

***Each Set of Interrogatories sent to the Kaplan Parties is substantively identical, and thus replicated
below only once***

the amount of interrogatories permitted would be directly reflective of the causes of action and paragraphs within the pleading. The Amended Crossclaim is sufficiently detailed as to the facts alleged that it would be overly burdensome for Kaplan to recite and repeat the exact same facts that are contained within the Crossclaim in response to this interrogatory.

## *Interrogatory No 13:*

Paragraph No. 274 of the Amended Counterclaim alleges that Wells Fargo breached the duty proximately causing damages. Since these allegations do not specifically identify the support for the factual contention, please state with particularity:

    a.    All facts which support your allegation that "Wells Fargo breached the duty proximately causing damages."

    b.    Identify all documents or evidentiary support in your possession which support the factual allegations in question.

    c.    The identity of any and all individuals who may have knowledge of the allegations set forth in subparts (a) and (b) above.

## *Answer to Interrogatory No 13:*

Objection. This interrogatory is a contention interrogatory which is improper. Additionally, overly broad and burdensome. See Middle District Discovery (2001) at IV *(A)(8)*. Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive. *Id.* In the Middle District of Florida, such "contention interrogatories" must be extremely limited. *Oliver* v. *City of Orlando.* 2007 WL 3232227 (M.D. Fla. 2007) at 4, points out that contention interrogatories occupy a "somewhat disfavored status" as illustrated in the Middle District Discovery handbook which weighs in with the following cautionary statement: "Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Middle District Discovery (2001) at 16. This interrogatory is attempting to question Kaplan regarding all evidence and all factual basis for all allegations presented within the Amended Crossclaim. If interrogatories were a tool to question another party as to the factual basis and evidentiary support for each contention stated within a pleading, the amount of interrogatories permitted would be directly reflective of the causes of action and paragraphs within the pleading. The Amended Crossclaim is sufficiently detailed as to the facts alleged that it would be overly burdensome for Kaplan to recite and repeat the exact same facts that are contained within the Crossclaim in response to this interrogatory.

9

# EXHIBIT E



Our File Number: 00035279-00001
Writer's Direct Dail Number: (813) 222-6619
Writer's Direct Fax Number: (813) 314-6919
Writer's E-Mail Address: MRagusa@gunster.com

December 10, 2014

***Via Electronic and U.S. Mail***
Jon D. Parrish, Esq.
Parrish & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, FL 34109

      Re:    Regions Bank v. Wells Fargo, N.A.
           Case No.:    8:12-cv-1837-EAK-MAP

Dear Jon:

      The purpose of this correspondence is to follow-up my numerous oral and e-mail communications with your office seeking access to those documents which Marvin Kaplan believes are responsive to Wells Fargo Bank, N.A.'s Request for Production of Documents.

      By way of background, Wells Fargo served its First Request for Production of Documents to Cross-Plaintiff, Marvin Kaplan on January 23, 2014. On June 10, 2014, Mr. Kaplan served his Responses and Objections to that Request for Production. Many of the Responses indicate that to the extent they are in Mr. Kaplan's possession, he will provide access to all non-privileged documents at a mutually agreeable date and time.

      On more than one occasion, I asked Harris Katz to provide us with information concerning how many documents Mr. Kaplan had responsive to Wells Fargo's Request for Production of Documents. We have never received a response. In addition, I asked him to provide us with a date when we could review Mr. Kaplan's records. As part of that request, we also sought input on the number, format and location of those documents. Similarly, we never received a response.

      In addition, on November 25, 2014, I sent you an e-mail requesting information concerning the scope and extent of Mr. Kaplan's responsive documents and I asked that you contact me to discuss the issue. I have received nothing in response. A true and correct copy of my e-mail of November 25, 2014 is attached as Exhibit "A."

