## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALVA JOHNSON, individually and on behalf
of all others similarly situated,

      Plaintiff,

v.                                         CASE NO.  8:19-cv-475-T-02SPF

DONALD J. TRUMP, and
DONALD J. TRUMP FOR PRESIDENT, INC.,

      Defendants.

_____/

## ORDER ON PENDING DISCOVERY MATTERS

This is a very simple battery and wages case and the Court will treat it as such.  Notwithstanding the simplicity of this case, the Court has received a motion to compel documents filed by Defendant Donald J. Trump for President, Inc., numbering some 198 pages with exhibits, Dkt. 56.  Plaintiff's response is 316 pages with exhibits.  Dkt. 63.  Defendant has also filed a motion to compel interrogatories and admissions answers that is 117 pages in length with exhibits.  Dkt. 59.  Plaintiff's response is 311 pages in length with exhibits.  Dkt. 64.  The Court addresses these motions and responses below.

**I.  Motion to Compel Document Requests to Produce ("RFP's")**

     **Concerning Motion at Dkt. 56 and Response at Dkt. 63, it is ordered**:

A.   Plaintiff has expressed a good faith effort in her efforts to comply with appropriate timing on producing documents.   All documents/records shall be produced by Plaintiff by **close of business July 26, 2019.**  This unfortunately may delay Defendant's schedule to take Plaintiff's deposition, which is regrettable. But sometimes litigation is give-and-take.  (Defendant may keep the present schedule of Plaintiff's deposition if it wishes, but document production is not required to be completed until July 26, 2019).  Plaintiff shall sit for her deposition **no later than August 30, 2019.**  If a date and time cannot be mutually agreed upon, the deposition is hereby **ORDERED**  to be taken in Tampa, Florida, starting at 9:30 a.m. August 30, 2019.   Any mutually-agreeable date and place for Plaintiff's deposition is acceptable to the Court, but in absence of same it shall occur on August 30, 2019 in Tampa.

B.   As to RFP's 19, 20, 25-27, and 73, Plaintiff states there is no dispute. Accordingly, they will be produced.   Any documents for which a privilege is asserted (and the only privileges that come to mind would be attorney-client and attorney work product) should be set forth on a detailed privilege log.

C.   As to RFP's 21 and 23, Plaintiff objects as "overbroad."  The Court narrows 21 and 23 to the following: "Produce all records (meaning anything containing data or information) that show payment to you or receipt by you of any

remuneration or benefits for any type of employment, work, or paid activity after your employment with the campaign."

D.   As to RFP 56, the Plaintiff notes there are no other medical records beyond therapist records, which have been agreed to be produced.   Thus there is no issue here.

E.   As to RFP 28, Plaintiff's objection is sustained.

F.   As to RFP's 74 and 75, Plaintiff has agreed to produce non-privileged documents and to provide a privilege log for any other items.  The privilege log should contain sufficient detail so the Court can determine if legal advice or attorney work product was being communicated or memorialized, etc.

G.   As to RFP's 64, 32, 34, 59, 61, 66, 68, and 69, the Court declines to find a default or waiver in the objections due to lateness or timing, etc.[1]  RFP 64 is quite broad.  The Court narrows RFP 64 as follows: "Produce all records (meaning anything containing data or information) that you contend support that remuneration or benefits paid by the campaign were disparate or unequal due to sex or race."

---

[1]In the argot of seasoned litigators: Counsel, let's work together on this case and not do "gotchas" with timing and procedural defaults, nor be overeager to disparage each other.

Objections to RFP's 32, 34, 59, and 61 are overruled and those records shall be produced, to the extent they exist.  RFP's 66, 68, and 69 overstep the broad bounds the Court has permitted above.  They are just too unspecific.  Plaintiff's objections are sustained to RFP's 66, 68, and 69.

As to the Defendant's concern that Plaintiff has only agreed to produce "relevant" records:   If the record is fairly called for by the Request to Produce, it shall be produced.  Only items for which a privilege is asserted may be withheld, through a detailed privilege log.

## II.  Motion To  Compel Interrogatory/Admissions Answers

### Concerning Motion at Dkt. 59 and Response at Dkt. 64, it is ordered:

A.  Interrogatories 1-4: These interrogatories are overbroad.  The objections by Plaintiff are sustained.

B.  Interrogatory 6: Plaintiff states that there is no present dispute as to this interrogatory.  It is relevant.  The Court assumes the matter is resolved based upon Plaintiff's response, Dkt. 64 at 9.

C.  Interrogatories 9-11: Plaintiff states that she will respond once a protective order has been entered (which has since occurred).   So as Plaintiff notes, Dkt. 64 at 10-11, these matters have been resolved and there is no dispute.

D.   Requests to Admit 22 and 23: Plaintiff has stated these are not in dispute.  It is unclear if this is entirely resolved.  If not, the objection is overruled.  These are clearly relevant.

Accordingly, the motion to compel documents (Dkt. 56) is granted in part and denied in part.  The motion to compel responses to requests for admission and interrogatories (Dkt. 59) is granted in part and denied in part.

**DONE AND ORDERED** at Tampa, Florida, on June 25, 2019.


_____s/*William F. Jung*_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record