## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALVA JOHNSON, individually and on
behalf of all others similarly situated,**

    **Plaintiff,**

v.                             **Case No. 8:19-cv-00475-T-02SPF**

**DONALD J. TRUMP,**
**in his individual capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.,**

    **Defendants.**

_____/

### PLAINTIFF'S MOTION TO COMPEL ENTRY OF COURT-ORDERED ESI PROTOCOL AND SCHEDULE FOR AGREEING TO SEARCH TERMS

Plaintiff respectfully moves this Court to enter an order governing the preservation, search, management and production of electronically stored information (ESI) in the form filed with this motion as a proposed order. Pursuant to Local Rule 3.01(g), Plaintiff certifies that she has been meeting and conferring with Defendants regarding the form of an ESI protocol since May 30, 2019, with the last attempted meet and confer communication occurring by phone on June 24, 2019 with a follow-up email on June 25, 2019. Despite being notified on June 25, 2019 that Plaintiff would seek relief from the Court if Defendant did not respond regarding the content of the ESI protocol by the end of the day on June 25, 2019, Defendants' counsel has still provided no response.

The proposed ESI Order requires the parties to meet and confer within five business days of entry of the order on search terms to govern their further document production. If the parties cannot reach agreement by July 15, the Proposed Order would establish that Plaintiff's search terms shall be used.

In an attempt to comply with the Court's admonition for simplicity in this matter, Plaintiff will keep the procedural recitations in this motion brief. As documented in detail in Plaintiff's Oppositions to Defendants' Motions to Compel (Dkt. 63 and 64), Defendants initially agreed in the parties' Case Management Report filed May 5, 2019 to enter into a joint ESI protocol. Dkt. 36 at 6. Plaintiff then sent a proposed ESI protocol to Defendants, through counsel, on May 30, 2019, in an effort to agree on the mechanics of searching and handling ESI before any documents were produced. *See* Zavareei Decl. in Opposition to Defendants' Motion to Compel (Dkt. 64-1) ¶21 and Exhibits 13, 15. On May 31, 2019, for the first time, Defendants' counsel informed Plaintiff's counsel that they believed an ESI protocol was unnecessary. Dkt. 64-1, ¶ 24 and Exhibit 16. For the next two weeks, Defendants' counsel rebuffed Plaintiff's repeated efforts to reach agreement on the terms of a protocol. Dkt. 64-1 ¶¶24, 27-28, 31, 33-34, 39 and Exhibits 16, 19, 20, 23, 25, 26 and 30. Throughout these communications, Plaintiff's counsel maintained that an ESI protocol was necessary and that the parties should attempt to agree on an ESI protocol without court intervention. In a June 5, 2019 email to Defendants' counsel, Plaintiff's counsel communicated that "[w]e already agreed to do an ESI protocol, and we need to have one in this case. This should be an area we can work together on. It's not something we should waste the Court's time with." Dkt. 64-1, Exhibit 23.

Nonetheless, Defendants' counsel argued in front of this Court during the June 5, 2019 hearing that because the parties might not be able to agree to an ESI protocol, one would not be necessary prior to Plaintiff's document production. Transcript at 82:17-83:1. This Court disagreed and made clear that "extracting emails" and agreeing to search terms "is an issue in these cases" and that if there were any disagreements as to the specific terms of an ESI protocol the Court could resolve them. Transcript at 83:2-83:11. In an email the following day, Plaintiff's counsel reiterated that "I must again insist that you adhere to our agreement to enter into an ESI protocol—as you

agreed in a signed filing with the Court. In response to your contention that such an agreement was unnecessary yesterday in Court, Judge Jung disagreed with you. It is not enough to simply search email files with random search terms. We take our obligations seriously and expect that Defendants will as well." Dkt. 64-1, Exhibit 26.

On June 11, 2019, following Defendants' continued refusal to agree to an ESI protocol, Plaintiff's counsel communicated that "we believe it is necessary to have a meet and confer regarding the ESI Protocol and the Protective Order since it appears that you do not wish to cooperate with us on either matter. Accordingly, we will need to file motions with respect to both issues." Dkt. 64-1, Exhibit 30. On June 12, Defendants' counsel indicated for the first time that they might agree to the protocol after all. Dkt. 64-1 ¶40 and Exhibit 33.

