UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVA JOHNSON,
Individually and On Behalf of Herself and All
Others Similarly Situated,

    Plaintiff,

v.                                            Case No. 8:19-cv-00475-WFJ-SPF

DONALD J. TRUMP,
In His Individual Capacity and
DONALD J. TRUMP
FOR PRESIDENT, INC.,

    Defendant.
_____/

**[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND PAPER DOCUMENTS**

    **1.**      **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") and paper documents in the above-captioned case.

    **2.**      **COOPERATION**

The parties are required to cooperate in good faith throughout the matter regarding discovery of ESI.

    **3.**      **LIAISON**

Within five days of the entry of this Order, the parties must identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI that is potentially relevant. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of potentially relevant ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without

court intervention.

**4.    PRESERVATION**

The parties must discuss their preservation obligations and needs and must preserve potentially relevant ESI, which will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the potentially relevant ESI in each party's respective possession, custody or control as of the date this litigation was commenced shall be preserved.

The following types of ESI should be preserved: data on cell phones, laptop and desktop computers, tablets, and servers (including cloud-based servers).

The parties shall preserve ESI for the following custodians:

1. Donald J. Trump
2. Karen Giorno
3. Lucia Castellano
4. Cassidy Dumbauld
5. Chess Bedsole
6. Charles ("Chad") Tucker
7. Dennis Beavers
8. Jennifer Locetta
9. Susie Wiles
10. Tony Ledbetter
11. Nick Corvino
12. Beatriz "Bibi" Ramos
13. Stephen Bannon
14. Stephanie Grisham

15. Suzie Jaworowski

16. Elizabeth Mae Davidson

17. Mitch Tyner

18. Sidney Bowdidge

19. Matt Ciepielowski

20. Austin Browning

21. David Chiokadze

22. Corina Cotenscu

23. Alva Johnson

24. Head(s) of payroll for the Campaign

25. Person(s) responsible for making salary determinations for the Campaing

The parties may agree to add or remove custodians as reasonably necessary. They shall take reasonable steps to preserve records in a form that will permit the collection and production of metadata referenced in Appendix A. Notwithstanding the foregoing, the parties may conduct non-ESI collection they believe is appropriate to locate ESI they can specifically identify without an ESI search, and acknowledge that certain metadata fields may not be preserved through such non-ESI collection. The parties will use their best effort to preserve all metadata and will produce the metadata for all ESI (including non-ESI collection electronic documents) in the same format, to allow the receiving party to easily identify any metadata fields that were lost during collection. To the extent a receiving party reasonably believes that the complete metadata for any ESI produced via non-ESI collection is discoverable in accordance with Fed. R. Civ. P. 26, the receiving party may request that the producing party locate and produce the file with the complete metadata for such file, and the producing party shall meet and confer in good faith to agree upon such production.

5.  **SEARCH TERMS AND TIME FRAME FOR SEARCHES**

Within five business days of the entry of this order, the parties will meet and confer about search terms, relevant time-frame and other factors to search ESI in order to identify ESI that is the appropriate subject of production in discovery, and avoid identification and production of ESI that is not the appropriate subject of discovery. Pursuant to their duty to cooperate and to reduce the burden in filtering out ESI that is not the appropriate subject of discovery, the parties will work together to agree on targeted search terms and/or search methods. To the extent necessary, the parties will modify search terms based on hit results to tailor the search terms appropriately. Such modification may include the right to add a search term(s) to ensure that responsive and relevant documents are produced. An agreement to run search terms is not an agreement to produce every document that hits on every search term. In the event that the parties cannot reach agreement on search terms by July 15, the search terms proposed by Plaintiff shall be used.

6.  **PRODUCTION FORMATS**

**General Agreement**

The parties shall produce documents in native or TIFF image file format, as detailed below. If particular documents warrant a different format, the parties will cooperate regarding the mutually acceptable production of such documents in an alternative format. A party that receives a document produced in TIFF or other format may make a reasonable request to receive the document in its native format based on good cause, and the parties shall meet and confer in good faith regarding such request

**Production of Certain Files in Native Format**

Unredacted Excel documents or spreadsheets; unredacted PowerPoint documents or presentations containing animation, video, or sound; and audio or video files shall be produced in native format.

Microsoft Word or other word-processing documents that contain tracked changes or

comments; and structured files may be produced in native format. Alternatively, at the producing party's option, they may be produced as TIFF images, as long as they contain the tracked changes and comments contained in the original.

