UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVA JOHNSON, individually and on
behalf of all others similarly situated,

   Plaintiff,

v.                                              Case No. 8:19-cv-00475-T-02SPF

DONALD J. TRUMP,
in his individual capacity and
DONALD J. TRUMP FOR
PRESIDENT, INC.,

   Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL ENTRY OF COURT-ORDERED ESI PROTOCOL AND SCHEDULE FOR AGREEING TO SEARCH TERMS**

Defendants argue that no ESI protocol is warranted in this case, but recent conduct of Defendants' counsel makes clear precisely why an ESI protocol is appropriate and necessary. Indeed, it now appears that counsel purposefully avoided entering into an ESI protocol so that counsel could alter a video of Defendant Trump kissing Ms. Johnson, hide the video within eight hours of unrelated video footage, and sandbag Ms. Johnson with the video at her deposition. Notwithstanding Defendants' efforts to mischaracterize the video to the Court, the video shows exactly what Ms. Johnson alleged happened to her: an unwanted kiss from Defendant Trump. The video also calls into question statements by Defendants' counsel to this Court. *E.g.*, Transcript of June 5, 2019 Hearing at 11:10-15, 13:8-13, 15:10-20 (stating that seven people will testify that the kiss never happened). In short, the circumstances surrounding the production of the video alone warrant an ESI protocol. But if that were not enough, Defendants' remaining arguments, such as their objections to Plaintiff's proposed search terms, are also meritless and should be rejected. The Motion should be granted.

> **I.       Defendants' Recent Conduct Makes Clear Why An ESI Protocol is Warranted.**

On the afternoon of July 5, 2019—over a holiday weekend and three days before Ms. Johnson's deposition—Defendants served Ms. Johnson with a flash drive containing a document identified as DJTFPI_00000493.mp4. That document contains eight hours, thirty-eight minutes, and thirty-three seconds of video footage. Most of the video footage is media coverage of the Trump Campaign rally that occurred on August 24, 2016, in Tampa, Florida. For example, approximately 00:15:53 to 00:47:56 shows footage from the rally with the logo for the news station ABC 15 Arizona in the right-hand corner. Beginning at approximately 00:47:15, additional footage of the rally without the ABC logo lasts until 00:50:59, at which point the video displays lower-quality footage of the rally that appears to have been taken with a cell phone. The eight and a half hours of video also appear to include footage of the rally from Fox 10 Phoenix, Channel 90, a Youtube channel called FRN Now, ABC 7 Suncoast News from Tampa, and others.

Buried deep in this compilation, at 07:39:44 (i.e., over seven hours into the compilation) is a brief video, taken on a cell phone, showing Mr. Trump kissing Ms. Johnson inside a Campaign RV on August 24, 2016—just as Ms. Johnson alleged. While Ms. Johnson remembered some of the minor details incorrectly (for example, Mr. Trump grabbed her by both shoulders before kissing her, and only took her hand after the kiss) it is now undisputable that Mr. Trump in fact kissed Ms. Johnson.

Defendants have stripped this important video of its metadata and hidden it within the eight hours of other videos, apparently for the purpose of hiding it from Ms. Johnson prior to her deposition. Without the appropriate metadata for the video, Ms. Johnson is unable to determine who created the video, when it was created, and other important information about its origins. The declaration of Brian Hayes filed concurrent with Defendants' motion for a protective order does not cure these deficiencies. The only metadata available in the eight hour video that was produced shows

that it was last modified on June 13, 2019—meaning that even though Defendants have had the video of the kiss since at least that date, they intentionally waited until July 5 to produce it (hiding it inside eight hours of other unrelated footage).

With a proper ESI protocol in place, this type of deceitful gamesmanship could not occur. An appropriate ESI protocol will preclude Defendants from altering ESI by stripping it of metadata and merging it into other, unrelated ESI. Without a Court Order in place, Defendants have no incentive not to continue with this bad faith conduct.

## II.     Defendants' Arguments With Respect to Ms. Johnson's Proposed Search Terms Lack Merit.

Defendants also raise a bevy of arguments with regard to Ms. Johnson's proposed search terms, in particular a number of offensive racial slurs. To be clear, Ms. Johnson and her counsel take no glee in proposing these search terms—but this is a race discrimination case under § 1981. Documents showing that Campaign staff (including Defendant Trump and other high-level staffers in charge of deciding personnel issues and compensation) used racial slurs are relevant to and probative of Ms. Johnson's claim for wage discrimination on the basis of race. *See, e.g., Lester v. BING The Best, Inc.*, No. 09-81525-CIV, 2010 WL 4942835, at *3 (S.D. Fla. Nov. 30, 2010) (holding that evidence that defendant's employee used n-word racial slur "constitutes direct evidence of discriminatory intent"); *see also Ardoin v. Louisiana through Dep't of Pub. Safety & Corr.*, No. CV 08-593-JJB-DLD, 2012 WL 12986190, at *3 (M.D. La. Apr. 23, 2012) (granting motion to compel evidence that "may be relevant to the issue of motivation or racial animus"). These search terms are appropriate for the subject matter of this case.

## III.    Conclusion

For these reasons and those stated in the Motion, Ms. Johnson requests that the Court grant the Motion.

DATED: July 10, 2019                    Respectfully submitted,

/s/ Hassan A. Zavareei
Hassan A. Zavareei (*pro hac vice*)
Trial Counsel
Katherine M. Aizpuru (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, D.C. 20036
P: (202) 417-3667
F: (202) 973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
**VARNELL & WARWICK, PA**
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (*pro hac vice*)
Karla Gilbride (*pro hac vice*)
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice*)
**PUBLIC JUSTICE, P.C.**
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150