## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALVA JOHNSON, individually and on
behalf of all others similarly situated,**

> **Plaintiff,**

**v.**                                            **Case No. 8:19-cv-00475-T-02SPF**

**DONALD J. TRUMP,
in his individual capacity and
DONALD J. TRUMP FOR
PRESIDENT, INC.,**

> **Defendants.**

_____/

## MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE

Plaintiff Alva Johnson, through counsel, respectfully requests that the Court open discovery

for the limited purpose of allowing her to obtain the original unaltered video file that purportedly

evidences the incident in which Defendant Donald J. Trump kissed her at a campaign event in 2016.

A forensic expert analysis indicates that the video provided to the Court and produced to

Ms. Johnson is not the original recording, but is instead a clip from a longer video file. Accordingly,

Ms. Johnson requests that the Court reopen discovery for the limited purpose of permitting Ms.

Johnson to obtain the original video and test its authenticity, and that the Court stay all other

deadlines. Counsel for Ms. Johnson have conferred with counsel for defendants President Trump

and Donald J. Trump for President, Inc. ("Defendants") and Defendants have indicated that they

will oppose the relief sought herein.

### I.      Introduction

Defendants produced an eight and a half hour video to Ms. Johnson on Friday July 5, 2019.

Her deposition was scheduled for the following Monday morning. Within that lengthy video is a 15-

second segment that shows President Trump in an RV with Ms. Johnson. Ms. Johnson maintains

that the video shows President Trump looking her over, grabbing her by the shoulders, and kissing her while she tried to move her head and her mouth away from him. Defendant maintains that the video shows Ms. Johnson kissing President Trump. Prior to production of the 15-second video, the video was spliced into over eight hours of other video. As such, that initially-produced eight-hour spliced-together video has no metadata that would identify the source of the 15-second segment or would show whether and when the segment was altered. The only metadata available is for the longer video. That metadata indicates that compilation video was created no later than June 12, 2019, almost a month before it was finally produced to Ms. Johnson on the eve of her deposition.

On July 10, 2019, Defendants filed the 15-second segment as a separate video with the Court and finally served it as a separate video on Ms. Johnson. Dkts. 74-75. The next day, during a telephonic hearing, the Court indicated that the video did not appear to support Ms. Johnson's battery allegations, and directed Ms. Johnson and her counsel to share the video with disinterested third parties and reassess whether to proceed with their battery claim. Ms. Johnson takes that admonition seriously. In order to make a careful decision of how to proceed—under threat of sanctions from the defendants—Ms. Johnson requested and received a two-week extension of time to file her amended complaint. *See* Dkts. 80-81. In addition, she made a few simple requests of Defendants to assist her in this important decision. Most critically, she wanted the original video with its metadata (so she could ensure that the video was not altered in any way) and she wanted to know when Defendants received that video (so she could understand why Defendants waited until the eve of her deposition to produce it). Defendants refused to comply with these requests.

Because she could get no information from defendants—other than their repeated assertion that the 15 second segment was the original unaltered video—Ms. Johnson retained a forensic expert to examine the video. That forensic examination has raised some serious questions regarding the provenance, authenticity, and completeness of that video. Specifically, the metadata of the

version produced on July 10, 2019 indicates that the 15-second file is an extract from a longer file, and that the extract was created on February 25, 2019—the date this lawsuit was filed.

While Ms. Johnson is mindful of the Court's admonitions, she also believes she is entitled to a full and fair record surrounding the video recording that caused the Court to believe it may be in her best interests to not pursue the battery claim. Her requests are modest, but important. For the reasons set forth herein, she respectfully asks the Court to reopen discovery to allow her to conduct discovery necessary to determine when the video was altered, to try to authenticate the video, and to access the original unaltered video. She also asks the Court to suspend the deadline for her to file an amended complaint until she has had an opportunity to pursue and complete this limited discovery.

## II.    Background

On the afternoon of July 5, 2019, three days before Ms. Johnson's deposition, Defendants served her with a flash drive containing a document identified as DJTFPI_00000493.mp4. Declaration of Hassan A. Zavareei ("Zavareei Decl.") ¶ 2. That document contains approximately eight hours and thirty-eight minutes of video footage. *Id.* The document contains spliced-together video of media coverage of the Trump Campaign rally that occurred on August 24, 2016, in Tampa, Florida, from a number of media sources, including ABC Arizona, Fox 10 Phoenix, Channel 90, APC 7 Suncoast News, several YouTube channels, and others. Buried deep in the compilation, at 07:39:44 (i.e., over seven hours into the compilation) is a brief video, taken on a cell phone, showing President Trump kissing Ms. Johnson. *Id.* ¶ 3. The metadata on that eight-plus hour video indicated that it was created no later than June 12, 2019.

On July 8, 2019 (the day of Ms. Johnson's deposition), counsel for Ms. Johnson contacted counsel for Defendants to ask for each individual video contained in the compilation in their unaltered form, including their metadata. Zavareei Decl. ¶¶ 4-5, Ex. 1. Her counsel also asked defense counsel when they obtained the video and why defense counsel "waited until the eve of Ms.

Johnson's deposition to produce it," since the metadata showed that they had the video "at least as early as June 13, 2019." *Id.* While defense counsel responded to the email, he did not provide an unaltered copy of the video or explain why it was not produced earlier. *Id.* ¶ 5, Ex 1.

Instead, Defendants filed a copy of the 15-second segment with the Court on July 10, 2019, and also posted a copy of the video publicly on Defendants' counsel's website (http://www.HarderLLP.com/JohnsonVideo). *See* Dkts. 74-75. The video filed with the Court is a standalone version of the video of the August 24, 2016 kissing incident, rather than the eight-hour compilation served on Ms. Johnson. In connection with the filing, Defendants for the first time served a copy of the standalone 15-second video to Ms. Johnson's counsel. Zavareei Decl. ¶ 6, Ex. 2.

On July 11, 2019, the parties appeared telephonically before the Court to discuss Ms. Johnson's motion for entry of order governing the production of Electronic Sources of Information (ESI). The Court discussed the contents of the video with the parties and cautioned counsel for Ms. Johnson to carefully review the video prior to filing an amended complaint:

> I would humbly suggest that you have somebody objective, from a distance, view that tape and tell "team plaintiff" whether, number one, that's a battery before you re-allege your complaint. Okay? Number two, conclude whether that was sexually predatory conduct, which you seem to have repeated multiple times in your complaint, you know, whether that conduct – and, you know, you can't sue him for the 19 other incidents. You can only sue him for what he did in the trailer. Whether that conduct was not only sexually predatory but forcible kissing, wanton, willful.
>
> This is going to – you're at an inflection point. I just want to tell you that. Okay? And if you need more time to review that, of course, I'll give you whatever time you want. But have some people who aren't connected and invested in this emotionally look at that and tell you if that's a battery. Because you're ready to put your signature on an amended complaint, and your opponent is – let's just put it this way. The tape didn't – we were all a little bit surprised here in chambers to see that tape based on what you represented.

Tr. at 7:23-8:18 (July 11, 2019).

The Court indicated that Ms. Johnson could take more time to file her amended complaint, and Ms. Johnson entered into a stipulation with Defendants that stayed discovery and extended the deadline to file the amended complaint by two weeks—to July 29, 2018. Dkts. 80-81.

In order to make the difficult decision urged on her by the Court, Ms. Johnson felt that she needed certain basic information regarding the video and its provenance. Accordingly, on July 15, 2019, counsel for Ms. Johnson again requested that Defendants respond to a handful of narrow inquiries about that video:

- First, please send us the original unaltered Video. This means without any edits and containing the full metadata.

- Second, please tell us when you first received the Video.

- Third, please tell us from whom you obtained the Video.

- Fourth, please explain why you waited until July 5, 2019 to produce the Video.

- Fifth, please provide any other video and photographs taken from the same device as the Video captured on the same day.

- Sixth, please identify who spliced the video in with over eight hours of other footage and explain why you produced the Video in this manner.

- Finally, if you have any other photographs or videos depicting any portion of the interaction between Mr. Trump and Ms. Johnson, please produce them.

Zavareei Decl. Ex. 3.

Defendants responded on July 18, 2019, refusing to provide the requested information. Counsel stated only that "the full-speed version of the video submitted to the Court and served on your office on Wednesday, July 10, is the same video that was produced during discovery." *Id.* ¶ 8, Ex. 4. According to counsel, the video filed with the Court in connection with Defendants' July 10, 2019 filing "was the full-length, unedited video taken by Brian Hayes on August 24, 2016, in the campaign RV." *Id.*

Thus, on July 19, 2019, Ms. Johnson asked Defendants if they would agree to reopen discovery for limited purposes and sent narrow draft discovery requests to Defendants: three (3)

interrogatories and two (2) requests for production ("RFPs"). Defendants responded on July 20, 2019, again asserting that Ms. Johnson was already in possession of the "entire unedited video recording . . . in its original, unaltered format." *Id.* Ex. 5. Defendants would not agree to reopen discovery. *Id.* ¶ 10, Ex. 6.

Afterwards, counsel for the parties spoke on the phone on July 22, 2019. Defense counsel asked Ms. Johnson's counsel if they would narrow the requests. *Id.* ¶ 11. Ms. Johnson's counsel sent a narrowed request shortly afterwards. *Id.* ¶ 12, Ex. 7. In response, defense counsel declined to respond to the narrowed requests, and reiterated that Defendants had "already produced the full, unaltered video . . . and filed it with the Court." *Id.* ¶ 12, Ex. 7.

Because defense counsel refused to provide any further information about the video, Ms. Johnson's counsel retained Matt Danner, a forensic expert, to examine the video. Mr. Danner is a Senior Forensics Specialist with CS DISCO, Inc., in Austin, Texas. Mr. Danner examined the video and found that there were two separate time stamps on the video. The first set of timestamps "indicates that the video was originally created with an Apple iPhone 6 with iOS v9.3.4 and was created on August 24, 2016 at 13:35:41." Declaration of Matt Danner ("Danner Decl.") ¶ 12. The second set of timestamps have a "Create Date" and "Modify Date" of February 25, 2019. *Id.* ¶¶ 14-15. That is the date that the complaint in this lawsuit was filed. Dkt. 1. According to Mr. Danner, this second set of timestamps "indicate that additional activity occurred with this video on February 25, 2019 that updated these internal metadata timestamps." *Id.* ¶ 17. As he explains in his declaration, the existence of these divergent dates indicates that the underlying video was filmed on August 24, 2016, but that the video provided to Ms. Johnson is a clip or portion of that underlying video that was created on the day this lawsuit was filed: "Specifically, the difference between the [February 25, 2019 timestamps] and the creation timestamp [of August 24, 2016] is consistent with this video being a clip or portion of another video." *Id.* ¶¶ 18; *see also id.* ¶ 23 ("The timestamps

6

indicate that the video clip was created on February 25, 2019 while the parent video was created on August 24, 2016.").

