UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVA JOHNSON, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                                                              Case No. 8:19-cv-00475-T-02SPF

DONALD J. TRUMP,
in his individual capacity and
DONALD J. TRUMP FOR
PRESIDENT, INC.,

    Defendants.
_____/

**DECLARATION OF HASSAN A. ZAVAREEI IN SUPPORT OF
MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE**

I, Hassan A. Zavareei, declare as follows:

    1.    I am a partner at the law firm of Tycko & Zavareei LLP and counsel of record in the above-captioned case. I am above the age of eighteen. I make this declaration based on my personal knowledge and could and would testify competently to its contents if called upon to do so.

    2.    On July 5, 2019, Defendants produced to my office a flash drive containing a video that is approximately eight hours and thirty-eight minutes in length, Bates-numbered DJTFPI_00000493.mp3.

    3.    Within the video Bates-numbered DJTFPI_00000493.mp3 is a segment of approximately 15 seconds that shows Defendant Trump in an RV with Alva Johnson. That segment appears at the timestamp 07:39:44. The video also includes hours of media coverage of the Trump rally that occurred in Tampa, Florida on August 24, 2016.

    4.    Ms. Johnson's deposition was scheduled for and took place on July 8, 2019.

5. On July 8, 2019, I contacted counsel for Defendants to ask for each individual contained in the eight-hour compilation, including their metadata. I also asked why counsel "waited until the eve of Ms. Johnson's deposition to produce it," since the metadata showed that they had the video "at least as early as June 13, 2019." *Id.* While defense counsel responded to the email, he did not provide an unaltered copy of the video or explain why it was not produced earlier. A true and correct copy of my email exchange with Charles Harder is attached as **EXHIBIT 1.**

6. On July 10, 2019, Defendants filed the 15-second video with the Court and served it on my office. A true and correct copy of the email from Steven Frackman attaching the video clip is attached as **EXHIBIT 2**.

7. On July 15, 2019, I again requested that Defendants provide more information about the tape by responding to a handful of inquiries. A true and correct copy of my letter is attached hereto as **EXHIBIT 3.**

8. Counsel for Defendants responded on July 18, 2019, refusing to provide the requested information. Counsel stated only that "the full-speed version of the video submitted to the Court and served on your office on Wednesday, July 10, is the same video that was produced during discovery," referring to the copy of the video served in connection with Defendants' July 10, 2019 filing. A true and correct copy of counsel's email is attached as **EXHIBIT 4.**

9. Thus, on July 19, I requested that Defendants agree to reopen discovery for limited purposes, and my office served narrow draft discovery requests to Defendants concerning the video. A true and correct copy of my letter enclosing the discovery requests is attached as **EXHIBIT 5.**

10. Counsel for Defendants responded on July 20, 2019 stating that Defendants would not agree. A copy of Ryan Stonerock's letter is attached as **EXHIBIT 6.**

11. I spoke to Mr. Stonerock via telephone on July 22, 2019. Mr. Stonerock asked whether we would agree to narrow the requests.

12. In response, I sent Mr. Stonerock a narrowed set of requests that same day. Mr. Stonerock declined to respond to the narrowed requests, and again repeated that Defendants had "already produced the full, unaltered video . . . and filed it with the Court." A true and correct copy of my email exchange with Mr. Stonerock is attached as **EXHIBIT 7**.

13. My law firm retained Matt Danner to perform an analysis of the video served upon my office on July 10, 2019.

14. After receiving Mr. Danner's declaration on July 24, 2019, I sent the declaration to counsel for Defendants and again requested that they produce the full, unedited video. A true and correct copy of my email is attached as **EXHIBIT 8.**

15. When I had not heard from Defendants' attorneys by 4:00 p.m. on July 25, 2019, I sent a follow-up email asking if they were available to discuss the matter. A true and correct copy of my email is attached as **EXHIBIT 9.**

I swear under penalty of perjury under the laws of the District of Columbia and the United States that the foregoing is true and correct to the best of my knowledge. Executed this 26th day of July, 2019, at Washington, D.C.

                                                   */s/ Hassan A. Zavareei*
                                                    Hassan A. Zavareei