# EXHIBIT 1

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Charles Harder <charder@harderllp.com> |
| **Sent:** | Tuesday, July 9, 2019 4:46 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | Katherine Aizpuru; Janet Varnell; Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch |
| **Subject:** | RE: Your July 5, 2019 Production |

We are happy to discuss, but a few things first:

    1.   We are currently preparing our two court filings due tomorrow, and thus will not have time to meet and confer on this issue until after those filings have been completed, thus, Thursday or Friday would be the soonest;

    2.   Your email does not indicate what this meet and confer is pertaining to, or the legal basis. If you could please provide that, it would allow us to actually prepare for the conference. For example, this would be a meet and confer regarding a Motion to XXX based upon FRCP Rule YYY, Local Rule ZZZ, etc. And if you have caselaw authority that would be all the more helpful to understand where you are coming from.

Also, for the record, I don't agree with your characterization of our document production. But rather than go back and forth on that in emails, we can discuss later this week.

Sincerely,

**Charles Harder**

**From:** Hassan Zavareei [mailto:hzavareei@tzlegal.com]
**Sent:** Monday, July 08, 2019 6:35 PM
**To:** Charles Harder
**Cc:** Katherine Aizpuru; Janet Varnell; Jennifer Bennett; bwarwick@varnellandwarwick.com; Tanya S. Koshy; Paul Bland; Karla Gilbride; Nicole Porzenheim; Melat Kiros; Ryan Stonerock; Henry Self; Steven Frackman; Dawn Siler-Nixon; Tracey Jaensch
**Subject:** Your July 5, 2019 Production

Charles,

I am writing to meet and confer regarding the eight-hour video that you produced on July 5, 2019. It appears that you took numerous individual videos and spliced them together and buried the key video at very end of the video (7:39:44). I cannot think of a legitimate reason why you would alter the numerous individual videos, strip out their metadata, and then merge them together into one.

I ask that you provide us with each individual video in unaltered form with the full metadata (ESI) immediately. I also ask that you tell me exactly how and when you obtained the video and why you waited until the eve of Ms. Johnson's deposition to produce it. The only metadata available shows that you had the video at least as early as June 13, 2019. I am available in the morning for a meet and confer telephone conference.

Thank you,

Hassan

# EXHIBIT 2

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Steven Frackman <sfrackman@harderllp.com> |
| **Sent:** | Wednesday, July 10, 2019 5:11 PM |
| **To:** | Hassan Zavareei; Katherine Aizpuru; Janet Varnell; Jennifer Bennett; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; Karla Gilbride; Tanya S. Koshy |
| **Cc:** | Charles Harder; Ryan Stonerock; Henry Self |
| **Subject:** | Johnson v. Trump - Video Exhibits Manually Filed With Court |
| **Attachments:** | Exhibit O to Declaration of Charles J. Harder.mp4; Exhibit A to Declaration of Brian Hayes.mov |

Counsel:

Please find attached a copy of the two video exhibits that Defendants manually filed with the Court today in support of their Motion for Protective Order [Dkt. No. 73.]

Best,



**STEVEN H. FRACKMAN**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
SFRACKMAN@HARDERLLP.COM
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

# EXHIBIT 3



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
The Tower Building
1970 Broadway | Suite 1070
Oakland, CA 94612
510.254.6808

**VIA ELECTRONIC MAIL**

July 15, 2019

Our File No. 474-01

Charles J. Harder
Harder LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
charder@harderllp.com

Dear Charles:

In order to determine how best to proceed pursuant to the Court's direction regarding the video footage showing Defendant Trump kissing Ms. Johnson ("Video"), I have a few important requests that I ask you to respond to no later than July 17, 2019. We could reduce these requests into a set of discovery requests, but in light of the upcoming deadline and the seriousness of your sanctions threat, we think that it is in the interests of all parties that you share this information immediately so that the Court and the parties can have a complete and full record regarding the circumstances surrounding your procurement of (and belated production of) the Video.

First, please send us the original unaltered Video. This means without any edits and containing the full metadata.

Second, please tell us when you first received the Video.

Third, please tell us from whom you obtained the Video.

Fourth, please explain why you waited until July 5, 2019 to produce the Video.

Fifth, please provide any other video and photographs taken from the same device as the Video captured on the same day.

Sixth, please identify who spliced the video in with over eight hours of other footage and explain why you produced the Video in this manner.

Finally, if you have any other photographs or videos depicting any portion of the interaction between Mr. Trump and Ms. Johnson, please produce them.

I look forward to your response to these questions.

Regards,

Hassan A. Zavareei

# EXHIBIT 4

## Katherine Aizpuru

| | |
|---|---|
| **From:** | Ryan Stonerock <RStonerock@harderllp.com> |
| **Sent:** | Thursday, July 18, 2019 12:40 PM |
| **To:** | Hassan Zavareei |
| **Cc:** | JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; jvarnell@varnellandwarwick.com; Henry Self; Steven Frackman; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com; Nicole Porzenheim; Charles Harder |
| **Subject:** | RE: Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF |

The following email is sent on behalf of Charles J. Harder who, as previously stated (see Dkt. 77), is out of the office on a family vacation until July 26, 2019.

Dear Mr. Zavareei:

We are writing in response to your letter dated July 15, 2019.

First, the assertion in your letter that Mr. Trump kissed your client is false.  She kissed him.

Second, there is no operative complaint, and discovery has been stayed.  Until such time that there is an operative complaint and discovery has resumed, we will not respond to the requests in your letter.

Third, the full-speed version of the video submitted to the Court and served on your office on Wednesday, July 10, is the same video that was produced during discovery.  It was the full-length, unedited video taken by Brian Hayes on August 24, 2016, in the campaign RV.

Fourth, as we have already stated, if you re-file Ms. Johnson's battery claim, we will serve a Rule 11 motion, and file it at the appropriate time, seeking sanctions against you, your law firm, your co-counsel and Ms. Johnson.  It is our understanding from the last hearing and accompanying transcript that Judge Jung delivered a clear message that if you re-file the battery claim, he will seriously consider imposing Rule 11 sanctions against plaintiff and her counsel.  Thus, if you proceed to re-file the battery claim, you will do so at your own risk.

Sincerely,



**RYAN J. STONEROCK**
HARDER LLP
RSTONEROCK@HARDERLLP.COM
(424) 203-1600

---

**From:** Nicole Porzenheim <nporzenheim@tzlegal.com>
**Sent:** Monday, July 15, 2019 12:27 PM
**To:** Charles Harder <charder@harderllp.com>
**Cc:** JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru <kaizpuru@tzlegal.com>;

bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; Ryan Stonerock <RStonerock@harderllp.com>;
jvarnell@varnellandwarwick.com; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>;
DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com; Hassan Zavareei <hzavareei@tzlegal.com>
**Subject:** Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF

Counsel,

Please find the attached.