      My November 24, 2014 e-mail also asked that the Kaplan Parties check on the status of the service of their responses to the Requests for Production served on R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC. To date we still have not received Responses to Wells Fargo's Requests for Production from those entities. If you would,

FTL_ACTIVE 4545718.1 401 East Jackson Street, Suite 2500   Tampa, FL 33602  **p** 813-228-9080  **f** 813-228-6739  GUNSTER.COM

Fort Lauderdale | Jacksonville | Miami | Orlando | Palm Beach | Stuart | Tallahassee | Tampa | The Florida Keys | Vero Beach | West Palm Beach

Jon D. Parrish, Esq.
December 10, 2014
Page 2

please provide the appropriate Responses to the Requests for Production served on January 23, 2014 within the next ten (10) days.

It is my desire to resolve these discovery issues without the need for judicial intervention. However, given the fact that it appears that the Kaplan Parties are intentionally failing and refusing to comply with their obligations and our communications, it is likely that we will have no alternative.

I would appreciate it if you would contact me immediately upon receipt of this letter so that we can discuss these issues and work towards an acceptable solution.

I look forward to hearing from you.

Sincerely,

Mark J. Ragusa

MJR/tak
Enclosure

| From: | Ragusa, Mark |
|---|---|
| Sent: | Tuesday, November 25, 2014 11:02 AM |
| To: | 'Nancy Proctor Castellano'; 'davidfraser@napleslaw.us' |
| Cc: | Danninger, Timothy; Kennedy, Tracy |
| Subject: | RE: Kaplan v Wells Fargo Outstanding Discovery |

David,

The purpose of this e-mail is to start the process of seeking appropriate Answers to Interrogatories from the Kaplan parties and responses to multiple Requests for Production from all Kaplan parties but Marvin Kaplan.

Wells Fargo has been very patient with the Kaplan Parties and their discovery responses. We did receive pleadings which are captioned "Answers" to Wells Fargo's Interrogatories directed to each of the Kaplan Parties. These "Answers" are really nothing but questionable objections and the Kaplan Parties provided no information of any substance. We had hoped that the Kaplan Parties would recognize the patently obvious failure to provide information sought in the interrogatories and we relied on the various Motions to Compel filed by others to elicit actual answers to Wells Fargo's interrogatories. I do not like to pile on Motions to Compel and was hopeful that we would see some movement towards meaningful discovery from the Kaplan Parties. It appears that our prior passive approach is not going to have the desired effect and we will be preparing appropriate Motions to Compel.

We of course will comply with the Middle District Rules and you will receive follow-up communications on the Motions. Please be prepared to serve your Response to the Motions as we likely will not agree to any enlargements of time on that issue. The Kaplan Parties have constantly moved for additional time to respond to the other parties Motions to Compel and I trust your are familiar with the issues and law. In addition, the Kaplan Parties' stall tactics have effectively prevented the Cross and Third Party Defendants from receiving meaningful discovery in advance of Marvin Kaplan's deposition currently set for the week starting January 19, 2105. I suspect that this deposition will likely need to be continued.

We also received a pleading served by Marvin Kaplan in response to Wells Fargo's Request for Production of Document directed to him. Despite our repeated requests to Harris Katz to either copy all of the responsive documents or let us know the extent of the documents (if they were significant i.e. > 1,000 pages) we have not received any documents or an estimate of the extent of the responsive documents so we can determine what we want to copy. We want to move forward ASAP to get copies or review them and direct copies. Please contact me ASAP to address that issue.

Interestingly, we still have not received Responses to the Requests for Production of Documents served on January 23, 2014 on the following:

1. R1A Palms, LLC
2. Triple Net Exchange, LLC
3. MK Investing, LLC
4. BNK Smith, LLC

**EXHIBIT**

**A**

Please prepare meaningful responses on behalf of the above entities so we can avoid a Motion to Compel based on the failure to provide any response. If for some reasons responses to the above Requests for Production were served or if you have made the responsive documents available for copying or actually sent a copy please let me know so we can narrow the issues.

I look forward to your response and hope we can resolve these discovery issues without the need for judicial intervention. Mark



**GUNSTER**
FLORIDA'S LAW FIRM FOR BUSINESS

**Mark J Ragusa | Shareholder**
401 East Jackson Street
Suite 2500
Tampa, FL 33602

P: (813) 222-6619
F: (813) 314-6919

www.gunster.com
Email: mragusa@gunster.com