On June 18, Ryan Stonerock, counsel for Defendant Trump, sent Plaintiff's counsel an email with proposed edits in redline form to the ESI protocol Plaintiff's counsel had circulated twenty days earlier, on May 30. Dkt. 64-1 ¶49 and Exhibit 37. Plaintiff's counsel responded with further edits to the ESI protocol the very next day. Dkt. 64-1 ¶51 and Exhibit 39. The following day, June 20, 2019, Plaintiff's counsel sent an email with a list of proposed custodians whose ESI should be searched, as well as a list of the search terms Plaintiff had used for the rolling production she intended to begin making the next day, June 21, 2019. That June 20, 2019 email also included a proposed list of search terms for Defendants to use in responding to Plaintiff's document requests. Dkt. 64-1 ¶56 and Exhibit 44.

To date, Defendants have not responded substantively to Plaintiff's counsel's June 19, 2019 edits to the ESI protocol, or to their June 20, 2019 list of proposed search terms and custodians. Instead, the parties' counsel have exchanged more emails about Defendants' lack of response, beginning with an acrimonious email from Charles Harder on June 20 contending that Plaintiff's request for cooperation on the ESI protocol was an attempt to "hold hostage" a third extension that

Defendants had sought to respond to Plaintiff's discovery requests. Dkt. 64-1 Exhibits 40-41; Declaration of Hassan Zavareei filed concurrently with this motion (Zavareei Decl.") ¶3 and Exhibit 1. Plaintiff's counsel again asked for Defendants' edits to the ESI protocol during a June 24, 2019 telephonic meet and confer, but Defendants' counsel refused to provide a timetable for their response. Zavareei Decl. ¶4. Plaintiff's counsel asked one more time via email for Defendants' further edits to, or agreement on, the terms of the ESI protocol, informing them that Plaintiff would have to seek the Court's assistance if they failed to respond. Zavareei Decl. ¶5 and Exhibit 2. Defendants have still not responded.

Accordingly, Plaintiff has prepared the proposed ESI order filed with this motion, which is substantially similar to the version Plaintiff's counsel sent to Defendants' counsel on June 19, Dkt. 64-1 Exhibit 39. The proposed order differs from the previously circulated protocol in three major ways: 1) it was converted from a stipulation to a proposed order; 2) custodians and sources of data were added unilaterally by Plaintiff based on the email sent to Defendants' counsel on June 20, Dkt. 64-1 Exhibit 44; and 3) various terms were made mandatory.

Plaintiff regrets the need to bring this matter to the Court's attention. Plaintiff's counsel has been attempting in good faith to resolve the parameters of an ESI protocol cooperatively with opposing counsel for over a month without success. Given the 226,962 unique documents that have resulted from the searches of Plaintiff's electronic devices, and given the unknown (but likely large) quantity of electronically stored information in the possession of the two defendants, Plaintiff continues to believe that an ESI protocol is necessary to provide structure to the document production process going forward.

The parties also need to agree on search terms, and Plaintiff wants such an agreement to be in place before Plaintiff's production deadline of July 26. *See Hatcher v. DeSoto County Sch. Dist. Bd. of Educ.*, No. 2:13-cv-138-FtM-38DNF, 2013 WL 12357529, at *2 (M.D. Fla. Nov. 6, 2013) (granting

motion to compel defendant to conduct a search of electronically stored documents using the search terms propounded by the plaintiff because "the Court is unsure how [the defendant] knows that it has produced all relevant documents when it has not confirmed the search terms it used to obtain documents nor objected to the search terms propounded by the Plaintiff"). Unfortunately, it appears that a Court order with a firm deadline for reaching agreement may be necessary to restart the stalled negotiations on this point. If the parties cannot reach an agreement by July 15, the Proposed Order would require the Defendants to use Plaintiff's proposed search terms.