### Structured Data

The parties shall meet and confer regarding the production of structured data as needed.

### Image File Production Requirements

Document images will be provided as single-page TIFF format, using Group 4 compression with at least 300 dots per inch ("dpi") resolution. Images may be reduced by up to 10% to allow for a dedicated space for page numbering and other endorsements of documents. Images will be in black and white, unless color is necessary to understand the meaning of the document.

All production items will be provided with a delimited data file or "load file," which will include both an image cross-reference load file (such as an Opticon file) as well as a metadata (.dat) file with the metadata fields identified below on the document level to the extent available. The load file must reference each TIFF in the corresponding production. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load files in the production.

Each page of a document will be electronically saved into an image file. If a document is more than one page, the unitization of the document and any attachments will be maintained as it existed in the original form and reflected in the load file. The parties will make their best efforts to unitize documents correctly.

### Bates Numbering

Each image shall be assigned a unique Bates number, unless there is a legitimate reason not to assign a unique Bates number to a document, in which case the parties shall meet and confer regarding the same.

**Metadata Production Requirements**

The parties shall provide the metadata fields for all ESI produced, to the extent such metadata exists, as noted above and described in Appendix A. The parties shall continue to meet and confer as needed regarding metadata fields.

**Confidentiality Designations**

If a particular paper document or ESI item qualifies for confidential treatment pursuant to any applicable federal, state, or common law (e.g., Personally Identifiable Information), or to the terms of a protective order entered by the Court in this case or a confidentiality stipulation entered into by the parties, the designation shall be branded on the document's image at a location that does not obliterate or obscure any part of the underlying images. To the extent reasonably possible, this designation also should be included in the appropriate data field in the load file. Failure to comply with the procedures set forth in this Order, any protective order or confidential order, or any confidential stipulation shall not waive any protection or confidential treatment.

**De-Duplication**

A party is only required to produce a single copy of a responsive document. Parties may globally de-duplicate stand-alone documents or entire document families using hash value matching (such as MD5 or SHA-1 values). ESI that is not an exact duplicate may not be removed. To the extent the parties de-duplicate stand-alone electronic documents against an e-mail attachment, the attachment to the e-mail must be the document that is produced. If duplicate responsive documents are removed prior to production, the metadata of the produced documents will, to the extent reasonably possible, include the metadata of the removed documents (such as the names of everyone who had those documents prior to de-duplication).

**Production of Emails**

Parent-child relationships (the association between emails and attachments) will be preserved,

and attachments to e-mails will not be eliminated from the parent e-mail.  Email attachments will be consecutively produced with the parent email, and families will be associated using attachment range metadata.

### Production of Paper Documents

A party may make paper documents available for inspection and copying in accordance with Fed. R. Civ. P. 34 or, additionally or alternatively, OCR paper documents if it chooses.  Where OCR is used, the parties agree the following information shall be produced in the load file accompanying production of paper documents: (a) BegBates, (b) EndBates, (c) BegAttach, (d) EndAttach, (e) Custodian, (f) Confidentiality, and (g) Redacted (YIN). Additionally, the producing party will identify the bates number range(s) of any paper documents produced.

Paper documents should be logically unitized for production to the extent reasonably practicable. Therefore, when scanning paper documents for production, distinct documents shall not be merged into a single record and single documents shall not be split into multiple records.

Where the documents were organized into groups, such as folders, clipped bundles, and binders, this structure shall be maintained and provided in the load file to the extent reasonably practicable.  The relationship among the documents in a folder or other grouping should be reflected in proper coding of the beginning and ending document and attachment fields to the extent reasonably practicable.  The parties will make their best efforts to unitize documents correctly.

Where a document, or a document group, such as folder, clipped bundle, or binder, has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

The parties will utilize best efforts to ensure that paper records for a particular document custodian are produced in consecutive Bates stamp order.

## 7. DOCUMENTS PROTECTED FROM DISCOVERY

**Non-Waiver of Protection**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**Redactions**

Any redactions made by a party shall be identified as redacted within the "REDACTED" metadata field, and all redactions shall be logged on the privilege log with a notation stating the reason for the redaction. Each party reserves the right to object to any redaction and to seek an order from the Court requiring the producing party to produce an unredacted version after meeting and conferring in an attempt to agree to removal of the redaction.