Immediately after receiving the declaration and speaking with the expert, Ms. Johnson's counsel sent the declaration to defense counsel and asked them to produce the full unedited video:

> I have attached a declaration from a forensic expert we retained to examine the Brian Hayes video. As you will see, it appears that the video is a snippet of a longer video. Can you please produce the full unedited video? If you don't have it and cannot get it from Mr. Hayes, please let us know. If that is the case we will need to ask the Court to reopen discovery for the limited purpose of obtaining the original video. Hopefully that won't be necessary. Also, if you have reason to believe our expert's conclusions are incorrect, please let us know.

Zavareei Decl. ¶ 14, Ex. 8. Ms. Johnson's counsel followed up the afternoon of July 25, 2019, to inquire whether Defendants' counsel were available to discuss the issue. *Id.* ¶ 15, Ex. 9. Defendants' counsel have not responded to either email.

## III.   **Argument**

Ms. Johnson and her lawyers take the Court's advice and admonitions of July 11, 2019 very seriously. Ms. Johnson is considering her options with regard to the battery claim and any amended complaint. But to make an informed decision about whether and how to move forward, Ms. Johnson requires complete and fulsome information about the belatedly-produced video of the interaction between her and President Trump. Ms. Johnson has attempted to avoid motions practice by seeking the information informally, but Defendants have not agreed to produce it.

While counsel for Defendants have represented that the video produced to Ms. Johnson and the Court was not edited, her expert's analysis shows otherwise. Under ordinary circumstances, Ms. Johnson would be entitled to seek information about the circumstances under which a video of a disputed incident was produced, edited (meaning, at minimum, stripped of metadata and spliced into a longer video, and possibly cropped from a different longer video), and produced following a substantial delay. The same should be true here. At a minimum, Ms. Johnson is entitled to discovery

of the underlying video (if, as her expert's analysis indicates, the produced video is a clip of a longer video) to review what substance, if anything, was cropped out. Ms. Johnson is not seeking these materials for purposes of delay, harassment, or obstruction, or for any other improper purpose, but rather to assist her in determining next steps in the litigation in light of the Court's comments.

For these reasons, Ms. Johnson respectfully requests that the Court open discovery for the limited purpose of permitting Ms. Johnson to conduct narrow discovery relating to the video—specifically its origin, whether it was edited (and if so, how, by whom, and why), and any substance that may have been removed or cropped out. That should include limited third-party discovery if necessary. To protect the resources of both parties and the Court, Ms. Johnson requests that the Court stay all other deadlines (including the deadlines set forth in Dkts. 80-81) until this issue has been resolved. Ms. Johnson requests that the Court set a telephonic status conference for 30 days following resolution of this Motion to assess case status and enter new deadlines as needed.

## IV.      Conclusion

For the foregoing reasons, Ms. Johnson requests that the Court (1) reopen discovery for the limited purpose of permitting Ms. Johnson to obtain the original video and test its authenticity; (2) stay all other deadlines; and (3) set a telephonic status conference for 30 days from the date of the Court's Order.

Dated:          July 26, 2019                    Respectfully Submitted,

                                                 /s/ Hassan A. Zavareei
                                                 Hassan A. Zavareei (*pro hac vice*)
                                                 Katherine M. Aizpuru (*pro hac vice*)
                                                 TYCKO & ZAVAREEI LLP
                                                 1828 L Street, N.W., Suite 1000
                                                 Washington, D.C. 20036
                                                 Telephone: 202-973-0900
                                                 Facsimile: 202-973-0950
                                                 hzavareei@tzlegal.com

kaizpuru@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
VARNELL & WARWICK, PA
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (*pro hac vice*)
Karla Gilbride (*pro hac vice*)
PUBLIC JUSTICE, P.C.
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice*)
PUBLIC JUSTICE, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALVA JOHNSON, individually and on
behalf of all others similarly situated,**

    **Plaintiff,**

**v.**                                    **Case No. 8:19-cv-00475-T-02SPF**

**DONALD J. TRUMP,
in his individual capacity and
DONALD J. TRUMP FOR
PRESIDENT, INC.,**

    **Defendants.**

_____/

## DECLARATION OF HASSAN A. ZAVAREEI IN SUPPORT OF
## MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE

I, Hassan A. Zavareei, declare as follows:

      1.      I am a partner at the law firm of Tycko & Zavareei LLP and counsel of record in the

above-captioned case. I am above the age of eighteen. I make this declaration based on my personal

knowledge and could and would testify competently to its contents if called upon to do so.

      2.      On July 5, 2019, Defendants produced to my office a flash drive containing a video

that is approximately eight hours and thirty-eight minutes in length, Bates-numbered

DJTFPI_00000493.mp3.

      3.      Within the video Bates-numbered DJTFPI_00000493.mp3 is a segment of

approximately 15 seconds that shows Defendant Trump in an RV with Alva Johnson. That segment

appears at the timestamp 07:39:44. The video also includes hours of media coverage of the Trump

rally that occurred in Tampa, Florida on August 24, 2016.

      4.      Ms. Johnson's deposition was scheduled for and took place on July 8, 2019.

5.      On July 8, 2019, I contacted counsel for Defendants to ask for each individual contained in the eight-hour compilation, including their metadata. I also asked why counsel "waited until the eve of Ms. Johnson's deposition to produce it," since the metadata showed that they had the video "at least as early as June 13, 2019." *Id.* While defense counsel responded to the email, he did not provide an unaltered copy of the video or explain why it was not produced earlier. A true and correct copy of my email exchange with Charles Harder is attached as **EXHIBIT 1.**

6.      On July 10, 2019, Defendants filed the 15-second video with the Court and served it on my office. A true and correct copy of the email from Steven Frackman attaching the video clip is attached as **EXHIBIT 2**.

7.      On July 15, 2019, I again requested that Defendants provide more information about the tape by responding to a handful of inquiries. A true and correct copy of my letter is attached hereto as **EXHIBIT 3.**

8.      Counsel for Defendants responded on July 18, 2019, refusing to provide the requested information. Counsel stated only that "the full-speed version of the video submitted to the Court and served on your office on Wednesday, July 10, is the same video that was produced during discovery," referring to the copy of the video served in connection with Defendants' July 10, 2019 filing. A true and correct copy of counsel's email is attached as **EXHIBIT 4.**

9.      Thus, on July 19, I requested that Defendants agree to reopen discovery for limited purposes, and my office served narrow draft discovery requests to Defendants concerning the video. A true and correct copy of my letter enclosing the discovery requests is attached as **EXHIBIT 5.**

10.     Counsel for Defendants responded on July 20, 2019 stating that Defendants would not agree. A copy of Ryan Stonerock's letter is attached as **EXHIBIT 6.**

11.     I spoke to Mr. Stonerock via telephone on July 22, 2019. Mr. Stonerock asked whether we would agree to narrow the requests.

12.     In response, I sent Mr. Stonerock a narrowed set of requests that same day. Mr. Stonerock declined to respond to the narrowed requests, and again repeated that Defendants had "already produced the full, unaltered video . . . and filed it with the Court." A true and correct copy of my email exchange with Mr. Stonerock is attached as **EXHIBIT 7**.

13.     My law firm retained Matt Danner to perform an analysis of the video served upon my office on July 10, 2019.

14.     After receiving Mr. Danner's declaration on July 24, 2019, I sent the declaration to counsel for Defendants and again requested that they produce the full, unedited video. A true and correct copy of my email is attached as **EXHIBIT 8.**

15.     When I had not heard from Defendants' attorneys by 4:00 p.m. on July 25, 2019, I sent a follow-up email asking if they were available to discuss the matter. A true and correct copy of my email is attached as **EXHIBIT 9.**


I swear under penalty of perjury under the laws of the District of Columbia and the United States that the foregoing is true and correct to the best of my knowledge. Executed this 26th day of July, 2019, at Washington, D.C.


_/s/ Hassan A. Zavareei_
Hassan A. Zavareei

# EXHIBIT 1

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Tuesday, July 9, 2019 4:46 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Katherine Aizpuru; Janet Varnell; Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch |
| **Subject:** | RE: Your July 5, 2019 Production |

We are happy to discuss, but a few things first:

1.   We are currently preparing our two court filings due tomorrow, and thus will not have time to meet and confer on this issue until after those filings have been completed, thus, Thursday or Friday would be the soonest;

2.   Your email does not indicate what this meet and confer is pertaining to, or the legal basis.  If you could please provide that, it would allow us to actually prepare for the conference.  For example, this would be a meet and confer regarding a Motion to XXX based upon FRCP Rule YYY, Local Rule ZZZ, etc.  And if you have caselaw authority that would be all the more helpful to understand where you are coming from.

Also, for the record, I don't agree with your characterization of our document production.  But rather than go back and forth on that in emails, we can discuss later this week.

Sincerely,

Charles Harder

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Monday, July 08, 2019 6:35 PM
**To:** Charles Harder
**Cc:** Katherine Aizpuru; Janet Varnell; Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch
**Subject:** Your July 5, 2019 Production

Charles,

I am writing to meet and confer regarding the eight-hour video that you produced on July 5, 2019. It appears that you took numerous individual videos and spliced them together and buried the key video at very end of the video (7:39:44). I cannot think of a legitimate reason why you would alter the numerous individual videos, strip out their metadata, and then merge them together into one.

I ask that you provide us with each individual video in unaltered form with the full metadata (ESI) immediately. I also ask that you tell me exactly how and when you obtained the video and why you waited until the eve of Ms. Johnson's deposition to produce it. The only metadata available shows that you had the video at least as early as June 13, 2019. I am available in the morning for a meet and confer telephone conference.

Thank you,

Hassan

# EXHIBIT 2

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Steven Frackman <sfrackman@harderllp.com> |
| **Sent:** | Wednesday, July 10, 2019 5:11 PM |
| **To:** | Hassan Zavareei; Katherine Aizpuru; Janet Varnell; Jennifer Bennett; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; Karla Gilbride; Tanya S. Koshy |
| **Cc:** | Charles Harder; Ryan Stonerock; Henry Self |
| **Subject:** | Johnson v. Trump - Video Exhibits Manually Filed With Court |
| **Attachments:** | Exhibit O to Declaration of Charles J. Harder.mp4; Exhibit A to Declaration of Brian Hayes.mov |

Counsel:

Please find attached a copy of the two video exhibits that Defendants manually filed with the Court today in support of their Motion for Protective Order [Dkt. No. 73.]