Best,



**Nicole Porzenheim**  ■  Paralegal  ■  TYCKO & ZAVAREEI LLP  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.973.0900  ■  f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

# EXHIBIT 5



| | **WASHINGTON DC** | **CALIFORNIA** |
|---|---|---|
| | 1828 L Street, NW \| Suite 1000 | The Tower Building |
| | Washington, DC 20036 | 1970 Broadway \| Suite 1070 |
| | 202.973.0900 | Oakland, CA 94612 |
| | www.tzlegal.com | 510.254.6808 |

**VIA ELECTRONIC MAIL**

July 19, 2019

Our File No. 474-01

Ryan J. Stonerock
Harder LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
RStonerock@harderllp.com

Dear Ryan:

Thank you for your response to my letter to Mr. Harder. Since you will not provide the information that we need voluntarily, we have prepared the attached discovery requests. Because discovery is suspended, we will need to ask the Court to reopen discovery for the limited purposes of allowing us to serve these requests. We will also need to ask the Court to adjourn the deadline for filing an amended pleading so that we can get responses to these discovery requests before we decide how to proceed.

Please advise whether you will consent to reopen discovery and to adjourn the current deadline. If not, please let me know when you can meet and confer sometime today or on Monday.

Regards,

Hassan A. Zavareei

Enclosures

cc:     Charles Harder, Esq.
        Dawn Siler-Nixon, Esq.
        Tracey Jaensch, Esq.
        Jennifer Bennett, Esq.
        Karla Gilbride, Esq.
        Katherine Aizpuru, Esq.
        Brian Warwick, Esq.
        F. Paul Bland, Esq.
        Janet Varnell, Esq.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALVA JOHNSON, individually and on**
**behalf of all others similarly situated,**

     **Plaintiff,**

**v.**                                             **Case No. 8:19-cv-00475-T-02SPF**

**DONALD J. TRUMP,**
**in his individual capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.,**

     **Defendants.**

_____/

**PLAINTIFF'S FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT DONALD J. TRUMP FOR PRESIDENT, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Alva Johnson

hereby requests that Defendant Donald J. Trump for President, Inc. produce the documents and

tangible things described below for inspection and copying, within thirty (30) days, at the office of

Tycko & Zavareei LLP, 1828 L Street NW, Suite 1000, Washington, D.C. 20036.

**I.       DEFINITIONS**

1.       "Document" and "Documents" ("Document(s)") should be interpreted in their broadest

possible sense within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure and shall mean

the complete original (or complete copy where the original is unavailable) and each non-identical copy

(where different from the original because of notes made on the copy or otherwise) of any writing or

record, as well as any attachment thereto or enclosure therewith. "Document(s)" includes all written,

typewritten, handwritten, printed, computerized, electronically created or stored, or graphic matter of

any kind or nature, however produced or reproduced; any form of collected data for use with electronic

data processing equipment; any physical object or thing, and any mechanical or electronic visual or

sound recordings now or formerly in Defendant's possession, custody or control or known to Defendant regardless of physical location. "Document(s)" includes all materials and tangible objects conveying or carrying spoken, visual or literal substance, including papers, correspondence, records, tables, charts, analysis, graphs, schedules, reports, spreadsheets, memoranda, journals, notes, logs, calendars, appointment books, letters, telegrams, telecopy, telex and telefacsimile transmissions, messages, studies, books, periodicals, magazines, newspapers, booklets, advertisements, brochures, instructions, minutes, contracts, books of account, orders, invoices, statements, checks, bills, receipts, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer files, computer disks, computer printouts, "e-mail" messages, photographs, negatives, phone recordings, tape recordings, wire recordings, drawings, forms, catalogues, manuals, tabulations, tweets, voicemail messages, transcripts, offers, contracts, bids, proposals, licenses, permits, reports to any government agency, diary entries, calendar entries, drawings, printouts, discs, drives, microfilm, microfiche, audio tape, video tape, instant messages, text messages, messages sent through any encrypted application (including, but not limited to, Signal, WhatsApp, and Viber), and any other matter of any kind, regardless of the manner in which produced.

      2.      "And" means "or" and "or" means "and," as necessary to call for the broadest possible construction and to bring within the scope of this request any information that may otherwise be construed to be outside its scope.

      3.      "Communication(s)" means the transmission, sending, or receipt of information of any kind (in the form of facts, ideas, inquiries, or otherwise), by one or more persons and/or between two or more persons by or through any means including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including, but not limited to, e-mail, instant messaging, or other computer linkups), magnetic tape, videotape, photographs, graphs, symbols,

signs, magnetic or optical disks, floppy disks, compact discs, CD-ROM discs, other removable or transportable media, sound, radio, or video signals, telecommunication, telephone, teletype, telexes, telecopies, facsimile, telegram, microfilm, microfiche, photographic film of all type, or other media of any kind.

4.       As used herein, the words "relate to," "refer to," "with respect to," "reflect," "regarding," "pertaining to" or "concerning" means mentioning, discussing, reflecting, containing, consisting of, evidencing, embodying, stating, dealing with, making reference or relating to in any way, or having any logical or factual connection with the subject matter identified in a discovery request.

5.       The term "individual" or "person" as used herein, shall include without limitation any individual, natural person, and entity of every type and description, including (without limitation) any firm, partnership, association, joint venture, public or private corporation, proprietorship, government entity, organization, other business enterprise, group of natural persons, or other entity that has a separate legal existence.

6.       Words in the singular include the plural, and vice versa. The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

7.       The term "each" as used herein shall be construed to mean "all" and the term "all" as used herein shall be construed to mean "each" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.        "You" or "Your" or "Campaign" means Donald J. Trump for President, Inc., its subsidiaries, affiliated companies, parent companies, predecessor companies, successor companies, officers, directors, employees, agents, representatives, and all persons acting or purporting to act on their behalf. In accordance with Local Rule 26(a), this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

9.      "Staff" includes current and former employees, independent contractors, consultants, interns, and any other individuals receiving or who received compensation in exchange for services.

## II.      INSTRUCTIONS

1.      You are required, in responding to these document requests, to obtain and produce all documents in your possession, available to you, or under your control, or in the possession of, available to, or under the control of your attorneys or agents.

2.      Where a specified document is requested, such request shall not be interpreted to exclude any other documents where it is known that such other documents contain information relevant to the request.

3.      If a document described by the request was, but no longer is in existence or in your control, you shall state:

        a.      the present or last known location of that document;

        b.      the names and addresses of all persons with knowledge of the contents of that document; and

        c.      why the document is no longer in existence or in your control.