DATED: July 2, 2019

Respectfully submitted,

/s/ Hassan A. Zavareei
Hassan A. Zavareei (*pro hac vice*)
Trial Counsel
Katherine M. Aizpuru (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, D.C. 20036
P: (202) 417-3667
F: (202) 973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Tanya S. Koshy (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
P: (510) 250-3298
F: (202) 973-0950
tkoshy@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
**VARNELL & WARWICK, PA**
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (*pro hac vice*)
Karla Gilbride (*pro hac vice*)
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice*)
**PUBLIC JUSTICE, P.C.**
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVA JOHNSON, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.                          Case No. 8:19-cv-00475-T-02SPF

DONALD J. TRUMP,
in his individual capacity and
DONALD J. TRUMP FOR
PRESIDENT, INC.,

     Defendants.

_____/

**DECLARATION OF HASSAN ZAVAREEI IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ENTRY OF COURT-ORDERED ESI PROTOCOL AND SCHEDULE FOR AGREEING TO SEARCH TERMS**

I, Hassan A. Zavareei, declare as follows:

1.     I am a partner in the law firm of Tycko & Zavareei LLP and counsel of record for Plaintiff in the above-captioned case. I am above the age of eighteen. I am admitted to this Court *pro hac vice*. I make this declaration based on my personal knowledge and review of relevant records of my law firm. I could and would testify competently to the matters set forth herein if called upon to do so.

2.     I make this declaration in support of Plaintiff's Motion to Compel Entry of a Court-Ordered ESI Protocol and Schedule for Agreeing on Search Terms.

3.     On June 20, I sent Charles Harder an email responding to his email of earlier that day in which he had promised to provide further redline edits to the ESI protocol "in the near future." I explained that this vague promise was unacceptable given that Plaintiffs' counsel intended to begin their rolling production of documents the next day, June 21. A true and correct copy of my June 20 email is attached to this declaration as **Exhibit 1**.

4.      On June 24, the parties met and conferred telephonically, and I again asked when Defendants' counsel would provide edits on the ESI protocol I had sent on June 19. Defendants' counsel provided no timeline for their responsive edits.

5.      On June 25, I again emailed Defendants' counsel imploring that they respond with edits to the ESI protocol by the end of that day so that we could agree on the metadata fields for the document production that both sides had already begun. I offered to speak by phone about the issue if Defendants' counsel believed that would be helpful. A true and correct copy of my June 25 email is attached to this declaration as **Exhibit 2**.

6.      To date Defendants' counsel have not responded to my June 25 email, and have provided no input on the ESI protocol beyond the one set of redline edits submitted on June 18.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 2nd day of July, 2019 at Washington, D.C.

_____ /s/ Hassan A. Zavareei _____

Hassan A. Zavareei

# EXHIBIT 1

| From: | Hassan Zavareei |
|---|---|
| To: | Charles Harder |
| Cc: | Katherine Aizpuru; Janet Varnell; Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch |
| Subject: | RE: Trump-Johnson: D. Trump Responses and Objections - attached |
| Date: | Thursday, June 20, 2019 4:55:50 PM |

Charles,

Thank you for your email. Your accusation that I am "holding hostage" your request for an extension and that I am "unprofessional" because I asked you get back to us in a timely manner on the ESI protocol is not well taken.

Despite the fact that you cannot seem to meet your discovery obligations in a timely fashion, you have time to file motions to compel in the middle of meet and confer discussions arguing that we should produce documents immediately and that we should produce documents we do not even possess—which you would know if you had continued the meet and confer process as we requested. It should come as no surprise that responding to these premature motions takes resources away from our document review, which we are doing to try to meet your artificially imposed deadlines.

To be clear, there is nothing improper or unprofessional on conditioning agreement on one thing to agreement on another. That is the nature of compromise—something we have been doing repeatedly for you, but which you have not reciprocated.

Your vague assertions that we will be getting your redlines to the ESI protocol "in the near future," are insufficient. We don't even have agreement on how we are going to produce ESI and we plan on making our first production tomorrow. To be clear, if we do not have agreement on that format, and you object to the manner in which we make our production, we will not go back and do it again. I have never had so much difficulty with an attorney on such a basic issue.

So I respectfully ask you to stop calling me names and tone down your rhetoric. My compromise offer still stands.