**Privilege Logs**

Communications involving trial counsel or counsel of record in this action that post-date the filing of the complaint need not be placed on a privilege log. The parties agree to meet and confer to address undue burden related to this requirement. The privilege log will be produced within 30 days

of substantial completion of the parties' document production, and supplemented if necessary thereafter.

### "Clawback" of Documents

Any party that inadvertently discloses or produces a document or ESI that it considers privileged or otherwise protected from discovery will give written notice to the receiving party, identifying the document or ESI in question, the asserted privilege or protection, and the grounds therefor.

Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party will:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court; and

(b) to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, the party asserting the privilege must bring the contest to the attention of the Court by motion.

### 8. MODIFICATION

This Order may be modified by written agreement of the parties, a Stipulated Order of the parties or by the Court for good cause shown.

## 9.     MISCELLANEOUS PROVISIONS

a.     This Order shall not enlarge, reduce, or otherwise affect the scope of discovery in this action as imposed by the Federal Rules of Civil Procedure, the Local Rules and/or any other Court Orders.  The parties reserve all rights to make objections when responding to document requests.  Nothing in this Order establishes any determination as to either the temporal or subject matter scope of discovery in this case.

b.     In the event of any dispute between the parties related to this protocol or if the parties are unable to reach agreement on any matters hereunder following their meet and confer efforts, including but not limited to with respect to the issues of Preservation (Section 4 hereto), Searches (Section 5 hereto), Production Format (Section 6 hereto) and Documents Protected from Discovery (Section 7 hereto), the parties shall submit the matter to the Court for determination.

**IT IS SO ORDERED**.


DATED: _____


_____
HON. WILLIAM JUNG
United States District Judge

# APPENDIX A
## ESI PRODUCTION METADATA FIELDS

| Field Name | Content Specifications |
|---|---|
| Author | Author field extracted from the metadata of a non-email document (Note: this does not include sender of an email. See "from" field.) |
| BCC | BCC or blind carbon copy field extracted from an email message |
| BeginAttachmentBates | Unique number identifying the first page or first document of a document attachment(s) |
| BeginBates | Beginning Bates number of document |
| CC | CC or carbon copy field extracted from an email message |
| Company | Company name, present in Office documents and some PDFs |
| CreateDate | Date that a file was created (mm/dd/yyyy format) |
| CreateTime | Time that a file was created |
| CustodianName | Name of the custodian of the file(s) produced (last name, first name) |
| DuplicateCustodians | Identifies duplicate custodian sources for files excluded from production based on MD5 or SHA-1 hash de-duplication |
| DuplicateFilenames | If collected from multiple sources, the name of each additional file |
| DuplicateOriginalFilepath | If collected from multiple sources, the filepath of each additional file |
| EndAttachmentBates | Unique number identifying the last page or last document of a document attachment(s) |
| EndBates | Ending Bates number of document |
| Filename | Filename of the original digital file name |
| From | From field extracted from an email message |
| Hash | MD5 or SHA-1 unique 32 or 40 character hexadecimal value, respectively. A "digital file fingerprint". |
| ImageFilename | Filename to produced PDF image |
| ImagePath | Path to produced PDF image |
| LastAccessedDate | The last time a document was opened. Maps to modified date. |
| LastAccessedTime | The last time a document was opened. Maps to modified date. |
| LastModifiedDate | Modification date(s) of a non-email document |
| LastModifiedTime | Modification time(s) of a non-email document |
| LastPrintedDate | The last time the document was printed |
| LastPrintedTime | The last time the document was printed |
| NativeFilename | Filename to produced native file |
| NativePath | Path to produced native file |
| OCRPath | Path to OCR text file |
| OCRTextFilename | Filename to OCR text file |
| OriginalFilepath | Original filepath of the document |

| | |
|---|---|
| PageCount | Number of pages in the document |
| ParentID | ID of the parent of the document |
| ReceivedDate | Received date of an email message (mm/dd/yyyy format) |
| ReceivedTime | Received time of an email message |
| ReferenceID | Cross-reference identifier (if needed) |
| ReviewID | Another identifier (if needed) |
| SendDate | Sent date of an email message (mm/dd/yyyy format) |
| SendTime | Sent time of an email message |
| Subject | Subject (or "re" line) of an email |
| Tags | Tags or codes added by users |
| Title | Title of the document, present in Office documents and some PDFs |
| To | To or Recipient field extracted from an email message |