Best,



**STEVEN H. FRACKMAN**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
SFRACKMAN@HARDERLLP.COM
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 3



▶ **WASHINGTON DC**
1828 L Street, NW │ Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway │ Suite 1070
Oakland, CA 94612
510.254.6808

**VIA ELECTRONIC MAIL**

July 15, 2019

Our File No. 474-01

Charles J. Harder
Harder LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
charder@harderllp.com

Dear Charles:

In order to determine how best to proceed pursuant to the Court's direction regarding the video footage showing Defendant Trump kissing Ms. Johnson ("Video"), I have a few important requests that I ask you to respond to no later than July 17, 2019. We could reduce these requests into a set of discovery requests, but in light of the upcoming deadline and the seriousness of your sanctions threat, we think that it is in the interests of all parties that you share this information immediately so that the Court and the parties can have a complete and full record regarding the circumstances surrounding your procurement of (and belated production of) the Video.

First, please send us the original unaltered Video. This means without any edits and containing the full metadata.

Second, please tell us when you first received the Video.

Third, please tell us from whom you obtained the Video.

Fourth, please explain why you waited until July 5, 2019 to produce the Video.

Fifth, please provide any other video and photographs taken from the same device as the Video captured on the same day.

Sixth, please identify who spliced the video in with over eight hours of other footage and explain why you produced the Video in this manner.

Finally, if you have any other photographs or videos depicting any portion of the interaction between Mr. Trump and Ms. Johnson, please produce them.

I look forward to your response to these questions.

Regards,

Hassan A. Zavareei

# EXHIBIT 4

**Katherine Aizpuru**

---

| | |
|---|---|
| **From:** | Ryan Stonerock <RStonerock@harderllp.com> |
| **Sent:** | Thursday, July 18, 2019 12:40 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; jvarnell@varnellandwarwick.com; Henry Self; Steven Frackman; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com; Nicole Porzenheim; Charles Harder |
| **Subject:** | RE: Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF |

The following email is sent on behalf of Charles J. Harder who, as previously stated (see Dkt. 77), is out of the office on a family vacation until July 26, 2019.

Dear Mr. Zavareei:

We are writing in response to your letter dated July 15, 2019.

First, the assertion in your letter that Mr. Trump kissed your client is false. She kissed him.

Second, there is no operative complaint, and discovery has been stayed. Until such time that there is an operative complaint and discovery has resumed, we will not respond to the requests in your letter.

Third, the full-speed version of the video submitted to the Court and served on your office on Wednesday, July 10, is the same video that was produced during discovery. It was the full-length, unedited video taken by Brian Hayes on August 24, 2016, in the campaign RV.

Fourth, as we have already stated, if you re-file Ms. Johnson's battery claim, we will serve a Rule 11 motion, and file it at the appropriate time, seeking sanctions against you, your law firm, your co-counsel and Ms. Johnson. It is our understanding from the last hearing and accompanying transcript that Judge Jung delivered a clear message that if you re-file the battery claim, he will seriously consider imposing Rule 11 sanctions against plaintiff and her counsel. Thus, if you proceed to re-file the battery claim, you will do so at your own risk.

Sincerely,



**RYAN J. STONEROCK**
HARDER LLP
RSTONEROCK@HARDERLLP.COM
(424) 203-1600

---

**From:** Nicole Porzenheim <nporzenheim@tzlegal.com>
**Sent:** Monday, July 15, 2019 12:27 PM
**To:** Charles Harder <charder@harderllp.com>
**Cc:** JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru <kaizpuru@tzlegal.com>;

bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; Ryan Stonerock <RStonerock@harderllp.com>; jvarnell@varnellandwarwick.com; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com; Hassan Zavareei <hzavareei@tzlegal.com>
**Subject:** Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF

Counsel,

Please find the attached.

Best,



**Nicole Porzenheim**  ■  Paralegal  ■  Tᴙᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.973.0900  ■  f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

# EXHIBIT 5



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

**VIA ELECTRONIC MAIL**

July 19, 2019

Our File No. 474-01

Ryan J. Stonerock
Harder LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
RStonerock@harderllp.com

Dear Ryan:

Thank you for your response to my letter to Mr. Harder. Since you will not provide the information that we need voluntarily, we have prepared the attached discovery requests. Because discovery is suspended, we will need to ask the Court to reopen discovery for the limited purposes of allowing us to serve these requests. We will also need to ask the Court to adjourn the deadline for filing an amended pleading so that we can get responses to these discovery requests before we decide how to proceed.

Please advise whether you will consent to reopen discovery and to adjourn the current deadline. If not, please let me know when you can meet and confer sometime today or on Monday.

Regards,

Hassan A. Zavareei

Enclosures

cc:     Charles Harder, Esq.
        Dawn Siler-Nixon, Esq.
        Tracey Jaensch, Esq.
        Jennifer Bennett, Esq.
        Karla Gilbride, Esq.
        Katherine Aizpuru, Esq.
        Brian Warwick, Esq.
        F. Paul Bland, Esq.
        Janet Varnell, Esq.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALVA JOHNSON, individually and on
behalf of all others similarly situated,**

    **Plaintiff,**

**v.**                      **Case No. 8:19-cv-00475-T-02SPF**

**DONALD J. TRUMP,
in his individual capacity and
DONALD J. TRUMP FOR
PRESIDENT, INC.,**

    **Defendants.**

_____/

## PLAINTIFF'S FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DONALD J. TRUMP FOR PRESIDENT, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Alva Johnson hereby requests that Defendant Donald J. Trump for President, Inc. produce the documents and tangible things described below for inspection and copying, within thirty (30) days, at the office of Tycko & Zavareei LLP, 1828 L Street NW, Suite 1000, Washington, D.C. 20036.

## I.      DEFINITIONS

1.      "Document" and "Documents" ("Document(s)") should be interpreted in their broadest possible sense within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure and shall mean the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, as well as any attachment thereto or enclosure therewith. "Document(s)" includes all written, typewritten, handwritten, printed, computerized, electronically created or stored, or graphic matter of any kind or nature, however produced or reproduced; any form of collected data for use with electronic data processing equipment; any physical object or thing, and any mechanical or electronic visual or

sound recordings now or formerly in Defendant's possession, custody or control or known to Defendant regardless of physical location. "Document(s)" includes all materials and tangible objects conveying or carrying spoken, visual or literal substance, including papers, correspondence, records, tables, charts, analysis, graphs, schedules, reports, spreadsheets, memoranda, journals, notes, logs, calendars, appointment books, letters, telegrams, telecopy, telex and telefacsimile transmissions, messages, studies, books, periodicals, magazines, newspapers, booklets, advertisements, brochures, instructions, minutes, contracts, books of account, orders, invoices, statements, checks, bills, receipts, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer files, computer disks, computer printouts, "e-mail" messages, photographs, negatives, phone recordings, tape recordings, wire recordings, drawings, forms, catalogues, manuals, tabulations, tweets, voicemail messages, transcripts, offers, contracts, bids, proposals, licenses, permits, reports to any government agency, diary entries, calendar entries, drawings, printouts, discs, drives, microfilm, microfiche, audio tape, video tape, instant messages, text messages, messages sent through any encrypted application (including, but not limited to, Signal, WhatsApp, and Viber), and any other matter of any kind, regardless of the manner in which produced.

2.      "And" means "or" and "or" means "and," as necessary to call for the broadest possible construction and to bring within the scope of this request any information that may otherwise be construed to be outside its scope.

3.      "Communication(s)" means the transmission, sending, or receipt of information of any kind (in the form of facts, ideas, inquiries, or otherwise), by one or more persons and/or between two or more persons by or through any means including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including, but not limited to, e-mail, instant messaging, or other computer linkups), magnetic tape, videotape, photographs, graphs, symbols,

signs, magnetic or optical disks, floppy disks, compact discs, CD-ROM discs, other removable or transportable media, sound, radio, or video signals, telecommunication, telephone, teletype, telexes, telecopies, facsimile, telegram, microfilm, microfiche, photographic film of all type, or other media of any kind.

4.      As used herein, the words "relate to," "refer to," "with respect to," "reflect," "regarding," "pertaining to" or "concerning" means mentioning, discussing, reflecting, containing, consisting of, evidencing, embodying, stating, dealing with, making reference or relating to in any way, or having any logical or factual connection with the subject matter identified in a discovery request.

5.      The term "individual" or "person" as used herein, shall include without limitation any individual, natural person, and entity of every type and description, including (without limitation) any firm, partnership, association, joint venture, public or private corporation, proprietorship, government entity, organization, other business enterprise, group of natural persons, or other entity that has a separate legal existence.

6.      Words in the singular include the plural, and vice versa. The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

7.      The term "each" as used herein shall be construed to mean "all" and the term "all" as used herein shall be construed to mean "each" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.       "You" or "Your" or "Campaign" means Donald J. Trump for President, Inc., its subsidiaries, affiliated companies, parent companies, predecessor companies, successor companies, officers, directors, employees, agents, representatives, and all persons acting or purporting to act on their behalf. In accordance with Local Rule 26(a), this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

9.      "Staff" includes current and former employees, independent contractors, consultants, interns, and any other individuals receiving or who received compensation in exchange for services.

## II.      INSTRUCTIONS

1.      You are required, in responding to these document requests, to obtain and produce all documents in your possession, available to you, or under your control, or in the possession of, available to, or under the control of your attorneys or agents.

2.      Where a specified document is requested, such request shall not be interpreted to exclude any other documents where it is known that such other documents contain information relevant to the request.

3.      If a document described by the request was, but no longer is in existence or in your control, you shall state:

a.      the present or last known location of that document;

b.      the names and addresses of all persons with knowledge of the contents of that document; and

c.      why the document is no longer in existence or in your control.

4.      If You object to a document request, you must state whether you are withholding documents pursuant to that objection.

5.      For each request you must provide bates numbers for all documents produced pursuant to that request.

6.      This request represents a continuing request for production.  Therefore, if a document described by this request is not in existence or in your control at the time of the first response to this request, but later comes into existence or into your control, you must immediately produce that document.

–4–

7.      If any document called for by these requests is withheld under any claim of privilege, state separately with respect to each document as to which a privilege is claimed:

      a.      the number and particular part of the document request to which the supposed privileged information is responsive;

      b.      a description of the document;

      c.      the basis upon which the privilege is claimed;

      d.      the author of the document, the person(s) to whom the document was addressed, and any other person(s) to whom the document or any copy thereof was provided or shown; and

      e.      the identity of each person (other than the attorneys representing you in this action) to whom the contents of the allegedly privileged communication contained in the document have been disclosed, either orally or in writing.

8.      To the extent you deem a particular request to be irrelevant, over broad, or unduly burdensome, you shall respond to the request to the extent that you deem the request permissible.

9.      Each request that seeks documents relating in any way to communications, to, from or within a business and/or corporate or governmental entity, is hereby designated to mean, and should be construed to include, all documents relating to communications by and between representatives, employees, agents, attorneys, and/or servants of the business and/or corporate and/or governmental entity.

10.      The instructions are amplified by the definitions, and the documents requested in these requests are amplified by the definitions and instructions. You should respond to each request in the context of the definitions and instructions.

11.      Documents shall be produced in the form in which you keep them in the ordinary

course of business. In particular, electronically stored information shall be produced in electronic form and searchable to the same extent as you maintain such information in the ordinary course of business.