4.      If You object to a document request, you must state whether you are withholding documents pursuant to that objection.

5.      For each request you must provide bates numbers for all documents produced pursuant to that request.

6.      This request represents a continuing request for production.  Therefore, if a document described by this request is not in existence or in your control at the time of the first response to this request, but later comes into existence or into your control, you must immediately produce that document.

–4–

7.      If any document called for by these requests is withheld under any claim of privilege, state separately with respect to each document as to which a privilege is claimed:

      a.      the number and particular part of the document request to which the supposed privileged information is responsive;

      b.      a description of the document;

      c.      the basis upon which the privilege is claimed;

      d.      the author of the document, the person(s) to whom the document was addressed, and any other person(s) to whom the document or any copy thereof was provided or shown; and

      e.      the identity of each person (other than the attorneys representing you in this action) to whom the contents of the allegedly privileged communication contained in the document have been disclosed, either orally or in writing.

8.      To the extent you deem a particular request to be irrelevant, over broad, or unduly burdensome, you shall respond to the request to the extent that you deem the request permissible.

9.      Each request that seeks documents relating in any way to communications, to, from or within a business and/or corporate or governmental entity, is hereby designated to mean, and should be construed to include, all documents relating to communications by and between representatives, employees, agents, attorneys, and/or servants of the business and/or corporate and/or governmental entity.

10.      The instructions are amplified by the definitions, and the documents requested in these requests are amplified by the definitions and instructions. You should respond to each request in the context of the definitions and instructions.

11.      Documents shall be produced in the form in which you keep them in the ordinary

course of business. In particular, electronically stored information shall be produced in electronic form and searchable to the same extent as you maintain such information in the ordinary course of business.

## III.   DOCUMENTS REQUESTED

60    Please produce the original unedited video reflecting an interaction between Defendant Donald J. Trump and Alva Johnson on August 24, 2016 in its unaltered format, including all metadata.

61.    Please produce any other videos or photographs in your possession or control (including other images or videos from the telephone of Brian Hayes and/or any other Campaign staff and volunteers) that reflect any events from the rally in Tampa, Florida on August 24, 2016.

Date: July 19, 2019                    Respectfully submitted,

                                          /s/ Hassan A. Zavareei
                                       Hassan A. Zavareei (*pro hac vice*)
                                       Katherine M. Aizpuru (*pro hac vice*)
                                       TYCKO & ZAVAREEI LLP
                                       1828 L Street, N.W., Suite 1000
                                       Washington, D.C. 20036
                                       Telephone: 202-973-0900
                                       Facsimile: 202-973-0950
                                       hzavareei@tzlegal.com
                                       kaizpuru@tzlegal.com

                                       Janet Varnell (Fla. Bar No. 71072)
                                       Brian W. Warwick, (Fla. Bar No. 0605573)
                                       VARNELL & WARWICK, PA
                                       P.O. Box 1870
                                       Lady Lake, FL 32158-1870
                                       P: 352-753-8600
                                       F: 352-503-3301
                                       jvarnell@varnellandwarwick.com
                                       bwarwick@varnellandwarwick.com

                                       F. Paul Bland (*pro hac vice*)
                                       Karla Gilbride (*pro hac vice*)

–6–

PUBLIC JUSTICE, P.C.
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice*)
PUBLIC JUSTICE, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2019, the foregoing document was served, with the

consent of all parties, by electronic mail on counsel of record for Defendants.

/s/ Hassan A. Zavareei
Hassan A. Zavareei

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALVA JOHNSON,**
**Individually and On Behalf of All Others**
**Similarly Situated,**

                    **Plaintiff/Relator,**

          **v.**

**DONALD J. TRUMP,**
**In his Individual Capacity and**
**DONALD J. TRUMP FOR**
**PRESIDENT, INC.**

                    **Defendant.**

**Case No. 8:19-cv-00475-WFJ-SPF**

---

<u>**PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO**</u>
<u>**DEFENDANT DONALD J. TRUMP**</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Alva Johnson

hereby requests that Defendant Donald J. Trump ("Defendant") produce the documents and

tangible things described below for inspection and copying, within thirty (30) days, at the office of

Tycko & Zavareei LLP, 1828 L Street NW, Suite 1000, Washington, D.C. 20036.

## I.        DEFINITIONS

1.        "Document" and "Documents" ("Document(s)") should be interpreted in their broadest

possible sense within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure and shall mean

the complete original (or complete copy where the original is unavailable) and each non-identical copy

(where different from the original because of notes made on the copy or otherwise) of any writing or

record, as well as any attachment thereto or enclosure therewith. "Document(s)" includes all written,

typewritten, handwritten, printed, computerized, electronically created or stored, or graphic matter of

any kind or nature, however produced or reproduced; any form of collected data for use with electronic

data processing equipment; any physical object or thing, and any mechanical or electronic visual or

sound recordings now or formerly in Defendant's possession, custody or control or known to

Defendant regardless of physical location. "Document(s)" includes all materials and tangible objects conveying or carrying spoken, visual or literal substance, including papers, correspondence, records, tables, charts, analysis, graphs, schedules, reports, spreadsheets, memoranda, journals, notes, logs, calendars, appointment books, letters, telegrams, telecopy, telex and telefacsimile transmissions, messages, studies, books, periodicals, magazines, newspapers, booklets, advertisements, brochures, instructions, minutes, contracts, books of account, orders, invoices, statements, checks, bills, receipts, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer files, computer disks, computer printouts, "e-mail" messages, photographs, negatives, phone recordings, tape recordings, wire recordings, drawings, forms, catalogues, manuals, tabulations, tweets, voicemail messages, transcripts, offers, contracts, bids, proposals, licenses, permits, reports to any government agency, diary entries, calendar entries, drawings, printouts, discs, drives, microfilm, microfiche, audio tape, video tape, instant messages, text messages, messages sent through any encrypted application (including, but not limited to, Signal, WhatsApp, and Viber), and any other matter of any kind, regardless of the manner in which produced.

2.      "And" means "or" and "or" means "and," as necessary to call for the broadest possible construction and to bring within the scope of this request any information that may otherwise be construed to be outside its scope.

3.      "Communication(s)" means the transmission, sending, or receipt of information of any kind (in the form of facts, ideas, inquiries, or otherwise), by one or more persons and/or between two or more persons by or through any means including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including, but not limited to, e-mail, instant messaging, or other computer linkups), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, floppy disks, compact discs, CD-ROM discs, other removable or transportable media, sound, radio, or video signals, telecommunication, telephone, teletype, telexes,

telecopies, facsimile, telegram, microfilm, microfiche, photographic film of all type, or other media of any kind.