Regards,

Hassan

_____

Hassan Zavareei ⁞ Tycko & Zavareei LLP ⁞ www.tzlegal.com
1828 L Street, NW ⁞ Suite 1000 ⁞ Washington, DC 20036
p 202.973.0910 (direct) ⁞ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Thursday, June 20, 2019 4:31 PM

**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; Jennifer Bennett <JBennett@publicjustice.net>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Nicole Porzenheim <nporzenheim@tzlegal.com>; Melat Kiros <mkiros@tzlegal.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>
**Subject:** Re: Trump-Johnson: D. Trump Responses and Objections - attached

Mr Zavareei:  I already told you this morning that I will get you a redline to your draft ESI protocol in the near future. I don't know when that will be because the attorneys who otherwise would be working on that have had to spend the past four hours preparing objections-only to plaintiff's discovery request to the campaign, because you have repeatedly refused to grant us the professional courtesy of a simple 7-day extension. You seem to be holding hostage the extension, trying to trade it for something else. That is unprofessional and causing delay. If you would like us to turn to other matters, such as the ESI protocol, we are happy to do so, but will need the requested extension (this is my third request), otherwise we will have to continue working on the objections-only.   Please let me know.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On Jun 20, 2019, at 1:02 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Thank you Charles. We can agree to a third extension if you agree to work with us to finalize the ESI protocol in the next couple days.
>
> ---
>
> <image002.jpg>Hassan Zavareei ⁝ Tycko & Zavareei LLP ⁝ www.tzlegal.com
> 1828 L Street, NW ⁝ Suite 1000 ⁝ Washington, DC 20036
> p 202.973.0910 (direct) ⁝ f 202.973.0950
>
> This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.
>
> **From:** Charles Harder <charder@harderllp.com>
> **Sent:** Thursday, June 20, 2019 1:51 PM

**To:** Hassan Zavareei <hzavareei@tzlegal.com>; Katherine Aizpuru
<kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>;
**Cc:** Jennifer Bennett <JBennett@publicjustice.net>;
bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Paul Bland
<PBLAND@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Nicole
Porzenheim <nporzenheim@tzlegal.com>; Melat Kiros <mkiros@tzlegal.com>; Ryan
Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven
Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-
Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>
**Subject:** Trump-Johnson: D. Trump Responses and Objections - attached

Dear Counsel:

Attached please find Donald J. Trump's responses and objections to
Plaintiff's interrogatories, requests for admission and requests for
production of documents.

As stated in my email of earlier this week, the Campaign's substantive
responses are not yet ready. We again request an extension of an
additional seven days to provide you with the substantive responses.
Absent your agreement, we will serve only objections today, and
substantive responses next week. We also expect to commence the
production of responsive documents next week. However, the process of
creating new files of only objections—to Plaintiff's massive written
discovery due today—will take us hours. We would prefer to use this time
to complete the substantive responses and document production, rather
than time-consuming busywork of creating new objections-only files.
Thus, your failure to grant us the professional courtesy of an additional
seven days will have the effect of **increasing** the time that it will take for
us to provide you with substantive responses and documents, rather than
decreasing the time. Please let us know if you will reconsider your
decision and grant us the seven additional days to respond.

Regarding the draft ESI Protocol, we expect to provide you with a further
redline in the near future.

Sincerely,

Charles Harder



<u>\<image004.jpg\></u>

**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.com

www.HARDERLLP.com

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 2

| From: | Hassan Zavareei |
|---|---|
| To: | Charles Harder |
| Cc: | Katherine Aizpuru; Janet Varnell; Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch |
| Subject: | RE: Trump-Johnson: D. Trump Responses and Objections - attached |
| Date: | Tuesday, June 25, 2019 12:23:28 PM |

Charles,

I am writing to follow up on this email and our conversation yesterday. I raised the ESI protocol yesterday and you said you could not give me any specifics on timing. Both sides have started producing documents and we still have not agreed to the metadata fields we will be producing. This is unacceptable. We have been holding off on filing a motion with the hope that we could reach an agreement. But unless you can assure us we will have your response to our last version of the ESI protocol sometime today, we will go ahead and file a motion. I am available to discuss again today if you think it would be beneficial.