### III.    DOCUMENTS REQUESTED

60     Please produce the original unedited video reflecting an interaction between Defendant Donald J. Trump and Alva Johnson on August 24, 2016 in its unaltered format, including all metadata.

61.     Please produce any other videos or photographs in your possession or control (including other images or videos from the telephone of Brian Hayes and/or any other Campaign staff and volunteers) that reflect any events from the rally in Tampa, Florida on August 24, 2016.


Date: July 19, 2019                     Respectfully submitted,

                                         /s/ Hassan A. Zavareei
                                        Hassan A. Zavareei (*pro hac vice*)
                                        Katherine M. Aizpuru (*pro hac vice*)
                                        TYCKO & ZAVAREEI LLP
                                        1828 L Street, N.W., Suite 1000
                                        Washington, D.C. 20036
                                        Telephone: 202-973-0900
                                        Facsimile: 202-973-0950
                                        hzavareei@tzlegal.com
                                        kaizpuru@tzlegal.com

                                        Janet Varnell (Fla. Bar No. 71072)
                                        Brian W. Warwick, (Fla. Bar No. 0605573)
                                        VARNELL & WARWICK, PA
                                        P.O. Box 1870
                                        Lady Lake, FL 32158-1870
                                        P: 352-753-8600
                                        F: 352-503-3301
                                        jvarnell@varnellandwarwick.com
                                        bwarwick@varnellandwarwick.com

                                        F. Paul Bland (*pro hac vice*)
                                        Karla Gilbride (*pro hac vice*)

−6−

PUBLIC JUSTICE, P.C.
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice*)
PUBLIC JUSTICE, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2019, the foregoing document was served, with the

consent of all parties, by electronic mail on counsel of record for Defendants.

/s/ Hassan A. Zavareei
Hassan A. Zavareei

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **ALVA JOHNSON,**<br>**Individually and On Behalf of All Others**<br>**Similarly Situated,**<br><br>**Plaintiff/Relator,**<br><br>v.<br><br>**DONALD J. TRUMP,**<br>**In his Individual Capacity and**<br>**DONALD J. TRUMP FOR**<br>**PRESIDENT, INC.**<br><br>**Defendant.** | **Case No. 8:19-cv-00475-WFJ-SPF** |

## PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DONALD J. TRUMP

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Alva Johnson hereby requests that Defendant Donald J. Trump ("Defendant") produce the documents and tangible things described below for inspection and copying, within thirty (30) days, at the office of Tycko & Zavareei LLP, 1828 L Street NW, Suite 1000, Washington, D.C. 20036.

## I.      DEFINITIONS

1.      "Document" and "Documents" ("Document(s)") should be interpreted in their broadest possible sense within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure and shall mean the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, as well as any attachment thereto or enclosure therewith. "Document(s)" includes all written, typewritten, handwritten, printed, computerized, electronically created or stored, or graphic matter of any kind or nature, however produced or reproduced; any form of collected data for use with electronic data processing equipment; any physical object or thing, and any mechanical or electronic visual or sound recordings now or formerly in Defendant's possession, custody or control or known to

Defendant regardless of physical location. "Document(s)" includes all materials and tangible objects conveying or carrying spoken, visual or literal substance, including papers, correspondence, records, tables, charts, analysis, graphs, schedules, reports, spreadsheets, memoranda, journals, notes, logs, calendars, appointment books, letters, telegrams, telecopy, telex and telefacsimile transmissions, messages, studies, books, periodicals, magazines, newspapers, booklets, advertisements, brochures, instructions, minutes, contracts, books of account, orders, invoices, statements, checks, bills, receipts, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer files, computer disks, computer printouts, "e-mail" messages, photographs, negatives, phone recordings, tape recordings, wire recordings, drawings, forms, catalogues, manuals, tabulations, tweets, voicemail messages, transcripts, offers, contracts, bids, proposals, licenses, permits, reports to any government agency, diary entries, calendar entries, drawings, printouts, discs, drives, microfilm, microfiche, audio tape, video tape, instant messages, text messages, messages sent through any encrypted application (including, but not limited to, Signal, WhatsApp, and Viber), and any other matter of any kind, regardless of the manner in which produced.

2.      "And" means "or" and "or" means "and," as necessary to call for the broadest possible construction and to bring within the scope of this request any information that may otherwise be construed to be outside its scope.

3.      "Communication(s)" means the transmission, sending, or receipt of information of any kind (in the form of facts, ideas, inquiries, or otherwise), by one or more persons and/or between two or more persons by or through any means including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including, but not limited to, e-mail, instant messaging, or other computer linkups), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, floppy disks, compact discs, CD-ROM discs, other removable or transportable media, sound, radio, or video signals, telecommunication, telephone, teletype, telexes,

telecopies, facsimile, telegram, microfilm, microfiche, photographic film of all type, or other media of any kind.

4.      As used herein, the words "relate to," "refer to," "with respect to," "reflect," "regarding," "pertaining to" or "concerning" means mentioning, discussing, reflecting, containing, consisting of, evidencing, embodying, stating, dealing with, making reference or relating to in any way, or having any logical or factual connection with the subject matter identified in a discovery request.

5.      The term "individual" or "person" as used herein, shall include without limitation any individual, natural person, and entity of every type and description, including (without limitation) any firm, partnership, association, joint venture, public or private corporation, proprietorship, government entity, organization, other business enterprise, group of natural persons, or other entity that has a separate legal existence.

6.      Words in the singular include the plural, and vice versa.  The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

7.      The term "each" as used herein shall be construed to mean "all" and the term "all" as used herein shall be construed to mean "each" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.       "You" or "Your" means Donald J. Trump.

9.      "Campaign" means Donald J. Trump for President, Inc., its subsidiaries, affiliated companies, parent companies, predecessor companies, successor companies, officers, directors, employees, agents, representatives, and all persons acting or purporting to act on their behalf. In accordance with Local Rule 26(a), this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

10.       "Declaration" means a statement signed or otherwise executed by You, including sworn declarations, affidavits, attestations, interrogatory responses or any other statements, and including

statements signed by hand, through electronic means such as DocuSign or Adobe Sign, or any other means.

11.     "Legal Proceeding" means any dispute resolution proceeding, whether in court, arbitration, an administrative agency, or any other forum.

12.     "Non-disclosure Agreement" or "NDA" means any contract or agreement between, on the one hand, You, anyone acting on Your behalf, the Campaign, or any Trump Entity, and, on the other hand, any other person, which prohibits (or contains any provision prohibiting) signatories from disclosing information about Your personal life, political affairs, and/or business affairs; disclosing communications with You or any Trump Entity; or disparaging You, members of Your family or any Trump Entity. NDAs also include any agreement that contain a nondisclosure or nondisparagement provision as described in the previous sentence, even if it also includes other provisions.

13.      "Sexual Behavior" has the normal colloquial meaning, and shall include all manner of sexual conduct, including kissing, groping, fondling, caressing, oral sex, vaginal intercourse, anal intercourse, contact with any private parts (including genitalia, breasts, and buttocks), and sexual banter and joking, whether consensual or non-consensual.

14.     "Staff" includes current and former employees, independent contractors, consultants, interns, and any other individuals receiving or who received compensation in exchange for services.

15.     "Trump Entity" means any entity, partnership, trust, or organization that, in whole or in part, was created by or for the benefit of Donald J. Trump and/or is controlled or owned by Donald J. Trump.

## II.     INSTRUCTIONS

1.     You are required, in responding to these document requests, to obtain and produce all documents in your possession, available to you, or under your control, or in the possession of, available to, or under the control of your attorneys or agents.

2.      Where a specified document is requested, such request shall not be interpreted to exclude any other documents where it is known that such other documents contain information relevant to the request.

3.      If a document described by the request was, but no longer is in existence or in your control, you shall state:

   a.      the present or last known location of that document;

   b.      the names and addresses of all persons with knowledge of the contents of that document; and

   c.      why the document is no longer in existence or in your control.

4.      If You object to a document request, you must state whether you are withholding documents pursuant to that objection.

5.      For each request you must provide bates numbers for all documents produced pursuant to that request.

6.      This request represents a continuing request for production.  Therefore, if a document described by this request is not in existence or in your control at the time of the first response to this request, but later comes into existence or into your control, you must immediately produce that document.

7.      If any document called for by these requests is withheld under any claim of privilege, state separately with respect to each document as to which a privilege is claimed:

   a.      the number and particular part of the document request to which the supposed privileged information is responsive;

   b.      a description of the document;

   c.      the basis upon which the privilege is claimed;

–5–

d.      the author of the document, the person(s) to whom the document was addressed, and any other person(s) to whom the document or any copy thereof was provided or shown; and

e.      the identity of each person (other than the attorneys representing you in this action) to whom the contents of the allegedly privileged communication contained in the document have been disclosed, either orally or in writing.

8.      To the extent you deem a particular request to be irrelevant, over broad, or unduly burdensome, you shall respond to the request to the extent that you deem the request permissible.

9.      Each request that seeks documents relating in any way to communications, to, from or within a business and/or corporate or governmental entity, is hereby designated to mean, and should be construed to include, all documents relating to communications by and between representatives, employees, agents, attorneys, and/or servants of the business and/or corporate and/or governmental entity.

10.     The instructions are amplified by the definitions, and the documents requested in these requests are amplified by the definitions and instructions.  You should respond to each request in the context of the definitions and instructions.

11.     Documents shall be produced in the form in which you keep them in the ordinary course of business.  In particular, electronically stored information shall be produced in electronic form and searchable to the same extent as you maintain such information in the ordinary course of business.

### III.     DOCUMENTS REQUESTED

63.     Please produce the original unedited video reflecting an interaction between You and Alva Johnson on August 24, 2016 in its unaltered format, including all metadata.

–6–

64.      Please produce any other videos or photographs in your possession or control

(including other images or videos from the telephone of Brain Hayes and/or any other Campaign

Staff and volunteers) that reflect any events from the rally in Tampa, Florida on August 24, 2016.


Date: July 19, 2019                              Respectfully submitted,

                                                  /s/ Hassan A. Zavareei
                                                 Hassan A. Zavareei (*pro hac vice*)
                                                 Katherine M. Aizpuru (*pro hac vice*)
                                                 TYCKO & ZAVAREEI LLP
                                                 1828 L Street, N.W., Suite 1000
                                                 Washington, D.C. 20036
                                                 Telephone: 202-973-0900
                                                 Facsimile: 202-973-0950
                                                 hzavareei@tzlegal.com
                                                 kaizpuru@tzlegal.com

                                                 Janet Varnell (Fla. Bar No. 71072)
                                                 Brian W. Warwick, (Fla. Bar No. 0605573)
                                                 VARNELL & WARWICK, PA
                                                 P.O. Box 1870
                                                 Lady Lake, FL 32158-1870
                                                 P: 352-753-8600
                                                 F: 352-503-3301
                                                 jvarnell@varnellandwarwick.com
                                                 bwarwick@varnellandwarwick.com

                                                 F. Paul Bland (*pro hac vice*)
                                                 Karla Gilbride (*pro hac vice*)
                                                 PUBLIC JUSTICE, P.C.
                                                 1620 L Street NW, Suite 630
                                                 Washington, DC 20036
                                                 (202) 797-8600

                                                 Jennifer Bennett (*pro hac vice*)
                                                 PUBLIC JUSTICE, P.C.
                                                 475 14th Street, Suite 610
                                                 Oakland, CA 94612
                                                 (510) 622-8150

                                                 *Counsel for Plaintiff*


–7–

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 19, 2019, the foregoing document was served, with the

consent of all parties, by electronic mail on counsel of record for Defendants.