4.      As used herein, the words "relate to," "refer to," "with respect to," "reflect," "regarding," "pertaining to" or "concerning" means mentioning, discussing, reflecting, containing, consisting of, evidencing, embodying, stating, dealing with, making reference or relating to in any way, or having any logical or factual connection with the subject matter identified in a discovery request.

5.      The term "individual" or "person" as used herein, shall include without limitation any individual, natural person, and entity of every type and description, including (without limitation) any firm, partnership, association, joint venture, public or private corporation, proprietorship, government entity, organization, other business enterprise, group of natural persons, or other entity that has a separate legal existence.

6.      Words in the singular include the plural, and vice versa.  The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

7.      The term "each" as used herein shall be construed to mean "all" and the term "all" as used herein shall be construed to mean "each" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.       "You" or "Your" means Donald J. Trump.

9.      "Campaign" means Donald J. Trump for President, Inc., its subsidiaries, affiliated companies, parent companies, predecessor companies, successor companies, officers, directors, employees, agents, representatives, and all persons acting or purporting to act on their behalf. In accordance with Local Rule 26(a), this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

10.       "Declaration" means a statement signed or otherwise executed by You, including sworn declarations, affidavits, attestations, interrogatory responses or any other statements, and including

–3–

statements signed by hand, through electronic means such as DocuSign or Adobe Sign, or any other means.

11.     "Legal Proceeding" means any dispute resolution proceeding, whether in court, arbitration, an administrative agency, or any other forum.

12.     "Non-disclosure Agreement" or "NDA" means any contract or agreement between, on the one hand, You, anyone acting on Your behalf, the Campaign, or any Trump Entity, and, on the other hand, any other person, which prohibits (or contains any provision prohibiting) signatories from disclosing information about Your personal life, political affairs, and/or business affairs; disclosing communications with You or any Trump Entity; or disparaging You, members of Your family or any Trump Entity. NDAs also include any agreement that contain a nondisclosure or nondisparagement provision as described in the previous sentence, even if it also includes other provisions.

13.     "Sexual Behavior" has the normal colloquial meaning, and shall include all manner of sexual conduct, including kissing, groping, fondling, caressing, oral sex, vaginal intercourse, anal intercourse, contact with any private parts (including genitalia, breasts, and buttocks), and sexual banter and joking, whether consensual or non-consensual.

14.     "Staff" includes current and former employees, independent contractors, consultants, interns, and any other individuals receiving or who received compensation in exchange for services.

15.     "Trump Entity" means any entity, partnership, trust, or organization that, in whole or in part, was created by or for the benefit of Donald J. Trump and/or is controlled or owned by Donald J. Trump.

## II.     INSTRUCTIONS

1.     You are required, in responding to these document requests, to obtain and produce all documents in your possession, available to you, or under your control, or in the possession of, available to, or under the control of your attorneys or agents.

–4–

2.      Where a specified document is requested, such request shall not be interpreted to exclude any other documents where it is known that such other documents contain information relevant to the request.

3.      If a document described by the request was, but no longer is in existence or in your control, you shall state:

a.      the present or last known location of that document;

b.      the names and addresses of all persons with knowledge of the contents of that document; and

c.      why the document is no longer in existence or in your control.

4.      If You object to a document request, you must state whether you are withholding documents pursuant to that objection.

5.      For each request you must provide bates numbers for all documents produced pursuant to that request.

6.      This request represents a continuing request for production.  Therefore, if a document described by this request is not in existence or in your control at the time of the first response to this request, but later comes into existence or into your control, you must immediately produce that document.

7.      If any document called for by these requests is withheld under any claim of privilege, state separately with respect to each document as to which a privilege is claimed:

a.      the number and particular part of the document request to which the supposed privileged information is responsive;

b.      a description of the document;

c.      the basis upon which the privilege is claimed;

–5–

d.      the author of the document, the person(s) to whom the document was addressed, and any other person(s) to whom the document or any copy thereof was provided or shown; and

e.      the identity of each person (other than the attorneys representing you in this action) to whom the contents of the allegedly privileged communication contained in the document have been disclosed, either orally or in writing.

8.      To the extent you deem a particular request to be irrelevant, over broad, or unduly burdensome, you shall respond to the request to the extent that you deem the request permissible.

9.      Each request that seeks documents relating in any way to communications, to, from or within a business and/or corporate or governmental entity, is hereby designated to mean, and should be construed to include, all documents relating to communications by and between representatives, employees, agents, attorneys, and/or servants of the business and/or corporate and/or governmental entity.

10.     The instructions are amplified by the definitions, and the documents requested in these requests are amplified by the definitions and instructions.  You should respond to each request in the context of the definitions and instructions.

11.     Documents shall be produced in the form in which you keep them in the ordinary course of business.  In particular, electronically stored information shall be produced in electronic form and searchable to the same extent as you maintain such information in the ordinary course of business.

### III.    DOCUMENTS REQUESTED

63.     Please produce the original unedited video reflecting an interaction between You and Alva Johnson on August 24, 2016 in its unaltered format, including all metadata.

64.     Please produce any other videos or photographs in your possession or control (including other images or videos from the telephone of Brain Hayes and/or any other Campaign Staff and volunteers) that reflect any events from the rally in Tampa, Florida on August 24, 2016.


Date: July 19, 2019                              Respectfully submitted,

                                                 _/s/ Hassan A. Zavareei_____
                                                 Hassan A. Zavareei (*pro hac vice*)
                                                 Katherine M. Aizpuru (*pro hac vice*)
                                                 TYCKO & ZAVAREEI LLP
                                                 1828 L Street, N.W., Suite 1000
                                                 Washington, D.C. 20036
                                                 Telephone: 202-973-0900
                                                 Facsimile: 202-973-0950
                                                 hzavareei@tzlegal.com
                                                 kaizpuru@tzlegal.com

                                                 Janet Varnell (Fla. Bar No. 71072)
                                                 Brian W. Warwick, (Fla. Bar No. 0605573)
                                                 VARNELL & WARWICK, PA
                                                 P.O. Box 1870
                                                 Lady Lake, FL 32158-1870
                                                 P: 352-753-8600
                                                 F: 352-503-3301
                                                 jvarnell@varnellandwarwick.com
                                                 bwarwick@varnellandwarwick.com

                                                 F. Paul Bland (*pro hac vice*)
                                                 Karla Gilbride (*pro hac vice*)
                                                 PUBLIC JUSTICE, P.C.
                                                 1620 L Street NW, Suite 630
                                                 Washington, DC 20036
                                                 (202) 797-8600

                                                 Jennifer Bennett (*pro hac vice*)
                                                 PUBLIC JUSTICE, P.C.
                                                 475 14th Street, Suite 610
                                                 Oakland, CA 94612
                                                 (510) 622-8150

                                                 *Counsel for Plaintiff*

                                            –7–

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 19, 2019, the foregoing document was served, with the

consent of all parties, by electronic mail on counsel of record for Defendants.