Thanks,

Hassan

_____

Hassan Zavareei ⫶ Tycko & Zavareei LLP ⫶ www.tzlegal.com
1828 L Street, NW ⫶ Suite 1000 ⫶ Washington, DC 20036
p 202.973.0910 (direct) ⫶ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Charles Harder <charder@harderllp.com>
**Sent:** Thursday, June 20, 2019 4:31 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; Jennifer Bennett <JBennett@publicjustice.net>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Nicole Porzenheim <nporzenheim@tzlegal.com>; Melat Kiros <mkiros@tzlegal.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>
**Subject:** Re: Trump-Johnson: D. Trump Responses and Objections - attached

Mr Zavareei:  I already told you this morning that I will get you a redline to your draft ESI protocol in the near future. I don't know when that will be because the attorneys who otherwise would be working on that have had to spend the past four hours preparing objections-only to plaintiff's discovery request to the campaign, because you have repeatedly refused to grant us the professional courtesy of a simple 7-day extension. You seem to be holding hostage the extension,

trying to trade it for something else. That is unprofessional and causing delay. If you would like us to turn to other matters, such as the ESI protocol, we are happy to do so, but will need the requested extension (this is my third request), otherwise we will have to continue working on the objections-only.   Please let me know.

Charles J. Harder
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212
(424) 203-1600
www.HarderLLP.com

Sent from iPhone; please excuse any typos.

On Jun 20, 2019, at 1:02 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Thank you Charles. We can agree to a third extension if you agree to work with us to finalize the ESI protocol in the next couple days.
> _____
>
> <image002.jpg>Hassan Zavareei ┆ Tᴙᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ ʟʟᴩ ┆ www.tzlegal.com
> 1828 L Street, NW ┆ Suite 1000 ┆ Washington, DC 20036
> p 202.973.0910 (direct) ┆ f 202.973.0950
>
> This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.
> _____
>
> **From:** Charles Harder <charder@harderllp.com>
> **Sent:** Thursday, June 20, 2019 1:51 PM
> **To:** Hassan Zavareei <hzavareei@tzlegal.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; Janet Varnell <jvarnell@varnellandwarwick.com>
> **Cc:** Jennifer Bennett <JBennett@publicjustice.net>; bwarwick@varnellandwarwick.com; Tanya S. Koshy <tkoshy@tzlegal.com>; Paul Bland <PBLAND@publicjustice.net>; Karla Gilbride <KGilbride@publicjustice.net>; Nicole Porzenheim <nporzenheim@tzlegal.com>; Melat Kiros <mkiros@tzlegal.com>; Ryan Stonerock <RStonerock@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; Dawn Siler-Nixon <DSiler-Nixon@fordharrison.com>; Tracey Jaensch <TJAENSCH@fordharrison.com>
> **Subject:** Trump-Johnson. D. Trump Responses and Objections - attached
>
> Dear Counsel:
>
> Attached please find Donald J. Trump's responses and objections to Plaintiff's interrogatories, requests for admission and requests for

production of documents.

As stated in my email of earlier this week, the Campaign's substantive responses are not yet ready.  We again request an extension of an additional seven days to provide you with the substantive responses.  Absent your agreement, we will serve only objections today, and substantive responses next week.  We also expect to commence the production of responsive documents next week.  However, the process of creating new files of only objections—to Plaintiff's massive written discovery due today—will take us hours.  We would prefer to use this time to complete the substantive responses and document production, rather than time-consuming busywork of creating new objections-only files.  Thus, your failure to grant us the professional courtesy of an additional seven days will have the effect of **increasing** the time that it will take for us to provide you with substantive responses and documents, rather than decreasing the time.  Please let us know if you will reconsider your decision and grant us the seven additional days to respond.

Regarding the draft ESI Protocol, we expect to provide you with a further redline in the near future.

Sincerely,

Charles Harder


<image004.jpg>

**CHARLES J. HARDER**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
CHARDER@HARDERLLP.COM
www.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner.  Thank you.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVA JOHNSON,
**Individually and On Behalf of Herself and All**
**Others Similarly Situated,**

     **Plaintiff,**

v.                                                                    **Case No. 8:19-cv-00475-WFJ-SPF**

**DONALD J. TRUMP,**
**In His Individual Capacity and**
**DONALD J. TRUMP**
**FOR PRESIDENT, INC.,**

     **Defendant.**

_____/

## [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS

### 1.  PURPOSE

This Order will govern discovery of electronically stored information ("ESI") and paper documents in the above-captioned case.

### 2.  COOPERATION

The parties are required to cooperate in good faith throughout the matter regarding discovery of ESI.