<u>/s/ Hassan A. Zavareei</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ALVA JOHNSON,**<br>**Individually and On Behalf of All Others**<br>**Similarly Situated,**<br><br>                    **Plaintiff,**<br><br>          **v.**<br><br>**DONALD J. TRUMP,**<br>**In his Individual Capacity and**<br>**DONALD J. TRUMP FOR**<br>**PRESIDENT, INC.**<br><br>                    **Defendant.** | **Case No. 8:19-cv-00475-WFJ-SPF** |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO**
**DEFENDANT DONALD J. TRUMP FOR PRESIDENT, INC.**

Plaintiff Alva Johnson ("Plaintiff"), by and through her undersigned counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, requests that Defendant Donald J. Trump for President, Inc. ("Campaign") respond to the following written interrogatories under oath within the time prescribed by law.  The following interrogatories are to be considered continuing in nature and must be supplemented or amended to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1.      These interrogatories are to be answered separately and fully, in writing, within thirty (30) days of the date of service.

2.      You are to answer each interrogatory by providing all responsive information.  If you object to any interrogatory, specify the part to which you object, state your objections, state all factual

1

and legal justifications that you believe support your objections, and respond to the remainder to which you do not object.

3.      If you cannot respond fully and completely to any interrogatory or part thereof, then answer to the fullest extent possible and state the reason for your inability to provide a full and complete answer.

4.      To the extent that any information called for by any interrogatory is unknown to you, so state and set forth such information as is known to you.  If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

5.      Each interrogatory shall be construed to include information and documents within your knowledge, possession or control as of the date you answer these interrogatories, and any supplemental information, knowledge, data, documents or communications responsive to these interrogatories that is generated, obtained or discovered after the date of your answers.

6.      If you contend that any documents required to be identified herein are protected by attorney-client privilege, the attorney work product doctrine or any other privilege, provide a list of each document and, as to each, state (a) the type of document (*e.g.*, letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the interrogatory to which the document relates.

7.      You are required to promptly supplement your responses to these interrogatories throughout the duration of this action pursuant to Federal Rule of Civil Procedure 26(e).

8.      All definitions and instruction set forth herein are expressly incorporated by reference into the following interrogatories as if fully set forth therein.

## TIME FRAME OF INTERROGATORIES

9.      Unless otherwise stated, the time period covered by these interrogatories is January 1, 2015 to the present.

## DEFINITIONS

10.      "You," "Your" and/or "Defendant" means and refers to the above-named Defendant, including its current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities.

11.      "Document" and "Documents" ("Document(s)") should be interpreted in their broadest possible sense within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure and shall mean the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, as well as any attachment thereto or enclosure therewith. "Document(s)" includes all written, typewritten, handwritten, printed, computerized, electronically created or stored, or graphic matter of any kind or nature, however produced or reproduced; any form of collected data for use with electronic data processing equipment; any physical object or thing, and any mechanical or electronic visual or sound recordings now or formerly in Defendant's possession, custody or control or known to Defendant regardless of physical location. "Document(s)" includes all materials and tangible objects conveying or carrying spoken, visual or literal substance, including papers, correspondence, records, tables, charts, analysis, graphs, schedules, reports, spreadsheets, memoranda, journals, notes, logs, calendars, appointment books, letters, telegrams, telecopy, telex and telefacsimile transmissions, messages, studies, books, periodicals, magazines, newspapers, booklets, advertisements, brochures, instructions, minutes, contracts, books of account, orders, invoices, statements, checks, bills, receipts, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer files, computer disks, computer printouts, "e-mail" messages, photographs, negatives, phone recordings, tape recordings, wire recordings, drawings, forms, catalogues, manuals, tabulations, tweets,

voicemail messages, transcripts, offers, contracts, bids, proposals, licenses, permits, reports to any government agency, diary entries, calendar entries, drawings, printouts, discs, drives, microfilm, microfiche, audio tape, video tape, instant messages, text messages, messages sent through any encrypted application (including, but not limited to, Signal, WhatsApp, and Viber), and any other matter of any kind, regardless of the manner in which produced. "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, as well as every written document and every other mode of intentionally conveyed meaning.

12.     To "identify" a person or entity means to state the person or entity's name, current or last-known address and telephone number and, for a person, his or her occupation.

13.     To "identify" a document means to state (a) the date of the document; (b) the title of the document; (c) the author(s) of the document; (d) the recipient(s) of the document, including any cc: or bcc: recipient(s); (e) the title or the subject matter of the document; and (f) the current custodian of the document.

14.      "Complaint" refers to the operative Complaint(s) currently pending against You styled in *Alva Johnson v. Donald J. Trump*, Case No. 8:19-cv-00475-WFJ-SPF (M.D. Fl.).

15.      "Staff" includes current and former employees, independent contractors, consultants, interns, and any other individuals receiving or who received compensation in exchange for services.

16.     As used herein, the words "relating to" shall mean: pertaining to, referring to, containing, concerning, describing, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

17.     Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or." The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

## **INTERROGATORIES**

INTERROGATORY NO. 18:  Describe the circumstances under which You or Your counsel received the video reflecting an interaction between You and Alva Johnson on August 24, 2016 ("Video"), including the date You or your counsel received the Video, who You or Your counsel received the Video from, and the manner in which the Video was conveyed to You or Your counsel.

ANSWER:

INTERROGATORY NO. 19:  Please identify the person or persons who spliced the Video into over eight hours of other video footage prior to production to Plaintiff, identify the date that this new longer compilation video was created, and explain why the Video was altered in this manner instead of left in its original unaltered form.

ANSWER:

INTERROGATORY NO. 20: Please state why You produced this video on July 5, 2019 – the Friday before Ms. Johnson's Monday July 8, 2019 deposition – instead of an earlier date.

ANSWER:


Date: July 19, 2019                     Respectfully submitted,

                                          _/s/ Hassan A. Zavareei__
                                        Hassan A. Zavareei (*pro hac vice*)
                                        Katherine M. Aizpuru (*pro hac vice*)
                                        TYCKO & ZAVAREEI LLP
                                        1828 L Street, N.W., Suite 1000
                                        Washington, D.C. 20036
                                        Telephone: 202-973-0900
                                        Facsimile: 202-973-0950

hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
VARNELL & WARWICK, PA
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (pro hac vice)
Karla Gilbride (pro hac vice)
PUBLIC JUSTICE, P.C.
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (pro hac vice)
PUBLIC JUSTICE, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2019, the foregoing document was served, with the consent of all parties, by electronic mail on counsel of record for Defendants.

/s/ Hassan A. Zavareei

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ALVA JOHNSON,**
**Individually and On Behalf of All Others
Similarly Situated,**

                                        **Plaintiff,**

      **v.**

**DONALD J. TRUMP,**
**In his Individual Capacity and
DONALD J. TRUMP FOR
PRESIDENT, INC.**

                                        **Defendant.**

**Case No. 8:19-cv-00475-WFJ-SPF**

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO
DEFENDANT DONALD J. TRUMP**

Plaintiff Alva Johnson ("Plaintiff"), by and through her undersigned counsel, pursuant to

Rules 26 and 33 of the Federal Rules of Civil Procedure, requests that Defendant Donald J. Trump.

respond to the following written interrogatories under oath within the time prescribed by law.  The

following interrogatories are to be considered continuing in nature and must be supplemented or

amended to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

1.      These interrogatories are to be answered separately and fully, in writing, within thirty

(30) days of the date of service.

2.      You are to answer each interrogatory by providing all responsive information.  If you

object to any interrogatory, specify the part to which you object, state your objections, state all factual

and legal justifications that you believe support your objections, and respond to the remainder to

which you do not object.

1

3.      If you cannot respond fully and completely to any interrogatory or part thereof, then answer to the fullest extent possible and state the reason for your inability to provide a full and complete answer.

4.      To the extent that any information called for by any interrogatory is unknown to you, so state and set forth such information as is known to you.  If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

5.      Each interrogatory shall be construed to include information and documents within your knowledge, possession or control as of the date you answer these interrogatories, and any supplemental information, knowledge, data, documents or communications responsive to these interrogatories that is generated, obtained or discovered after the date of your answers.

6.      If you contend that any documents required to be identified herein are protected by attorney-client privilege, the attorney work product doctrine or any other privilege, provide a list of each document and, as to each, state (a) the type of document (*e.g.*, letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the interrogatory to which the document relates.

7.      You are required to promptly supplement your responses to these interrogatories throughout the duration of this action pursuant to Federal Rule of Civil Procedure 26(e).

8.      All definitions and instruction set forth herein are expressly incorporated by reference into the following interrogatories as if fully set forth therein.

## TIME FRAME OF INTERROGATORIES

9.      Unless otherwise stated, the time period covered by these interrogatories is January 1, 1980 to the present.

2

## **DEFINITIONS**

10.     "You," "Your" and/or "Defendant" means and refers to Donald J. Trump.

11.     "Document" and "Documents" ("Document(s)") should be interpreted in their broadest possible sense within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure and shall mean the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, as well as any attachment thereto or enclosure therewith. "Document(s)" includes all written, typewritten, handwritten, printed, computerized, electronically created or stored, or graphic matter of any kind or nature, however produced or reproduced; any form of collected data for use with electronic data processing equipment; any physical object or thing, and any mechanical or electronic visual or sound recordings now or formerly in Defendant's possession, custody or control or known to Defendant regardless of physical location. "Document(s)" includes all materials and tangible objects conveying or carrying spoken, visual or literal substance, including papers, correspondence, records, tables, charts, analysis, graphs, schedules, reports, spreadsheets, memoranda, journals, notes, logs, calendars, appointment books, letters, telegrams, telecopy, telex and telefacsimile transmissions, messages, studies, books, periodicals, magazines, newspapers, booklets, advertisements, brochures, instructions, minutes, contracts, books of account, orders, invoices, statements, checks, bills, receipts, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer files, computer disks, computer printouts, "e-mail" messages, photographs, negatives, phone recordings, tape recordings, wire recordings, drawings, forms, catalogues, manuals, tabulations, tweets, voicemail messages, transcripts, offers, contracts, bids, proposals, licenses, permits, reports to any government agency, diary entries, calendar entries, drawings, printouts, discs, drives, microfilm, microfiche, audio tape, video tape, instant messages, text messages, messages sent through any encrypted application (including, but not limited to, Signal, WhatsApp, and Viber), and any other

matter of any kind, regardless of the manner in which produced. "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, as well as every written document and every other mode of intentionally conveyed meaning.