<u>/s/ Hassan A. Zavareei</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ALVA JOHNSON,**<br>**Individually and On Behalf of All Others**<br>**Similarly Situated,** | |
| | **Case No. 8:19-cv-00475-WFJ-SPF** |
| **Plaintiff,** | |
| **v.** | |
| **DONALD J. TRUMP,**<br>**In his Individual Capacity and**<br>**DONALD J. TRUMP FOR**<br>**PRESIDENT, INC.** | |
| **Defendant.** | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT DONALD J. TRUMP FOR PRESIDENT, INC.

Plaintiff Alva Johnson ("Plaintiff"), by and through her undersigned counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, requests that Defendant Donald J. Trump for President, Inc. ("Campaign") respond to the following written interrogatories under oath within the time prescribed by law. The following interrogatories are to be considered continuing in nature and must be supplemented or amended to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

### INSTRUCTIONS

1.      These interrogatories are to be answered separately and fully, in writing, within thirty (30) days of the date of service.

2.      You are to answer each interrogatory by providing all responsive information. If you object to any interrogatory, specify the part to which you object, state your objections, state all factual

and legal justifications that you believe support your objections, and respond to the remainder to which you do not object.

3.      If you cannot respond fully and completely to any interrogatory or part thereof, then answer to the fullest extent possible and state the reason for your inability to provide a full and complete answer.

4.      To the extent that any information called for by any interrogatory is unknown to you, so state and set forth such information as is known to you.  If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

5.      Each interrogatory shall be construed to include information and documents within your knowledge, possession or control as of the date you answer these interrogatories, and any supplemental information, knowledge, data, documents or communications responsive to these interrogatories that is generated, obtained or discovered after the date of your answers.

6.      If you contend that any documents required to be identified herein are protected by attorney-client privilege, the attorney work product doctrine or any other privilege, provide a list of each document and, as to each, state (a) the type of document (*e.g.*, letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the interrogatory to which the document relates.

7.      You are required to promptly supplement your responses to these interrogatories throughout the duration of this action pursuant to Federal Rule of Civil Procedure 26(e).

8.      All definitions and instruction set forth herein are expressly incorporated by reference into the following interrogatories as if fully set forth therein.

## TIME FRAME OF INTERROGATORIES

9. Unless otherwise stated, the time period covered by these interrogatories is January 1, 2015 to the present.

## DEFINITIONS

10. "You," "Your" and/or "Defendant" means and refers to the above-named Defendant, including its current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities.

11. "Document" and "Documents" ("Document(s)") should be interpreted in their broadest possible sense within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure and shall mean the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, as well as any attachment thereto or enclosure therewith. "Document(s)" includes all written, typewritten, handwritten, printed, computerized, electronically created or stored, or graphic matter of any kind or nature, however produced or reproduced; any form of collected data for use with electronic data processing equipment; any physical object or thing, and any mechanical or electronic visual or sound recordings now or formerly in Defendant's possession, custody or control or known to Defendant regardless of physical location. "Document(s)" includes all materials and tangible objects conveying or carrying spoken, visual or literal substance, including papers, correspondence, records, tables, charts, analysis, graphs, schedules, reports, spreadsheets, memoranda, journals, notes, logs, calendars, appointment books, letters, telegrams, telecopy, telex and telefacsimile transmissions, messages, studies, books, periodicals, magazines, newspapers, booklets, advertisements, brochures, instructions, minutes, contracts, books of account, orders, invoices, statements, checks, bills, receipts, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer files, computer disks, computer printouts, "e-mail" messages, photographs, negatives, phone recordings, tape recordings, wire recordings, drawings, forms, catalogues, manuals, tabulations, tweets,

voicemail messages, transcripts, offers, contracts, bids, proposals, licenses, permits, reports to any government agency, diary entries, calendar entries, drawings, printouts, discs, drives, microfilm, microfiche, audio tape, video tape, instant messages, text messages, messages sent through any encrypted application (including, but not limited to, Signal, WhatsApp, and Viber), and any other matter of any kind, regardless of the manner in which produced. "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, as well as every written document and every other mode of intentionally conveyed meaning.

12.     To "identify" a person or entity means to state the person or entity's name, current or last-known address and telephone number and, for a person, his or her occupation.

13.     To "identify" a document means to state (a) the date of the document; (b) the title of the document; (c) the author(s) of the document; (d) the recipient(s) of the document, including any cc: or bcc: recipient(s); (e) the title or the subject matter of the document; and (f) the current custodian of the document.

14.      "Complaint" refers to the operative Complaint(s) currently pending against You styled in *Alva Johnson v. Donald J. Trump*, Case No. 8:19-cv-00475-WFJ-SPF (M.D. Fl.).

15.      "Staff" includes current and former employees, independent contractors, consultants, interns, and any other individuals receiving or who received compensation in exchange for services.

16.     As used herein, the words "relating to" shall mean: pertaining to, referring to, containing, concerning, describing, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

17.     Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or."  The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

## **INTERROGATORIES**

INTERROGATORY NO. 18:  Describe the circumstances under which You or Your counsel received the video reflecting an interaction between You and Alva Johnson on August 24, 2016 ("Video"), including the date You or your counsel received the Video, who You or Your counsel received the Video from, and the manner in which the Video was conveyed to You or Your counsel.

ANSWER:

INTERROGATORY NO. 19:  Please identify the person or persons who spliced the Video into over eight hours of other video footage prior to production to Plaintiff, identify the date that this new longer compilation video was created, and explain why the Video was altered in this manner instead of left in its original unaltered form.

ANSWER:

INTERROGATORY NO. 20:  Please state why You produced this video on July 5, 2019 – the Friday before Ms. Johnson's Monday July 8, 2019 deposition – instead of an earlier date.

ANSWER:


Date: July 19, 2019                               Respectfully submitted,

                                                   _/s/ Hassan A. Zavareei__
                                                  Hassan A. Zavareei (*pro hac vice*)
                                                  Katherine M. Aizpuru (*pro hac vice*)
                                                  TYCKO & ZAVAREEI LLP
                                                  1828 L Street, N.W., Suite 1000
                                                  Washington, D.C. 20036
                                                  Telephone: 202-973-0900
                                                  Facsimile: 202-973-0950

hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
VARNELL & WARWICK, PA
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (pro hac vice)
Karla Gilbride (pro hac vice)
PUBLIC JUSTICE, P.C.
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (pro hac vice)
PUBLIC JUSTICE, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 19, 2019, the foregoing document was served, with the consent of all parties, by electronic mail on counsel of record for Defendants.