### 3.  LIAISON

Within five days of the entry of this Order, the parties must identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI that is potentially relevant.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of potentially relevant ESI in this matter.  The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without

court intervention.

### 4.   PRESERVATION

The parties must discuss their preservation obligations and needs and must preserve potentially relevant ESI, which will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the potentially relevant ESI in each party's respective possession, custody or control as of the date this litigation was commenced shall be preserved.

The following types of ESI should be preserved: data on cell phones, laptop and desktop computers, tablets, and servers (including cloud-based servers).

The parties shall preserve ESI for the following custodians:

1.   Donald J. Trump

2.   Karen Giorno

3.   Lucia Castellano

4.   Cassidy Dumbauld

5.   Chess Bedsole

6.   Charles ("Chad") Tucker

7.   Dennis Beavers

8.   Jennifer Locetta

9.   Susie Wiles

10.   Tony Ledbetter

11.   Nick Corvino

12.   Beatriz "Bibi" Ramos

13.   Stephen Bannon

14.   Stephanie Grisham

15.     Suzie Jaworowski

16.     Elizabeth Mae Davidson

17.     Mitch Tyner

18.     Sidney Bowdidge

19.     Matt Ciepielowski

20.     Austin Browning

21.     David Chiokadze

22.     Corina Cotenscu

23.     Alva Johnson

24.     Head(s) of payroll for the Campaign

25.     Person(s) responsible for making salary determinations for the Campaing

The parties may agree to add or remove custodians as reasonably necessary. They shall take reasonable steps to preserve records in a form that will permit the collection and production of metadata referenced in Appendix A.  Notwithstanding the foregoing, the parties may conduct non-ESI collection they believe is appropriate to locate ESI they can specifically identify without an ESI search, and acknowledge that certain metadata fields may not be preserved through such non-ESI collection. The parties will use their best effort to preserve all metadata and will produce the metadata for all ESI (including non-ESI collection electronic documents) in the same format, to allow the receiving party to easily identify any metadata fields that were lost during collection. To the extent a receiving party reasonably believes that the complete metadata for any ESI produced via non-ESI collection is discoverable in accordance with Fed. R. Civ. P. 26, the receiving party may request that the producing party locate and produce the file with the complete metadata for such file, and the producing party shall meet and confer in good faith to agree upon such production.

5.    **SEARCH TERMS AND TIME FRAME FOR SEARCHES**

Within five business days of the entry of this order, the parties will meet and confer about search terms, relevant time-frame and other factors to search ESI in order to identify ESI that is the appropriate subject of production in discovery, and avoid identification and production of ESI that is not the appropriate subject of discovery. Pursuant to their duty to cooperate and to reduce the burden in filtering out ESI that is not the appropriate subject of discovery, the parties will work together to agree on targeted search terms and/or search methods. To the extent necessary, the parties will modify search terms based on hit results to tailor the search terms appropriately. Such modification may include the right to add a search term(s) to ensure that responsive and relevant documents are produced. An agreement to run search terms is not an agreement to produce every document that hits on every search term. In the event that the parties cannot reach agreement on search terms by July 15, the search terms proposed by Plaintiff shall be used.

6.    **PRODUCTION FORMATS**

**General Agreement**

The parties shall produce documents in native or TIFF image file format, as detailed below. If particular documents warrant a different format, the parties will cooperate regarding the mutually acceptable production of such documents in an alternative format. A party that receives a document produced in TIFF or other format may make a reasonable request to receive the document in its native format based on good cause, and the parties shall meet and confer in good faith regarding such request

**Production of Certain Files in Native Format**

Unredacted Excel documents or spreadsheets; unredacted PowerPoint documents or presentations containing animation, video, or sound; and audio or video files shall be produced in native format.

Microsoft Word or other word-processing documents that contain tracked changes or

comments; and structured files may be produced in native format.  Alternatively, at the producing party's option, they may be produced as TIFF images, as long as they contain the tracked changes and comments contained in the original.

**Structured Data**

The parties shall meet and confer regarding the production of structured data as needed.

**Image File Production Requirements**

Document images will be provided as single-page TIFF format, using Group 4 compression with at least 300 dots per inch ("dpi") resolution.  Images may be reduced by up to 10% to allow for a dedicated space for page numbering and other endorsements of documents. Images will be in black and white, unless color is necessary to understand the meaning of the document.