12.    To "identify" a person or entity means to state the person or entity's name, current or last-known address and telephone number and, for a person, his or her occupation.

13.    To "identify" a document means to state (a) the date of the document; (b) the title of the document; (c) the author(s) of the document; (d) the recipient(s) of the document, including any cc: or bcc: recipient(s); (e) the title or the subject matter of the document; and (f) the current custodian of the document.

14.    "Complaint" refers to the operative Complaint(s) currently pending against You styled in *Alva Johnson v. Donald J. Trump*, Case No. 8:19-cv-00475-WFJ-SPF (M.D. Fl.).

15.    "Legal Proceeding" means any dispute resolution proceeding, whether in court, arbitration, an administrative agency, or any other forum.

16.    "Sexual Behavior" has the normal colloquial meaning, and shall include all manner of sexual conduct, including kissing, groping, fondling, caressing, oral sex, vaginal intercourse, anal intercourse, contact with any private parts (including genitalia, breasts, and buttocks), and sexual banter and joking, whether consensual or non-consensual.

17.    As used herein, the words "relating to" shall mean: pertaining to, referring to, containing, concerning, describing, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

4

18.     Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or."  The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

## **INTERROGATORIES**

INTERROGATORY NO. 7:  Describe the circumstances under which You or Your counsel received the video reflecting an interaction between You and Alva Johnson on August 24, 2016 ("Video"), including the date You or your counsel received the Video, who You or Your counsel received the Video from, and the manner in which the Video was conveyed to You or Your counsel.

ANSWER:

INTERROGATORY NO. 8:  Please identify the person or persons who spliced the Video into over eight hours of other video footage prior to production to Plaintiff, identify the date that this new longer compilation video was created, and explain why the Video was altered in this manner instead of left in its original unaltered form.

ANSWER:

INTERROGATORY NO. 9:  Please state why You produced this video on July 5, 2019 – the Friday before Ms. Johnson's Monday July 8, 2019 deposition – instead of an earlier date.

ANSWER:

Date: July 19, 2019                     Respectfully submitted,

                                         /s/ Hassan A. Zavareei
                                        Hassan A. Zavareei (*pro hac vice*)
                                        Katherine M. Aizpuru (*pro hac vice*)
                                        TYCKO & ZAVAREEI LLP
                                        1828 L Street, N.W., Suite 1000
                                        Washington, D.C. 20036

Telephone: 202-973-0900
Facsimile: 202-973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
VARNELL & WARWICK, PA
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (*pro hac vice*)
Karla Gilbride (*pro hac vice*)
PUBLIC JUSTICE, P.C.
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice*)
PUBLIC JUSTICE, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 19, 2019, the foregoing document was served, with the consent of all parties, by electronic mail on counsel of record for Defendants.

<u>/s/ Hassan A. Zavareei</u>

# EXHIBIT 6



July 20, 2019

**VIA E-MAIL**
Hassan A. Zavareei, Esq.
Tycko & Zavareei LLP
1828 L Street NW, Suite 1000
Washington, DC 20036
hzavareei@tzlegal.com

   Re: **Alva Johnson v. Donald J. Trump for President, Inc.** *et al.*
      **M.D. Fla. USDC Case No. 8:19-cv-00475**

Dear Mr. Zavareei:

   We are writing in response to your letter dated July 19, 2019.  Please be advised that we will not agree to reopen discovery and adjourn Ms. Johnson's current deadline to file an amended complaint until after we respond to her new purported discovery.  There is no legitimate reason to do either.

   As previously stated, you and your client are already in possession of the entire unedited video recording of Ms. Johnson's August 24, 2016 interaction with Mr. Trump in its original, unaltered format, as copies were produced during discovery and served on your office and submitted to the Court on July 10, 2019.  The footage was captured by a third-party witness, Brian Hayes, who was present in the recreational vehicle.  The full-speed version of the video (again, lodged with the court and served on your office) was not altered in any way.

   The video shows that Mr. Johnson herself kissed Mr. Trump or the air right next to his face, and that she smiled after delivering her kiss.  The entire incident lasted little more than a couple of seconds.  The video demonstrates that there was no battery whatsoever, and that Ms. Johnson's battery claim was frivolous from the outset.  The documents and information sought in Ms. Johnson's new purported discovery will do nothing to change that.

   We did not agree to provide the information requested in your July 15 letter because discovery was and is stayed, and the unaltered video has already been produced.  We will not agree that Ms. Johnson may now pursue discovery just because you have apparently decided that it better suits the purposes of your politically-motivated lawsuit.

   There remains no operative complaint in this case.  No further discovery should be conducted unless and until there is.  Ms. Johnson's new purported discovery should be withdrawn immediately, and re-served if and only when (1) an operative pleading is on file and (2) it includes another claim for battery.  In that event, as we previously stated, we will seek

July 20, 2019
Re: Alva Johnson v. Donald J. Trump for President, Inc. *et al.*
Page 2

sanctions against Ms. Johnson and her counsel to the maximum extent available by law, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Sincerely,

RYAN J. STONEROCK Of
**HARDER LLP**

cc:    Charles J. Harder, Esq.
       Henry L. Self III, Esq.
       Steven H. Frackman, Esq.
       Dawn Siler-Nixon, Esq.
       Tracey Jaensch, Esq.
       Katherine M. Aizpuru, Esq.
       Janet R. Varnell, Esq.
       Brian W. Warwick, Esq.
       Jennifer D. Bennett, Esq.
       F. Paul Bland, Esq.
       Karla A. Gilbride, Esq.

# EXHIBIT 7

## Katherine Aizpuru

| | |
|---|---|
| **From:** | Ryan Stonerock <RStonerock@harderllp.com> |
| **Sent:** | Tuesday, July 23, 2019 12:05 AM |
| **To:** | Hassan Zavareei |
| **Cc:** | JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; jvarnell@varnellandwarwick.com; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com; Charles Harder; Henry Self; Steven Frackman |
| **Subject:** | RE: Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF |

Mr. Zavareei:

For the reasons previously stated in my July 18 email and July 20 letter, we will not respond to your requests below.

To reiterate for at least the third time, we have already produced the full, unaltered video to your office, and filed it with the Court.  Moreover, Mr. Hayes submitted a sworn declaration stating, in pertinent part, that the video produced to your office and filed with the Court "is a true and correct copy of my audiovisual recording of [the August 24, 2016 encounter between Ms. Johnson and Mr. Trump], which has not been edited or otherwise altered in any way."  This video unequivocally demonstrates that there was no battery whatsoever, and that Ms. Johnson's battery claim was frivolous from the outset.  As a result, responses to your requests are unnecessary and would be a further waste of time and resources.

Please be advised that we will vigorously oppose any motion to reopen discovery and adjourn Ms. Johnson's current deadline to file an amended complaint until after we respond to her new purported discovery.

Sincerely,



**RYAN J. STONEROCK**
HARDER LLP
RSTONEROCK@HARDERLLP.COM
(424) 203-1600

**From:** Hassan Zavareei <hzavareei@tzlegal.com>
**Sent:** Monday, July 22, 2019 7:55 PM
**To:** Ryan Stonerock <RStonerock@harderllp.com>
**Cc:** JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru <kaizpuru@tzlegal.com>; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; jvarnell@varnellandwarwick.com; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com; Charles Harder <charder@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF

Ryan,

I have not heard from you. Will you agree to these three requests?

Thanks,

Hassan


Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jul 22, 2019, at 2:46 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

Ryan,

Thank you for talking with us today. I am writing to respond to your request that we try to narrow our requests. In an effort to avoid the need for a motion, we can limit our requests to the following three items:

1. Please send us the original full video you received from Bryan Hayes with metadata, together with the originals (with metadata) of any other videos or photos from his phone from that day.
2. Please let us know if there are any other videos/photographs from inside the RV on August 24, 2016, and if so please produce them to us.
3. Please tell us the date defense counsel received the video from Mr. Hayes.

I hope that this is acceptable, and I ask that you get back to us by the close of business today.

Regards,

Hassan



<image004.jpg>Hassan Zavareei  ▪  TYCKO & ZAVAREEI LLP  ▪  www.tzlegal.com
1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
p 202.973.0910 (direct)  ▪  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Ryan Stonerock <RStonerock@harderllp.com>
**Sent:** Monday, July 22, 2019 12:01 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>

**Cc:** JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru <kaizpuru@tzlegal.com>; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; jvarnell@varnellandwarwick.com; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com; Charles Harder <charder@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** RE: Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF

Mr. Zavareei:

I am available today beginning at 11 am PT.  Please let me know what time works best for you.

Thanks,

&lt;image003.jpg&gt;

**RYAN J. STONEROCK**
HARDER LLP
RSTONEROCK@HARDERLLP.COM
(424) 203-1600

---

**From:** Hassan Zavareei <hzavareei@tzlegal.com>
**Sent:** Saturday, July 20, 2019 9:24 AM
**To:** Ryan Stonerock <RStonerock@harderllp.com>
**Cc:** JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru <kaizpuru@tzlegal.com>; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; jvarnell@varnellandwarwick.com; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com; Charles Harder <charder@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF

Thanks Ryan. Please let me know when you or someone else from your team is available to meet and confer on Monday. I think our questions are pretty simple. Hopefully we can talk through this and obviate the need for a motion. But if not we will have to seek relief from the Court.

Hassan

Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jul 20, 2019, at 12:08 PM, Ryan Stonerock <RStonerock@harderllp.com> wrote:

Mr. Zavareei:

Please see the attached letter.

Best,



&lt;image003.jpg&gt;

**RYAN J. STONEROCK**
HARDER LLP
RSTONEROCK@HARDERLLP.COM
(424) 203-1600

---

**From:** Nicole Porzenheim <nporzenheim@tzlegal.com>
**Sent:** Friday, July 19, 2019 12:31 PM
**To:** Ryan Stonerock <RStonerock@harderllp.com>
**Cc:** Charles Harder <charder@harderllp.com>; JBennett@publicjustice.net;
KGilbride@publicjustice.net; Katherine Aizpuru <kaizpuru@tzlegal.com>;
bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net;
jvarnell@varnellandwarwick.com; DSiler-Nixon@fordharrison.com;
TJAENSCH@fordharrison.com; Hassan Zavareei <hzavareei@tzlegal.com>
**Subject:** Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF

Counsel,

Please find the attached.