<u>/s/ Hassan A. Zavareei</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **ALVA JOHNSON,**<br>**Individually and On Behalf of All Others**<br>**Similarly Situated,** | |
| **Plaintiff,** | **Case No. 8:19-cv-00475-WFJ-SPF** |
| **v.** | |
| **DONALD J. TRUMP,**<br>**In his Individual Capacity and**<br>**DONALD J. TRUMP FOR**<br>**PRESIDENT, INC.** | |
| **Defendant.** | |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO**
**DEFENDANT DONALD J. TRUMP**

Plaintiff Alva Johnson ("Plaintiff"), by and through her undersigned counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, requests that Defendant Donald J. Trump. respond to the following written interrogatories under oath within the time prescribed by law.  The following interrogatories are to be considered continuing in nature and must be supplemented or amended to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

1.      These interrogatories are to be answered separately and fully, in writing, within thirty (30) days of the date of service.

2.      You are to answer each interrogatory by providing all responsive information.  If you object to any interrogatory, specify the part to which you object, state your objections, state all factual and legal justifications that you believe support your objections, and respond to the remainder to which you do not object.

3.     If you cannot respond fully and completely to any interrogatory or part thereof, then answer to the fullest extent possible and state the reason for your inability to provide a full and complete answer.

4.     To the extent that any information called for by any interrogatory is unknown to you, so state and set forth such information as is known to you.  If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

5.     Each interrogatory shall be construed to include information and documents within your knowledge, possession or control as of the date you answer these interrogatories, and any supplemental information, knowledge, data, documents or communications responsive to these interrogatories that is generated, obtained or discovered after the date of your answers.

6.     If you contend that any documents required to be identified herein are protected by attorney-client privilege, the attorney work product doctrine or any other privilege, provide a list of each document and, as to each, state (a) the type of document (*e.g.*, letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the interrogatory to which the document relates.

7.     You are required to promptly supplement your responses to these interrogatories throughout the duration of this action pursuant to Federal Rule of Civil Procedure 26(e).

8.     All definitions and instruction set forth herein are expressly incorporated by reference into the following interrogatories as if fully set forth therein.

## TIME FRAME OF INTERROGATORIES

9.     Unless otherwise stated, the time period covered by these interrogatories is January 1, 1980 to the present.

## **DEFINITIONS**

10.    "You," "Your" and/or "Defendant" means and refers to Donald J. Trump.

11.    "Document" and "Documents" ("Document(s)") should be interpreted in their broadest possible sense within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure and shall mean the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, as well as any attachment thereto or enclosure therewith. "Document(s)" includes all written, typewritten, handwritten, printed, computerized, electronically created or stored, or graphic matter of any kind or nature, however produced or reproduced; any form of collected data for use with electronic data processing equipment; any physical object or thing, and any mechanical or electronic visual or sound recordings now or formerly in Defendant's possession, custody or control or known to Defendant regardless of physical location. "Document(s)" includes all materials and tangible objects conveying or carrying spoken, visual or literal substance, including papers, correspondence, records, tables, charts, analysis, graphs, schedules, reports, spreadsheets, memoranda, journals, notes, logs, calendars, appointment books, letters, telegrams, telecopy, telex and telefacsimile transmissions, messages, studies, books, periodicals, magazines, newspapers, booklets, advertisements, brochures, instructions, minutes, contracts, books of account, orders, invoices, statements, checks, bills, receipts, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer files, computer disks, computer printouts, "e-mail" messages, photographs, negatives, phone recordings, tape recordings, wire recordings, drawings, forms, catalogues, manuals, tabulations, tweets, voicemail messages, transcripts, offers, contracts, bids, proposals, licenses, permits, reports to any government agency, diary entries, calendar entries, drawings, printouts, discs, drives, microfilm, microfiche, audio tape, video tape, instant messages, text messages, messages sent through any encrypted application (including, but not limited to, Signal, WhatsApp, and Viber), and any other

matter of any kind, regardless of the manner in which produced. "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, as well as every written document and every other mode of intentionally conveyed meaning.

12.    To "identify" a person or entity means to state the person or entity's name, current or last-known address and telephone number and, for a person, his or her occupation.

13.    To "identify" a document means to state (a) the date of the document; (b) the title of the document; (c) the author(s) of the document; (d) the recipient(s) of the document, including any cc: or bcc: recipient(s); (e) the title or the subject matter of the document; and (f) the current custodian of the document.

14.    "Complaint" refers to the operative Complaint(s) currently pending against You styled in *Alva Johnson v. Donald J. Trump*, Case No. 8:19-cv-00475-WFJ-SPF (M.D. Fl.).

15.    "Legal Proceeding" means any dispute resolution proceeding, whether in court, arbitration, an administrative agency, or any other forum.

16.    "Sexual Behavior" has the normal colloquial meaning, and shall include all manner of sexual conduct, including kissing, groping, fondling, caressing, oral sex, vaginal intercourse, anal intercourse, contact with any private parts (including genitalia, breasts, and buttocks), and sexual banter and joking, whether consensual or non-consensual.

17.    As used herein, the words "relating to" shall mean: pertaining to, referring to, containing, concerning, describing, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

18.     Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or."  The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

## INTERROGATORIES

INTERROGATORY NO. 7:  Describe the circumstances under which You or Your counsel received the video reflecting an interaction between You and Alva Johnson on August 24, 2016 ("Video"), including the date You or your counsel received the Video, who You or Your counsel received the Video from, and the manner in which the Video was conveyed to You or Your counsel.

ANSWER:

INTERROGATORY NO. 8:  Please identify the person or persons who spliced the Video into over eight hours of other video footage prior to production to Plaintiff, identify the date that this new longer compilation video was created, and explain why the Video was altered in this manner instead of left in its original unaltered form.

ANSWER:

INTERROGATORY NO. 9:  Please state why You produced this video on July 5, 2019 – the Friday before Ms. Johnson's Monday July 8, 2019 deposition – instead of an earlier date.