All production items will be provided with a delimited data file or "load file," which will include both an image cross-reference load file (such as an Opticon file) as well as a metadata (.dat) file with the metadata fields identified below on the document level to the extent available.  The load file must reference each TIFF in the corresponding production. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load files in the production.

Each page of a document will be electronically saved into an image file. If a document is more than one page, the unitization of the document and any attachments will be maintained as it existed in the original form and reflected in the load file.  The parties will make their best efforts to unitize documents correctly.

**Bates Numbering**

Each image shall be assigned a unique Bates number, unless there is a legitimate reason not to assign a unique Bates number to a document, in which case the parties shall meet and confer regarding the same.

## Metadata Production Requirements

The parties shall provide the metadata fields for all ESI produced, to the extent such metadata exists, as noted above and described in Appendix A.  The parties shall continue to meet and confer as needed regarding metadata fields.

## Confidentiality Designations

If a particular paper document or ESI item qualifies for confidential treatment pursuant to any applicable federal, state, or common law (e.g., Personally Identifiable Information), or to the terms of a protective order entered by the Court in this case or a confidentiality stipulation entered into by the parties, the designation shall be branded on the document's image at a location that does not obliterate or obscure any part of the underlying images.  To the extent reasonably possible, this designation also should be included in the appropriate data field in the load file.  Failure to comply with the procedures set forth in this Order, any protective order or confidential order, or any confidential stipulation shall not waive any protection or confidential treatment.

## De-Duplication

A party is only required to produce a single copy of a responsive document.  Parties may globally de-duplicate stand-alone documents or entire document families using hash value matching (such as MD5 or SHA-1 values). ESI that is not an exact duplicate may not be removed.  To the extent the parties de-duplicate stand-alone electronic documents against an e-mail attachment, the attachment to the e-mail must be the document that is produced.  If duplicate responsive documents are removed prior to production, the metadata of the produced documents will, to the extent reasonably possible, include the metadata of the removed documents (such as the names of everyone who had those documents prior to de-duplication).

## Production of Emails

Parent-child relationships (the association between emails and attachments) will be preserved,

and attachments to e-mails will not be eliminated from the parent e-mail. Email attachments will be consecutively produced with the parent email, and families will be associated using attachment range metadata.

**Production of Paper Documents**

A party may make paper documents available for inspection and copying in accordance with Fed. R. Civ. P. 34 or, additionally or alternatively, OCR paper documents if it chooses. Where OCR is used, the parties agree the following information shall be produced in the load file accompanying production of paper documents: (a) BegBates, (b) EndBates, (c) BegAttach, (d) EndAttach, (e) Custodian, (f) Confidentiality, and (g) Redacted (YIN). Additionally, the producing party will identify the bates number range(s) of any paper documents produced.

Paper documents should be logically unitized for production to the extent reasonably practicable. Therefore, when scanning paper documents for production, distinct documents shall not be merged into a single record and single documents shall not be split into multiple records.

Where the documents were organized into groups, such as folders, clipped bundles, and binders, this structure shall be maintained and provided in the load file to the extent reasonably practicable. The relationship among the documents in a folder or other grouping should be reflected in proper coding of the beginning and ending document and attachment fields to the extent reasonably practicable. The parties will make their best efforts to unitize documents correctly.

Where a document, or a document group, such as folder, clipped bundle, or binder, has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

The parties will utilize best efforts to ensure that paper records for a particular document custodian are produced in consecutive Bates stamp order.

## 7.     DOCUMENTS PROTECTED FROM DISCOVERY

**<u>Non-Waiver of Protection</u>**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.  Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**<u>Redactions</u>**

Any redactions made by a party shall be identified as redacted within the "REDACTED" metadata field, and all redactions shall be logged on the privilege log with a notation stating the reason for the redaction.  Each party reserves the right to object to any redaction and to seek an order from the Court requiring the producing party to produce an unredacted version after meeting and conferring in an attempt to agree to removal of the redaction.

**<u>Privilege Logs</u>**

Communications involving trial counsel or counsel of record in this action that post-date the filing of the complaint need not be placed on a privilege log.  The parties agree to meet and confer to address undue burden related to this requirement.  The privilege log will be produced within 30 days

of substantial completion of the parties' document production, and supplemented if necessary thereafter.