Best,

&lt;image005.jpg&gt;**Nicole Porzenheim** ▪ Paralegal ▪ Tycko & Zavareei
LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0900 ▪ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

&lt;RJS to Hassan Zavareei re. Reopening Discovery 07.20.19.pdf&gt;

4

# EXHIBIT 8

## Katherine Aizpuru

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Wednesday, July 24, 2019 6:12 PM |
| **To:** | RStonerock@harderllp.com |
| **Cc:** | TJAENSCH@fordharrison.com; Tanya S. Koshy; sfrackman@harderllp.com; RStonerock@harderllp.com; PBLAND@publicjustice.net; Nicole Porzenheim; Katherine Aizpuru; KGilbride@publicjustice.net; JBennett@publicjustice.net; Janet Varnel; hself@harderllp.com; DSiler-Nixon@fordharrison.com; charder@harderllp.com; bwarwick@varnellandwarwick.com |
| **Subject:** | Brian Hayes Video |
| **Attachments:** | Danner-Declaration.pdf; ATT00001.txt |

Ryan,

I have attached a declaration from a forensic expert we retained to examine the Brian Hayes video. As you will see, it appears that the video is a snippet of a longer video. Can you please produce the full unedited video? If you don't have it and cannot get it from Mr. Hayes, please let us know. If that is the case we will need to ask the Court to reopen discovery for the limited purpose of obtaining the original video. Hopefully that won't be necessary. Also, if you have reason to believe our expert's conclusions are incorrect, please let us know.

Thank you,

Hassan

# EXHIBIT 9

## Katherine Aizpuru

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Thursday, July 25, 2019 4:17 PM |
| **To:** | RStonerock@harderllp.com |
| **Cc:** | TJAENSCH@fordharrison.com; Tanya S. Koshy; sfrackman@harderllp.com; RStonerock@harderllp.com; PBLAND@publicjustice.net; Nicole Porzenheim; Katherine Aizpuru; KGilbride@publicjustice.net; JBennett@publicjustice.net; Janet Varnel; hself@harderllp.com; DSiler-Nixon@fordharrison.com; charder@harderllp.com; bwarwick@varnellandwarwick.com |
| **Subject:** | RE: Brian Hayes Video |

Ryan,

Can you get on a quick call today to discuss? Maybe 5:30 Eastern?

Thanks,

Hassan

_____

Hassan Zavareei  ■  TYCKO & ZAVAREEI LLP  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036 p 202.973.0910 (direct)  ■  f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

-----Original Message-----
From: Hassan Zavareei
Sent: Wednesday, July 24, 2019 6:12 PM
To: RStonerock@harderllp.com
Cc: TJAENSCH@fordharrison.com; Tanya S. Koshy <tkoshy@tzlegal.com>; sfrackman@harderllp.com; RStonerock@harderllp.com; PBLAND@publicjustice.net; Nicole Porzenheim <nporzenheim@tzlegal.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; KGilbride@publicjustice.net; JBennett@publicjustice.net; Janet Varnel <JVarnell@VarnellandWarwick.com>; hself@harderllp.com; DSiler-Nixon@fordharrison.com; charder@harderllp.com; bwarwick@varnellandwarwick.com
Subject: Brian Hayes Video

Ryan,

I have attached a declaration from a forensic expert we retained to examine the Brian Hayes video. As you will see, it appears that the video is a snippet of a longer video. Can you please produce the full unedited video? If you don't have it and cannot get it from Mr. Hayes, please let us know. If that is the case we will need to ask the Court to reopen discovery for the limited purpose of obtaining the original video. Hopefully that won't be necessary. Also, if you have reason to believe our expert's conclusions are incorrect, please let us know.

Thank you,

Hassan

**DECLARATION OF MATT DANNER**

I, Matt Danner, state that I have personal knowledge of the facts and matters set forth below, and if called as a witness would testify competently thereto:

1. I am a U.S. citizen over the age of eighteen years old.

2. I am currently a Senior Forensics Specialist with CS DISCO, Inc., 3700 N. Capital of Texas Highway, Austin, TX 78726.

3. I have over 7 years of experience as a digital forensics examiner and have received hundreds of hours of training in the field of digital forensics. I am currently a Certified Forensic Computer Examiner (CFCE) and a Certified Mobile Device Examiner (CMDE) issued by the International Association of Computer Investigative Specialists (IACIS). I am also a Certified Fraud Examiner (CFE) issued by the Association of Certified Fraud Examiners (ACFE).

4. I also hold a Bachelor of Arts Degree from the University of Texas with major concentration in Government and minor concentration in Chemistry.

5. In my career, I have conducted hundreds of forensic examinations of digital evidence including but not limited to computers, laptops, servers, smartphones, digital documents and media, cloud storage technology, and various digital evidence items.

6. I have testified multiple times as an expert in the field of digital forensics including federal, state, and military courts for defense, plaintiff, and prosecution in both civil and criminal cases.

7. My curriculum vitae is attached to this declaration for reference and additional background information including work experience, education, training, and prior testimony.

8. In this matter, I was engaged by the law firm Tycko & Zavareei, LLP to examine a video file for any available "metadata". "Metadata" is a term in digital forensics used to described various characteristics of digital evidence and is commonly utilized during the course of a forensic examination. "Metadata" is commonly referred to as "data about data".

9. In this case, the video file provided was named "Exhibit A to Declaration of Brian Hayes.mov".

10. This video file is an Apple QuickTime video format, which is a format commonly associated and created by Apple products such as iPhones. Video files in this

1

format are multimedia containers that store metadata and video data related to the recorded content.

11. I reviewed the metadata of the provided video file and found the following metadata characteristics:

- Make:  Apple
- Model:  iPhone 6
- Software: 9.3.4
- Creation Date:  2016:08:24 13:35:41 (UTC -4)

12. This is common metadata associated with the QuickTime video format and indicates that the video was originally created with an Apple iPhone 6 with iOS v9.3.4 and was created on August 24, 2016 at 13:35:41.  This metadata was recorded with a time zone identifier of "UTC -4" which indicates that the iPhone was set to Eastern Daylight Time, given the date and time settings were accurate on the iPhone at the time of creation.

13. In addition to the standard metadata presented above, the MOV video file format also contains other metadata unique to QuickTime video formats.

14. I reviewed the additional metadata related to specific QuickTime data within the video and found the following three entries:

- Create Date:  2019:02:25 22:45:48
- Modify Date:  2019:02:25 22:45:51
- Duration:  15.28 s

15. Additionally, the MOV file format contains different tracks that represent different streams of data that make up the video and media content within the file.  These tracks contain their own set of metadata that can be extracted.  This video file contains four separate tracks of data each with the following metadata timestamp entries:

- Track 1:
  - Track Create Date:  2019:02:25 22:45:48
  - Track Modify Date:  2019:02:25 22:45:51
  - Media Create Date:  2019:02:25 22:45:48
  - Media Modify Date: 2019:02:25 22:45:51

- Track 2:
  - Track Create Date:  2019:02:25 22:45:48
  - Track Modify Date:  2019:02:25 22:45:51

2

1

       o Media Create Date:  2019:02:25 22:45:48
       o Media Modify Date: 2019:02:25 22:45:51

2

3

    •   Track 3:
       o Track Create Date:  2019:02:25 22:45:48
       o Track Modify Date:  2019:02:25 22:45:51

4

       o Media Create Date:  2019:02:25 22:45:48
       o Media Modify Date: 2019:02:25 22:45:51

5

6

    •   Track 4:
       o Track Create Date:  2019:02:25 22:45:48

7

       o Track Modify Date:  2019:02:25 22:45:51
       o Media Create Date:  2019:02:25 22:45:48

8

       o Media Modify Date: 2019:02:25 22:45:51

9

10

16. It is important to note that the timestamps listed in paragraphs 14 and 15 above are in Coordinated Universal Time (UTC), which means that time zone offsets have not been applied to them.

11

12

17. The timestamps above indicate that additional activity occurred with this video on February 25, 2019 that updated these internal metadata timestamps.

13

14

18. Specifically, the difference between the timestamps listed in paragraphs 14 and 15 and the creation timestamp listed in paragraph 11 is consistent with this video being a clip or portion of another video.

15

16

17

19. Typically, when a video is recorded with an Apple iPhone, the metadata timestamps described in paragraphs 11, 14, and 15 would be very similar if not the same.  In this case, these timestamps are offset by a significant margin.

18

19

20

20. Apple iPhones have a built-in function that allows a user to select and export a section of video from a video file.  This is accomplished by opening the video from the iOS "Photos" app and enabling the "Edit" option.  The user can then select a portion of the video and export it as its own clip.

21

22

23

21. When this "edit" action occurs, a new video is created that only contains the portion of the video selected by the user.  The new video clip maintains the parent video's make, model, and creation date (described in paragraph 11) but it gains a new "Track Create Date", "Track Modify Date", "Media Create Date", and "Media Modify Date" that coincides with the date and time the new video clip was created.

24

25

22. This pattern of timestamp modification is consistent with the timestamp metadata located within the video "Exhibit A to Declaration of Brian Hayes".

23. This indicates that the video named "Exhibit A to Declaration of Brian Hayes" was a video clip of another video. The timestamps indicate that the video clip was created on February 25, 2019 while the parent video was created on August 24, 2016.

24. An examination of the Apple iPhone 6 source device or any other device considered to be the current source may lead to additional forensic evidence related to the creation, production, and modification of this video.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on the 24th day of July 2019, in Austin, TX (Travis County).