ANSWER:


Date: July 19, 2019                              Respectfully submitted,

                                                  /s/ Hassan A. Zavareei
                                                 Hassan A. Zavareei (*pro hac vice*)
                                                 Katherine M. Aizpuru (*pro hac vice*)
                                                 TYCKO & ZAVAREEI LLP
                                                 1828 L Street, N.W., Suite 1000
                                                 Washington, D.C. 20036

Telephone: 202-973-0900
Facsimile: 202-973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Janet Varnell (Fla. Bar No. 71072)
Brian W. Warwick, (Fla. Bar No. 0605573)
VARNELL & WARWICK, PA
P.O. Box 1870
Lady Lake, FL 32158-1870
P: 352-753-8600
F: 352-503-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com

F. Paul Bland (*pro hac vice*)
Karla Gilbride (*pro hac vice*)
PUBLIC JUSTICE, P.C.
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600

Jennifer Bennett (*pro hac vice*)
PUBLIC JUSTICE, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on July 19, 2019, the foregoing document was served, with the consent of all parties, by electronic mail on counsel of record for Defendants.

<u>/s/ Hassan A. Zavareei</u>

# EXHIBIT 6



132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212 • 424.203.1600

260 MADISON AVENUE, SIXTEENTH FLOOR
NEW YORK, NY 10016 • 212.799.1400

WWW.HARDERLLP.COM

July 20, 2019

**VIA E-MAIL**
Hassan A. Zavareei, Esq.
Tycko & Zavareei LLP
1828 L Street NW, Suite 1000
Washington, DC 20036
hzavareei@tzlegal.com

Re:   **Alva Johnson v. Donald J. Trump for President, Inc. *et al.*
M.D. Fla. USDC Case No. 8:19-cv-00475**

Dear Mr. Zavareei:

We are writing in response to your letter dated July 19, 2019.  Please be advised that we will not agree to reopen discovery and adjourn Ms. Johnson's current deadline to file an amended complaint until after we respond to her new purported discovery.  There is no legitimate reason to do either.

As previously stated, you and your client are already in possession of the entire unedited video recording of Ms. Johnson's August 24, 2016 interaction with Mr. Trump in its original, unaltered format, as copies were produced during discovery and served on your office and submitted to the Court on July 10, 2019.  The footage was captured by a third-party witness, Brian Hayes, who was present in the recreational vehicle.  The full-speed version of the video (again, lodged with the court and served on your office) was not altered in any way.

The video shows that Mr. Johnson herself kissed Mr. Trump or the air right next to his face, and that she smiled after delivering her kiss.  The entire incident lasted little more than a couple of seconds.  The video demonstrates that there was no battery whatsoever, and that Ms. Johnson's battery claim was frivolous from the outset.  The documents and information sought in Ms. Johnson's new purported discovery will do nothing to change that.

We did not agree to provide the information requested in your July 15 letter because discovery was and is stayed, and the unaltered video has already been produced.  We will not agree that Ms. Johnson may now pursue discovery just because you have apparently decided that it better suits the purposes of your politically-motivated lawsuit.

There remains no operative complaint in this case.  No further discovery should be conducted unless and until there is.  Ms. Johnson's new purported discovery should be withdrawn immediately, and re-served if and only when (1) an operative pleading is on file and (2) it includes another claim for battery.  In that event, as we previously stated, we will seek

{00101995;1}

July 20, 2019
Re: Alva Johnson v. Donald J. Trump for President, Inc. *et al.*
Page 2

sanctions against Ms. Johnson and her counsel to the maximum extent available by law, pursuant
to Rule 11 of the Federal Rules of Civil Procedure.

Sincerely,

RYAN J. STONEROCK Of
**HARDER LLP**

cc:    Charles J. Harder, Esq.
       Henry L. Self III, Esq.
       Steven H. Frackman, Esq.
       Dawn Siler-Nixon, Esq.
       Tracey Jaensch, Esq.
       Katherine M. Aizpuru, Esq.
       Janet R. Varnell, Esq.
       Brian W. Warwick, Esq.
       Jennifer D. Bennett, Esq.
       F. Paul Bland, Esq.
       Karla A. Gilbride, Esq.

# EXHIBIT 7

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Ryan Stonerock <RStonerock@harderllp.com> |
| **Sent:** | Tuesday, July 23, 2019 12:05 AM |
| **To:** | Hassan Zavareei |
| **Cc:** | JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; jvarnell@varnellandwarwick.com; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com; Charles Harder; Henry Self; Steven Frackman |
| **Subject:** | RE: Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF |

Mr. Zavareei:

For the reasons previously stated in my July 18 email and July 20 letter, we will not respond to your requests below.

To reiterate for at least the third time, we have already produced the full, unaltered video to your office, and filed it with the Court.  Moreover, Mr. Hayes submitted a sworn declaration stating, in pertinent part, that the video produced to your office and filed with the Court "is a true and correct copy of my audiovisual recording of [the August 24, 2016 encounter between Ms. Johnson and Mr. Trump], which has not been edited or otherwise altered in any way."  This video unequivocally demonstrates that there was no battery whatsoever, and that Ms. Johnson's battery claim was frivolous from the outset.  As a result, responses to your requests are unnecessary and would be a further waste of time and resources.

Please be advised that we will vigorously oppose any motion to reopen discovery and adjourn Ms. Johnson's current deadline to file an amended complaint until after we respond to her new purported discovery.

Sincerely,



**RYAN J. STONEROCK**
HARDER LLP
RSTONEROCK@HARDERLLP.COM
(424) 203-1600

---

**From:** Hassan Zavareei <hzavareei@tzlegal.com>
**Sent:** Monday, July 22, 2019 7:55 PM
**To:** Ryan Stonerock <RStonerock@harderllp.com>
**Cc:** JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru <kaizpuru@tzlegal.com>; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net; jvarnell@varnellandwarwick.com; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com; Charles Harder <charder@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman <sfrackman@harderllp.com>
**Subject:** Re: Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF

Ryan,

I have not heard from you. Will you agree to these three requests?

Thanks,

Hassan


Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jul 22, 2019, at 2:46 PM, Hassan Zavareei <hzavareei@tzlegal.com> wrote:

> Ryan,
>
> Thank you for talking with us today. I am writing to respond to your request that we try to narrow our requests. In an effort to avoid the need for a motion, we can limit our requests to the following three items:
>
> 1. Please send us the original full video you received from Bryan Hayes with metadata, together with the originals (with metadata) of any other videos or photos from his phone from that day.
> 2. Please let us know if there are any other videos/photographs from inside the RV on August 24, 2016, and if so please produce them to us.
> 3. Please tell us the date defense counsel received the video from Mr. Hayes.
>
> I hope that this is acceptable, and I ask that you get back to us by the close of business today.
>
> Regards,
>
> Hassan
>
> _____
>
> <image004.jpg>Hassan Zavareei ▪ Tycko & Zavareei LLP ▪ www.tzlegal.com
> 1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
> p 202.973.0910 (direct) ▪ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.