### **"Clawback" of Documents**

Any party that inadvertently discloses or produces a document or ESI that it considers privileged or otherwise protected from discovery will give written notice to the receiving party, identifying the document or ESI in question, the asserted privilege or protection, and the grounds therefor.

Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party will:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court; and

(b) to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, the party asserting the privilege must bring the contest to the attention of the Court by motion.

### 8.    MODIFICATION

This Order may be modified by written agreement of the parties, a Stipulated Order of the parties or by the Court for good cause shown.

9.     **MISCELLANEOUS PROVISIONS**

a.     This Order shall not enlarge, reduce, or otherwise affect the scope of discovery in this action as imposed by the Federal Rules of Civil Procedure, the Local Rules and/or any other Court Orders.  The parties reserve all rights to make objections when responding to document requests. Nothing in this Order establishes any determination as to either the temporal or subject matter scope of discovery in this case.

b.     In the event of any dispute between the parties related to this protocol or if the parties are unable to reach agreement on any matters hereunder following their meet and confer efforts, including but not limited to with respect to the issues of Preservation (Section 4 hereto), Searches (Section 5 hereto), Production Format (Section 6 hereto) and Documents Protected from Discovery (Section 7 hereto), the parties shall submit the matter to the Court for determination.

**IT IS SO ORDERED**.

DATED: _____

_____
HON. WILLIAM JUNG
United States District Judge

[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS

# APPENDIX A
## ESI PRODUCTION METADATA FIELDS

| Field Name | Content Specifications |
|---|---|
| Author | Author field extracted from the metadata of a non-email document (Note: this does not include sender of an email. See "from" field.) |
| BCC | BCC or blind carbon copy field extracted from an email message |
| BeginAttachmentBates | Unique number identifying the first page or first document of a document attachment(s) |
| BeginBates | Beginning Bates number of document |
| CC | CC or carbon copy field extracted from an email message |
| Company | Company name, present in Office documents and some PDFs |
| CreateDate | Date that a file was created (mm/dd/yyyy format) |
| CreateTime | Time that a file was created |
| CustodianName | Name of the custodian of the file(s) produced (last name, first name) |
| DuplicateCustodians | Identifies duplicate custodian sources for files excluded from production based on MD5 or SHA-1 hash de-duplication |
| DuplicateFilenames | If collected from multiple sources, the name of each additional file |
| DuplicateOriginalFilepath | If collected from multiple sources, the filepath of each additional file |
| EndAttachmentBates | Unique number identifying the last page or last document of a document attachment(s) |
| EndBates | Ending Bates number of document |
| Filename | Filename of the original digital file name |
| From | From field extracted from an email message |
| Hash | MD5 or SHA-1 unique 32 or 40 character hexadecimal value, respectively. A "digital file fingerprint". |
| ImageFilename | Filename to produced PDF image |
| ImagePath | Path to produced PDF image |
| LastAccessedDate | The last time a document was opened. Maps to modified date. |
| LastAccessedTime | The last time a document was opened. Maps to modified date. |
| LastModifiedDate | Modification date(s) of a non-email document |
| LastModifiedTime | Modification time(s) of a non-email document |
| LastPrintedDate | The last time the document was printed |
| LastPrintedTime | The last time the document was printed |
| NativeFilename | Filename to produced native file |
| NativePath | Path to produced native file |
| OCRPath | Path to OCR text file |
| OCRTextFilename | Filename to OCR text file |
| OriginalFilepath | Original filepath of the document |

| PageCount | Number of pages in the document |
|---|---|
| ParentID | ID of the parent of the document |
| ReceivedDate | Received date of an email message (mm/dd/yyyy format) |
| ReceivedTime | Received time of an email message |
| ReferenceID | Cross-reference identifier (if needed) |
| ReviewID | Another identifier (if needed) |
| SendDate | Sent date of an email message (mm/dd/yyyy format) |
| SendTime | Sent time of an email message |
| Subject | Subject (or "re" line) of an email |
| Tags | Tags or codes added by users |
| Title | Title of the document, present in Office documents and some PDFs |
| To | To or Recipient field extracted from an email message |