*Matt Danner CFCE, CMDE, CFE*
*Senior Forensics Specialist*
*CS DISCO, Inc.*

# MATT DANNER, CFCE, CFE



Senior Forensic Specialist | CS Disco
3700 N. Capital of Texas Hwy, Ste 150
Austin, TX 78746
danner@csdisco.com | 512-434-0657

## EMPLOYMENT HISTORY

### CS DISCO                                                                              MAY 2019 - PRESENT
*Senior Forensic Specialist*
- o  Digital forensics evidence collection and handling
- o  Conduct forensic examinations of digital evidence
- o  Development of forensic case reports
- o  Testing and validation of forensic software and hardware
- o  Search warrant and affidavit development for digital evidence
- o  Consulting for Fortune 1000 companies, foreign and domestic
     government agencies, and law firms
- o  Testify as an expert in digital forensics when necessary

### FLASHBACK DATA, LLC                                                          MAY 2016 – MAY 2019
*Senior Forensic Examiner*
- o  Adherence to ISO/IEC 17025:2005 and ANAB accreditation standards
- o  Digital forensics evidence collection and handling
- o  Conduct forensic examinations of digital evidence
- o  Development of forensic case reports
- o  Testing and validation of forensic software and hardware
- o  Search warrant and affidavit development for digital evidence
- o  Consulting for Fortune 1000 companies, foreign and domestic
     government agencies, and law firms
- o  Testify as an expert in digital forensics when necessary

### TEXAS STATE AUDITOR'S OFFICE                                         JULY 2012 – MAY 2016
*Senior Investigator / Digital Forensics Examiner*
- o  Conducted fraud investigations related to misuse of state funds
- o  Presented and referred investigative findings for prosecution
- o  Conducted digital forensic examinations pertaining to alleged misuse of
     state funds
- o  Forensically collected and acquired digital evidence
- o  Tested and validated forensic software and hardware, to include
     development of validation reports
- o  Interviewed witnesses and suspects involved in fraud cases
- o  Prepared affidavits
- o  Developed plans that defined scopes and objectives of fraud
     investigations
- o  Maintained forensic server
- o  Coordinated with federal, state, and local law enforcement agencies
     during investigations

### TEXAS WORKFORCE COMMISSION                                          APRIL 2008 – JULY 2012
*Investigator IV*

- o Planned and conducted investigations pertaining to fraud within TWC program areas
- o Conducted interviews of witnesses and suspects involved in fraud cases
- o Developed investigative reports for distribution to agency administration officials
- o Presentation of testimony and evidence in Grand Jury and formal administrative hearings
- o Coordinated with federal, state, and local law enforcement agencies during investigations
- o Administrative subpoena development
- o Development of investigative reports for presentation to local and federal jurisdictions for criminal prosecution
- o Executed search and seizure warrants for undercover operations

## LICENSES AND CERTIFICATIONS

**Certified Mobile Device Examiner (ICMDE)**                    JAN 2019 - PRESENT
*International Association of Computer Investigative Specialists (IACIS)*

**Certified Forensic Computer Examiner (CFCE) - Recertification**    DEC 2017 - PRESENT
*International Association of Computer Investigative Specialists (IACIS)*

**Certified Forensic Computer Examiner (CFCE)**                SEP 2014 – DEC 2017
*International Association of Computer Investigative Specialists (IACIS)*

**Certified Fraud Examiner (CFE)**                            MAY 2014 - PRESENT
*Association of Certified Fraud Examiners (ACFE)*

**Texas Private Investigator License (#00208628)**            MAY 2016 - PRESENT
*Texas Department of Public Safety*

**Oregon Private Investigator License (#78948)**              MAR 2018 - PRESENT
*Oregon Department of Public Safety Standards and Training*

## EDUCATION

**Bachelor of Arts in Government**                                    DEC 2007
*University of Texas, Austin, Texas*

**Continuing Education Courses in Computer Science**          FEB 2015 – JAN 2016
*Texas State University, San Marcos, Texas*
- o *Data Structures and Algorithms*
- o *Discrete Math II*
- o *Probability and Statistics*
- o *Computer Networks*
- o *Operating Systems*
- o *Computer Architecture*
- o *Digital Logic*

<u>TRAINING</u>

**"Mobile Device Forensics"**                                                                          APR 2018
    *International Association of Computer Investigative Specialists (IACIS)*
      *Austin Police Department, Austin, Texas*

**"FOR508: Advanced Digital Forensics, Incident Response, and Threat Hunting"**       JUN 2017
    *SANS Institute*
      *Austin DFIR Summit, Austin, Texas*

**"CyberCop 315 – Windows Forensic Artifacts (WinArt)"**                               MAR 2016
    *National White Collar Crime Center (NW3C)*
      *Gulfport, Mississippi*

**"Basic Computer Forensic Examiner Program (BCFE)"**                                  MAY 2014
    *International Association of Computer Investigative Specialists (IACIS)*
      *Orlando, Florida*

**"CyberCop 101 – Basic Data Recovery and Acquisition (BDRA)"**                        AUG 2012
    *National White Collar Crime Center (NW3C)*
      *Natchitoches Police Department, Natchitoches, Louisiana*

**"CyberCop 201 – Intermediate Data Recovery and Analysis (IDRA)"**                    AUG 2012
    *National White Collar Crime Center (NW3C)*
      *Natchitoches Police Department, Natchitoches, Louisiana*

**"Cyber-Investigation 100 – Identifying and Seizing Electronic Evidence (ISEE)"**     JUL 2012
    *National White Collar Crime Center (NW3C)*
      *Natchitoches Police Department, Natchitoches, Louisiana*

**"Cyber-Investigation 101 – Secure Techniques for Onsite Preview (STOP)"**            JUL 2012
    *National White Collar Crime Center (NW3C)*
      *Natchitoches Police Department, Natchitoches, Louisiana*


<u>PRESENTATIONS</u>

**Case Study:  Methods to Detect Forged Digital Documents**                            JUN 24, 2019
    *30th Annual ACFE Global Fraud Conference*
      *Austin, Texas*

**Guest Lecturer – Digital Forensics and eDiscovery Lecture**                          SEP 11, 13, 18, 2018
    *St. Mary's School of Law – eDiscovery Course*
      *San Antonio, Texas*

**What You Need to Know About Digital Forensics**                                      AUG 23, 2018
    *Austin Bar Association (Small Firm/Solo Practice)*
      *Austin, Texas*

**Digital Evidence Collection Procedures**                                             MAY 16, 2018
    *International Crime Scene Investigators Association (ICSIA)*
      *Nashville, Tennessee*

| | |
|---|---|
| **Cell Phone Analysis and Computer Forensics – How, What, and Where Data is Stored** | OCT 26, 2017 |
| *Austin Bar Association (Small Firm/Solo Practice)* | |
| *Austin, Texas* | |
| | |
| **Guest Lecturer – Digital Forensics and eDiscovery Lecture** | SEP 14, 2017 |
| *St. Mary's School of Law – eDiscovery Course* | |
| *San Antonio, Texas* | |
| | |
| **Collection and Preservation of Digital Evidence** | AUG 24, 2017 |
| *Travis County Sherriff's Office* | |
| *Austin, Texas* | |
| | |
| **Preservation Strategies and Data Collection** | JUN 20, 2017 |
| *Lexbe Webinar* | |
| *Online* | |
| | |
| **Case Studies in Digital Forensics Investigations** | APR 25, 2017 |
| *Greater Houston Business Ethics Round Table* | |
| *Houston, TX* | |
| | |
| **Cell Phone Analysis and Computer Forensics – How, What, and Where Data is Stored** | MAR 22, 2017 |
| *Houston Bar Association* | |
| *Houston, TX* | |
| | |
| **Intro to Digital Forensics** | FEB 3, 2017 |
| *Computer Science Student Research Group* | |
| *Texas State University, San Marcos, TX* | |
| | |
| **Collection and Preservation of Digital Evidence** | JAN 18, 2017 |
| *Lakeway Police Department* | |
| *Lakeway, TX* | |
| | |
| **Collection and Preservation of Digital Evidence** | JAN 9, 2017 |
| *Travis County Sherriff's Office* | |
| *Austin, Texas* | |
| | |
| **Cell Phone Analysis and Computer Forensics – How, What, and Where Data is Stored** | OCT 25, 2016 |
| *Houston Bar Association* | |
| *Houston, TX* | |
| | |
| **Digital Forensics Presentation** | OCT 5, 2016 |
| *Austin Bar Association* | |
| *Austin, Texas* | |
| | |
| **Digital Forensics Presentation** | SEP 14, 2016 |
| *Houston Bar Association* | |
| *Houston, Texas* | |

## PROFESSIONAL DEVELOPMENT

**Active Member**                                                                 2014 - PRESENT
*International Association of Computer Investigative Specialists (IACIS)*

**CFCE Program Peer Review Coach**                                               2016 - PRESENT
*International Association of Computer Investigative Specialists (IACIS)*

**Active Member**                                                                 2014 - PRESENT
*Association of Certified Fraud Examiners (ACFE)*

## TESTIMONY and DEPOSITIONS

**State of Texas v. Justin Twyne**                                                MAR 6, 2019
*Expert Witness Testimony – 147th District Court of Travis County*

**State of Texas v. Meechaiel Criner**                                           SEP 13, 2018
*Expert Witness Testimony – 167th District Court of Travis County*

**Mathey Dearman, Inc v. H&M Pipe Beveling Machine co. et al**                   SEP 4, 2018
*Expert Witness Testimony – United States District Court for the Northern District of
Oklahoma*

**State of Texas v. Wade Hodges**                                                AUG 29, 2018
*Expert Witness Testimony – 147th District Court of Travis County*

**Child Custody Trial**                                                          AUG 24, 2018
*Expert Witness Testimony – County Court at Law, Bastrop County, Texas*

**United States v. Marquez**                                                     MAR 20, 2018
*Expert Witness Testimony – General Court Marshal – Naval Base Kitsap
Bremerton*

**State of Texas v. Michael Wade Jones**                                         APR 3, 2018
*Expert Witness Deposition – 40th Judicial District Court of Ellis County, Texas*

**Child Custody Hearing**                                                        JAN 8, 2018
*Expert Witness Testimony – 261st Judicial District Court of Travis County, Texas*

**State of Texas v. Charles Henry Hawkins**                                      NOV 2, 2017
*Expert Witness Testimony – 252nd Judicial District Court of Jefferson County,
Texas*

**Raul A. Toscano v. Mary O'Brien-Hamm**                                         JUN 20, 2017
*Expert Witness Testimony – 225 Judicial District Court of Bexar County, Texas*

**Connor Industries, Inc v. Zane McDonald et al**                                MAY 15, 2017
*Expert Witness Testimony – American Arbitration Association in Tarrant County Texas*

**State of Texas v. Michael Wade Jones**                                         MAY 1, 2017
*Expert Witness Testimony – 40th Judicial District Court of Ellis County, Texas*

SEP 12, 2017

In the Matter of the Marriage of Nicole West and Byron Blank

*Expert Witness Testimony – Williamson County Court, Texas*

Jesus Elena Urias v. Luis Saucedo Lopez, et al

APR 12, 2017

*Expert Witness Deposition – 161st Judicial District Court of Ector County, Texas*

Texo Ventures, LLC v. Philip Sanger, MD v. Randall Crowder and Jerry Devries

FEB 24, 2017

*Expert Witness Testimony – 200th Judicial District Court of Travis County, Texas*

Texo Ventures, LLC v. Philip Sanger, MD v. Randall Crowder and Jerry Devries

FEB 1, 2017

*Expert Witness Testimony – 200th Judicial District Court of Travis County, Texas*

Texo Ventures, LLC v. Philip Sanger, MD v. Randall Crowder and Jerry Devries

JAN 3, 2017

*Expert Witness Testimony – 200th Judicial District Court of Travis County, Texas*

The State of Texas v. John Knowlton

DEC 16, 2016

*Expert Witness Testimony – 212th Judicial District Court of Galveston County, Texas*

Annan v. City of New York, et al

OCT 24, 2016

*Expert Witness Deposition – United States District Court for the Eastern District of New York*

Deutsch v. Clark, et al

SEP 13, 2016

*Expert Witness Testimony – United States District Court for the Western District of Texas*

Annan v. City of New York, et al

AUG 23, 2016

*Expert Witness Deposition – United States District Court for the Eastern District of New York*