**From:** Ryan Stonerock <RStonerock@harderllp.com>
**Sent:** Monday, July 22, 2019 12:01 PM
**To:** Hassan Zavareei <hzavareei@tzlegal.com>

**Cc:** JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru
<kaizpuru@tzlegal.com>; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net;
jvarnell@varnellandwarwick.com; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com;
Charles Harder <charder@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman
<sfrackman@harderllp.com>
**Subject:** RE: Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF

Mr. Zavareei:

I am available today beginning at 11 am PT.  Please let me know what time works best
for you.

Thanks,

_____

<image003.jpg>     **RYAN J. STONEROCK**
HARDER LLP
RSTONEROCK@HARDERLLP.COM
(424) 203-1600

_____

---

**From:** Hassan Zavareei <hzavareei@tzlegal.com>
**Sent:** Saturday, July 20, 2019 9:24 AM
**To:** Ryan Stonerock <RStonerock@harderllp.com>
**Cc:** JBennett@publicjustice.net; KGilbride@publicjustice.net; Katherine Aizpuru
<kaizpuru@tzlegal.com>; bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net;
jvarnell@varnellandwarwick.com; DSiler-Nixon@fordharrison.com; TJAENSCH@fordharrison.com;
Charles Harder <charder@harderllp.com>; Henry Self <hself@harderllp.com>; Steven Frackman
<sfrackman@harderllp.com>
**Subject:** Re: Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF

Thanks Ryan. Please let me know when you or someone else from your team is available to meet and
confer on Monday. I think our questions are pretty simple. Hopefully we can talk through this and
obviate the need for a motion. But if not we will have to seek relief from the Court.

Hassan

Hassan A. Zavareei
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (facsimile)
hzavareei@tzlegal.com
@hzavareei

On Jul 20, 2019, at 12:08 PM, Ryan Stonerock <RStonerock@harderllp.com> wrote:

   Mr. Zavareei:

Please see the attached letter.

Best,

<image003.jpg>

**RYAN J. STONEROCK**
HARDER LLP
RSTONEROCK@HARDERLLP.COM
(424) 203-1600

---

**From:** Nicole Porzenheim <nporzenheim@tzlegal.com>
**Sent:** Friday, July 19, 2019 12:31 PM
**To:** Ryan Stonerock <RStonerock@harderllp.com>
**Cc:** Charles Harder <charder@harderllp.com>; JBennett@publicjustice.net;
KGilbride@publicjustice.net; Katherine Aizpuru <kaizpuru@tzlegal.com>;
bwarwick@varnellandwarwick.com; PBLAND@publicjustice.net;
jvarnell@varnellandwarwick.com; DSiler-Nixon@fordharrison.com;
TJAENSCH@fordharrison.com; Hassan Zavareei <hzavareei@tzlegal.com>
**Subject:** Johnson v. Trump - Case Number 8:19-cv-00475-WFJ-SPF

Counsel,

Please find the attached.

Best,

<image005.jpg>**Nicole Porzenheim** ▪ Paralegal ▪ Tᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ
LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0900 ▪ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

<RJS to Hassan Zavareei re. Reopening Discovery 07.20.19.pdf>

# EXHIBIT 8

## Katherine Aizpuru

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Wednesday, July 24, 2019 6:12 PM |
| **To:** | RStonerock@harderllp.com |
| **Cc:** | TJAENSCH@fordharrison.com; Tanya S. Koshy; sfrackman@harderllp.com; RStonerock@harderllp.com; PBLAND@publicjustice.net; Nicole Porzenheim; Katherine Aizpuru; KGilbride@publicjustice.net; JBennett@publicjustice.net; Janet Varnel; hself@harderllp.com; DSiler-Nixon@fordharrison.com; charder@harderllp.com; bwarwick@varnellandwarwick.com |
| **Subject:** | Brian Hayes Video |
| **Attachments:** | Danner-Declaration.pdf; ATT00001.txt |

Ryan,

I have attached a declaration from a forensic expert we retained to examine the Brian Hayes video. As you will see, it appears that the video is a snippet of a longer video. Can you please produce the full unedited video? If you don't have it and cannot get it from Mr. Hayes, please let us know. If that is the case we will need to ask the Court to reopen discovery for the limited purpose of obtaining the original video. Hopefully that won't be necessary. Also, if you have reason to believe our expert's conclusions are incorrect, please let us know.

Thank you,

Hassan

# EXHIBIT 9

**Katherine Aizpuru**

| | |
|---|---|
| **From:** | Hassan Zavareei |
| **Sent:** | Thursday, July 25, 2019 4:17 PM |
| **To:** | RStonerock@harderllp.com |
| **Cc:** | TJAENSCH@fordharrison.com; Tanya S. Koshy; sfrackman@harderllp.com; RStonerock@harderllp.com; PBLAND@publicjustice.net; Nicole Porzenheim; Katherine Aizpuru; KGilbride@publicjustice.net; JBennett@publicjustice.net; Janet Varnel; hself@harderllp.com; DSiler-Nixon@fordharrison.com; charder@harderllp.com; bwarwick@varnellandwarwick.com |
| **Subject:** | RE: Brian Hayes Video |

Ryan,

Can you get on a quick call today to discuss? Maybe 5:30 Eastern?

Thanks,

Hassan

_____

Hassan Zavareei ■ TYCKO & ZAVAREEI LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036 p 202.973.0910 (direct) ■ f 202.973.0950

This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.

-----Original Message-----
From: Hassan Zavareei
Sent: Wednesday, July 24, 2019 6:12 PM
To: RStonerock@harderllp.com
Cc: TJAENSCH@fordharrison.com; Tanya S. Koshy <tkoshy@tzlegal.com>; sfrackman@harderllp.com; RStonerock@harderllp.com; PBLAND@publicjustice.net; Nicole Porzenheim <nporzenheim@tzlegal.com>; Katherine Aizpuru <kaizpuru@tzlegal.com>; KGilbride@publicjustice.net; JBennett@publicjustice.net; Janet Varnel <JVarnell@VarnellandWarwick.com>; hself@harderllp.com; DSiler-Nixon@fordharrison.com; charder@harderllp.com; bwarwick@varnellandwarwick.com
Subject: Brian Hayes Video

Ryan,

I have attached a declaration from a forensic expert we retained to examine the Brian Hayes video. As you will see, it appears that the video is a snippet of a longer video. Can you please produce the full unedited video? If you don't have it and cannot get it from Mr. Hayes, please let us know. If that is the case we will need to ask the Court to reopen discovery for the limited purpose of obtaining the original video. Hopefully that won't be necessary. Also, if you have reason to believe our expert's conclusions are incorrect, please let us know.

Thank you,

Hassan